

1  KIM W. WEST – SBN 78553
2  ALEC H. BOYD – SBN 161325
   TUCKER ELLIS & WEST LLP
3  135 Main Street, Suite 700
   San Francisco, CA 94105
4  Telephone: 415.617.2400
   Facsimile:  415.617.2409
5  kim.west@tuckerellis.com
   alec.boyd@tuckerellis.com
6
   Attorneys for Plaintiffs
7  XL SPECIALTY INSURANCE COMPANY
   ARCH INSURANCE COMPANY
8  ACE AMERICAN INSURANCE COMPANY
   AXIS INSURANCE COMPANY
9

FILED
CLERK, U.S. DISTRICT COURT

MAR 10 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

10            UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12

13  XL SPECIALTY INSURANCE          ) Case No. CV11-02078 GHK (JCGx)
    COMPANY, ARCH INSURANCE         )
14  COMPANY, ACE AMERICAN           )
    INSURANCE COMPANY, and AXIS     ) COMPLAINT FOR DECLARATORY
15  INSURANCE COMPANY,              ) RELIEF  [DEMAND FOR JURY
                                    ) TRIAL]
16                                  )
                                    )
17                Plaintiffs,       )
                                    )
18        v.                        )
                                    )
19  MICHAEL W. PERRY, A. SCOTT      )
    KEYS, LOUIS E. CALDERA, LYLE E. )
20  GRAMLEY, HUGH M. GRANT,         )
    PATRICK C. HADEN, TERRANCE G.   )
21  HODEL, ROBERT L. HUNT II, LYDIA )
    H. KENNARD, BRUCE G. WILLISON,  )
22  JOHN OLINSKI, S. BLAIR          )
    ABERNATHY, SAMIR GROVER,        )
23  SIMON HEYRICK, VICTOR H.        )
    WOODWORTH, SCOTT VAN DELLEN,    )
24  RICHARD KOON, KENNETH           )
    SHELLEM, WILLIAM ROTHMAN, JILL  )
25  JACOBSON, and KEVIN CALLAN,     )
                                    )
26                Defendants,       )
                                    )
27  _____ )

28

COMPLAINT FOR DECLARATORY RELIEF

TUCKER ELLIS & WEST LLP
Cleveland • Columbus • Denver • Los Angeles • San Francisco

**INTRODUCTION**

1.    This action seeks a declaratory judgment pursuant to 28 U.S.C. §§ 1332, 2201 and 2202 for the purpose of determining an actual controversy between the parties regarding the existence of insurance coverage.

2.    XL SPECIALTY INSURANCE COMPANY ("XL Specialty"), ARCH INSURANCE COMPANY ("Arch"), ACE AMERICAN INSURANCE COMPANY ("ACE"), and AXIS INSURANCE COMPANY ("AXIS," collectively, the "Plaintiffs" or the "08-09 Side A Insurers") seek a determination of the parties' rights and obligations under directors and officers liability insurance policies under which the defendants have sought coverage for the underlying matters described below.

3.    On March 12, 2007, a class action securities lawsuit was filed against IndyMac Bancorp, Inc. ("IndyMac") and others in the United States District Court for the Central District of California styled *Reese v. IndyMac Bancorp, Inc., et al.,* No. 07-CV-1653-GW-VBK ("Tripp Litigation"). In the operative complaint, the Tripp Litigation plaintiffs allege that IndyMac ignored its underwriting standards in order to originate loans, regardless of the borrowers' qualifications. The complaint also alleges that the defendants circumvented or removed internal controls that existed to prevent these practices from occurring and that the defendants failed to take adequate measures, such as setting appropriate loan loss reserves, to protect IndyMac from the number of loan defaults they knew would occur.

4.    The relevant insurance policies issued by Plaintiffs (the "08-09 Side A Policies") bar coverage "for any Claim based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way involving the [Tripp Litigation] or any fact, circumstance, situation, event, transaction or series of facts, circumstances, situations, events or transactions underlying or alleged in the Tripp Litigation."

5.    After the policies incepted, many additional demands, lawsuits and/or civil proceedings were initiated against IndyMac's former officers and directors, including the following "Underlying Matters":

TUCKER ELLIS & WEST LLP
Cleveland ● Columbus ● Los Angeles ● San Francisco

2

COMPLAINT FOR DECLARATORY RELIEF

SFOiManage\217089.2

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco

- Five class action lawsuits filed in the United States District Court for the Central District of California (later consolidated into one suit originally styled *Folsom v. IndyMac Bancorp, et al.*, No. 08-cv-3812), alleging that the defendants failed to enforce internal controls and applied a business model geared towards originating as many loans as possible by disregarding applicable underwriting standards (the "Daniels Litigation");

- A lawsuit filed on January 29, 2009, in the Los Angeles Superior Court styled *IBEW Local 103 v. IndyMac Bank MBS, Inc.*, Case No. BC405843, and two lawsuits filed in the Southern District of New York by purchasers of mortgage-backed securities (*Police & Fire Retirement System of Detroit v. IndyMac MBS, Inc., et al.*, 09-cv-4583 and *Wyoming State Treasurer, et al. v. Olinski, et al.*, 09-cv-5933) alleging that defendants failed to disclose the fact that they did not adhere to the applicable underwriting standards in an attempt to originate more loans (the "MBS Litigation").

- A March 27, 2009 demand for payment of civil damages by the FDIC for losses sustained as a result of defendants' failure to properly underwrite and manage loans (the "FDIC Letter");

- A lawsuit filed on July 2, 2010, styled *FDIC v. Van Dellen, et al.*, 2:10-cv-4915-DSF-SH (C.D. Cal.), alleging that the defendants pursued a negligent growth strategy and engaged in negligent underwriting practices (the "FDIC Litigation");

- An adversary proceeding brought on November 13, 2009, within IndyMac's bankruptcy matter, styled *Siegel v. Caldera, et al.*, 2:09-ap-2645-BB (C.D. Cal. Bankr.), alleging that defendants failed to repair poor underwriting standards in favor of a blind and aggressive push for short term profits and permitted the

3

COMPLAINT FOR DECLARATORY RELIEF

defendants to contribute capital to the IndyMac Bank, despite knowledge that the bank was on an unsustainable path (the "Siegel Litigation");

- A lawsuit filed on September 22, 2009, styled *MBIA Insurance Corp. v. IndyMac ABS, Inc., et al.*, BC422358 (Cal. Sup. Ct.) alleging that defendants falsely represented that they originated mortgage loans in strict compliance with the applicable underwriting guidelines (the "MBIA Litigation"); and,

- A lawsuit filed on September 17, 2010, styled *Assured Guaranty Municipal Corp. v. UBS Securities LLC, et al.*, BC445785 (Cal. Sup. Ct.) alleging that defendants falsely represented that they originated mortgage loans in strict compliance with the applicable underwriting guidelines (the "Assured Guaranty Litigation").

6.   The 08-09 Side A Policies do not provide coverage because the Underlying Matters all arise out of, directly or indirectly result from, are in consequence of, or in any way involve the Tripp Litigation or any fact(s), circumstance(s), situation(s), event(s), or transaction(s) underlying or alleged in the Tripp Litigation.

7.   Additionally, the Underlying Matters are based upon, arise out of, directly or indirectly result from or are in consequence of facts, circumstances, situations, transactions, events or wrongful acts which were the subject of a notice given under an earlier directors and officers insurance policy, and therefore excluded under the 08-09 Side A Policies.  Moreover, pursuant to the clear and unambiguous language of the applicable policies, the Underlying Matters and the Tripp Litigation form a single Claim first made prior to the policy period of the 08-09 Side A Policies.  For all of these reasons, the Plaintiffs are entitled to a declaratory judgment that there is no coverage for the Underlying Matters under the 08-09 Side A Policies.

## PARTIES

8.   XL Specialty is an insurance company incorporated in the state of Delaware with its principal place of business in the state of Connecticut.

4

COMPLAINT FOR DECLARATORY RELIEF

9.     Arch is an insurance company incorporated in the state of Missouri with its principal place of business in the state of New York.

10.    ACE is an insurance company incorporated in Pennsylvania with its principal place of business in Pennsylvania.

11.    AXIS is an insurance company incorporated in the state of Illinois with its principal place of business in the state of Georgia.

12.    Subject to the terms, conditions and limitations of their insurance policies, Plaintiffs provide "Side A" insurance to the directors, officers, or members of the Board of Management of IndyMac Bancorp, Inc. and its subsidiaries for the successive policy periods of March 1, 2007 to March 1, 2008 (the "07-08 Policy Period") and March 1, 2008 to April 1, 2009 (the "08-09 Policy Period"). Plaintiffs are informed and believe, and thereon allege, that each of defendants was a director, officer or member of the Board of Management of IndyMac Bancorp, Inc., or one of its subsidiaries.

13.    Plaintiffs are informed and believe, and thereon allege, that defendant MICHAEL W. PERRY was the Chairman of the Board, Director, and Chief Executive Officer of IndyMac Bancorp, Inc. and IndyMac Bank, F.S.B. Plaintiffs are informed and believe, and thereon allege that Mr. Perry is a resident of the state of California.

14.    Plaintiffs are informed and believe, and thereon allege, that defendant A. SCOTT KEYS was the Executive Vice President and Chief Financial Officer of IndyMac Bancorp, Inc. Plaintiffs are informed and believe, and thereon allege, that Mr. Keys is a resident of the state of California.

15.    Plaintiffs are informed and believe, and thereon allege, that defendant LOUIS E. CALDERA was a Director of IndyMac Bancorp, Inc. Plaintiffs are informed and believe, and thereon allege, that Mr. Caldera is a resident of the state of Maryland.

16.    Plaintiffs are informed and believe, and thereon allege, that defendant LYLE E. GRAMLEY was a Director of IndyMac Bancorp, Inc. and IndyMac Bank, F.S.B. Plaintiffs are informed and believe, and thereon allege, that Mr. Gramley is a resident of the state of Maryland.

COMPLAINT FOR DECLARATORY RELIEF

SFOiManage\217089.2

17.     Plaintiffs are informed and believe, and thereon allege, that defendant HUGH M. GRANT was a Director of IndyMac Bancorp, Inc.  Plaintiffs are informed and believe, and thereon allege, that Mr. Grant is a resident of the state of California.

18.     Plaintiffs are informed and believe, and thereon allege, that defendant PATRICK C. HADEN was a Director of IndyMac Bancorp, Inc. and IndyMac Bank, F.S.B.  Plaintiffs are informed and believe, and thereon allege, that Mr. Haden is a resident of the state of California.

19.     Plaintiffs are informed and believe, and thereon allege, that defendant TERRANCE G. HODEL was a Director of IndyMac Bancorp, Inc. and IndyMac Bank, F.S.B.  Plaintiffs are informed and believe, and thereon allege, that Mr. Hodel is a resident of the state of California.

20.     Plaintiffs are informed and believe, and thereon allege, that defendant ROBERT L. HUNT II was a Director of IndyMac Bancorp, Inc. and IndyMac Bank, F.S.B.  Plaintiffs are informed and believe, and thereon allege, that Mr. Hunt is a resident of the state of California.

21.     Plaintiffs are informed and believe, and thereon allege, that defendant LYDIA H. KENNARD was a Director of IndyMac Bancorp, Inc. and IndyMac Bank, F.S.B.  Plaintiffs are informed and believe, and thereon allege, that Ms. Kennard is a resident of the state of California.

22.     Plaintiffs are informed and believe, and thereon allege, that defendant BRUCE G. WILLISON was a Director of IndyMac Bancorp, Inc. and IndyMac Bank, F.S.B.  Plaintiffs are informed and believe, and thereon allege, that Mr. Willison is a resident of California.

23.     Plaintiffs are informed and believe, and thereon allege, that defendant JOHN OLINSKI was Executive Vice President of Secondary Marketing & Retained Assets of IndyMac Bank, F.S.B. and Chairman of the Board, Chief Executive Officer and Director of IndyMac MBS, Inc.  Plaintiffs are informed and believe, and thereon allege, that Mr. Olinski is a resident of the state of California.

TUCKER ELLIS & WEST LLP
Cleveland ◆ Columbus ◆ Los Angeles ◆ San Francisco

6

COMPLAINT FOR DECLARATORY RELIEF

24. Plaintiffs are informed and believe, and thereon allege, that defendant S. BLAIR ABERNATHY was Chief Financial Officer of IndyMac Bancorp, Inc., Executive Vice President and Chief Investment Officer of IndyMac Bank, F.S.B., Chief Executive Officer and Chairman of the Board of IndyMac ABS, Inc., and Executive Vice President and Director of IndyMac MBS, Inc. Plaintiffs are informed and believe, and thereon allege, that Mr. Abernathy is a resident of the state of California.

25. Plaintiffs are informed and believe, and thereon allege, that defendant SAMIR GROVER was Senior Vice President of IndyMac Bank, F.S.B., Chief Financial Officer of IndyMac ABS, Inc. and Chief Financial Officer, Senior Vice President, and Principal Accounting Officer of IndyMac MBS, Inc. Plaintiffs are informed and believe, and thereon allege, that Mr. Grover is a resident of California.

26. Plaintiffs are informed and believe, and thereon allege, that defendant SIMON HEYRICK was Senior Vice President and Chief Financial Officer of IndyMac MBS, Inc. Plaintiffs are informed and believe, and thereon allege, that Mr. Heyrick is a resident of California.

27. Plaintiffs are informed and believe, and thereon allege, that defendant VICTOR H. WOODWORTH was Vice President and Assistant Secretary of IndyMac MBS, Inc. and Assistant Secretary of IndyMac ABS, Inc. Plaintiffs are informed and believe, and thereon allege, that Mr. Woodworth is a resident of the state of California.

28. Plaintiffs are informed and believe, and thereon allege, that defendant SCOTT VAN DELLEN was President, Chief Executive Officer, and Interim Chief Credit Officer of IndyMac Bank, F.S.B.'s Home Builders Division. Plaintiffs are informed and believe, and thereon allege, that Mr. Van Dellen is a resident of the state of California.

29. Plaintiffs are informed and believe, and thereon allege, that RICHARD KOON was Chief Lending Officer of IndyMac Bank, F.S.B.'s Home Builders Division. Plaintiffs are informed and believe, and thereon allege, that Mr. Koon is a resident of California.

COMPLAINT FOR DECLARATORY RELIEF

SFOiManage\217089.2

30.    Plaintiffs are informed and believe, and thereon allege, that defendant KENNETH SHELLEM was Chief Compliance Officer of IndyMac Bank, F.S.B.'s Home Builders Division.  Plaintiffs are informed and believe, and thereon allege, that Mr. Shellem is a resident of the state of California.

31.    Plaintiffs are informed and believe, and thereon allege, that defendant WILLIAM ROTHMAN was Regional Manager and Chief Loan Officer of IndyMac Bank, F.S.B.'s Home Builders Division.  Plaintiffs are informed and believe, and thereon allege, that Mr. Rothman is a resident of the state of California.

32.    Plaintiffs are informed and believe, and thereon allege, that JILL JACOBSON was Vice President of IndyMac Bank, F.S.B. and IndyMac ABS, Inc. Plaintiffs are informed and believe, and thereon allege, that Ms. Jacobson is a resident of the state of California.

33.    Plaintiffs are informed and believe, and thereon allege, that defendant KEVIN CALLAN was Chief Executive Officer of IndyMac Securities Corp.  Plaintiffs are informed and believe, and thereon allege, that Mr. Callan is a resident of the state of California.

34.    Plaintiffs are informed and believe, and thereon allege, that IndyMac Bancorp, Inc., and each of its Subsidiaries for which defendants were directors, officers or members of the Board of Management were headquartered and had their principal place of business in Pasadena, California, and each of the defendants conducted business in those offices during all time periods relevant to this Complaint.

## JURISDICTION AND VENUE

35.    This action is brought pursuant to 28 U.S.C. §§ 1332, 2201 and 2202.

36.    There is complete diversity between Plaintiffs, on the one hand, and the Defendants, on the other, and the amount in controversy as to each defendant exceeds the sum or value of $75,000, exclusive of interest and costs.  As set forth below, there is an actual controversy between the parties.

COMPLAINT FOR DECLARATORY RELIEF

SFOiManage\217089.2

37.   Pursuant to 28 U.S.C. § 1391, venue is proper in this District because the events giving rise to this dispute occurred within this District.

## THE POLICIES

### The 08-09 XL Side A Policy

38.   Subject to its terms and conditions, XL Specialty Insurance Company Classic A-Side Management Liability Insurance Policy No. ELU103295-08 with Limits of Liability of $10,000,000 "Aggregate each Policy Period (including Defense Expenses)" (the "08-09 XL Side A Policy") affords specified Side A coverage with a $10,000,000 aggregate limit of liability for the 08-09 Policy Period.  A true and correct copy of the 08-09 XL Side A Policy is attached as Exhibit A and fully incorporated herein as though fully set forth.

39.   Section I [Insuring Agreement] of the 08-09 XL Side A Policy provides:

The Insurer will pay on behalf of the Insured Persons Loss resulting from a Claim first made against the Insured Persons during the Policy Period or, if applicable, the Optional Extension Period, for a Wrongful Act, except to the extent that such Loss is paid by any other Insurance Program or an indemnification from any source.  If Loss is not paid by such other Insurance Program or as indemnification from any source, the Insurer will pay covered Loss on behalf of the Insured Persons, subject to all of the terms, conditions (including but not limited to Condition IV(B)) and limitations of the Policy.

40.   Section II [Definitions] of the 08-09 XL Side A Policy, as amended by Endorsement Nos. 11 [Amend Claim Endorsement] 12 [Debtor in Possession Endorsement] and 13 [Amend Definition of Insured Person], provides in pertinent part:

COMPLAINT FOR DECLARATORY RELIEF

SFOiManage\217089.2

(C)   "Claim" means:

(1) a written demand for monetary or non-monetary relief;

(2) any civil or criminal judicial proceeding in a court of law or equity, or arbitration; or

(3) a formal civil, criminal, administrative, or regulatory proceeding or formal investigation against an Insured Person [including, per Endorsement No. 11, "an investigation by the Securities and Exchange Commission or any similar state, federal or foreign agency commenced by the service of a subpoena upon an Insured Person"].

....

(D)   "Company" means the Parent Company and any Subsidiary created or acquired on or before the Inception Date set forth in ITEM 2 of the Declarations or during the Policy Period, subject to CONDITIONS IV(C)

....

(H)   "Insurance Program" means:

---

10

COMPLAINT FOR DECLARATORY RELIEF

(1) any existing Management Liability insurance, Directors' and Officers' Liability Insurance, or similar insurance, and

(2) any other existing insurance under which coverage may be owed.

....

(I)     "Insured Person" means:

(1) any past, present, or future director or officer, or member of the Board of Managers, of the Company and those person serving in a functionally equivalent role for the Parent Company or any Subsidiary operating or incorporated outside the United States;

....

(J)     "Interrelated Wrongful Act" means any Wrongful Act based on, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any of the same or related, or series of related, facts, circumstances, situations, transactions, or events.

(L)     "Parent Company" means the entity named in Item 1 of the Declarations [IndyMac Bancorp, Inc.].

COMPLAINT FOR DECLARATORY RELIEF

SFOiManage\217089.2

....

(O)  "Subsidiary" means any entity during any time in which the Parent Company owns, directly or through one or more Subsidiary(ies), more than fifth percent (50%) of the outstanding securities representing the right to vote for the election of such entity's directors.

(P)  "Wrongful Act" means:

(1) any actual or alleged act, error, omission, misstatement, misleading statement, neglect, or breach of duty by any Insured Person while acting in his or her capacity as an:

(i)  Insured Person of the Company or a person serving in a functionally equivalent role for the Parent Company or any Subsidiary;....

41.  Section III [Exclusions] of the 08-09 XL Side A Policy provides, in pertinent part:

(B)  The Insurer shall not be liable to make any payment for Loss in connection with any Claim made against an Insured Person: ...

12

COMPLAINT FOR DECLARATORY RELIEF

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco

(2)    based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any fact, circumstance or situation, transaction, event or Wrongful Act which, before the Inception Date of this Policy, was the subject of any notice given under any other Management Liability Insurance, Directors' and Officers' insurance, or any other similar insurance.

42.    Section IV [Conditions], as amended by Endorsement No. 3 [Classic A Endorsement] and Endorsement No. 6 [Amend Conditions (D)(2) Endorsement], of the 08-09 XL Side A Policy provides, in pertinent part:

(B)    Indemnification and Other Insurance

(1) The Insured Persons and the Company understand and agree that all coverage under this Policy shall be specifically excess over, and shall not contribute with:

(i)    all indemnification to which an Insured Person may be entitled and is paid from any source, including but not limited to the Company or any Outside Entity; and

(ii)    any Insurance Program maintained by the Company or any Outside Entity, whether such other insurance is stated to be

COMPLAINT FOR DECLARATORY RELIEF

SFOiManage\217089.2

primary, contributing, excess, or otherwise.

However, if Loss is not paid by such other insurance or as indemnification, this Policy will respond on behalf of the Insured Persons as if it were primary, subject to all of its terms, conditions and limitations and without prejudice to the Insurer's excess position.

(2) This Policy shall not be subject to the terms or conditions of any other insurance. The insurer does not waive compromise or release any of its rights to recover Loss paid under this Policy from the issuers of any other insurance under which coverage may be owed, or from any person or entity from which an Insured Person is entitled to indemnification.

. . . .

(D) Notice

(1) As a condition precedent to any right of payment under this policy with respect to any Claim, the Insured Persons or the Company shall give written notice to the Insurer of any Claim as soon as practicable after it is first made.

(2) If, during the Policy Period, or if applicable the Optional Extension Period, the Insured Persons or the

14

COMPLAINT FOR DECLARATORY RELIEF

Company first becomes aware of a specific Wrongful
Act and if, during the Policy Period, or if applicable
the Optional Extension Period, the Insured Persons or
the Company:

    (a)    provide the Insurer with written notice of
the specific Wrongful Act, the
consequences which have resulted or may
result therefrom (including but not limited
to actual or potential damages), the
identities of the potential claimants, and
the circumstances by which the Insured
Persons first because aware of such
Wrongful Act; and

    (b)    request coverage under this Policy for any
subsequently resulting Claim for such
Wrongful Act;

then any Claim subsequently made arising out of such
Wrongful Act will be treated as if it had been first made
during the Policy Period.

....

(G)    Interrelated Claims

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco

15

COMPLAINT FOR DECLARATORY RELIEF

SFOiManage\217089.2

1      All Claims arising from the same Interrelated Wrongful
2      Acts shall be deemed to constitute a single Claim and
3      shall be deemed to have been made at the earliest time at
4      which the earliest such Claim is made or deemed to have
5      been made pursuant to CONDITION (D)(1) and (2)
6      above, if applicable.

7

8   43.   Endorsement No. 16 [Specific Litigation Exclusion Endorsement] of the 08-
9   09 XL Side A Policy provides:

10

11      In consideration of the premium charged, no coverage shall be
12      available under this Policy for any Claim based upon, arising
13      out of, directly or indirectly resulting from or in consequence
14      of, or in any way involving the following:

15

16      1. the litigation styled *Wayman Tripp and Sven*
17      *Mossberg v. Indymac Bancorp, Inc., Michael W.*
18      *Perry, and Scott Keys*, initiated 12 March 2007, in
19      the United States District Court for the Central
20      District of California under the caption *Claude A.*
21      *Reese v. Indymac Financial Inc., Richard A. Wohl,*
22      *and Scott Keys*, case number 2:07-cv-1635-GW-
23      VBK (the "Tripp Litigation"); or
24      2. any fact, circumstance, situation, event, transaction
25      or series of facts, circumstances, situations, events
26      or transactions underlying or alleged in the Tripp
27      Litigation.

28

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco

COMPLAINT FOR DECLARATORY RELIEF

regardless of any legal theory upon which such Claim is predicated.

**The 08-09 Arch Side A Policy**

44.   Subject to its terms and conditions, Arch Insurance Company Excess Insurance Policy No. ABX0020231-01 (the "08-09 Arch Side A Policy") provides Side A coverage with a Limit of Liability of $10,000,000 "Each Claim" and as a "Maximum aggregate Limit of Liability for all Claims during the Policy Period" excess of (1) the immediately followed 08-09 XL Side A Policy and (2) other insurance underlying the 08-09 XL Side A Policy, including the underlying combined $40,000,000 limits of liability provided by the Directors' and Officers' Liability Insurance Program comprised of Lloyd's of London Policy No. QA011608/1, Zurich American Insurance Company Policy No. DOC-9035134-01, Twin City Fire Insurance Company Policy No. 00 DA 0248886 08, and Continental Casualty Company Policy No. 287221440 (collectively the "08-09 ABC Insurance Program"). A true and correct copy of the 08-09 Arch Side A Policy is attached hereto as Exhibit B and fully incorporated herein as though fully set forth.

45.   Section I [Insuring Agreement] of the 08-09 Arch Side A Policy provides:

   A.   The Excess Insurer shall provide the Insureds coverage for Claims in excess of the Underlying Insurance.

   B.   The insurance coverage afforded by this Policy shall apply only after exhaustion of the Underlying Insurance in connection with Claim(s) and after the Insureds shall have paid the full amount of any applicable deductible or self-insured retentions.

---

17

COMPLAINT FOR DECLARATORY RELIEF

TUCKER ELLIS & WEST LLP
Cleveland • Columbus • Los Angeles • San Francisco

C.   Except with respect to premium and Limit of Liability and as provided in this Policy, the insurance coverage afforded by this Policy shall apply in conformance with the terms and conditions of the Followed Policy and in conformance with any terms and conditions further limiting or restricting coverage in this Policy or in any other Underlying Insurance.  In no event shall this Policy grant broader coverage than that provided by the most restrictive policy included in the Underlying Insurance.

46.   Section V [Duties in the Event of a Claim], paragraph B. of the 08-09 Arch Side A Policy provides:

B.   The Insured shall give notice under this Policy as provided in the Followed Policy and at the address shown in Item 8. of the Declarations of this Policy.  Notice to the issuer of the Followed Policy, the Primary Policy, or any other Underlying Insurer shall not constitute notice to the Excess Insurer.

47.   For purposes of the 08-09 Arch Side A Policy, the term "Excess Insurer" means Arch, the term "Followed Policy" means the 08-09 XL Side A Policy, the term "Claim" has the same meaning as set forth in the 08-09 XL Side A Policy, and the term "Underlying Insurance" means the 08-09 XL Side A Policy and the 08-09 ABC Insurance Program.

48.   Endorsement No. 2 [Specific Litigation Exclusion] to the 08-09 Arch Side A Policy sets forth a specific litigation endorsement which follows the language of that set forth in Endorsement No. 16 of the 08-09 XL Side A Policy.

18

COMPLAINT FOR DECLARATORY RELIEF

SFOiManage\217089.2

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco

**The 08-09 ACE Side A Policy**

49.     Subject to its terms and conditions, the ACE American Insurance Company Policy No. DOX G21681647 003 (the "08-09 ACE Side A Policy") provides Side A coverage with a per-claim and aggregate limit of liability of $10,000,000, in excess of the underlying combined limits of liability of $60,000,000.  A true and correct copy of the 08-09 ACE Side A Policy is attached hereto as Exhibit C and fully incorporated herein as though fully set forth.

50.     Under Insuring Clause I, the 08-09 ACE Side A Policy provides coverage "in accordance with the terms, definitions, conditions, exclusions and limitations of the Followed Policy, except as otherwise provided herein" and "subject to all terms, definitions, conditions, exclusions and limitations of [the 08-09 ACE Side A Policy]."

51.     Section IV.A of the 08-09 ACE Side A Policy, as modified by Endorsement 4, provides:

> This Policy is subject to . . . the same terms, definitions, conditions, exclusions and limitations (except as regards the premium, the limits of liability, the policy period and except as otherwise provided herein) as are contained or as may be added to the Followed Policy.

52.     Under Item 3. of the 08-09 ACE Side A Policy Declarations, the Followed Policy is the 08-09 XL Side A Policy referenced herein.

53.     Section II, Limit of Liability of the 08-09 ACE Side A Policy, as modified by Endorsement 6, provides in relevant part: "Nothing in this subsection shall preclude the Insurer of this Policy from considering any of the other terms, conditions, limitations and exclusions of this Policy, the Followed Policy, or any Underlying Policy, in determining whether any Loss is covered under this Policy."  The 08-09 Arch Policy

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco

19
COMPLAINT FOR DECLARATORY RELIEF

SFOiManage\217089.2

1 | referenced herein is listed in the Schedule of Underlying Policies at Item 8. of the 08-09
2 | ACE Policy Declarations.

3 | **The 08-09 AXIS Side A Policy**

4 |     54.    Subject to its terms and conditions, the AXIS Insurance Company Policy
5 | No. MNN712064/01/2008 (the "08-09 AXIS Side A Policy", collectively with the 08-09
6 | XL, Arch and ACE Side A Policies, the "08-09 Side A Policies") provides Side A
7 | coverage with a per-claim and aggregate limit of liability of $10,000,000, in excess of the
8 | underlying combined limits of liability of $70,000,000. A true and correct copy of the
9 | 08-09 AXIS Side A Policy is attached hereto as Exhibit D and fully incorporated herein
10 | as though fully set forth.

11 |     55.    Under Endorsement No. 4, the 08-09 AXIS Side A Policy provides coverage
12 | "in conformance with the provisions of the applicable Followed Policy and, to the extent
13 | coverage is further limited or restricted thereby, to any other applicable … Underlying
14 | Insurance."

15 |     56.    Under Endorsement No. 4, the Followed Policy is the 08-09 XL Policy
16 | referenced herein.

17 |     57.    Under Endorsement No. 1, the 08-09 Arch Side A Policy and 08-09 ACE
18 | Side A Policy referenced herein constitute Underlying Insurance.

19 | **The 07-08 XL Side A Policy**

20 |     58.    XL Specialty also issued XL Specialty Insurance Company Classic A-Side
21 | Management Liability Insurance Policy No. ELU096700-07 (the "07-08 XL Side A
22 | Policy") to IndyMac Bancorp, Inc. for the 07-08 Policy Period. Subject to its terms,
23 | conditions and exclusions, the 07-08 XL Side A Policy affords specified coverage for the
24 | directors, officers, and members of the Board of Management of IndyMac Bancorp, Inc.
25 | and its subsidiaries.

26 | **The 07-08 Arch Side A Policy**

27 |     59.    Arch also provides coverage to the directors, officers, and members of the
28 | Board of Management of IndyMac Bancorp, Inc., and its subsidiaries for the 07-08 Policy

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco

COMPLAINT FOR DECLARATORY RELIEF

SFOiManage\217089.2

1 | Period pursuant to the Arch Insurance Company Excess Insurance Policy No.

2 | ABX0020231-00 (the "07-08 Arch Side A Policy")

3 | **The 07-08 ACE Side A Policy**

4 |     60.    ACE American Insurance Company likewise provides coverage to the

5 | directors, officers, and members of the Board of Management of IndyMac Bancorp, Inc.,

6 | and its subsidiaries, for the 07-08 Policy Period pursuant to the ACE American Insurance

7 | Company Policy No. DOX G21681647 002 (the "07-08 ACE Policy").

8 | **The 07-08 AXIS Side A Policy**

9 |     61.    AXIS Reinsurance Company likewise provides coverage to the directors,

10 | officers, and members of the Board of Management of IndyMac Bancorp, Inc., and its

11 | subsidiaries, for the 07-08 Policy Period pursuant to the AXIS Reinsurance Company

12 | Policy No. RNN712064/01/2007 (the 07-08 XL, Arch and AXIS Side A Policies are

13 | referred to herein as the "07-08 Side A Policies").

14 |     62.    Coverage under the 07-08 Side A Policies is not at issue in this action, and

15 | no declarations are sought regarding coverage under those policies.

16 | **THE UNDERLYING MATTERS**

17 | **Overview**

18 |     63.    Plaintiffs are informed and believe, and thereon allege, that IndyMac

19 | Bancorp, Inc. was the holding company for IndyMac Bank, F.S.B., formerly one of the

20 | ten largest residential mortgage originators and servicers in the United States. IndyMac

21 | offered loan products to home borrowers, including subprime loans, 80/20 loans, Alt-A,

22 | and other nontraditional loan products.

23 |     64.    Plaintiffs are informed and believe, and thereon allege, that on January 16,

24 | 2007, IndyMac Bancorp, Inc. issued a written press release disclosing, among other

25 | things, that its Q4 earnings would be substantially below its forecast, and subsequent

26 | disclosures regarding IndyMac Bancorp, Inc.'s performance were made in the ensuing

27 | month and a half. During the period of these disclosures, IndyMac Bancorp, Inc.'s

28 | common stock price declined.

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco

COMPLAINT FOR DECLARATORY RELIEF

SFO:iManage\217089.2

65.     Plaintiffs are informed and believe, and thereon allege, that on March 12, 2007, a shareholder class action complaint captioned *Claude A. Reese v. IndyMac Financial, Inc., Richard A. Wohl, and Scott Keys* was filed in the United States District Court for the Central District of California based upon IndyMac Bancorp, Inc.'s and IndyMac Bank, F.S.B.'s alleged misrepresentations or omissions which assertedly led to the common stock price decline.

66.     Plaintiffs are informed and believe, and thereon allege, that IndyMac Bancorp, Inc.'s losses continued to grow and its common stock price continued to drop, reaching $2.32 at the close of trading on May 13, 2008, the day after IndyMac Bancorp, Inc. issued a press release revealing that IndyMac Bancorp, Inc. would not be able to return to overall profitability until the then current decline in home prices decelerated, and that IndyMac Bancorp, Inc. was suspending its dividend on preferred shares.

67.     Plaintiffs are informed and believe, and thereon allege, that on July 11, 2008, the Office of Thrift Supervision seized IndyMac Bank, F.S.B., citing liquidity concerns, and appointed the FDIC as conservator.  A bridge bank under the control of the FDIC was established to assume control of IndyMac Bank, F.S.B.'s assets and secured liabilities.

68.     Plaintiffs are informed and believe, and thereon allege, that on July 31, 2008, IndyMac Bancorp, Inc. filed a petition for bankruptcy relief seeking liquidation under Chapter 7 in the United States Bankruptcy Court for the Central District of California.

69.     Plaintiffs are informed and believe, and thereon allege, that on February 26, 2009, the Office of Inspector General, Department of Treasury (the "OIG") announced the results of its investigation of IndyMac Bancorp, Inc.'s failure in an Audit Report.  In the Audit Report, the OIG found, among other things, that: "IndyMac's aggressive growth strategy, use of Alt-A and other nontraditional loan products [and] insufficient underwriting [among other things] . . . led to its demise when the mortgage market declined in 2007."

COMPLAINT FOR DECLARATORY RELIEF

SFOiManage\217089.2

**The Tripp Litigation**

70.     Plaintiffs are informed and believe, and thereon allege, that the shareholder class action filed March 12, 2007, by plaintiff Claude A. Reese is now styled *Wayman Tripp and Sven Mossberg v. IndyMac Bancorp, Inc. and Michael W. Perry*, United States District Court for the Central District of California Case No. 2:07-cv-1635-GW-VBK (the "Tripp Litigation"), pursuant to an order dated June 18, 2007, appointing Wayman Tripp and Sven Mossberg as the lead plaintiffs.  A true and correct copy of the operative complaint in the Tripp Litigation is attached hereto as Exhibit E.[1]

71.     Plaintiffs are informed and believe, and thereon allege, that the Tripp Litigation alleges that the defendants in that action violated underwriting standards and guidelines for the purpose of increasing loan volume, and alleged false statements to investors concerning the adherence to these guidelines, the quality of loans originated and/or purchased by IndyMac Bank, F.S.B., and the quality of IndyMac Bancorp, Inc.'s reported earnings which allegedly led to the significant drops in IndyMac Bancorp, Inc.'s common stock price.  The complaint further alleged that IndyMac Bancorp, Inc. had inadequate loan loss reserves, lacked internal controls, and manipulated appraisal values. [Exhibit E.]

72.     Plaintiffs are informed and believe, and thereon allege, that the parties agree that the 08-09 Side A Policies do not afford coverage for the Tripp Litigation.

**Subsequent Notices**

73.     Plaintiffs are informed and believe, and thereon allege, that subsequent to the filing of the Tripp Litigation, and after expiration of the 07-08 Policy Period, notice of the following actions was provided to Plaintiffs by some or all of the defendants under the 07-08 Side A Policies, 08-09 Side A Policies, or each of them.

//

//

---

[1] For the sake of brevity, Plaintiffs have elected to omit including the exhibits to the various complaints attached hereto as Exhibits E through N.

COMPLAINT FOR DECLARATORY RELIEF

SFOiManage\217089.2

TUCKER ELLIS & WEST LLP
Cleveland • Columbus • Los Angeles • San Francisco

**The Daniels Litigation**

74.     Plaintiffs are informed and believe, and thereon allege, that in 2008, the following purported securities class action lawsuits were filed in the United States District Court for the Central District of California against defendants Perry and Keys:

- *Folsom v. IndyMac Bancorp, Inc., Perry and Keys*, Case No. 08-cv-3812 (filed on June 11, 2008);
- *Ariel Investments Ltd. v. IndyMac Bancorp, Inc., Perry, and Keys*, Case No. 08-cv-4302 (filed on June 30, 2008);
- *Yukelson v. Perry and Keys*, Case No. 08-cv-4591 (filed on July 14, 2008);
- *Mazal Investment Partners v. IndyMac Bancorp, Inc., Perry, and Keys*, Case No. 08-cv-4923 (filed on July 28, 2008); and
- *Daniels v. Perry and Keys*, Case No. 08-cv-5073 (filed on August 1, 2008).

75.     Plaintiffs are informed and believe, and thereon allege, that on September 12, 2008, the court consolidated the five actions into a single action under Case No. 08-cv-03812 (the "Daniels Litigation") and appointed Robert C. Daniels as the lead plaintiff. A true and correct copy of the operative complaint in the Daniels Litigation is attached hereto as Exhibit F.

**The FDIC Litigation**

76.     Plaintiffs are informed and believe, and thereon allege, that on March 27, 2009, Nossaman LLP, counsel for the FDIC, sent a letter to defendants Koon, Shellem, and Van Dellen regarding "Claims by FDIC Arising Out of The Home Builders Division ("HBD") of IndyMac Bank FSB ("IndyMac Bank")" (the "FDIC Letter"). The FDIC Letter stated that it was making a "demand for payment of civil damages . . . ." A true and correct copy of the FDIC's letter is attached hereto as Exhibit G.

77.     Plaintiffs are informed and believe, and thereon allege, that on July 2, 2010, the FDIC filed a complaint against defendants Shellem, Van Dellen, Koon, and Rothman in the United States District Court for the Central District of California in an action styled *FDIC v. Van Dellen, et al.*, Case No. 2:10-cv-04915-DSF-SH (the "FDIC Litigation"). A

24

COMPLAINT FOR DECLARATORY RELIEF

1    true and correct copy of the operative complaint in the FDIC Litigation is attached hereto

2    as Exhibit H.

3        **The Siegel Litigation**

4        78.    On May 28, 2009, after the expiration of the 08-09 Side A Policies, Alfred

5    H. Siegel, the Chapter 7 Trustee of the estate of IndyMac Bancorp, Inc. ("Siegel") sent a

6    letter to Plaintiffs in which Siegel stated that the estate "plans to pursue claims against the

7    Officers and Directors of IndyMac Bancorp, Inc. and IndyMac Bank, F.S.B." (the "Siegel

8    Letter"). Enclosed with the Siegel Letter were letters on behalf of Siegel to certain

9    defendants, also dated May 28, 2009, stating that Siegel "intends to pursue a legal

10   action." A true and correct copy of the May 28, 2009 Siegel Letter is attached hereto as

11   Exhibit I.

12       79.    Plaintiffs are informed and believe, and thereon allege, that on November

13   13, 2009, Siegel initiated an Adversary Proceeding in the Central District of California

14   Bankruptcy Court against defendants Caldera, Gramley, Grant, Haden, Hodel, Hunt,

15   Kennard, Willison, and Perry styled *Siegel v. Caldera, et al.*, Case No. 2:09-ap-2645-BB.

16   A true and correct copy of the operative complaint in the Siegel Litigation is attached

17   hereto as Exhibit J.

18       **The MBS Litigation**

19       80.    Plaintiffs are informed and believe, and thereon allege, that on January 20,

20   2009, IBEW Local 103 filed a complaint in California State Superior Court, Los Angeles

21   County against defendants Abernathy, Olinski, Grover, Heyrick, and Woodsworth, and

22   non-parties Lynette Antosh, and Raphael Bostic, among others, styled *IBEW Local 103 v.*

23   *IndyMac Bank MBS, Inc.*, Case No. BC405843 (the "IBEW Litigation"). The IBEW

24   Litigation was subsequently removed to the United States District Court for the Central

25   District of California, Case No. 09-cv-01520. The IBEW Litigation was voluntarily

26   dismissed on May 21, 2009. A true and correct copy of the original complaint in the

27   IBEW Litigation is attached hereto as Exhibit K.

28

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco

25

COMPLAINT FOR DECLARATORY RELIEF

81.     Plaintiffs are informed and believe, and thereon allege, that on May 14, 2009, the Police and Fire Retirement System of the City of Detroit filed a complaint in the United States District Court for the Southern District of New York against defendants Olinski, Abernathy, Grover, Heyrick, and Woodworth, among others, styled *Police and Fire Retirement System of the City of Detroit v. IndyMac MBS, Inc.*, et al., Case No. 09-cv-4583 (the "Detroit Action").

82.     Plaintiffs are informed and believe, and thereon allege, that on June 14, 2009, the Wyoming State Treasurer and Wyoming Retirement System filed a complaint in the United States District Court for the Southern District of New York against defendants Olinski, Abernathy, Grover, Heyrick, and Woodworth, among others, styled *Wyoming State Treasurer, et al. v. Olinski, et al.*, Case No. 09-cv-5933 (the "Wyoming Action").

83.     Plaintiffs are informed and believe, and thereon allege, that the Detroit and Wyoming Actions were subsequently consolidated into a single action in the United States District Court for the Southern District of New York styled *In re IndyMac Mortgage-Backed Securities Litigation*, Case No. 09-civ-4583.  A true and correct copy of the operative complaint in the consolidated action is attached hereto as Exhibit L. (The actions referred to in Paragraphs 80 through 83 shall collectively be referred to as the "MBS Litigation").

**The MBIA Litigation**

84.     Plaintiffs are informed and believe, and thereon allege, that on September 22, 2009, MBIA Insurance Corporation filed a complaint in California State Superior Court, Los Angeles County against defendants Perry, Keys, Jacobson, and Callan, among others, styled *MBIA Insurance Corporation v. IndyMac ABS, Inc., et al.*, California Superior Court Los Angeles Case No. BC422358 (the "MBIA Litigation").  A true and correct copy of the operative complaint in the MBIA Litigation is attached hereto as Exhibit M.

COMPLAINT FOR DECLARATORY RELIEF

SFOiManage\217089.2

TUCKER ELLIS & WEST LLP
Cleveland • Columbus • Los Angeles • San Francisco

1     **The Assured Guaranty Litigation**

2     85.    Plaintiffs are informed and believe, and thereon allege, that on September

3 17, 2010, Assured Guaranty Municipal Corp. filed a complaint in California State

4 Superior Court, Los Angeles County against defendants Perry, Keys, Jacobson, and

5 Callan, among others, styled *Assured Guaranty Municipal Corp. v. UBS Securities LLC,*

6 *et al.*, California Superior Court Los Angeles Case No. BCC445785 (the "Assured

7 Guaranty Litigation"). A true and correct copy of the operative complaint in the Assured

8 Guaranty Litigation is attached hereto as Exhibit N.

9     **Controversy and Ripeness**

10     86.    The Defendants have sought coverage for some or all of the Underlying

11 Matters under the 08-09 Side A Policies.

12     87.    The 08-09 Side A Insurers have advised the Defendants that there is no

13 coverage under the 08-09 Side A Policies for the Underlying Matters.

14     88.    The Defendants have taken issue with the 08-09 Side A Insurers' position.

15     89.    The issues raised herein will directly govern the 08-09 Side A Insurers'

16 obligations under the 08-09 Side A Policies. This matter is therefore ripe for

17 adjudication.

18     **FIRST CAUSE OF ACTION**

19     **(DECLARATION OF NO COVERAGE UNDER THE 08-09 SIDE A POLICIES**

20     **FOR THE DANIELS LITIGATION)**

21     90.    Plaintiffs reallege in full and incorporate by reference the allegations

22 contained in paragraphs 1 through 89 above.

23     91.    An actual controversy exists between Plaintiffs, on the one hand, and

24 defendants, on the other hand, relating to their respective rights and obligations under the

25 08-09 Side A Polices.

26     92.    The Plaintiffs submit that no coverage exists for the Daniels Litigation under

27 the 08-09 Side A Policies for at least three separate reasons.

28

COMPLAINT FOR DECLARATORY RELIEF

SFOiManage\217089.2

TUCKER ELLIS & WEST LLP
Cleveland • Columbus • Los Angeles • San Francisco

93.     First, the Daniels Litigation is based upon, arises out of, directly or indirectly resulted from, is in consequence of, or in any way involves the Tripp Litigation or any fact, circumstance, situation, event, transaction or series of facts, circumstances, situations, events or transactions underlying or alleged in the Tripp Litigation. Accordingly, the Daniels Litigation is excluded from coverage under the 08-09 Side A Policies pursuant to the Specific Litigation Exclusion contained in the 08-09 XL Policy and incorporated into the other 08-09 Side A Policies.

94.     Second, the Daniels Litigation is based upon, arises out of, directly or indirectly resulted from, is in consequence of, or in any way involves any fact, circumstance or situation, transaction, event or wrongful act which, before the Inception Date of the 08-09 Side A Policies, was the subject of any notice given under any other management liability insurance, directors' and officers' insurance, or any similar insurance. Accordingly, coverage is excluded pursuant to Section III(B)(2) of the 08-09 XL Policy, as incorporated into the other 08-09 Side A Policies.

95.     Third, the Daniels Litigation arises from the same Interrelated Wrongful Acts as the Tripp Litigation. Accordingly, these cases, along with other related cases, form a single Claim first made prior to the inception of the 08-09 Side A Policies.

96.     The defendants contend that coverage is afforded for the Daniels Litigation under the 08-09 Side A Policies

97.     A declaratory judgment is necessary at this time to determine the rights and obligations of the parties under the 08-09 Side A Policies.

## SECOND CAUSE OF ACTION

## (DECLARATION OF NO COVERAGE UNDER THE 08-09 SIDE A POLICIES FOR THE FDIC LITIGATION)

98.     Plaintiffs reallege in full and incorporate by reference the allegations contained in Paragraphs 1 through 89 above.

COMPLAINT FOR DECLARATORY RELIEF

SFOiManage\217089.2

99.   An actual controversy exists between Plaintiffs, on the one hand, and defendants, on the other hand, relating to their respective rights and obligations under the 08-09 Side A Policies.

100.   The Plaintiffs submit that no coverage exists for the FDIC Litigation under the 08-09 Side A Policies for at least three separate reasons.

101.   First, the FDIC Litigation is based upon, arises out of, directly or indirectly resulted from, is in consequence of, or in any way involves the Tripp Litigation or any fact, circumstance, situation, event, transaction or series of facts, circumstances, situations, events or transactions underlying or alleged in the Tripp Litigation. Accordingly, the FDIC Litigation is excluded from coverage under the 08-09 Side A Policies pursuant to the Specific Litigation Exclusion contained in the 08-09 XL Policy and incorporated into the other 08-09 Side A Policies.

102.   Second, the FDIC Litigation is based upon, arises out of, directly or indirectly resulted from, is in consequence of, or in any way involves any fact, circumstance or situation, transaction, event or wrongful act which, before the Inception Date of the 08-09 Side A Policies, was the subject of any notice given under any other management liability insurance, directors' and officers' insurance, or any similar insurance. Accordingly, coverage is excluded pursuant to Section III(B)(2) of the 08-09 XL Policy, as incorporated into the other 08-09 Side A Policies.

103.   Third, the FDIC Litigation arises from the same Interrelated Wrongful Acts as the Tripp Litigation. Accordingly, these cases, along with other related cases, form a single Claim first made prior to the inception of the 08-09 Side A Policies.

104.   The defendants contend that coverage is afforded for the FDIC Litigation under the 08-09 Side A Policies.

105.   A declaratory judgment is necessary at this time to determine the rights and obligations of the parties under the 08-09 Side A Policies.

COMPLAINT FOR DECLARATORY RELIEF

SFOiManage\217089.2

# THIRD CAUSE OF ACTION

## (DECLARATION OF NO COVERAGE UNDER THE 08-09 SIDE A POLICIES FOR THE SIEGEL LITIGATION)

106.    Plaintiffs reallege in full and incorporate by reference the allegations contained in Paragraphs 1 through 89 above.

107.    An actual controversy exists between Plaintiffs, on the one hand, and defendants, on the other hand, relating to their respective rights and obligations under the 08-09 Side A Policies.

108.    No coverage exists for the Siegel Litigation under the 08-09 Side A Policies for at least four separate reasons.

109.    First, the Siegel Litigation is based upon, arises out of, directly or indirectly resulted from, is in consequence of, or in any way involves the Tripp Litigation or any fact, circumstance, situation, event, transaction or series of facts, circumstances, situations, events or transactions underlying or alleged in the Tripp Litigation. Accordingly, the Siegel Litigation is excluded from coverage under the 08-09 Side A Policies pursuant to the Specific Litigation Exclusion contained in the 2008-09 XL Policy and incorporated into the other 08-09 Side A Policies.

110.    Second, the Siegel Litigation is based upon, arises out of, directly or indirectly resulted from, is in consequence of, or in any way involves any fact, circumstance or situation, transaction, event or wrongful act which, before the Inception Date of the 08-09 Side A Policies, was the subject of any notice given under any other management liability insurance, directors' and officers' insurance, or any similar insurance. Accordingly, coverage is excluded pursuant to Section III(B)(2) of the 2008-09 XL Policy, incorporated into the 08-09 Side A Policies.

111.    Third, the Siegel Litigation arises from the same Interrelated Wrongful Acts as the Tripp Litigation. Accordingly, these cases, along with other related cases, form a single Claim first made prior to the inception of the 08-09 Side A Policies.

COMPLAINT FOR DECLARATORY RELIEF

SFOiManage\217089.2

112.   Fourth, to the extent that the Siegel Litigation is not deemed made prior to the inception of the 08-09 Side A Policies, pursuant to the 08-09 Side A Policies' Interrelated Claims provision, it does not constitute a Claim first made during the 08-09 Policy Period because it was first made after the expiration of the Policy Period of the 08-09 Side A Policies.

113.   The defendants contend that coverage is afforded for the Siegel Litigation under the 08-09 Side A Policies.

114.   A declaratory judgment is necessary at this time to determine the rights and obligations of the parties under the 08-09 Side A Policies.

## FOURTH CAUSE OF ACTION

## (DECLARATION OF NO COVERAGE UNDER THE 08-09 SIDE A POLICIES FOR THE MBS LITIGATION)

115.   Plaintiffs reallege in full and incorporate by reference the allegations contained in Paragraphs 1 through 89 above.

116.   An actual controversy exists between Plaintiffs, on the one hand, and defendants, on the other hand, relating to their respective rights and obligations under the 08-09 Side A Policies.

117.   The Plaintiffs submit that no coverage exists for the MBS Litigation under the 08-09 Side A Policies for at least three separate reasons.

118.   First, the MBS Litigation is based upon, arises out of, directly or indirectly resulted from, is in consequence of, or in any way involves the Tripp Litigation or any fact, circumstance, situation, event, transaction or series of facts, circumstances, situations, events or transactions underlying or alleged in the Tripp Litigation. Accordingly, the MBS Litigation is excluded from coverage under the 08-09 Side A Policies pursuant to the Specific Litigation Exclusion contained in the 08-09 XL Policy and incorporated into the other 08-09 Side A Policies.

119.   Second, the MBS Litigation is based upon, arises out of, directly or indirectly resulted from, is in consequence of, or in any way involves any fact,

---

31

COMPLAINT FOR DECLARATORY RELIEF

SFOiManage\217089.2

1   circumstance or situation, transaction, event or wrongful act which, before the Inception

2   Date of the 08-09 Side A Policies, was the subject of any notice given under any other

3   management liability insurance, directors' and officers' insurance, or any similar

4   insurance. Accordingly, coverage is excluded pursuant to Section III(B)(2) of the 08-09

5   XL Policy, as incorporated into the other 08-09 Side A Policies.

6       120.  Third, the MBS Litigation arises from the same Interrelated Wrongful Acts

7   as the Tripp Litigation. Accordingly, these cases, along with other related cases, form a

8   single Claim first made prior to the inception of the 08-09 Side A Policies.

9       121.  The defendants contend that coverage is afforded for the MBS Litigation

10   under the 08-09 Side A Polices.

11       122.  A declaratory judgment is necessary at this time to determine the rights and

12   obligations of the parties under the 08-09 Side A Policies.

### FIFTH CAUSE OF ACTION

### (DECLARATION OF NO COVERAGE UNDER THE 08-09 SIDE A POLICIES

### FOR THE MBIA LITIGATION)

16       123.  Plaintiffs reallege in full and incorporate by reference the allegations

17   contained in Paragraphs 1 through 89 above.

18       124.  An actual controversy exists between Plaintiffs, on the one hand, and

19   defendants, on the other hand, relating to their respective rights and obligations under the

20   08-09 Side A Policies.

21       125.  The Plaintiffs submit that no coverage exists for the MBIA Litigation under

22   the 08-09 Side A Policies for at least three separate reasons.

23       126.  First, the MBIA Litigation is based upon, arises out of, directly or indirectly

24   resulted from, is in consequence of, or in any way involves the Tripp Litigation or any

25   fact, circumstance, situation, event, transaction or series of facts, circumstances,

26   situations, events or transactions underlying or alleged in the Tripp Litigation.

27   Accordingly, the MBIA Litigation is excluded from coverage under the 08-09 Side A

28

COMPLAINT FOR DECLARATORY RELIEF

SFOiManage\217089.2

TUCKER ELLIS & WEST LLP
Cleveland • Columbus • Los Angeles • San Francisco

1   Policies pursuant to the Specific Litigation Exclusion contained in the 08-09 XL Policy
2   and incorporated into the other 08-09 Side A Policies.

3       127.   Second, the MBIA Litigation is based upon, arises out of, directly or
4   indirectly resulted from, is in consequence of, or in any way involves any fact,
5   circumstance or situation, transaction, event or wrongful act which, before the Inception
6   Date of the 08-09 Side A Policies, was the subject of any notice given under any other
7   management liability insurance, directors' and officers' insurance, or any similar
8   insurance. Accordingly, coverage is excluded pursuant to Section III(B)(2) of the 08-09
9   XL Policy, as incorporated into the other 08-09 Side A Policies.

10       128.   Third, the MBIA Litigation arises from the same Interrelated Wrongful Acts
11   as the Tripp Litigation. Accordingly, these cases, along with other related cases, form a
12   single Claim first made prior to the inception of the 08-09 Side A Policies.

13       129.   The defendants contend that coverage is afforded for the MBIA Litigation
14   under the 08-09 Side A Policies.

15       130.   A declaratory judgment is necessary at this time to determine the rights and
16   obligations of the parties under the 08-09 Side A Policies.

17   ## SIXTH CAUSE OF ACTION
18   ## (DECLARATION OF NO COVERAGE UNDER THE 08-09 SIDE A POLICIES
19   ## FOR THE ASSURED GUARANTY LITIGATION)

20       131.   Plaintiffs reallege in full and incorporate by reference the allegations
21   contained in Paragraphs 1 through 89 above.

22       132.   An actual controversy exists between Plaintiffs, on the one hand, and
23   defendants, on the other hand, relating to their respective rights and obligations under the
24   08-09 Side A Policies.

25       133.   The Plaintiffs submit that no coverage exists for the Assured Guaranty
26   Litigation under the 08-09 Side A Policies for at least three separate reasons.

27       134.   First, the Assured Guaranty Litigation is based upon, arises out of, directly
28   or indirectly resulted from, is in consequence of, or in any way involves the Tripp

*TUCKER ELLIS & WEST LLP*
*Cleveland • Columbus • Los Angeles • San Francisco*

SFOiManage\217089.2

1   Litigation or any fact, circumstance, situation, event, transaction or series of facts,

2   circumstances, situations, events or transactions underlying or alleged in the Tripp

3   Litigation.  Accordingly, the Assured Guaranty Litigation is excluded from coverage

4   under the 08-09 Side A Policies pursuant to the Specific Litigation Exclusion contained

5   in the 08-09 XL Policy and incorporated into the other 08-09 Side A Policies.

6       135.   Second, the Assured Guaranty Litigation is based upon, arises out of,

7   directly or indirectly resulted from, is in consequence of, or in any way involves any fact,

8   circumstance or situation, transaction, event or wrongful act which, before the Inception

9   Date of the 08-09 Side A Policies, was the subject of any notice given under any other

10  management liability insurance, directors' and officers' insurance, or any similar

11  insurance.  Accordingly, coverage is excluded pursuant to Section III(B)(2) of the 08-09

12  XL Policy, as incorporated into the other 08-09 Side A Policies.

13      136.   Third, the Assured Guaranty Litigation arises from the same Interrelated

14  Wrongful Acts as the Tripp Litigation.  Accordingly, these cases, along with other related

15  cases, form a single Claim first made prior to the inception of the 08-09 Side A Policies.

16      137.   The defendants contend that coverage is afforded for the Assured Guaranty

17  Litigation under the 08-09 Side A Policies.

18      138.   A declaratory judgment is necessary at this time to determine the rights and

19  obligations of the parties under the 08-09 Side A Policies.

20                       **RESERVATION OF RIGHTS**

21      The 08-09 Side A Policies contain terms, conditions, and limitations on coverage

22  that may be relevant to the Underlying Matters but that are not implicated by this

23  declaratory judgment action.  Nothing in this complaint should be construed as a waiver

24  by any of the 08-09 Side A Insurers of any coverage defenses under the 08-09 Side A

25  Policies, and the 08-09 Side A Insurers continue to reserve the right to raise all other 08-

26  09 Side A Policy terms and conditions as defenses to coverage for any claim made under

27  their respective policies, including the Underlying Matters, where appropriate.

28

TUCKER ELLIS & WEST LLP
Cleveland • Columbus • Los Angeles • San Francisco

34

COMPLAINT FOR DECLARATORY RELIEF

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that a judgment be entered against the defendants and prays that Plaintiffs be awarded the following relief:

1. On the First Cause of Action, a declaration that no coverage is afforded for the Daniels Litigation under the 08-09 Side A Policies;

3. On the Second Cause of Action, a declaration that no coverage is afforded for the FDIC Litigation under the 08-09 Side A Policies;

4. On the Third Cause of Action, a declaration that no coverage is afforded for the Siegel Litigation under the 08-09 Side A Policies;

5. On the Fourth Cause of Action, a declaration that no coverage is afforded for the MBS Litigation under the 08-09 Side A Policies;

6. On the Fifth Cause of Action, a declaration that no coverage is afforded for the MBIA Litigation under the 08-09 Side A Policies;

7. On the Sixth Cause of Action, a declaration that no coverage is afforded for the Assured Guaranty Litigation under the 08-09 Side A Policies;

8. On all causes of action, that the case be set for a jury trial;

9. For costs of suit incurred herein; and

10. For such other and further relief at law or in equity that the Court deems just and proper.


DATED: March 9, 2011

KIM W. WEST
ALEC H. BOYD
TUCKER ELLIS & WEST LLP

By: _____
Attorneys for Plaintiffs
XL Specialty Insurance Company
Arch Insurance Company
ACE American Insurance Company and
AXIS Insurance Company

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco

35

COMPLAINT FOR DECLARATORY RELIEF

# DEMAND FOR JURY TRIAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND ALL PARTIES HEREIN:

PLEASE TAKE NOTICE that Plaintiffs demand a trial by jury of the above-entitled action.

DATED: March 9, 2011

KIM W. WEST
ALEC H. BOYD
TUCKER ELLIS & WEST LLP

By: _____
Attorneys for Plaintiffs
XL Specialty Insurance Company
Arch Insurance Company
ACE American Insurance Company and
AXIS Insurance Company

COMPLAINT FOR DECLARATORY RELIEF

SFOiManage\217089.2

Kim W. West - SBN 78553
Alec H. Boyd - SBN 161325
TUCKER ELLIS & WEST LLP
515 South Flower Street, Suite 4200       **ORIGINAL**
Los Angeles, CA 90071-2223
alec.boyd@tuckerellis.com
Tel: (415) 617-2400/Fax: (415) 617-2409

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XL Specialty Insurance Company, Arch Insurance Company, Ace American Insurance Company, Axis Insurance Company,<br><br>PLAINTIFF(S)<br><br>V.<br><br>Michael W. Perry, A. Scott Keys, Louis E. Caldera, Lyle E. Gramley, Hugh H. Grant, Patrick C. Haden, Terrance G. Hodel, Robert L. Hunt II, Lydia H. Kennard, Bruce G. Willison, John Olinsky, S. Blair Abernathy, Samir Grover, Simon Heyrick, Victor H. Woodworth, Scott Van Dellen, Richard Koon, Kenneth Shellem, William Rothman, Jill Jacobson, and Kevin Callan,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV11-02078** GHK (JCG x)<br><br><br><br>**SUMMONS** |

TO:DEFENDANT(S): <u>Michael W. Perry, Scott A. Keys, Louis E. Caldera, Lyle E. Gramley, Hugh H. Grant, Patrick C. Haden, Terrance G. Hodel, Robert L. Hunt II, Lydia H. Kennard, Bruce G. Willison, John Olinsky, S. Blair Abernathy, Samir Grover, Simon Heyrick, Victor H. Woodworth, Scott Van Dellen, Richard Koon, Kenneth Shellem, William Rothman, Jill Jacobson, and Kevin Callan</u>

A lawsuit has been filed against you.

Within <u>21</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Alec H. Boyd</u>, whose address is <u>135 Main Street, Suite 700, San Francisco, CA 94105</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: March <u>10</u>, 2011

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

American LegalNet, Inc.
www.USCourtForms.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I.(a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| XL Specialty Insurance Company, Arch Insurance Company, Ace American Insurance Company, Axis Insurance Company | Michael W. Perry, A. Scott Keys, Louis E. Caldera, Lyle E. Gramley, Hugh M. Grant, Patrick C. Haden, Terrance G. Hodel, Robert L. Hunt II, Lydia H. Kennard, Bruce G. Willison, John Olinski, S. Blair Abernathy, Samir Grover, Simon Heyrick, Victor H. Woodworth, Scott Van Dellen, Richard Koon, Kenneth Shellem, William Rothman, Jill Jacobson, and Kevin Callan |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Tucker Ellis & West LLP<br>135 Main Street, Suite 700<br>San Francisco, CA 94105<br>Tel: (415) 617-2400/Fax: (415) 617-2409 | Kim W. West, SBN 78553<br>Alec H. Boyd, SBN 161325 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Sections 1332, 2201 and 2202 - - Declaratory Relief

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☒ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: _____   CV11-02078

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ No ☐ Yes

If yes, list case number(s):   But see the accompanying Notice of Pendency of Actions.

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | California, Maryland |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware, Connecticut, New York, Pennsylvania, Illinois, Georgia |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
  Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | California, New York |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Kim W. West_ /s/    Date March 9, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge George King and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

## CV11- 2078 GHK (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| **[X] Western Division** | **[_] Southern Division** | **[_] Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.