LOUIS E. KEMPINSKY (State Bar No. 90068)
E-mail:  lkempinsky@pwkllp.com
JOHN C. KEITH (State Bar No. 229755)
E-mail:  jkeith@pwkllp.com
PEITZMAN WEG & KEMPINSKY LLP
2029 Century Park East, Suite 3100
Los Angeles, CA  90067
Phone:  310-552-3100
Fax:  310-552-3101

D. JEAN VETA (*pro hac vice to be filed*)
E-mail: jveta.cov.com
DENNIS B. AUERBACH (*pro hac vice*)
E-mail:  dauerbach@cov.com
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, D.C.  20004
Phone:  202-662-6000
Fax:  202-662-6291

Attorneys for Defendant Michael W. Perry

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **XL SPECIALTY INSURANCE COMPANY,** *et al.*, <br><br>         **Plaintiffs,** <br><br> **v.** <br><br> **MICHAEL W. PERRY,** *et al.*, <br><br>         **Defendants.** | **Case No. 2:11-cv-02078-RGK (JCGx)** <br><br> **ANSWER OF DEFENDANT MICHAEL W. PERRY TO COMPLAINT [DEMAND FOR JURY TRIAL]** <br><br><br> **Judge:  Hon. R. Gary Klausner** |

# ANSWER

Defendant Michael W. Perry ("Mr. Perry") respectfully submits this Answer to the Complaint as follows:

1. Mr. Perry admits the allegations of Paragraph 1.

2. Mr. Perry admits the allegations of Paragraph 2.

3.      Mr. Perry admits that on March 12, 2007 a Complaint in the matter *Reese v. IndyMac Bancorp, Inc., et al.*, No. 07-CV-1653-GW-VBk ("Tripp litigation") was filed.  Mr. Perry states that the Complaint therein is the best evidence of its allegations and, on that basis, Mr. Perry denies the remaining allegations of Paragraph 3 of the Complaint.

4.      Mr. Perry denies that the 08-09 Side A Policies are the only relevant insurance policies issued by Plaintiffs.  Mr. Perry states that the 08-09 Side A Policies are the best evidence of their contents and, on that basis, Mr. Perry denies the remaining allegations of Paragraph 4 of the Complaint.

5.      Mr. Perry admits that after the inception dates of the 08-09 Side A Policies a number of demands, lawsuits, and/or civil proceedings were initiated against Mr. Perry and other former officers and directors of IndyMac.  Mr. Perry admits that the lawsuits and demands described in Paragraph 5 were filed or made on or about the dates alleged.  Mr. Perry states that the demands and complaints in these matters are the best evidence of their contents and, on that basis, Mr. Perry denies the remaining allegations of Paragraph 5 of the Complaint.

6.      Mr. Perry denies each and every allegation of Paragraph 6 of the Complaint with respect to coverage for Mr. Perry.  Mr. Perry otherwise lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 and on that basis denies the remaining allegations of Paragraph 6 of the Complaint.

7.      Mr. Perry denies each and every allegation of Paragraph 7 of the Complaint with respect to coverage for Mr. Perry.  Mr. Perry otherwise lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 and on that basis denies the remaining allegations of Paragraph 7 of the Complaint.

**PARTIES**

8.      Mr. Perry admits the allegations of Paragraph 8.

- 2 -

1    9.    Mr. Perry admits the allegations of Paragraph 9.

2    10.    Mr. Perry admits the allegations of Paragraph 10.

3    11.    Mr. Perry admits the allegations of Paragraph 11.

4    12.    Mr. Perry states that the insurance policies issued by the Plaintiffs are

5  the best evidence of their terms, conditions, and limitations and, on that basis, Mr.

6  Perry denies the allegations of the first sentence of Paragraph 12 of the Complaint.

7  Mr. Perry admits that, until July 2008, he was the Chairman and Chief Executive

8  Officer of IndyMac Bancorp, Inc. and IndyMac Bank, F.S.B. ("the Bank").  Mr.

9  Perry lacks knowledge or information sufficient to form a belief as to the truth of

10  the remaining allegations in Paragraph 12 and, on that basis, denies the remaining

11  allegations.

12    13.    Mr. Perry admits that, until July 2008, he was the Chairman and Chief

13  Executive Officer of IndyMac Bancorp, Inc. and the Bank.  Mr. Perry admits that

14  he is a resident of the State of California.

15    14.    Mr. Perry lacks knowledge and information sufficient to form a belief

16  as to the truth of the allegations in Paragraph 14, and upon that basis denies each

17  and every such allegation.

18    15.    Mr. Perry lacks knowledge and information sufficient to form a belief

19  as to the truth of the allegations in Paragraph 15, and upon that basis denies each

20  and every such allegation.

21    16.    Mr. Perry lacks knowledge and information sufficient to form a belief

22  as to the truth of the allegations in Paragraph 16, and upon that basis denies each

23  and every such allegation.

24    17.    Mr. Perry lacks knowledge and information sufficient to form a belief

25  as to the truth of the allegations in Paragraph 17, and upon that basis denies each

26  and every such allegation.

27

28

- 3 -

18.     Mr. Perry lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and upon that basis denies each and every such allegation.

19.     Mr. Perry lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and upon that basis denies each and every such allegation.

20.     Mr. Perry lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and upon that basis denies each and every such allegation.

21.     Mr. Perry lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and upon that basis denies each and every such allegation.

22.     Mr. Perry lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and upon that basis denies each and every such allegation.

23.     Mr. Perry lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and upon that basis denies each and every such allegation.

24.     Mr. Perry lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and upon that basis denies each and every such allegation.

25.     Mr. Perry lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and upon that basis denies each and every such allegation.

26.     Mr. Perry lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and upon that basis denies each and every such allegation.

27.     Mr. Perry lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and upon that basis denies each and every such allegation.

28.     Mr. Perry lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and upon that basis denies each and every such allegation.

29.     Mr. Perry lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and upon that basis denies each and every such allegation.

30.     Mr. Perry lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and upon that basis denies each and every such allegation.

31.     Mr. Perry lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and upon that basis denies each and every such allegation.

32.     Mr. Perry lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and upon that basis denies each and every such allegation.

33.     Mr. Perry lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and upon that basis denies each and every such allegation.

34.     Mr. Perry admits that Bancorp and the Bank were headquartered in and had their principal place of business in Pasadena, California, but denies that he conducted business in those offices during all time periods relevant to this Complaint.  Mr. Perry lacks knowledge and information sufficient to form a belief as to the truth of those allegations with respect to other defendants, and upon that basis denies each and every such allegation.

1

**JURISDICTION AND VENUE**

2          35.     Mr. Perry admits the allegations of Paragraph 35.

3          36.     Mr. Perry admits the allegations of Paragraph 36.

4          37.     Mr. Perry admits the allegations of Paragraph 37 of the Complaint.

5

**THE POLICIES**

6          38.     Mr. Perry admits that Exhibit A to the Complaint is a true and correct

7    copy of the 08-09 XL Side A Policy.  Mr. Perry states that the 08-09 XL Side A

8    Policy is the best evidence of its terms, conditions, and limitations and, on that

9    basis, denies the allegations of the first sentence of Paragraph 38 of the Complaint.

10          39.     Mr. Perry states that the 08-09 XL Side A Policy is the best evidence

11   of its terms, conditions, and limitations and, on that basis, denies the allegations of

12   Paragraph 39 of the Complaint.

13          40.     Mr. Perry states that the 08-09 XL Side A Policy is the best evidence

14   of its terms, conditions, and limitations and, on that basis, denies the allegations of

15   Paragraph 40 of the Complaint.

16          41.     Mr. Perry states that the 08-09 XL Side A Policy is the best evidence

17   of its terms, conditions, and limitations and, on that basis, denies the allegations of

18   Paragraph 41 of the Complaint.

19          42.     Mr. Perry states that the 08-09 XL Side A Policy is the best evidence

20   of its terms, conditions, and limitations and, on that basis, denies the allegations of

21   Paragraph 42 of the Complaint.

22          43.     Mr. Perry states that the 08-09 XL Side A Policy is the best evidence

23   of its terms, conditions, and limitations and, on that basis, denies the allegations of

24   Paragraph 43 of the Complaint.

25          44.     Mr. Perry admits that Exhibit B to the Complaint is a true and correct

26   copy of the 08-09 Arch Side A Policy, except insofar as Exhibit B is missing a copy

27   of Endorsement 1 to the 08-09 Arch Side A Policy.  Mr. Perry states that the 08-09

28   Arch Side A Policy is the best evidence of its terms, conditions, and limitations

1   and, on that basis, denies the allegations of the first sentence of Paragraph 44 of the
2   Complaint.

3       45.     Mr. Perry states that the 08-09 Arch Side A Policy is the best evidence
4   of its terms, conditions, and limitations and, on that basis, denies the allegations of
5   Paragraph 45 of the Complaint.

6       46.     Mr. Perry states that the 08-09 Arch Side A Policy is the best evidence
7   of its terms, conditions, and limitations and, on that basis, denies the allegations of
8   Paragraph 46 of the Complaint.

9       47.     Mr. Perry states that the 08-09 Arch Side A Policy is the best evidence
10  of its terms, conditions, and limitations and, on that basis, denies the allegations of
11  Paragraph 47 of the Complaint.

12      48.     Mr. Perry states that the 08-09 Arch Side A Policy is the best evidence
13  of its terms, conditions, and limitations and, on that basis, denies the allegations of
14  Paragraph 48 of the Complaint.

15      49.     Mr. Perry admits that Exhibit C to the Complaint is a true and correct
16  copy of the 08-09 ACE Side A Policy.  Mr. Perry states that the 08-09 ACE Side A
17  Policy is the best evidence of its terms, conditions, and limitations and, on that
18  basis, denies the allegations of the first sentence of Paragraph 49 of the Complaint.

19      50.     Mr. Perry states that the 08-09 ACE Side A Policy is the best evidence
20  of its terms, conditions, and limitations and, on that basis, denies the allegations of
21  Paragraph 50 of the Complaint.

22      51.     Mr. Perry states that the 08-09 ACE Side A Policy is the best evidence
23  of its terms, conditions, and limitations and, on that basis, denies the allegations of
24  Paragraph 51 of the Complaint.

25      52.     Mr. Perry states that the 08-09 ACE Side A Policy is the best evidence
26  of its terms, conditions, and limitations and, on that basis, denies the allegations of
27  Paragraph 52 of the Complaint.

28

53. Mr. Perry states that the 08-09 ACE Side A Policy is the best evidence of its terms, conditions, and limitations and, on that basis, denies the allegations of Paragraph 53 of the Complaint.

54. Mr. Perry admits that Exhibit D to the Complaint is a true and correct copy of the 08-09 AXIS Side A Policy.  Mr. Perry states that the 08-09 AXIS Side A Policy is the best evidence of its terms, conditions, and limitations and, on that basis, denies the allegations of the first sentence of Paragraph 54 of the Complaint.

55. Mr. Perry states that the 08-09 AXIS Side A Policy is the best evidence of its terms, conditions, and limitations and, on that basis, denies the allegations of Paragraph 55 of the Complaint.

56. Mr. Perry states that the 08-09 AXIS Side A Policy is the best evidence of its terms, conditions, and limitations and, on that basis, denies the allegations of Paragraph 56 of the Complaint.

57. Mr. Perry states that the 08-09 AXIS Side A Policy is the best evidence of its terms, conditions, and limitations and, on that basis, denies the allegations of Paragraph 57 of the Complaint.

58. Mr. Perry admits that XL Specialty issued a "Classic A-Side Management Liability Insurance Policy," Policy No. ELU096700-07, for the 07-08 Policy Period that affords coverage to Mr. Perry.  Mr. Perry lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 58 of the Complaint and on that basis denies each and every such allegation.

59. Mr. Perry admits that Arch issued an "Excess Insurance Policy," Policy No. ABX0020231-00, for the 07-08 Policy Period that affords coverage to Mr. Perry.  Mr. Perry lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 59 of the Complaint and on that basis denies each and every such allegation.

1    60.    Mr. Perry admits that ACE American Insurance Company issued an
2    "Excess Liability Insurance Policy," Policy No. DOX G21681647 002, for the 07-
3    08 Policy Period that affords coverage to Mr. Perry.  Mr. Perry lacks knowledge
4    and information sufficient to form a belief as to the truth of the remainder of the
5    allegations of Paragraph 60 of the Complaint and on that basis denies each and
6    every such allegation.

7    61.    Mr. Perry admits that AXIS Reinsurance Company issued a a
8    "SecurExcess Policy," Policy No. MNN 712064/01/2008, for the 07-08 Policy
9    Period that affords coverage to Mr. Perry.  Mr. Perry lacks knowledge and
10   information sufficient to form a belief as to the truth of the remainder of the
11   allegations of Paragraph 61 of the Complaint and on that basis denies each and
12   every such allegation.

13   62.    Mr. Perry admits that Plaintiffs are not seeking declarations regarding
14   coverage under the 07-08 Side A Policies but denies any implication in the
15   allegation of Paragraph 62 of the Complaint that the 07-08 Side A Policies are
16   irrelevant to understanding the issues raised by the Plaintiffs.

17                        **THE UNDERLYING MATTERS**

18   63.    Mr. Perry admits that IndyMac Bancorp, Inc. was the parent company
19   of IndyMac Bank, F.S.B., that the Bank sold various kinds of loan products to
20   home borrowers, and that IndyMac was at one time a large mortgage originator and
21   servicer.  Mr. Perry lacks knowledge and information sufficient to form a belief as
22   to the truth of the remaining allegations in Paragraph 63 of the Complaint and upon
23   that basis denies and every such allegation.

24   64.    Mr. Perry admits that IndyMac Bancorp, Inc. issued a written press
25   release on January 16, 2007,states that the press release is the best evidence of its
26   contents and, on that basis, denies the remaining allegations of Paragraph 64 of the
27   Complaint.

28

DEFENDANT MICHAEL W. PERRY'S ANSWER TO COMPLAINT

65.    Mr. Perry admits that on or about March 12, 2007 a case entitled *Claude A. Reese v. IndyMac Financial, Inc., Richard A. Wohl, and Scott Keys* was filed in the United States District Court for the Central District of California.  Mr. Perry states that said complaint is the best evidence of its terms and, on that basis, denies each and every remaining allegation in Paragraph 65 of the Complaint.

66.    Mr. Perry admits that IndyMac Bancorp issued a press release on or about May 12, 2008 and states that the press release is the best evidence of its contents and on that basis denies the allegations in Paragraph 66 regarding its contents.  Mr. Perry lacks knowledge and information sufficient to form a belief as to the truth of the other allegations in Paragraph 66, and upon that basis denies each and every such allegation.

67.    Mr. Perry admits the allegations contained in the first sentence of Paragraph 67 of the Complaint.  Mr. Perry lacks knowledge and information sufficient to form a belief as to the truth of the other allegations in Paragraph 67, and upon that basis denies each and every such allegation.

68.    Mr. Perry admits the allegations of Paragraph 68 of the Complaint.

69.    Mr. Perry admits that the OIG issued a report in February 2009.  Mr. Perry states that the report is the best evidence of its contents, and on that basis Mr. Perry denies each and every remaining allegation in Paragraph 69 of the Complaint.

70.    Mr. Perry admits the allegations of Paragraph 70 of the Complaint.

71.    The complaint in the Tripp litigation is a written document and is therefore the best evidence of its terms, and on that basis Mr. Perry denies each and every allegation of Paragraph 71 of the Complaint.

72.    Mr. Perry denies the allegations of Paragraph 72 of the Complaint.

73.    Mr. Perry admits the allegations of Paragraph 73 insofar as those allegations allege that notice was provided to the Plaintiff on behalf of Mr. Perry.  Mr. Perry lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the Complaint insofar as those allegations

1   concern notices provided on behalf of other defendants, and upon that basis denies

2   and every such allegation.

3       74.    Mr. Perry admits the allegations in Paragraph 74 of the Complaint.

4       75.    Mr. Perry admits the allegations in the first sentence of Paragraph 75

5   of the Complaint.  Mr. Perry denies that Exhibit F to the Complaint is the operative

6   complaint in the Daniels Litigation.

7       76.    Mr. Perry lacks knowledge and information sufficient to form a belief

8   as to the truth of the allegations in Paragraph 76, and upon that basis denies each

9   and every such allegation.

10      77.    Mr. Perry lacks knowledge and information sufficient to form a belief

11  as to the truth of the allegations in Paragraph 77, and upon that basis denies each

12  and every such allegation.

13      78.    Mr. Perry admits that Siegel sent a letter to Plaintiffs on or about May

14  28, 2009 of his claims, and that Exhibit I is a true and correct copy of the Siegel

15  letter and its enclosures.  Mr. Perry states that the letter and its enclosures are the

16  best evidence of their contents and, on that basis, denies the remaining allegations

17  in Paragraph 78 of the Complaint.

18      79.    Mr. Perry admits the allegations of Paragraph 79 of the Complaint.

19      80.    Mr. Perry lacks knowledge and information sufficient to form a belief

20  as to the truth of the allegations in Paragraph 80, and upon that basis denies each

21  and every such allegation.

22      81.    Mr. Perry lacks knowledge and information sufficient to form a belief

23  as to the truth of the allegations in Paragraph 81, and upon that basis denies each

24  and every such allegation.

25      82.    Mr. Perry lacks knowledge and information sufficient to form a belief

26  as to the truth of the allegations in Paragraph 82, and upon that basis denies each

27  and every such allegation.

28

83.     Mr. Perry lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 83, and upon that basis denies each and every such allegation.

84.     Mr. Perry admits the allegations of Paragraph 84 of the Complaint.

85.     Mr. Perry admits the allegations of the first sentence of Paragraph 85 of the Complaint.  Mr. Perry denies that Exhibit N to the Complaint is the operative complaint in the Assured Guaranty Litigation.

86.     Mr. Perry admits that he has sought coverage for some of the "Underlying Matters" under the 08-09 Side A Policies.  Mr. Perry lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 86 of the Complaint with respect to other defendants, and upon that basis denies each and every such allegation.

87.     Mr. Perry admits that Plaintiffs have denied coverage under the 08-09 Side A Policies for Mr. Perry with respect the "Underlying Matters" in which Mr. Perry is named.  Mr. Perry lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 87 of the Complaint with respect to other defendants, and upon that basis denies each and every such allegation.

88.     Mr. Perry admits that he has "taken issue" with the Plaintiffs' position on coverage for Mr. Perry under the 08-09 Side A Policies with respect the "Underlying Matters" in which Mr. Perry is named.  Mr. Perry lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Complaint with respect to other defendants, and upon that basis denies each and every such allegation.

89.     Mr. Perry admits that certain coverage issues pertaining to the "Underlying Matters" are ripe for adjudication and that other such issues may be ripe as well.  Mr. Perry denies the remaining allegations of Paragraph 89.

**ANSWER TO FIRST CAUSE OF ACTION**

90.     Mr. Perry incorporates by reference his responses to Paragraphs 1-89 of the Complaint.

91.     Mr. Perry admits that an actual controversy exists between Mr. Perry and Plaintiffs regarding certain positions on coverage under the 08-09 Side A Policies for the "Underlying Matters" in which Mr. Perry is named.  Mr. Perry lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 91 of the Complaint, and upon that basis denies each and every such allegation.

92.     Mr. Perry denies the allegations in Paragraph 92 of the Complaint.

93.     Mr. Perry denies the allegations in Paragraph 93 of the Complaint.

94.     Mr. Perry denies the allegations in Paragraph 94 of the Complaint.

95.     Mr. Perry denies the allegations in Paragraph 95 of the Complaint.

96.     Mr. Perry admits that he contends that coverage is afforded for the Daniels Litigation under the 08-09 Side A Policies.  Mr. Perry lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 96 of the Complaint with respect to the coverage positions of other defendants, and upon that basis denies each and every such allegation.

97.     Mr. Perry admits the allegations of Paragraph 97 of the Complaint.

**ANSWER TO SECOND CAUSE OF ACTION**

98.     Mr. Perry incorporates by reference his responses to Paragraphs 1-89 of the Complaint.

99.     Mr. Perry admits that an actual controversy exists between Mr. Perry and Plaintiffs regarding certain positions on coverage under the 08-09 Side A Policies for the "Underlying Matters" in which Mr. Perry is named.  Mr. Perry lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 99 of the Complaint, and upon that basis denies each and every such allegation.

- 13 -

100.   Mr. Perry lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 100, and upon that basis denies each and every such allegation.

101.   Mr. Perry lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 101, and upon that basis denies each and every such allegation.

102.   Mr. Perry lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 102, and upon that basis denies each and every such allegation.

103.   Mr. Perry lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 103, and upon that basis denies each and every such allegation.

104.   Mr. Perry states that he is not a defendant in the FDIC Litigation.  Mr. Perry lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 104 of the Complaint, and upon that basis denies each and every such allegation.

105.   Mr. Perry admits the allegations of Paragraph 105 of the Complaint.

## ANSWER TO THIRD CAUSE OF ACTION

106.   Mr. Perry incorporates by reference his responses to Paragraphs 1-89 of the Complaint.

107.   Mr. Perry admits that an actual controversy exists between Mr. Perry and Plaintiffs regarding certain positions on coverage under the 08-09 Side A Policies for the "Underlying Matters" in which Mr. Perry is named.  Mr. Perry lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 107 of the Complaint, and upon that basis denies each and every such allegation.

108.   Mr. Perry denies the allegations in Paragraph 108 of the Complaint.

109.   Mr. Perry denies the allegations in Paragraph 109 of the Complaint.

- 14 -

110.   Mr. Perry denies the allegations in Paragraph 110 of the Complaint.

111.   Mr. Perry denies the allegations in Paragraph 111 of the Complaint.

112.   Mr. Perry denies the allegations in Paragraph 112 of the Complaint.

113.   Mr. Perry admits that he contends that coverage is afforded for the Siegel Litigation under the 08-09 Side A Policies.  Mr. Perry lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 113 of the Complaint with respect to the coverage positions of other defendants, and upon that basis denies each and every such allegation.

114.   Mr. Perry admits the allegations of Paragraph 114 of the Complaint.

## ANSWER TO FOURTH CAUSE OF ACTION

115.   Mr. Perry incorporates by reference his responses to Paragraphs 1-89 of the Complaint.

116.   Mr. Perry admits that an actual controversy exists between Mr. Perry and Plaintiffs regarding certain positions on coverage under the 08-09 Side A Policies for the "Underlying Matters" in which Mr. Perry is named.  Mr. Perry lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 116 of the Complaint, and upon that basis denies each and every such allegation.

117.   Mr. Perry denies the allegations in Paragraph 117 of the Complaint.

118.   Mr. Perry denies the allegations in Paragraph 118 of the Complaint.

119.   Mr. Perry denies the allegations in Paragraph 119 of the Complaint.

120.   Mr. Perry denies the allegations in Paragraph 120 of the Complaint.

121.   Mr. Perry admits that he contends that coverage is afforded for the MBS Litigation under the 08-09 Side A Policies.  Mr. Perry lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 121 of the Complaint with respect to the coverage positions of other defendants, and upon that basis denies each and every such allegation.

122.   Mr. Perry admits the allegations of Paragraph 122 of the Complaint.

1    **ANSWER TO FIFTH CAUSE OF ACTION**

2    123.   Mr. Perry incorporates by reference his responses to Paragraphs 1-89

3    of the Complaint.

4    124.   Mr. Perry admits that an actual controversy exists between Mr. Perry

5    and Plaintiffs regarding certain positions on coverage under the 08-09 Side A

6    Policies for the "Underlying Matters" in which Mr. Perry is named.  Mr. Perry

7    lacks knowledge and information sufficient to form a belief as to the truth of the

8    remaining allegations in Paragraph 124 of the Complaint, and upon that basis

9    denies each and every such allegation.

10   125.   Mr. Perry denies the allegations in Paragraph 125 of the Complaint.

11   126.   Mr. Perry denies the allegations in Paragraph 126 of the Complaint.

12   127.   Mr. Perry denies the allegations in Paragraph 127 of the Complaint.

13   128.   Mr. Perry denies the allegations in Paragraph 128 of the Complaint.

14   129.   Mr. Perry admits that he contends that coverage is afforded for the

15   MBIA Litigation under the 08-09 Side A Policies.  Mr. Perry lacks knowledge and

16   information sufficient to form a belief as to the truth of the allegations in Paragraph

17   129 of the Complaint with respect to the coverage positions of other defendants,

18   and upon that basis denies each and every such allegation.

19   130.   Mr. Perry admits the allegations of Paragraph 130 of the Complaint.

20   **ANSWER TO SIXTH CAUSE OF ACTION**

21   131.   Mr. Perry incorporates by reference his responses to Paragraphs 1-89

22   of the Complaint.

23   132.   Mr. Perry admits that an actual controversy exists between Mr. Perry

24   and Plaintiffs regarding certain positions on coverage under the 08-09 Side A

25   Policies for the "Underlying Matters" in which Mr. Perry is named.  Mr. Perry

26   lacks knowledge and information sufficient to form a belief as to the truth of the

27   remaining allegations in Paragraph 132 of the Complaint, and upon that basis

28   denies each and every such allegation.

- 16 -

133.   Mr. Perry denies the allegations in Paragraph 133 of the Complaint.

134.   Mr. Perry denies the allegations in Paragraph 134 of the Complaint.

135.   Mr. Perry denies the allegations in Paragraph 135 of the Complaint.

136.   Mr. Perry denies the allegations in Paragraph 136 of the Complaint.

137.   Mr. Perry admits that he contends that coverage is afforded for the Assured Guaranty Litigation under the 08-09 Side A Policies.  Mr. Perry lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 137 of the Complaint with respect to the coverage positions of other defendants, and upon that basis denies each and every such allegation.

138.   Mr. Perry admits the allegations of Paragraph 138 of the Complaint.

## RESERVATION OF RIGHTS

Mr. Perry admits that the Plaintiffs purport to reserve various rights but denies that such purported reservations have any legal effect and denies that they could vary or contradict any coverage determinations made in a declaratory judgment in this action.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### Ripeness

136.   Plaintiffs' right to obtain the relief sought in the Complaint is barred, in whole or in part, to the extent that their claims may not be ripe.

### Second Affirmative Defense

### Waiver

137.   Plaintiffs, by acts, omissions and/or conduct, have waived, in whole or in part, their right to obtain the relief sought in the Complaint.

### **Third Affirmative Defense**

### **Unclean Hands**

138.  Plaintiffs' right to obtain the relief sought in the Complaint is barred, in whole or in part, by the doctrine of unclean hands.

### **Fourth Affirmative Defense**

### **Estoppel**

139.  Plaintiffs, by acts, omissions, and/or conduct, are estopped, in whole or in part, from obtaining the relief sought in the Complaint

### **Fifth Affirmative Defense**

### **Standing**

140.  Plaintiffs' claims fail, in whole or in part, to the extent that Plaintiffs lack standing to seek the relief sought in the Complaint.

### **Sixth Affirmative Defense**

141.  Mr. Perry hereby adopts and incorporates by reference any and all other defenses asserted, or that may hereafter be asserted, by any other defendant to the extent such defense may be applicable to Mr. Perry.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Mr. Perry seeks judgment:

1.     Denying all relief sought in the Complaint against Mr. Perry;

2.     Awarding the costs of defending this action, including reasonable attorneys' fees, costs and disbursements; and

3.     Granting such other and further relief as this Court may deem just and proper.

### **DEMAND FOR JURY TRIAL**

Mr. Perry hereby demands a trial by jury on his claims to the extent authorized by law.

### **COUNTERCLAIMS**

Mr. Perry hereby incorporates by reference the "Joint Counterclaims of Defendants/Counter-Claimants Michael W. Perry, A. Scott Keyes, S. Blair

- 18 -

1  Abernathy, John Olinski, Samir Grover, Simon Heyrick, Victor H. Woodworth,

2  Scott Van Dellen, William Rothman, Jill Jacobson, And Kevin Callan," which is

3  filed in this action contemporaneously with this Answer.

4

5  Dated:  July 20, 2011                    Respectfully submitted,

6                                           COVINGTON & BURLING LLP
7                                           D. Jean Veta
                                            Dennis B. Auerbach
8
                                            PEITZMAN, WEG & KEMPINSKY LLP
9                                           Louis E. Kempinsky
                                            John C. Keith
10

11                                          By: /s/ John C. Keith
12                                               John C. Keith
                                            Attorneys for Defendant Michael W. Perry
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT MICHAEL W. PERRY'S ANSWER TO COMPLAINT