John Carlton (CA Bar No. 88925)
jcarlton@medranocarlton.com
Medrano & Carlton
555 West Fifth Street, 31st Floor
Los Angeles, CA 90013
213-996-8355 (phone)
213-996-8356 (fax)

Attorney for Defendant A. Scott Keys

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **XL SPECIALTY INSURANCE COMPANY,** *et al.*, | Case No. 2:11-CV-2078-RGK-JCG |
| Plaintiffs, | **ANSWER OF DEFENDANT A. SCOTT KEYS TO COMPLAINT** |
| v. | |
| **MICHAEL W. PERRY,** *et al.*, | |
| Defendants. | |
| | **Judge:  Hon. R. Gary Klausner** |

**ANSWER**

Defendant A. Scott Keys respectfully submits this Answer to the Complaint. Mr. Keys denies the allegations of the Complaint except as expressly admitted below.

1. Mr. Keys admits that the Complaint purports to be a declaratory relief action filed by Plaintiffs seeking to resolve an actual controversy over the existence of insurance coverage.

2. Mr. Keys admits the allegations of Paragraph 2.

3. Mr. Keys admits that on March 12, 2007 a Complaint in the matter *Reese v. IndyMac Bancorp, Inc., et al.*, No. 07-CV-1653-GW-VBk ("Tripp Litigation") was filed. The complaint therein is the best evidence of its allegations and on that basis, Mr. Keys denies the allegations of paragraph 3.

4. Mr. Keys denies that the 08-09 Side A Policies are the only relevant insurance policies issued by Plaintiffs. Mr. Keys admits that the 08-09 Side A Policies contain the quoted language but further states that the policies are the best evidence of their contents.

5. Mr. Keys admits that after the inception dates of the 08-09 Side A Policies a number of actions were initiated. However, Mr. Keys was only named as a defendant in the actions entitled *Folsom v. IndyMac Bancorp, et al.*, No. 08-cv-3812 (the "Daniels Litigation"), *MBIA Insurance Corp. v. IndyMac ABS, Inc., et al.*, BC422358 (Cal. Sup. Ct.) (the "MBIA Litigation"), *Assured Guaranty Municipal Corp. v. UBS Securities LLC, et al.*, BC445785 (Cal. Sup. Ct.) (the "Assured Guaranty Litigation"). Accordingly, Mr. Keys lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 5 other than those related to the matters in which he was named as a defendant and on that basis denies each and every such allegation. With respect to the Daniels Litigation, the MBIA Litigation, and the Assured Guaranty Litigation, the

complaints therein are the best evidence of their terms, and on that basis, Mr. Keys denies the allegations in paragraph 5 related to said complaints.

6. Mr. Keys denies the allegations of Paragraph 6 of the Complaint.

7. Mr. Keys denies the allegations of Paragraph 7 of the Complaint. In particular, Mr. Keys denies that there is no coverage for the Daniels Litigation, the MBIA Litigation, and the Assured Guaranty Litigation under the 08-09 Side A Policies.

## PARTIES

8. Mr. Keys, on information and belief, admits the allegations in Paragraph 8.

9. Mr. Keys, on information and belief, admits the allegations in Paragraph 9.

10. Mr. Keys, on information and belief, admits the allegations in Paragraph 10.

11. Mr. Keys, on information and belief, admits the allegations in Paragraph 11.

12. Mr. Keys states that the insurance policies are the best evidence of their terms, conditions and limitations and on that basis Mr. Keys denies the allegations of the first sentence. Mr. Keys admits he was the Chief Financial Officer of IndyMac Bank, F.S.B. ("the Bank") from at least March 2002 to April 2008. Mr. Keys does not have knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 12 and on that basis denies the remaining allegations.

13. Mr. Keys admits that Mr. Perry was the Chairman of the Board and Chief Executive Officer of Bancorp from February 2002 to July 2008; that Mr. Perry was a director of Bancorp from October 1997 to July 2008. Mr. Keys admits, based on information and belief, that Mr. Perry is a resident of Los Angeles County.

DEFENDANT A. SCOTT KEYS' ANSWER TO COMPLAINT

14. Mr. Keys admits that he was the Chief Financial Officer of the Bank from March 2002 to April 2008, and that he is a resident of Los Angeles County.

15. Mr. Keys admits that Mr. Caldera served as a director of the Bank and Bancorp from at least 2004 to July 2008. Mr. Keys does not have knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 15 and on that basis denies the remaining allegations.

16. Mr. Keys admits that Mr. Gramley served as a director of the Bank and Bancorp from at least 2004 to July 2008. Mr. Keys does not have knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 16 and on that basis denies the remaining allegations.

17. Mr. Keys admits that Mr. Grant served as a director of the Bank and Bancorp from at least 2004 to July 2008. Mr. Keys does not have knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 17 and on that basis denies the remaining allegations.

18. Mr. Keys admits that Mr. Haden served as a director of the Bank and Bancorp from at least January 2004 to July 2008. Mr. Keys not have knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 18 and on that basis denies the remaining allegations.

19. Mr. Keys admits that Mr. Hodel served as a director of the Bank and Bancorp from at least January 2004 to July 2008. Mr. Keys does not have knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 19 and on that basis denies the remaining allegations.

20. Mr. Keys admits that Mr. Hunt served as a director of the Bank and Bancorp from at least January 2004 to July 2008. Mr. Keys does not have knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 20 and on that basis denies the remaining allegations.

DEFENDANT A. SCOTT KEYS' ANSWER TO COMPLAINT

21. Mr. Keys admits that Ms. Kennard served as a director of the Bank and Bancorp from January 2007 to July 2008. Mr. Keys does not have knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 21 and on that basis denies the remaining allegations.

22. Mr. Keys admits that Mr. Willison served as a director of Bancorp from July 2005 until July 2008. Mr. Keys does not have knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 22 and on that basis denies the remaining allegations.

23. Mr. Keys lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and on that basis denies the allegations.

24. Mr. Keys admits that Mr. Abernathy served as Chief Financial Officer of the Bank after Mr. Keys took a medical leave of absence from Bancorp beginning April 24, 2008. Mr. Keys lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 and on that basis denies the remaining allegations.

25. Mr. Keys lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and on that basis denies the allegations.

26. Mr. Keys lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and on that basis denies the allegations.

27. Mr. Keys lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and on that basis denies the allegations.

28. Mr. Keys lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and on that basis denies the allegations.

29. Mr. Keys lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and on that basis denies the allegations.

30. Mr. Keys lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and on that basis denies the allegations.

31. Mr. Keys lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and on that basis denies the allegations.

32. Mr. Keys lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and on that basis denies the allegations.

33. Mr. Keys lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and on that basis denies the allegations.

34. Mr. Keys admits that Bancorp was headquartered in and had its principal place of business in Pasadena, California, and that he conducted business in that office. Mr. Keys lacks knowledge and information sufficient to form a belief as to the truth of those allegations with respect to other defendants and on that basis denies those allegations.

**JURISDICTION AND VENUE**

35. Mr. Keys admits that this action is allegedly brought pursuant to 28 U.S.C. §§ 1332, 2201 and 2202.

36. Mr. Keys admits that there is an actual controversy among the parties.

37. Mr. Keys admits the allegations of Paragraph 37.

DEFENDANT A. SCOTT KEYS' ANSWER TO COMPLAINT

# THE POLICIES

## The 08-09 XL Side A Policy

38. Mr. Keys states that the 08-09 XL Side A Policy is a written document that speaks for itself and further admits that Exhibit A is a copy of the 08-09 XL Side A Policy.

39. Mr. Keys states that the document speaks for itself but admits that the 08-09 XL Side A Policy contains the quoted language.

40. Mr. Keys states that the document speaks for itself but admits that the 08-09 XL Side A Policy contains the quoted language.

41. Mr. Keys states that the document speaks for itself but admits that the 08-09 XL Side A Policy contains the quoted language.

42. Mr. Keys states that the document speaks for itself but admits that the 08-09 XL Side A Policy contains the quoted language.

43. Mr. Keys states that the document speaks for itself but admits that the 08-09 XL Side A Policy contains the quoted language.

## The 08-09 Arch Side A Policy

44. Mr. Keys states that the 08-09 Arch Side A Policy is a written document and is the best evidence of its terms but admits that Exhibit B is a copy of the 08-09 Arch Side A Policy except insofar as it is missing Endorsement 1.

45. Mr. Keys states that the document speaks for itself but admits that the 08-09 Arch Side A Policy contains the quoted language.

46. Mr. Keys states that the document speaks for itself but admits that the 08-09 Arch Side A Policy contains the quoted language.

47. Mr. Keys states that the document speaks for itself and on that basis denies the allegations of Paragraph 47.

48. Mr. Keys states that the documents referenced in Paragraph 48 speak for the themselves and on that basis denies the allegations of Paragraph 48.

DEFENDANT A. SCOTT KEYS' ANSWER TO COMPLAINT

**The 08-09 ACE Side A Policy**

49. Mr. Keys states that the 08-09 ACE Side A Policy is a written document and is the best evidence of its terms but admits that Exhibit C is a copy of the 08-09 ACE Side A Policy.

50. Mr. Keys states that the document speaks for itself but admits the 08-09 Ace Side A Policy contains the quoted language.

51. Mr. Keys states that the document speaks for itself but admits the 08-09 Ace Side A Policy contains the quoted language.

52. Mr. Keys states that the document speaks for itself.

53. Mr. Keys states that the document speaks for itself but admits the 08-09 Ace Side A Policy contains the quoted language in the first sentence of Paragraph 53 of the Complaint. Mr. Keys denies that said language is the only relevant part of Section II of the 08-09 ACE Side A Policy.

**The 08-09 AXIS Side A Policy**

54. Mr. Keys states that the 08-09 AXIS Side A Policy is a written document and is the best evidence of its terms but admits that Exhibit D is a copy of the 08-09 Axis Side A Policy.

55. Mr. Keys states that the document speaks for itself and on that basis denies the allegations of Paragraph 55.

56. Mr. Keys states that the document speaks for itself and on that basis denies the allegations of Paragraph 56.

57. Mr. Keys states that the document speaks for itself and on that basis denies the allegations of Paragraph 57

**The 07-08 XL Side A Policy**

58. Mr. Keys admits that XL Specialty issued a Side A Policy for the 07-08 Policy Period, that this policy affords coverage to Mr. Keys. Mr. Keys further states that the written policy is the best evidence of its terms and conditions and on that basis denies the remaining allegations.

**The 07-08 Arch Side A Policy**

59.   Mr. Keys admits that Arch Insurance Company issued a Side A Policy for the 07-08 Policy Period, that this policy affords coverage to Mr. Keys. Mr. Keys further states that the written policy is the best evidence of its terms and conditions and on that basis denies the remaining allegations.

**The 07-08 ACE Side A Policy**

60.   Mr. Keys admits that ACE American Insurance Company issued a Side A Policy for the 07-08 Policy Period, that this policy affords coverage to Mr. Keys. Mr. Keys further states that the written policy is the best evidence of its terms and conditions and on that basis denies the remaining allegations.

**The 07-08 AXIS Side A Policy**

61.   Mr. Keys admits that AXIS Reinsurance Company issued a Side A Policy for the 07-08 Policy Period, that this policy affords coverage to Mr. Keys. Mr. Keys further states that the written policy is the best evidence of its terms and conditions and on that basis denies the remaining allegations.

62.   Mr. Keys admits that Plaintiffs are not seeking declarations regarding coverage under the 07-08 Side A Policies, but denies the remaining allegations of Paragraph 62 of the Complaint.

## THE UNDERLYING MATTERS

63.   Mr. Keys admits that IndyMac Bancorp, Inc. was the parent company of IndyMac Bank, F.S.B., that the Bank sold various kinds of loan products to home borrowers, and that IndyMac was at one time a large mortgage originator and servicer. Mr. Keys lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63 of the Complaint and on that basis denies the remaining allegations.

64.   Mr. Keys admits that IndyMac Bancorp, Inc. issued a written press release on January 16, 2007 that disclosed its Q4 earnings. Mr. Keys lacks

knowledge and information sufficient to form a belief as to the truth of the other allegations in Paragraph 64 and on that basis denies the remaining allegations.

65. Mr. Keys admits that on or about March 12, 2007 a case entitled *Claude A. Reese v. IndyMac Financial, Inc., Richard A. Wohl, and Scott Keys* was filed in the United States District Court for the Central District of California. Mr. Keys states that said complaint is the best evidence of its terms, and on that basis denies the remaining allegations in Paragraph 65.

66. Mr. Keys admits that IndyMac Bancorp issued a press release on or about May 12, 2008 about its financial condition and that it suspended the dividend payment on its preferred shares in 2008. Mr. Keys states that the press release is the best evidence of its terms, and further that he lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66 and on that basis denies the remaining allegations.

67. Mr. Keys admits that on July 11, 2008, the Office of Thrift Supervision seized IndyMac Bank, F.S.B. and that the FDIC subsequently became a receiver of the Bank. Mr. Keys lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 67 and on basis denies the remaining allegations.

68. Mr. Keys admits that on July 31, 2008, IndyMac Bancorp, Inc. filed a petition for bankruptcy in the United States Bankruptcy Court for the Central District of California and Mr. Keys states that said petition is the best evidence of its terms.

69. Mr. Keys admits that the OIG issued a report in February 2009, that the report contains the quoted language, and states that the report is the best evidence of its terms and on that basis denies the remaining allegations.

**The Tripp Litigation**

70. Mr. Keys admits that on March 12, 2007 a complaint in the Tripp Litigation was filed, and admits that Exhibit E is the Sixth Amended Complaint,

- 10 -

DEFENDANT A. SCOTT KEYS' ANSWER TO COMPLAINT

filed February 16, 2010, in the Tripp Litigation. The complaint is the best evidence of its terms, as is the alleged order dated June 18, 2007 and on that basis Mr. Keys denies the remaining allegations of Paragraph 70.

71. The complaint in the Tripp Litigation is the best evidence of its terms and on that basis Mr. Keys denies the allegations of Paragraph 71.

72. Mr. Keys denies the allegations of Paragraph 72 of the Complaint.

**Subsequent Notices**

73. Mr. Keys admits that Plaintiffs were given notice of various actions under the 07-08 Side A Policies, the 08-09 Side A Policies, or each of them. Mr. Keys lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73 and on that basis denies the remaining allegations.

74. Mr. Keys admits that he is a named defendant in the purported class action lawsuits listed in Paragraph 74 of the Complaint, but lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 74 and on that basis denies the remaining allegations.

75. Mr. Keys admits that the purported class actions were filed and consolidated into the "Daniels Litigation" and that Robert C. Daniels was appointed as the lead plaintiff and that Exhibit F is a copy of the Fourth Amended Consolidated Complaint, filed September 9, 2010, in the Daniels Litigation. Mr. Keys denies that this is the operative complaint and states that a Fifth Amended Complaint was filed on May 27, 2011.

76. Mr. Keys lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and on that basis denies the allegations.

77. Mr. Keys admits that the FDIC filed a lawsuit against defendants Shellem, Van Dellen, Koon, and Rothman, and that Exhibit H is a copy of the complaint, filed July 2, 2010, in the FDIC Litigation, but lacks knowledge and

DEFENDANT A. SCOTT KEYS' ANSWER TO COMPLAINT

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 77 and on that basis denies the remaining allegations.

78. Mr. Keys admits that Mr. Siegel sent a letter demand to his counsel and that Exhibit I is a copy of that letter but lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 78 and on that basis denies the remaining allegations.

79. Mr. Keys admits that Mr. Siegel commenced the alleged Adversary Proceeding but lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 79 and on that basis denies the remaining allegations.

80. Mr. Keys admits the alleged complaint was filed but lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 80 and on that basis denies the remaining allegations.

81. Mr. Keys lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and on that basis denies the allegations.

82. Mr. Keys lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and on that basis denies the allegations.

83. Mr. Keys lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and on that basis denies the allegations.

84. Mr. Keys admits that MBIA filed a complaint as alleged in Paragraph 84 and Exhibit M is a copy of that complaint. Mr. Keys states that the complaint is the best evidence of its allegations and on that basis denies the remaining allegations in Paragraph 84.

DEFENDANT A. SCOTT KEYS' ANSWER TO COMPLAINT

85. Mr. Keys admits that Assured Guaranty Municipal Corp. filed a complaint as alleged in Paragraph 85 but denies that Exhibit N is the operative complaint. Mr. Keys states that Assured Guaranty filed an amended complaint on May 5, 2011, and alleges that this complaint is the operative complaint. Mr. Keys further states that the complaint is the best evidence of its allegations and on that basis denies the remaining allegations in Paragraph 85.

86. Mr. Keys admits that he and other defendants have sought coverage sought coverage for some or all of the Underlying Matters under the 08-09 Side A Policies.

87. Mr. Keys admits that Plaintiffs have denied coverage under the 08-09 Side A Policies for the Underlying Matters.

88. Mr. Keys admits that he and the other defendants have "taken issue" with the Plaintiffs' position on coverage under the 08-09 Side A Policies.

89. Mr. Keys admits that certain coverage issues pertaining to Underlying Matters are ripe for adjudication. Mr. Keys denies the remaining allegations of Paragraph 89.

## ANSWER TO FIRST CAUSE OF ACTION

90. Mr. Keys states that insofar as Paragraph 90 of the Complaint incorporates the allegations in Paragraphs 1 through 89, Mr. Keys incorporates by reference his answers thereto.

91. Mr. Keys admits that an actual controversy exists between Mr. Keys and Plaintiffs regarding certain positions on coverage under the 08-09 Side A Policies.

92. Mr. Keys denies the allegations in Paragraph 92.
93. Mr. Keys denies the allegations in Paragraph 93.
94. Mr. Keys denies the allegations in Paragraph 94.
95. Mr. Keys denies the allegations in Paragraph 95.
96. Mr. Keys admits the allegations of Paragraph 96.

DEFENDANT A. SCOTT KEYS' ANSWER TO COMPLAINT

97. Mr. Keys admits the allegations of Paragraph 97.

**ANSWER TO SECOND CAUSE OF ACTION**

98. Mr. Keys states that insofar as Paragraph 98 of the Complaint incorporates the allegations in Paragraphs 1 through 89, Mr. Keys incorporates by reference his answers thereto.

99. Mr. Keys admits that an actual controversy exists between Defendants and Plaintiffs regarding certain positions on coverage under the 08-09 Side. Mr. Keys lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 99 and on that basis denies the remaining allegations.

100. Mr. Keys lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and on that basis denies the allegations.

101. Mr. Keys lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 101 and on that basis denies the allegations.

102. Mr. Keys lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 102 and on that basis denies the allegations.

103. Mr. Keys lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 103 and on that basis denies the allegations.

104. Mr. Keys states that he is not a defendant in the FDIC litigation but admits, based on information and belief, that certain defendants contend coverage is afforded under the 08-09 Side A Policies.

105. Mr. Keys admits the allegations of Paragraph 105.

**ANSWER TO THIRD CAUSE OF ACTION**

106. Mr. Keys states that insofar as Paragraph 106 of the Complaint incorporates the allegations in Paragraphs 1 through 89, Mr. Keys incorporates by reference his answers thereto.

107. Mr. Keys admits that an actual controversy exists between Defendants and Plaintiffs regarding certain positions on coverage under the 08-09 Side. Mr. Keys lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 107 and on that basis denies the remaining allegations.

108. Mr. Keys lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 108 and on that basis denies the allegations.

109. Mr. Keys lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 109 and on that basis denies the allegations.

110. Mr. Keys lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 110 and on that basis denies the allegations.

111. Mr. Keys lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 111 and on that basis denies the allegations.

112. Mr. Keys lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 112 and on that basis denies the allegations.

113. Mr. Keys is not a defendant in the Siegal litigation but admits that certain defendants contend coverage is afforded under the 08-09 Side A Policies.

114. Mr. Keys admits the allegations of Paragraph 114.

## ANSWER TO FOURTH CAUSE OF ACTION

115. Mr. Keys states that insofar as Paragraph 115 of the Complaint incorporates the allegations in Paragraphs 1 through 89, Mr. Keys incorporates by reference his answers thereto.

116. Mr. Keys admits that an actual controversy exists between Defendants and Plaintiffs regarding certain positions on coverage under the 08-09 Side. Mr. Keys lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 116 and on that basis denies the remaining allegations.

117. Mr. Keys lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 117 and on that basis denies the allegations.

118. Mr. Keys lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 118 and on that basis denies the allegations.

119. Mr. Keys lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 119 and on that basis denies the allegations.

120. Mr. Keys lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 120 and on that basis denies the allegations.

121. Mr. Keys is not a defendant in the MBS litigation but admits that certain defendants contend coverage is afforded under the 08-09 Side A Policies.

122. Mr. Keys admits the allegations of Paragraph 122.

## ANSWER TO FIFTH CAUSE OF ACTION

123. Mr. Keys states that insofar as Paragraph 123 of the Complaint incorporates the allegations in Paragraphs 1 through 89, Mr. Keys incorporates by reference his answers thereto.

DEFENDANT A. SCOTT KEYS' ANSWER TO COMPLAINT

124. Mr. Keys admits that an actual controversy exists between Defendants and Plaintiffs regarding certain positions on coverage under the 08-09 Side.

125. Mr. Keys denies the allegations in Paragraph 125.

126. Mr. Keys denies the allegations in Paragraph 126.

127. Mr. Keys denies the allegations in Paragraph 127.

128. Mr. Keys denies the allegations in Paragraph 128.

129. Mr. Keys admits the allegations of Paragraph 129.

130. Mr. Keys admits the allegations of Paragraph 130.

### ANSWER TO SIXTH CAUSE OF ACTION

131. Mr. Keys states that insofar as Paragraph 131 of the Complaint incorporates the allegations in Paragraphs 1 through 89, Mr. Keys incorporates by reference his answers thereto.

132. Mr. Keys admits that an actual controversy exists between Defendants and Plaintiffs regarding certain positions on coverage under the 08-09 Side.

133. Mr. Keys denies the allegations in Paragraph 133.

134. Mr. Keys denies the allegations in Paragraph 134.

135. Mr. Keys denies the allegations in Paragraph 135.

136. Mr. Keys denies the allegations in Paragraph 136.

137. Mr. Keys admits the allegations of Paragraph 137.

138. Mr. Keys admits the allegations of Paragraph 138.

### RESERVATION OF RIGHTS

The reservation of rights paragraph does not appear to make any allegations relevant to this action. Therefore, Mr. Keys neither admits nor denies said statements.

DEFENDANT A. SCOTT KEYS' ANSWER TO COMPLAINT

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### Waiver

139. Plaintiffs, by acts, omissions and/or conduct, have waived, in whole or in part, their right to obtain the relief sought in the Complaint.

### Second Affirmative Defense

### Estoppel

140. Plaintiffs, by acts, omissions, and/or conduct, are estopped, in whole or in part, from obtaining the relief sought in the Complaint

### Third Affirmative Defense

### Standing

141. Plaintiffs' claims fail, in whole or in part, to the extent that Plaintiffs lack standing to seek the relief sought in the Complaint.

### Fourth Affirmative Defense

### Ripeness

142. Plaintiffs' right to obtain the relief sought in the complaint is barred, in whole or in part, to the extent that their claims may not be ripe.

### Fifth Affirmative Defense

143. Mr. Keys hereby adopts and incorporates by reference any and all other defenses asserted, or that may hereafter be asserted, by any other defendant to the extent such defense may be applicable to Mr. Keys.

### PRAYER FOR RELIEF

**WHEREFORE**, the Mr. Keys seeks judgment:

1. Denying all relief sought in the Complaint against Mr. Keys;
2. Awarding the costs of defending this action, including reasonable attorneys' fees, costs and disbursements; and
3. Granting such other and further relief as this Court may deem just and proper.

## COUNTERCLAIMS

Mr. Keys hereby incorporates by reference the "Joint Counterclaims of Defendants/Counter-Claimants Michael W. Perry, A. Scott Keys, S. Blair Abernathy, John Olinski, Samir Grover, Simon Heyrick, Victor H. Woodsworth, Scott Van Dellen, William Rothman, Jill Jacobson, and Kevin Callan," which is also being filed in this action today.

DATED: July 20, 2011                    MEDRANO & CARLTON

By: _____
John Carlton
Attorney for Defendant A. Scott Keys