1 | ROBERT L. CORBIN (SBN 75445)
rlcorb@corbfitzlaw.com
2 | MICHAEL W. FITZGERALD (SBN 127164)
mwfitz@corbfitzlaw.com
3 | JESSICA L. TULK (SBN 266258)
jtulk@corbfitzlaw.com
4 | CORBIN, FITZGERALD & ATHEY LLP
601 West Fifth Street, Suite 1150
5 | Los Angeles, CA 90071-2024
Tel: (213) 612-0001
6 | Fax: (213) 612-0061

7 | Attorneys for Defendants
8 | John Olinski, Samir Grover, Simon Heyrick,
Victor H. Woodworth, Scott Van Dellen,
9 | William Rothman, Jill Jacobson, and
Kevin Callan
10 |

11 | **UNITED STATES DISTRICT COURT**

12 | **CENTRAL DISTRICT OF CALIFORNIA**

13 | **WESTERN DIVISION**

14 |

| XL SPECIALTY INSURANCE COMPANY, ARCH INSURANCE COMPANY, ACE AMERICAN INSURANCE COMPANY, and AXIS INSURANCE COMPANY, | 2:11-CV-2078-RGK (JCG)<br>The Honorable R. Gary Klausner |
|---|---|
| Plaintiff, | **ANSWER OF DEFENDANTS JOHN OLINSKI, SAMIR GROVER, SIMON HEYRICK, VICTOR H. WOODWORTH, SCOTT VAN DELLEN, WILLIAM ROTHMAN, JILL JACOBSON AND KEVIN CALLAN** |
| v. | |
| MICHAEL W. PERRY, A. SCOTT KEYS, LOUIS E. CALDERA, LYLE E GRAMLEY, HUGH M. GRANT, PATRICK C. HADEN, TERRANCE G. HODEL, ROBERT L. HUNT II, LYDIA H. KENNARD, BRUCE G. WILLISON, JOHN OLINSKI, S. BLAIR ABERNATHY, SAMIR GROVER, SIMON HEYRICK, VICTOR H. WOODWORTH, SCOTT VAN DELLEN, RICHARD KOON, KENNETH SHELLEM, WILLIAM ROTHMAN, JILL JACOBSON, and KEVIN CALLAN, | |
| Defendants. | |

---

Defendants  John Olinski, Samir Grover, Simon Heyrick, Victor H. Woodworth, Scott Van Dellen, William Rothman, Jill Jacobson, and Kevin Callan (the "Certain Officer Defendants") respectfully submit this Answer to Plaintiff's Complaint.  The Certain Officer Defendants deny the allegations of the Complaint except as expressly admitted below.

1.     The Certain Officer Defendants admit that the Complaint purports to be a declaratory relief action filed by Plaintiffs seeking to resolve an actual controversy over the existence of insurance coverage.

2.     The Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and on that basis, deny each and every allegation.

3.     The Certain Officer Defendants admit that on March 12, 2007 a Complaint in the matter *Reese v. IndyMac Bancorp, Inc., et al.*, No. 07-CV-1653-GW-VBk ("Tripp litigation") was filed.  The Complaint therein is the best evidence of its allegations and on that basis, the Certain Officer Defendants deny each and every allegation of paragraph 3 of the Complaint.

4.     The Certain Officer Defendants deny that the 08-09 Side A Policies are the only relevant insurance policies issued by Plaintiffs.  The Certain Officer Defendants admit that the 08-09 Side A Policies contain the quoted language.

5.     The Certain Officer Defendants admit that after the inception dates of the 08-09 Side A Policies a number of actions were initiated.  However, the Certain Officer Defendants were named as defendants only in the actions defined in the Complaint as the FDIC Litigation, the MBS Litigation, the MBIA Litigation, and the Assured Guaranty Litigation.  Accordingly, the Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 5 other than those related to those specified actions and on that basis deny each and every such allegation.  With respect to those specified actions, the complaints therein is the best evidence of their terms, and on that basis,

the Certain Officer Defendants deny each and every allegation in Paragraph 5 related to said complaints.

6.     The Certain Officer Defendants deny each and every allegation of Paragraph 6 of the Complaint.

7.     The Certain Officer Defendants deny each and every allegation of Paragraph 7 of the Complaint.  In particular, the Certain Officer Defendants deny that there is no coverage for the FDIC Litigation, the MBS Litigation, the MBIA Litigation, and the Assured Guaranty Litigation under the 08-09 Side A Policies.

**PARTIES**

8.     The Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and upon that basis deny each and every such allegation.

9.     The Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and upon that basis deny each and every such allegation.

10.     The Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and upon that basis deny each and every such allegation.

11.     The Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and upon that basis deny each and every such allegation.

12.     The Certain Officer Defendants admit that Plaintiffs provided Side A insurance coverage to the Certain Officer Defendants for the policy period from March 1, 2007 to April 1, 2009 and that each Officer Defendant was an officer of Indymac Bank, F.S.B., and/or an insured subsidiary from at least March 1, 2007 to July 2008.  The Certain Officer Defendants do not have knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 12 and, on that basis, deny each and every such allegation.

13.    The Certain Officer Defendants admit that Defendant Perry was the Chairman of the Board and Chief Executive Officer of Bancorp from February 2002 to July 2008; that Defendant Perry was a director of Bancorp from October 1997 to July 2008; and that Bancorp and Bank's principal place of business was 888 E. Walnut Street, Pasadena, CA.  The Certain Officer Defendants do not have knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 13 and, on that basis, deny such allegations.

14.    The Certain Officer Defendants admit that Defendant Keys was the Chief Financial Officer of the Bank from 2002 to April 2008.  The Certain Officer Defendants do not have knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 14 and, on that basis, deny such allegations.

15.    The Certain Officer Defendants admit that Defendant Caldera served as a director of the Bank and Bancorp. The Certain Officer Defendants do not have knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 15 and, on that basis, deny each and every such allegation.

16.    The Certain Officer Defendants admit that Defendant Gramley served as a director of the Bank and Bancorp.  The Certain Officer Defendants do not have knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 16 and, on that basis, deny each and every such allegation.

17.    The Certain Officer Defendants admit that Defendant Grant served as a director of the Bank and Bancorp.  The Certain Officer Defendants do not have knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 17 and, on that basis, deny each and every such allegation.

18.    The Certain Officer Defendants admit that Defendant Haden served as a director of the Bank and Bancorp.  The Certain Officer Defendants do not have knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 18 and, on that basis, deny each and every such allegation.

- 4 -

19.     The Certain Officer Defendants admit that Defendant Hodel served as a director of the Bank and Bancorp.  The Certain Officer Defendants do not have knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 19 and, on that basis, deny each and every such allegation.

20.     The Certain Officer Defendants admit that Defendant Hunt served as a director of the Bank and Bancorp.  The Certain Officer Defendants do not have knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 20 and, on that basis, deny each and every such allegation.

21.     The Certain Officer Defendants admit that Ms. Kennard served as a director of the Bank and Bancorp.  The Certain Officer Defendants do not have knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 21 and, on that basis, deny each and every such allegation.

22.     The Certain Officer Defendants admit that Defendant Willison served as a director of Bancorp.  The Certain Officer Defendants do not have knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 22 and, on that basis, deny each and every such allegation.

23.     Defendant John Olinski admits the allegations of Paragraph 23.  Apart from Defendant Olinski, the Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and upon that basis deny each and every such allegation.

24.     The Certain Officer Defendants admit that defendant S. Blair Abernathy was an officer of Bank or Bancorp.  Apart from this admission, the Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and upon that basis deny each and every such allegation.

25.     Defendant Samir Grover admits the allegations of Paragraph 25.  Apart from Defendant Grover, the Certain Officer Defendants lack knowledge and

information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and upon that basis deny each and every such allegation.

26.     Defendant Simon Heyrick admits the allegations of Paragraph 26. Apart from Defendant Heyrick, the Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and upon that basis deny each and every such allegation.

27.     Defendant Victor H. Woodworth admits the allegations of Paragraph 27.  Apart from Defendant Woodworth, the Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and upon that basis deny each and every such allegation.

28.     Defendant Scott Van Dellen admits the allegations of Paragraph 28. Apart from Defendant Van Dellen, the Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and upon that basis deny each and every such allegation.

29.     Defendants Van Dellen and Rothman admit the allegations of Paragraph 29.  Apart from Defendants Van Dellen and Rothman, the Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and upon that basis deny each and every such allegation.

30.     Defendants Van Dellen and Rothman admit the allegations of Paragraph 30.  Apart from Defendants Van Dellen and Rothman, the Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and upon that basis deny each and every such allegation.

31.     Defendant Rothman admits that he served for a time as a Regional Manager and that he held a title for a time that was viewed as functionally equivalent to Chief Lending Officer, and that he is a resident of the State of

1  California.  Apart from what he expressly admits, Defendant Rothman either denies

2  or lacks sufficient information to form a belief as to the truth of the allegations in

3  Paragraph 30 of the Complaint, and upon that basis denies each and every such

4  allegation.  Apart from Defendant Rothman, the Certain Officer Defendants lack

5  knowledge and information sufficient to form a belief as to the truth of the

6  allegations in Paragraph 31, and upon that basis deny each and every such

7  allegation.

8       32.    Defendant Jill Jacobson admits the allegations of Paragraph 32.  Apart

9  from Ms. Jacobson, the Certain Officer Defendants lack knowledge and

10  information sufficient to form a belief as to the truth of the allegations in Paragraph

11  32, and upon that basis deny each and every such allegation.

12       33.    Defendant Kevin Callan admits the allegations of Paragraph 33.  The

13  Certain Officer Defendants lack knowledge and information sufficient to form a

14  belief as to the truth of the allegations in Paragraph 33, and upon that basis deny

15  each and every such allegation.

16       34.    The Certain Officer Defendants admit that IndyMac Bancorp was

17  headquartered in and had its principal place of business in Pasadena, California.

18  The Certain Officer Defendants lack knowledge and information sufficient to form

19  a belief as to the truth of those allegations, and upon that basis deny each and every

20  such allegation.

21                     **JURISDICTION AND VENUE**

22       35.    The Certain Officer Defendants admit that this action is brought

23  pursuant to 28 U.S.C. §§ 1332, 2201 and 2202.

24       36.    The Certain Officer Defendants admit that there is an actual

25  controversy among the parties.  However, the Certain Officer Defendants lack

26  knowledge and information sufficient to form a belief as to the truth of the

27  remainder of the allegations in Paragraph 36 and upon that basis deny each and

28  every such allegation.

37.     The Certain Officer Defendants admit the allegations of Paragraph 37 of the Complaint.

## THE POLICIES

### The 08-09 XL Side A Policy

38.     The Certain Officer Defendants allege that XL Specialty Insurance Company Policy No. ELU103295-08 is a written document that speaks for itself and further admit that Exhibit A is a copy of the 08-09 XL Side A Policy.

39.     The Certain Officer Defendants admit that the 08-09 XL Side A Policy contains the quoted language.

40.     The Certain Officer Defendants admit that the 08-09 XL Side A Policy contains the quoted language.

41.     The Certain Officer Defendants admit that the 08-09 XL Side A Policy contains the quoted language.

42.     The Certain Officer Defendants admit that the 08-09 XL Side A Policy contains the quoted language.

43.     The Certain Officer Defendants admit that the 08-09 XL Side A Policy contains the quoted language.

### The 08-09 Arch Side A Policy

44.     The Certain Officer Defendants allege that the 08-09 Arch Side A Policy is a written document and is the best evidence of its terms and admit that Exhibit B is a copy of the 08-09 Arch Side A Policy except insofar as it is missing Endorsement 1.

45.     The Certain Officer Defendants admit that the 08-09 Arch Side A Policy contains the quoted language.

46.     The Certain Officer Defendants admit that the 08-09 Arch Side A Policy contains the quoted language.

47.     The Certain Officer Defendants admit the allegations of Paragraph 47 of the Complaint.

48.     The Certain Officer Defendants deny the allegations of Paragraph 48 of the Complaint.

**The 08-09 ACE Side A Policy**

49.     The Certain Officer Defendants allege that the 08-09 ACE Side A Policy is a written document and is the best evidence of its terms and admit that Exhibit C is a copy of the 08-09 ACE Side A Policy.

50.     The Certain Officer Defendants admit the allegations of Paragraph 50 of the Complaint.

51.     The Certain Officer Defendants admit the allegations of Paragraph 51 of the Complaint.

52.     The Certain Officer Defendants admit the allegations of Paragraph 52 of the Complaint.

53.     The Certain Officer Defendants admit that the 08-09 ACE Side A Policy contains the quoted language in the first sentence of Paragraph 53 of the Complaint.  The Certain Officer Defendants deny that said language is the only relevant part of Section II of the 08-09 ACE Side A Policy.  The Certain Officer Defendants admit the allegations of the second sentence of Paragraph 53 of the Complaint.

**The 08-09 AXIS Side A Policy**

54.     The Certain Officer Defendants allege that the 08-09 AXIS Side A Policy is a written document and is the best evidence of its terms and admit that Exhibit D is a copy of the 08-09 Axis Side A Policy.

55.     The Certain Officer Defendants admit that the 08-09 AXIS Side A Policy contains the quoted language, but further allege that the "Underlying Insurance" is specifically alleged to be "DIC Underlying Insurance."

56.     The Certain Officer Defendants admit the allegations of Paragraph 56 of the Complaint.

57.     The Certain Officer Defendants admit the allegations of Paragraph 57 of the Complaint, except the Certain Officer Defendants allege that the 08-09 AXIS Side A Policy states that the policies referenced are "Underlying Side A DIC Policies."

### The 07-08 XL Side A Policy

58.     The Certain Officer Defendants admit that XL Specialty issued a Side A Policy for the 07-08 Policy Period, that this policy affords coverage to the Certain Officer Defendants, and allege that the written policy is the best evidence of its terms and conditions.

### The 07-08 Arch Side A Policy

59.     The Certain Officer Defendants admit that Arch Insurance Company issued a Side A Policy for the 07-08 Policy Period, that this policy affords coverage to the Certain Officer Defendants, and allege that the written policy is the best evidence of its terms and conditions.

### The 07-08 ACE Side A Policy

60.     The Certain Officer Defendants admit that ACE American Insurance Company issued a Side A Policy for the 07-08 Policy Period, that this policy affords coverage to the Certain Officer Defendants, and allege that the written policy is the best evidence of its terms and conditions.

### The 07-08 AXIS Side A Policy

61.     The Certain Officer Defendants admit that AXIS Reinsurance Company issued a Side A Policy for the 07-08 Policy Period, that this policy affords coverage to the Certain Officer Defendants, and allege that the written policy is the best evidence of its terms and conditions.

62.     The Certain Officer Defendants admit that Plaintiffs are not seeking declarations regarding coverage under the 07-08 Side A Policies, but deny each and every other allegation of Paragraph 62 of the Complaint.

# THE UNDERLYING MATTERS

63.     The Certain Officer Defendants admit that IndyMac Bancorp, Inc. was the parent company of IndyMac Bank, F.S.B., that the Bank sold various kinds of loan products to home borrowers, and that IndyMac was at one time a large mortgage originator and servicer.  The Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63 of the Complaint and upon that basis deny and every such allegation.

64.     The Certain Officer Defendants admit that IndyMac Bancorp, Inc. issued a written press release on January 16, 2007 that disclosed its Q4 earnings, but the Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the other allegations in Paragraph 64, and upon that basis deny each and every such allegation.

65.     The Certain Officer Defendants admit that on or about March 12, 2007 a case entitled *Claude A. Reese v. IndyMac Financial, Inc., Richard A. Wohl, and Scott Keys* was filed in the United States District Court for the Central District of California, but the Certain Officer Defendants allege that said complaint is the best evidence of its terms, and on that basis deny each and every remaining allegation in Paragraph 65 of the Complaint.

66.     The Certain Officer Defendants admit that IndyMac Bancorp issued a press release on or about May 12, 2008 about its financial condition and that it suspended the dividend payment on its preferred shares in 2008.  The Certain Officer Defendants allege that the press release is the best evidence of its terms, and further that they lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint, and upon that basis deny each and every such allegation.

67.     The Certain Officer Defendants admit that on July 11, 2008, the Office of Thrift Supervision seized IndyMac Bank, F.S.B.  The Certain Officer Defendants

- 11 -

lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 67 of the Complaint, and upon that basis deny each and every such allegation.

68.     The Certain Officer Defendants admit that on July 31, 2008, IndyMac Bancorp, Inc. filed a petition for bankruptcy in the United States Bankruptcy Court for the Central District of California, but the Certain Officer Defendants allege that said petition is the best evidence of its terms, and upon that basis deny each and every other allegation of Paragraph 68 of the Complaint.

69.     The Certain Officer Defendants admit that the OIG issued a report in February 2009, that the report contains the quoted language, and allege that the report is a written document and thus is the best evidence of its terms, and on that basis the Certain Officer Defendants deny each and every remaining allegation in Paragraph 69 of the Complaint.

**The Tripp Litigation**

70.     The Certain Officer Defendants admit that on March 12, 2007 a Complaint in the Tripp litigation was filed, and allege that Exhibit E purports to be the Sixth Amended Complaint, filed February 16, 2010, in the Tripp litigation.  The complaint therein is a written document and is therefore the best evidence of its terms, as is the alleged Order dated June 18, 2007, and upon that basis the Certain Officer Defendants deny each and every remaining allegation of Paragraph 70 of the Complaint.

71.     The complaint in the Tripp litigation is a written document and is therefore the best evidence of its terms, and on that basis the Certain Officer Defendants deny each and every allegation of Paragraph 71 of the Complaint.

72.     The Certain Officer Defendants deny the allegations of Paragraph 72 of the Complaint.

**Subsequent Notices**

73.     The Certain Officer Defendants admit that Plaintiffs were given notice of various actions under the 07-08 Side A Policies, the 08-09 Side A Policies, or each of them.  The Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73 of the Complaint, and upon that basis deny and every such allegation .

**The Daniels Litigation**

74.     The Certain Officer Defendants admit that various purported class action securities lawsuits were filed, but lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 74, and upon that basis deny each and every such allegation.

75.     The Certain Officer Defendants admit that various purported class actions were filed and consolidated into the "Daniels litigation," but deny that Exhibit F is the operative complaint in that action.  The Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 75, and upon that basis deny each and every such allegation.

**The FDIC Litigation**

76.     Defendant Van Dellen admits the allegations of Paragraph 76.  Apart from Defendant Van Dellen, the Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 76, and upon that basis deny each and every such allegation.

77.     The Certain Officer Defendants admit that the FDIC filed a lawsuit, and that Exhibit H purports to be a copy of the complaint, filed July 2, 2010, in the FDIC litigation, but lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 77, and upon that basis deny each and every such allegation.

**The Siegel Litigation**

78.     The Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 78, and on that basis deny each and every such allegation.

79.     The Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 79, and on that basis deny each and every such allegation.

**The MBS Litigation**

80.     Defendants Olinski, Grover, Heyrick and Woodworth admit that a complaint as described was filed.  Except as to what is expressly admitted by Defendants Olinski, Grover, Heyrick and Woodworth, the Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 80, and upon that basis deny each and every such allegation.

81.     Defendants Olinski, Grover, Heyrick and Woodworth admit that a complaint as described was filed.  Except as to what is expressly admitted by Defendants Olinski, Grover, Heyrick and Woodworth, the Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 81, and upon that basis deny each and every such allegation.

82.     Defendants Olinski, Grover, Heyrick and Woodworth admit that a complaint as described was filed.  Except as to what is expressly admitted by Defendants Olinski, Grover, Heyrick and Woodworth, the Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 82, and upon that basis deny each and every such allegation.

83.     Defendants Olinski, Grover, Heyrick and Woodworth admit that a complaint as described was filed.  Except as to what is expressly admitted by

- 14 -

Defendants Olinski, Grover, Heyrick and Woodworth, the Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 83, and upon that basis deny each and every such allegation.

**The MBIA Litigation**

84.     Defendants Jacobson and Callan admit a complaint as described was filed in California Superior Court.  Except as to what is expressly admitted by Defendants Jacobson and Callan, the Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 84, and upon that basis deny each and every such allegation.

**The Assured Guaranty Litigation**

85.     Defendants Jacobson and Callan admit a complaint as described was filed in California Superior Court but deny that Exhibit N is a copy of the operative complaint in that action.  Except as to what is expressly admitted by Defendants Jacobson and Callan, the Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 85, and upon that basis deny each and every such allegation.

**Controversy and Ripeness**

86.     The Certain Officer Defendants admit that they have sought coverage for their respective actions.  The Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 86 of the Complaint, and upon that basis deny each and every such allegation.

87.     The Certain Officer Defendants admit that Plaintiffs have denied coverage under the 08-09 Side A Policies for the Trustee Litigation.  The Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 87 of the Complaint, and upon that basis deny each and every such allegation.

- 15 -

88.     The Certain Officer Defendants admit that they have "taken issue" with the Plaintiffs' position on coverage under the 08-09 Side A Policies for the Trustee Litigation.  The Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 88 of the Complaint, and upon that basis deny each and every such allegation.

89.     The Certain Officer Defendants admit that certain coverage issues pertaining to the Trustee Litigation are ripe for adjudication.  The Certain Officer Defendants deny the remaining allegations of Paragraph 89.

## ANSWER TO FIRST CAUSE OF ACTION

## (DECLARATION OF NO COVERAGE UNDER THE 08-09 SIDE A POLICIES FOR THE DANIELS LITIGATION)

90.     The Certain Officer Defendants incorporate by reference each and every statement in Paragraphs 1-89 above.

91.     The Certain Officer Defendants admit that an actual controversy exists between the Certain Officer Defendants and Plaintiffs regarding certain positions on coverage under the 08-09 Side A Policies for the Trustee Litigation.  The Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 91 of the Complaint, and upon that basis deny each and every such allegation.

92.     The Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 92 of the Complaint, and upon that basis deny each and every such allegation.

93.     The Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 93, and upon that basis deny each and every such allegation.

94.     The Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 94, and upon that basis deny each and every such allegation.

95.     The Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 95, and upon that basis deny each and every such allegation.

96.     The Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 96, and upon that basis deny each and every such allegation.

97.     The Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 97, and upon that basis deny each and every such allegation.

## ANSWER TO SECOND CAUSE OF ACTION
## (DECLARATION OF NO COVERAGE UNDER THE 08-09 SIDE A POLICIES FOR THE FDIC LITIGATION)

98.     The Certain Officer Defendants incorporate by reference each and every statement in Paragraphs 1-89 above.

99.     Defendants Scott Van Dellen and William Rothman admit that an actual controversy exists between them and Plaintiffs regarding certain positions on coverage under the 08-09 Side A Policies for the FDIC Litigation.  Except as expressly admitted by Defendants Van Dellen and Rothman, the Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 99 of the Complaint, and upon that basis deny each and every such allegation.

100.    Defendants Van Dellen and Rothman deny each and every allegation in Paragraph 100.  Apart from Defendants Van Dellen and Rothman, the Certain Officer Defendants lack knowledge and information sufficient to form a belief as to

the truth of the allegations in Paragraph 100 of the Complaint, and upon that basis deny each and every such allegation.

101.   Defendant Van Dellen and Rothman deny that the FDIC Litigation is based only upon, arises only out of, only directly or indirectly resulted from, is only in consequence of, or only involves the Tripp Litigation or facts, circumstances or situations, transactions, events or wrongful acts or series of facts, circumstances, situations, events or transactions underlying or alleged in the Tripp Litigation. Accordingly, the Certain Officer Defendants deny each and every allegation contained in the second sentence of Paragraph 101 of the Complaint.  Apart from Defendants Van Dellen and Rothman, the Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 101 of the Complaint, and upon that basis deny each and every such allegation.

102.   Defendants Van Dellen and Rothman deny that the FDIC Litigation is based only upon, arises only out of, only directly or indirectly resulted from, is only in consequence of, or only involves facts, circumstances or situations, transactions, events or wrongful acts which, before the Inception Date of the 08-09 Side A Policies, was the subject of any notice given under any other management liability insurance, directors' and officers' insurance, or any similar insurance.  Accordingly, Defendants Van Dellen and Rothman deny each and every allegation contained in the second sentence of Paragraph 102 of the Complaint.  Apart from Defendants Van Dellen and Rothman, the Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 102 of the Complaint, and upon that basis deny each and every such allegation.

103.   Defendants Van Dellen and Rothman deny that the FDIC Litigation arises only from the same Interrelated Wrongful Acts as the Tripp Litigation. Accordingly, Defendants Van Dellen and Rothman deny each and every allegation contained in the second sentence of Paragraph 103 of the Complaint.  Apart from

Defendants Van Dellen and Rothman, the Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 103 of the Complaint, and upon that basis deny each and every such allegation.

104.   Defendants Van Dellen and Rothman admit the allegations of Paragraph 104.  Apart from Defendants Van Dellen and Rothman, the Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 104 of the Complaint, and upon that basis deny each and every such allegation.

105.   Defendants Van Dellen and Rothman admit the allegations of Paragraph 105.  Apart from Defendants Van Dellen and Rothman, the Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 105 of the Complaint, and upon that basis deny each and every such allegation.

## ANSWER TO THIRD CAUSE OF ACTION

## (DECLARATION OF NO COVERAGE UNDER THE 08-09 SIDE A POLICIES FOR THE SIEGAL LITIGATION)

106.   The Certain Officer Defendants incorporate by reference each and every statement in Paragraphs 1-89 above.

107.   The Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of allegations in Paragraph 107 of the Complaint, and upon that basis deny each and every such allegation.

108.   The Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of allegations in Paragraph 108 of the Complaint, and upon that basis deny each and every such allegation.

109.   The Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of allegations in Paragraph 109 of the Complaint, and upon that basis deny each and every such allegation.

110.   The Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of allegations in Paragraph 110 of the Complaint, and upon that basis deny each and every such allegation.

111.   The Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of allegations in Paragraph 111 of the Complaint, and upon that basis deny each and every such allegation.

112.    The Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of allegations in Paragraph 112 of the Complaint, and upon that basis deny each and every such allegation.

113.   The Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of allegations in Paragraph 113 of the Complaint, and upon that basis deny each and every such allegation.

114.   The Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of allegations in Paragraph 114 of the Complaint, and upon that basis deny each and every such allegation.

## ANSWER TO FOURTH CAUSE OF ACTION

## (DECLARATION OF NO COVERAGE UNDER THE 08-09 SIDE A POLICIES FOR THE MBS LITIGATION)

115.   The Certain Officer Defendants incorporate by reference each and every statement in Paragraphs 1-89 above.

116.   Defendants Olinski, Grover, Heyrick and Woodworth admit that an actual controversy exists between the Certain Officer Defendants and Plaintiffs regarding certain positions on coverage under the 08-09 Side A Policies for the MBS Litigation.  Except as is expressly admitted by Defendants Olinski, Grover, Heyrick and Woodworth, the Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 116 of the Complaint, and upon that basis deny each and every such allegation.

117.    Defendants Olinski, Grover, Heyrick and Woodworth deny each and every allegation in Paragraph 117.  Apart from Defendants Olinski, Grover, Heyrick and Woodworth, the Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 117 of the Complaint, and upon that basis deny each and every such allegation.

118.    Defendant Olinski, Grover, Heyrick and Woodworth deny that the MBS Litigation is based only upon, arises only out of, only directly or indirectly resulted from, is only in consequence of, or only involves the Tripp Litigation or facts, circumstances or situations, transactions, events or wrongful acts or series of facts, circumstances, situations, events or transactions underlying or alleged in the Tripp Litigation.  Accordingly, Defendants Olinski, Grover, Heyrick and Woodworth deny each and every allegation contained in the second sentence of Paragraph 118 of the Complaint.  Apart from Defendants Olinski, Grover, Heyrick and Woodworth, the Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 118 of the Complaint, and upon that basis deny each and every such allegation.

119.    Defendants Olinski, Grover, Heyrick and Woodworth deny that the MBS Litigation is based only upon, arises only out of, only directly or indirectly resulted from, is only in consequence of, or only involves facts, circumstances or situations, transactions, events or wrongful acts which, before the Inception Date of the 08-09 Side A Policies, was the subject of any notice given under any other management liability insurance, directors' and officers' insurance, or any similar insurance.  Accordingly, Defendants Olinski, Grover, Heyrick and Woodworth deny each and every allegation contained in the second sentence of Paragraph 119 of the Complaint.  The Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 119 of the Complaint, and upon that basis deny each and every such allegation.

120.    Defendants Olinski, Grover, Heyrick and Woodworth deny that the MBS Litigation arises only from the same Interrelated Wrongful Acts as the Tripp Litigation.  Accordingly, Defendants Olinski, Grover, Heyrick and Woodworth Rothman deny each and every allegation contained in the second sentence of Paragraph 120 of the Complaint.  Except as expressly admitted by Defendants Olinski, Grover, Heyrick and Woodworth, the Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 120 of the Complaint, and upon that basis deny each and every such allegation.

121.    Defendants Olinski, Grover, Heyrick and Woodworth admit the allegations of Paragraph 121.  Apart from Defendants Olinski, Grover, Heyrick and Woodworth, the Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 121 of the Complaint, and upon that basis deny each and every such allegation.

122.    Defendants Olinski, Grover, Heyrick and Woodworth admit the allegations of Paragraph 122.  The Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 122 of the Complaint, and upon that basis deny each and every such allegation.

## ANSWER TO FIFTH CAUSE OF ACTION

## (DECLARATION OF NO COVERAGE UNDER THE 08-09 SIDE A POLICIES FOR THE MBIA LITIGATION)

123.    The Certain Officer Defendants incorporate by reference each and every statement in Paragraphs 1-89 above.

124.    Defendants Jacobson and Callan admit that an actual controversy exists between them and Plaintiffs regarding certain positions on coverage under the 08-09 Side A Policies for the MBIA Litigation.  Except as expressly admitted by Defendants Jacobson and Callan, the Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining

- 22 -

allegations in Paragraph 124 of the Complaint, and upon that basis deny each and every such allegation.

125.   Defendants Jacobson and Callan deny each and every allegation in Paragraph 125 of the Complaint.  Apart from Defendants Jacobson and Callan, the Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 125 of the Complaint, and upon that basis deny each and every such allegation.

126.   Defendant Jacobson and Callan deny that the MBIA Litigation is based only upon, arises only out of, only directly or indirectly resulted from, is only in consequence of, or only involves the Tripp Litigation or facts, circumstances or situations, transactions, events or wrongful acts or series of facts, circumstances, situations, events or transactions underlying or alleged in the Tripp Litigation. Accordingly, Defendants Jacobson and Callan deny each and every allegation contained in the second sentence of Paragraph 126 of the Complaint.  Apart from Defendants Jacobson and Callan, the Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 126 of the Complaint, and upon that basis deny each and every such allegation.

127.   Defendants Jacobson and Callan deny that the MBIA Litigation is based only upon, arises only out of, only directly or indirectly resulted from, is only in consequence of, or only involves facts, circumstances or situations, transactions, events or wrongful acts which, before the Inception Date of the 08-09 Side A Policies, was the subject of any notice given under any other management liability insurance, directors' and officers' insurance, or any similar insurance.  Accordingly, Defendants Jacobson and Callan deny each and every allegation contained in the second sentence of Paragraph 127 of the Complaint.  Apart from Defendants Jacobson and Callan, the Certain Officer Defendants lack knowledge and

1    information sufficient to form a belief as to the truth of the allegations in Paragraph

2    127 of the Complaint, and upon that basis deny each and every such allegation.

3        128.   Defendants Jacobson and Callan deny that the MBIA Litigation arises

4    only from the same Interrelated Wrongful Acts as the Tripp Litigation.

5    Accordingly, Defendants Jacobson and Callan deny each and every allegation

6    contained in the second sentence of Paragraph 128 of the Complaint.  Apart from

7    Defendants Jacobson and Callan, the Certain Officer Defendants lack knowledge

8    and information sufficient to form a belief as to the truth of the allegations in

9    Paragraph 128 of the Complaint, and upon that basis deny each and every such

10   allegation.

11       129.   Defendants Jacobson and Callan admit the allegations of Paragraph

12   129 of the Complaint.  Apart from Defendants Jacobson and Callan, the Certain

13   Officer Defendants lack knowledge and information sufficient to form a belief as to

14   the truth of the allegations in Paragraph 129 of the Complaint, and upon that basis

15   deny each and every such allegation.

16       130.   Defendants Jacobson and Callan admit the allegations of Paragraph

17   130 of the Complaint.  Apart from Defendants Jacobson and Callan, the Certain

18   Officer Defendants lack knowledge and information sufficient to form a belief as to

19   the truth of the allegations in Paragraph 130 of the Complaint, and upon that basis

20   deny each and every such allegation.

21              <u>**ANSWER TO SIXTH CAUSE OF ACTION**</u>

22       **(DECLARATION OF NO COVERAGE UNDER THE 08-09 SIDE A**

23          **POLICIES FOR THE ASSURED GUARANTY LITIGATION)**

24       131.   The Certain Officer Defendants incorporate by reference each and

25   every statement in Paragraphs 1-89 above.

26       132.   Defendants Jacobson and Callan admit that an actual controversy

27   exists between them and Plaintiffs regarding certain positions on coverage under

28   the 08-09 Side A Policies for the Assured Guaranty Litigation.  Apart from

- 24 -

Defendants Jacobson and Callan, the Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 132 of the Complaint, and upon that basis deny each and every such allegation.

133.   Defendants Jacobson and Callan deny each and every allegation in Paragraph 133 of the Complaint.  Apart from Defendants Jacobson and Callan, the Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 133 of the Complaint, and upon that basis deny each and every such allegation.

134.   Defendant Jacobson and Callan deny that the Assured Guaranty Litigation is based only upon, arises only out of, only directly or indirectly resulted from, is only in consequence of, or only involves the Tripp Litigation or facts, circumstances or situations, transactions, events or wrongful acts or series of facts, circumstances, situations, events or transactions underlying or alleged in the Tripp Litigation.  Accordingly, Defendants Jacobson and Callan deny each and every allegation contained in the second sentence of Paragraph 134 of the Complaint.  Apart from Defendants Jacobson and Callan, the Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 134 of the Complaint, and upon that basis deny each and every such allegation.

135.   Defendants Jacobson and Callan deny that the Assured Guaranty Litigation is based only upon, arises only out of, only directly or indirectly resulted from, is only in consequence of, or only involves facts, circumstances or situations, transactions, events or wrongful acts which, before the Inception Date of the 08-09 Side A Policies, was the subject of any notice given under any other management liability insurance, directors' and officers' insurance, or any similar insurance. Accordingly, Defendants Jacobson and Callan deny each and every allegation contained in the second sentence of Paragraph 135 of the Complaint.  Apart from

- 25 -

Defendants Jacobson and Callan, the Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 135 of the Complaint, and upon that basis deny each and every such allegation.

136.   Defendants Jacobson and Callan deny that the Assured Guaranty Litigation arises only from the same Interrelated Wrongful Acts as the Tripp Litigation.  Accordingly, Defendants Jacobson and Callan deny each and every allegation contained in the second sentence of Paragraph 136 of the Complaint. Apart from Defendants Jacobson and Callan, the Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 136 of the Complaint, and upon that basis deny each and every such allegation.

137.   Defendants Jacobson and Callan admit the allegations of Paragraph 137 of the Complaint.  Apart from Defendants Jacobson and Callan, the Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 137 of the Complaint, and upon that basis deny each and every such allegation.

138.   Defendants Jacobson and Callan admit the allegations of Paragraph 138 of the Complaint.  Apart from Defendants Jacobson and Callan, the Certain Officer Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 138 of the Complaint, and upon that basis deny each and every such allegation.

**RESERVATION OF RIGHTS**

The reservation of rights paragraph does not appear to make any allegations relevant to this action.  Therefore, the Certain Officer Defendants neither admit nor deny said statements.

# AFFIRMATIVE DEFENSES

## First Affirmative Defense

### Ripeness

139.   Plaintiffs' right to obtain the relief sought in the Complaint is barred, in whole or in part, because not all aspects of the claims are ripe.

## Second Affirmative Defense

### Waiver

140.   Plaintiffs, by acts, omissions and/or conduct, have waived, in whole or in part, their right to obtain the relief sought in the Complaint.

## Third Affirmative Defense

### Unclean Hands

141.   Plaintiffs' right to obtain the relief sought in the Complaint is barred, in whole or in part, by the doctrine of unclean hands.

## Fourth Affirmative Defense

### Estoppel

142.   Plaintiffs, by acts, omissions, and/or conduct, are estopped, in whole or in part, from obtaining the relief sought in the Complaint

## Fifth Affirmative Defense

### Standing

143.   Plaintiffs' claims fail, in whole or in part, to the extent that Plaintiffs lack standing to seek the relief sought in the Complaint.

## Sixth Affirmative Defense

144.   The Certain Officer Defendants hereby adopt and incorporate by reference any and all other defenses asserted, or that may hereafter be asserted, by any other defendant to the extent such defense may be applicable to the Certain Officer Defendants.

1

## PRAYER FOR RELIEF

2
      **WHEREFORE**, the Certain Officer Defendants seek judgment:

3
    1.    Denying all relief sought in the Complaint against the Certain Officer

4
Defendants;

5
    2.    Awarding the costs of defending this action, including reasonable

6
attorneys' fees, costs and disbursements; and

7
    3.    Granting such other and further relief as this Court may deem just and

8
proper.

9

10
    Dated:  July 20, 2011

11
                      Respectfully submitted,

12
                      CORBIN, FITZGERALD & ATHEY LLP

13

14
                      By:   _____/s/_____

15
                            Michael W. Fitzgerald
                      Attorneys for Defendants

16
                      John Olinski, Samir Grover, Simon Heyrick,

17
                      Victor H. Woodworth, Scott Van Dellen,
                      William Rothman, Jill Jacobson, and

18
                      Kevin Callan

19

20

21

22

23

24

25

26

27

28

ANSWER OF CERTAIN OFFICER DEFENDANTS TO COMPLAINT