FAIRBANK & VINCENT
ROBERT H. FAIRBANK, SBN 76359
rfairbank@fairbankvincent.com
RICHARD D. GLUCK, SBN 151675
rgluck@fairbankvincent.com
MICHAEL B. NORMAN, SBN 259991
mnorman@fairbankvincent.com
444 South Flower Street, Suite 3860
Los Angeles, California 90071
Telephone: (213) 891-9010
Fax: (213) 891-9011

Attorneys for Defendant
S. BLAIR ABERNATHY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| XL SPECIALTY INSURANCE COMPANY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL W. PERRY, *et al.*, <br><br> Defendants. | Case No. CV 11-02078-RGK (JCG) <br><br> **ANSWER OF DEFENDANT S. BLAIR ABERNATHY TO COMPLAINT** <br><br> **Judge:  Hon. R. Gary Klausner** |

Defendant S. Blair Abernathy ("Abernathy") hereby answers the complaint ("Complaint") as follows:

1. Abernathy admits the allegations of Paragraph 1.

2. Abernathy admits the allegations of Paragraph 2.

3. Abernathy admits that on March 12, 2007, a class action securities lawsuit was filed against IndyMac and others in the United States District Court for the Central District of California styled *Reese v. IndyMac Bancorp, Inc., et al.*, No. 07-CV-1653-GW-VBK ("Tripp Litigation"). Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 3 and, on that basis, denies such allegations.

4. Abernathy denies that the 08-09 Side A Policies are the only relevant insurance policies issued by Plaintiffs. Abernathy admits that the 08-09 Side A Policies contain the quoted language.

5. Abernathy admits that after the inception dates of the 08-09 Side A Policies a number of actions were initiated. However, Abernathy was named as a defendant only in the action filed in the Los Angeles Superior Court entitled *IBEW Local 103 v. IndyMac MBS, Inc., et al.*, Case No. BC405843, and two lawsuits filed in the Southern District of New York entitled *Police & Fire Retirement System of Detroit v. IndyMac MBS Inc., et al.*, Case No. 09-CV-4583, and *Wyoming State Treasurer, et al. v. Olinski, et al.*, Case No. 09-CV-5933 (the "MBS Litigation"). Accordingly, Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 other than those related to the MBS Litigation. With respect to the MBS Litigation, the complaint therein is the best evidence of its terms, and on that basis, Abernathy denies each and every allegation in Paragraph 5.

6. Abernathy denies the allegations of Paragraph 6.

7. Abernathy denies the allegations of Paragraph 7.

8. Abernathy lacks knowledge and information sufficient to form a belief

- 1 -

as to the truth of the allegations in Paragraph 8, and, on that basis, denies such allegations.

9. Abernathy lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and, on that basis, denies such allegations.

10. Abernathy lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and, on that basis, denies such allegations.

11. Abernathy lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and, on that basis, denies such allegations.

12. Abernathy admits that Plaintiffs provide "Side A" insurance to the directors, officers, or members of the Board of Management of IndyMac Bancorp, Inc. and its subsidiaries for the 07-08 Policy Period and the 08-09 Policy Period. Abernathy admits that each of the defendants was a director, officer or member of the Board of Management of IndyMac Bancorp, Inc., or one of its subsidiaries. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 12 and, on that basis, denies such allegations.

13. Abernathy admits that Mr. Perry was the Chairman of the Board and Chief Executive Officer of IndyMac Bancorp, Inc. from February 2002 to July 2008; and that Mr. Perry was a director of IndyMac Bancorp, Inc. from October 1997 to July 2008. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 13 and, on that basis, denies such allegations.

14. Abernathy admits that Mr. Keys was the Executive Vice President and Chief Financial Officer of IndyMac Bancorp, Inc from 2002 to April 2008. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 14 and, on that basis, denies such allegations.

15. Abernathy admits that Mr. Caldera served as a director of IndyMac Bancorp, Inc. from at least 2004 to July 2008. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 15 and, on that basis, denies such allegations.

16. Abernathy admits that Mr. Gramley served as a director of IndyMac Bancorp, Inc. and IndyMac Bank, F.S.B. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 16 and, on that basis, denies such allegations.

17. Abernathy admits that Mr. Grant served as a director of IndyMac Bancorp, Inc. from at least 2004 to July 2008. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 17 and, on that basis, denies such allegations.

18. Abernathy admits that Mr. Haden served as a director of IndyMac Bancorp, Inc. and IndyMac Bank, F.S.B. from at least January 2004 to July 2008. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 18 and, on that basis, denies such allegations.

19. Abernathy admits that Mr. Hodel served as a director of IndyMac Bancorp, Inc. and IndyMac Bank, F.S.B. from at least January 2004 to July 2008. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 19 and, on that basis, denies such allegations.

20. Abernathy admits that Mr. Hunt served as a director of IndyMac Bancorp Inc. and IndyMac Bank, F.S.B. from at least January 2004 to July 2008. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 20 and, on that basis, denies such allegations.

21. Abernathy admits that Ms. Kennard served as a director of IndyMac Bancorp, Inc. and IndyMac Bank, F.S.B. from January 2007 to July 2008. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 21 and, on that basis, denies such allegations.

DEFENDANT S. BLAIR ABERNATHY'S ANSWER TO COMPLAINT

Fairbank & Vincent

22. Abernathy admits that Mr. Willison served as a director of IndyMac Bancorp, Inc. from July 2005 until July 2008. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 22 and, on that basis, denies such allegations.

23. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and, on that basis, denies such allegations.

24. Abernathy admits that he, at various times, held the positions alleged in Paragraph 24. Abernathy further admits that he is a California resident.

25. Abernathy admits that Mr. Grover was, at times, Chief Financial Officer of IndyMac MBS, Inc. and IndyMac ABS, Inc. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 25 and, on that basis, denies such allegations.

26. Abernathy admits the allegations of Paragraph 26.

27. Abernathy admits the allegations of Paragraph 27.

28. Abernathy admits the allegations of Paragraph 28.

29. Abernathy admits the allegations of Paragraph 29.

30. Abernathy denies the allegation that Mr. Shellem was Chief Compliance Officer of IndyMac Bank F.S.B.'s Homebuilder Division. Abernathy admits that Mr. Shellem is a resident of the state of California. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 30 and, on that basis, denies such allegations.

31. Abernathy admits the allegations of Paragraph 31.

32. Abernathy admits the allegations of Paragraph 32.

33. Abernathy admits the allegations of Paragraph 33.

34. Abernathy admits the allegations of Paragraph 34.

35. Abernathy admits the allegations of Paragraph 35.

36. Abernathy admits that there is an actual controversy among the parties.

Fairbank & Vincent

However, Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 36 and, on that basis, denies such allegations.

37. Abernathy admits the allegations of Paragraph 37.

38. Abernathy alleges that XL Specialty Insurance Company Policy No. ELU103295-08 is a written document that speaks for itself and further admits that Exhibit A purports to be a copy of the 08-09 XL Side A Policy. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 38 and, on that basis, denies such allegations.

39. To the extent that Paragraph 39 purports to quote the 08-09 XL Side A Policy, Abernathy alleges that the policy speaks for itself. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 39 and, on that basis, denies such allegations.

40. To the extent that Paragraph 40 purports to quote the 08-09 XL Side A Policy, Abernathy alleges that the policy speaks for itself. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 40 and, on that basis, denies such allegations.

41. To the extent that Paragraph 41 purports to quote the 08-09 XL Side A Policy, Abernathy alleges that the policy speaks for itself. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 41 and, on that basis, denies such allegations.

42. To the extent that Paragraph 42 purports to quote the 08-09 XL Side A Policy, Abernathy alleges that the policy speaks for itself. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 42 and, on that basis, denies such allegations.

43. To the extent that Paragraph 43 purports to quote the 08-09 XL Side A Policy, Abernathy alleges that the policy speaks for itself. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other

allegations in Paragraph 43 and, on that basis, denies such allegations.

44. Abernathy alleges that the 08-09 Arch Side A Policy is a written document and is the best evidence of its terms and admits that Exhibit B purports to be a copy of the 08-09 Arch Side A Policy. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 44 and, on that basis, denies such allegations.

45. To the extent that Paragraph 45 purports to quote the 08-09 Arch Side A Policy, Abernathy alleges that the policy speaks for itself. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 45 and, on that basis, denies such allegations.

46. To the extent that Paragraph 46 purports to quote the 08-09 Arch Side A Policy, Abernathy alleges that the policy speaks for itself. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 46 and, on that basis, denies such allegations.

47. To the extent that Paragraph 47 purports to quote or characterize the 08-09 Arch Side A Policy, Abernathy alleges that the policy speaks for itself. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 47 and, on that basis, denies such allegations.

48. To the extent that Paragraph 48 purports to quote or characterize the 08-09 Arch Side A Policy, Abernathy alleges that the policy speaks for itself. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 48 and, on that basis, denies such allegations.

49. Abernathy alleges that the 08-09 ACE Side A Policy is a written document and is the best evidence of its terms and admits that Exhibit C purports to be a copy of the 08-09 Side A Policy. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 49 and, on that basis, denies such allegations.

50. To the extent that Paragraph 50 purports to quote or characterize the

DEFENDANT S. BLAIR ABERNATHY'S ANSWER TO COMPLAINT

Fairbank & Vincent

08-09 ACE Side A Policy, Abernathy alleges that the policy speaks for itself. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 50 and, on that basis, denies such allegations.

51. To the extent that Paragraph 51 purports to quote or characterize the 08-09 ACE Side A Policy, Abernathy alleges that the policy speaks for itself. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 51 and, on that basis, denies such allegations.

52. To the extent that Paragraph 52 purports to characterize the 08-09 ACE Side A Policy, Abernathy alleges that the policy speaks for itself. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 52 and, on that basis, denies such allegations.

53. To the extent that Paragraph 53 purports to quote or characterize the 08-09 ACE Side A Policy, Abernathy alleges that the policy speaks for itself. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 53 and, on that basis, denies such allegations.

54. Abernathy alleges that the 08-09 AXIS Side A Policy is a written document and is the best evidence of its terms and admits that Exhibit D purports to be a copy of the 08-09 AXIS Side A Policy. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 54 and, on that basis, denies such allegations.

55. To the extent that Paragraph 55 purports to quote the 08-09 AXIS Side A Policy, Abernathy alleges that the policy speaks for itself. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 55 and, on that basis, denies such allegations.

56. To the extent that Paragraph 56 purports to characterize the 08-09 AXIS Side A Policy, Abernathy alleges that the policy speaks for itself. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 56 and, on that basis, denies such allegations.

57.     To the extent that Paragraph 57 purports to characterize the 08-09 AXIS Side A Policy, Abernathy alleges that the policy speaks for itself. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 57 and, on that basis, denies such allegations.

58.     Abernathy admits that XL Specialty issued the 07-08 XL Side A Policy to IndyMac Bancorp, Inc. for the 07-08 Policy Period. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 58 and, on that basis, denies such allegations.

59.     Abernathy admits the allegations of Paragraph 59.

60.     Abernathy admits the allegations of Paragraph 60.

61.     Abernathy admits the allegations of Paragraph 61.

62.     Abernathy admits that Plaintiffs are not seeking declarations regarding coverage under the 07-08 Side A Policies, but denies each and every other allegation of Paragraph 62.

63.     Abernathy admits that IndyMac Bancorp, Inc. was the parent company of IndyMac Bank, F.S.B., that the Bank sold various kinds of loan products to home borrowers, and that IndyMac was at one time a large mortgage originator and servicer. Abernathy lacks knowledge and information sufficient to form a belief as to the truth of the other allegations in Paragraph 63 of the Complaint and, on that basis denies such allegations.

64.     Abernathy admits that on January 16, 2007, IndyMac Bancorp, Inc. issued a written press release. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 64 and, on that basis, denies such allegations.

65.     Abernathy admits that on March 12, 2007, a case entitled *Claude A. Reese v. IndyMac Financial, Inc., Richard A. Wohl, and Scott Keys* was filed in the United States District Court for the Central District of California. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other

allegations in Paragraph 65 and, on that basis, denies such allegations.

66. Abernathy admits that IndyMac Bancorp issued a press release on May 12, 2008. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 66 and, on that basis, denies such allegations.

67. Abernathy admits that on July 11, 2008 the Office of Thrift Supervision seized IndyMac Bank, F.S.B. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 67 and, on that basis, denies such allegations.

68. Abernathy admits the allegations of Paragraph 68.

69. Abernathy admits that on February 26, 2009 the OIG issued its Audit Report regarding its investigation of IndyMac Bancorp, Inc.'s failure. To the extent that Paragraph 69 purports to quote or characterize the Audit Report, Abernathy alleges that the Audit Report speaks for itself. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 69 and, on that basis, denies such allegations.

70. Abernathy admits that the Tripp Litigation was filed on March 12, 2007 in the United States District Court for the Central District of California. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 70 and, on that basis, denies such allegations.

71. The allegations in Paragraph 71 purport to characterize a complaint in the Tripp Litigation, which speaks for itself. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 71 and, on that basis, denies such allegations.

72. Abernathy denies the allegations of Paragraph 72.

73. Abernathy admits that Plaintiffs were given notice of various actions under the 07-08 Side A Policies, the 08-09 Side A Policies, or each of them. Abernathy lacks knowledge or information sufficient to form a belief as to the truth

of the other allegations in Paragraph 73 and, on that basis, denies such allegations.

74. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and, on that basis, denies such allegations.

75. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and, on that basis, denies such allegations.

76. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and, on that basis, denies such allegations.

77. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and, on that basis, denies such allegations.

78. Abernathy admits that Siegel gave notice to Plaintiffs on or about May 28, 2009 of his claims, that this notice was given in a written document which is the best evidence of its terms, and that Exhibit I purports to be a copy of the Siegel notice. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 78 and, on that basis, denies such allegations.

79. Abernathy admits the allegations of Paragraph 79.

80. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and, on that basis, denies such allegations.

81. Abernathy admits the allegations of Paragraph 81.

82. Abernathy admits the allegations of Paragraph 82.

83. Abernathy admits the allegations of Paragraph 83.

84. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 and, on that basis, denies such

allegations.

85. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and, on that basis, denies such allegations.

86. Abernathy admits the allegations of Paragraph 86.

87. Abernathy admits the allegations of Paragraph 87.

88. Abernathy admits the allegations of Paragraph 88.

89. Abernathy admits that this matter is ripe for adjudication. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 89 and, on that basis, denies such allegations.

90. Abernathy states that, insofar as Paragraph 90 incorporates the allegations in Paragraphs 1 through 89, Abernathy incorporates by reference his answers thereto.

91. Abernathy admits the allegations of Paragraph 91.

92. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and, on that basis, denies such allegations.

93. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 and, on that basis, denies such allegations.

94. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and, on that basis, denies such allegations.

95. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 and, on that basis, denies such allegations.

96. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 and, on that basis, denies such

DEFENDANT S. BLAIR ABERNATHY'S ANSWER TO COMPLAINT

Fairbank & Vincent

allegations.

97. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and, on that basis, denies such allegations.

98. Abernathy states that, insofar as Paragraph 98 incorporates the allegations in Paragraphs 1 through 89, Abernathy incorporates by reference his answers thereto.

99. Abernathy admits the allegations of Paragraph 99.

100. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and, on that basis, denies such allegations.

101. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 and, on that basis, denies such allegations.

102. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 and, on that basis, denies such allegations.

103. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 and, on that basis, denies such allegations.

104. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 and, on that basis, denies such allegations.

105. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 and, on that basis, denies such allegations.

106. Abernathy states that, insofar as Paragraph 106 incorporates the allegations in Paragraphs 1 through 89, Abernathy incorporates by reference his

DEFENDANT S. BLAIR ABERNATHY'S ANSWER TO COMPLAINT

Fairbank & Vincent

answers thereto.

107. Abernathy admits the allegations of Paragraph 107.

108. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 and, on that basis, denies such allegations.

109. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 and, on that basis, denies such allegations.

110. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 and, on that basis, denies such allegations.

111. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 and, on that basis, denies such allegations.

112. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 and, on that basis, denies such allegations.

113. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 and, on that basis, denies such allegations.

114. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 and, on that basis, denies such allegations.

115. Abernathy states that, insofar as Paragraph 115 incorporates the allegations in Paragraphs 1 through 89, Abernathy incorporates by reference his answers thereto.

116. Abernathy admits the allegations of Paragraph 116.

117. Abernathy admits that Plaintiffs submit that no coverage exists for the

MBS Litigation under the 08-09 Side A Policies. Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 117 and, on that basis, denies such allegations.

118.  Abernathy denies the allegations of Paragraph 118.

119.  Abernathy denies the allegations of Paragraph 119.

120.  Abernathy denies the allegations of Paragraph 120.

121.  Abernathy admits the allegations of Paragraph 121.

122.  Abernathy admits the allegations of Paragraph 122.

123.  Abernathy states that, insofar as Paragraph 123 incorporates the allegations in Paragraphs 1 through 89, Abernathy incorporates by reference his answers thereto.

124.  Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 and, on that basis, denies such allegations.

125.  Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 and, on that basis, denies such allegations.

126.  Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 and, on that basis, denies such allegations.

127.  Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 and, on that basis, denies such allegations.

128.  Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 and, on that basis, denies such allegations.

129.  Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 and, on that basis, denies such

DEFENDANT S. BLAIR ABERNATHY'S ANSWER TO COMPLAINT

Fairbank & Vincent

1 | allegations.

2 |      130.   Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 and, on that basis, denies such allegations.

     131.   Abernathy states that, insofar as Paragraph 131 incorporates the allegations in Paragraphs 1 through 89, Abernathy incorporates by reference his answers thereto.

     132.   Abernathy admits the allegations of Paragraph 132.

     133.   Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 and, on that basis, denies such allegations.

     134.   Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 and, on that basis, denies such allegations.

     135.   Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 and, on that basis, denies such allegations.

     136.   Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 and, on that basis, denies such allegations.

     137.   Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 and, on that basis, denies such allegations.

     138.   Abernathy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 and, on that basis, denies such allegations.

DEFENDANT S. BLAIR ABERNATHY'S ANSWER TO COMPLAINT

Fairbank & Vincent

## RESERVATION OF RIGHTS

The reservation of rights paragraph does not appear to make any allegations relevant to this action. Therefore, Abernathy neither admits nor denies said statements.

## AFFIRMATIVE DEFENSES

First Affirmative Defense: Waiver

139. Plaintiffs, by acts, omissions and/or conduct, have waived, in whole or in part, their right to obtain the relief sought in the Complaint.

Second Affirmative Defense: Unclean Hands

140. Plaintiffs' right to obtain the relief sought in the Complaint is barred, in whole or in part, by the doctrine of unclean hands.

Third Affirmative Defense: Estoppel

141. Plaintiffs, by acts, omissions, and/or conduct, are estopped, in whole or in part, from obtaining the relief sought in the Complaint.

Fourth Affirmative Defense: Standing

142. Plaintiffs' claims fail, in whole or in part, to the extent that Plaintiffs lack standing to seek the relief sought in the Complaint.

Fifth Affirmative Defense

143. Abernathy hereby adopts and incorporates by reference any and all other defenses asserted, or that may hereafter be asserted, by any other defendant to the extent such defense may be applicable to Abernathy.

///
///
///
///
///
///
///

DEFENDANT S. BLAIR ABERNATHY'S ANSWER TO COMPLAINT

Fairbank & Vincent

**WHEREFORE**, Abernathy seeks judgment:

1. Denying all relief sought in the Complaint against Abernathy;
2. Awarding the costs of defending this action, including reasonable attorneys' fees, costs and disbursements; and
3. Granting such other and further relief as this Court may deem just and proper.

DATED: July 20, 2011                         FAIRBANK & VINCENT

By: *Richard D. Gluck /RHF*
     Richard D. Gluck

Attorneys for Defendant
S. BLAIR ABERNATHY