1   LOUIS E. KEMPINSKY (State Bar No. 90068)
    E-mail: lkempinsky@pwkllp.com
2   JOHN C. KEITH (State Bar No. 229755)
    E-mail: jkeith@pwkllp.com
3   PEITZMAN WEG & KEMPINSKY LLP
    2029 Century Park East, Suite 3100
4   Los Angeles, CA 90067
    Phone: 310-552-3100
5   Fax: 310-552-3101

6   Attorneys for Defendant Michael W. Perry

7   (Additional counsel listed on next page)

8                   UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11  | XL SPECIALTY INSURANCE | Case No. 2:11-cv-02078-RGK |
12  | COMPANY, ARCH INSURANCE | (JCGx) |
    | COMPANY, ACE AMERICAN | |
13  | INSURANCE COMPANY, ACE | JOINT COUNTERCLAIMS OF |
    | AMERICAN INSURANCE COMPANY, | DEFENDANTS/COUNTER- |
14  | and AXIS INSURANCE COMPANY, | CLAIMANTS MICHAEL W. |
    | | PERRY, A. SCOTT KEYS, |
15  | Plaintiffs, | S. BLAIR ABERNATHY, JOHN |
    | | OLINSKI, SAMIR GROVER, |
16  | v. | SIMON HEYRICK, VICTOR H. |
    | | WOODWORTH, SCOTT VAN |
17  | MICHAEL W. PERRY, A SCOTT | DELLEN, WILLIAM |
    | KEYS, LOUIS E. CALDERA, HUGH M. | ROTHMAN, JILL JACOBSON, |
18  | GRANT, PATRICK C. HADEN, | AND KEVIN CALLAN |
    | TERRANCE G. HODEL, ROBERT L. | [DEMAND FOR JURY TRIAL] |
19  | HUNT II, LYDIA H. KENNARD, | |
    | BRUCE G. WILLISON, JOHN | |
20  | OLINSKI, S. BLAIR ABERNATHY, | |
    | SAMIR GROVER, SIMON HEYRICK, | |
21  | VICTOR H. WOODWORTH, SCOTT | Judge: Hon. R. Gary Klausner |
    | VAN DELLEN, RICHARD KOON, | |
22  | KENNETH SHELLEM, WILLIAM | |
    | ROTHMAN, JILL JACOBSON, and | |
23  | KEVIN CALLAN, | |
    | | |
24  | Defendants. | |

25

26

27

28

MICHAEL W. PERRY, A. SCOTT KEYS, S. BLAIR ABERNATHY, JOHN OLINSKI, SAMIR GROVER, SIMON HEYRICK, VICTOR H. WOODWORTH, SCOTT VAN DELLEN, WILLIAM ROTHMAN, JILL JACOBSON, AND KEVIN CALLAN,

Counterclaimants,

v.

XL SPECIALTY INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, ACE AMERICAN INSURANCE COMPANY, ARCH INSURANCE COMPANY, AND AXIS INSURANCE COMPANY AND AGAINST COUNTERCLAIM DEFENDANTS CATLIN INSURANCE COMPANY, LTD., ZURICH AMERICAN INSURANCE COMPANY, TWIN CITY FIRE INSURANCE COMPANY, AND CONTINENTAL CASUALTY COMPANY,

Counterclaim
Defendants.

---

D. JEAN VETA (*pro hac vice to be filed*)
E-mail: jveta.cov.com
DENNIS B. AUERBACH (*pro hac vice*)
E-mail: dauerbach@cov.com
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, D.C. 20004
Phone: 202-662-6000
Fax: 202-662-6291

Attorneys for Michael W. Perry

JOHN CARLTON (SBN 88925)
E-mail: jcarlton@medranocarlton.com
MEDRANO & CARLTON
555 West Fifth Street, 31st Floor
Los Angeles, CA 90013
Phone: 213-996-8355
Fax: 213-996-8356

Attorneys for Defendant A. Scott Keys

MICHAEL W. FITZGERALD (SBN 127164)
E-mail: mwfitz@corbfitzlaw.com
CORBIN, FITZGERALD & ATHEY LLP
601 West Fifth Street, Suite 1150
Los Angeles, California 90071-2024
Phone: 213-612-0001
Fax: 213-612-0061

Attorneys for Defendants
John Olinski, Samir Grover, Simon Heyrick, Victor H. Woodworth, Scott Van Dellen, William Rothman, Jill Jacobson, And Kevin Callan

ROBERT H. FAIRBANK (SBN 76359)
E-mail: rfairbank@fairbankvincent.com
RICHARD GLUK (SBN 151675)
E-mail: rgluk@fairbankvincent.com
FAIRBANK & VINCENT
444 South Flower Street
Suite 3860
Los Angeles, CA 90071
Phone: 213-891-9010
Fax: 213-891-9011

Attorneys for Defendant S. Blair Abernathy

- 2 -

## JOINT COUNTERCLAIMS

Defendants/Counterclaimants Michael W. Perry, A. Scott Keys, S. Blair Abernathy, John Olinski, Samir Grover, Simon Heyrick, Victor H. Woodworth, Scott Van Dellen, William Rothman, Jill Jacobson, and Kevin Callan ("Counterclaimants") as and for their Joint Counterclaims ("Counterclaims") against Plaintiffs/Counterclaim Defendants XL Specialty Insurance Company, ACE American Insurance Company, Arch Insurance Company, and Axis Insurance Company and against Counterclaim Defendants Catlin Insurance Company, Ltd., Zurich American Insurance Company, Twin City Fire Insurance Company, and Continental Casualty Company, hereby allege as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1332, 2201, and 2202, because there is complete diversity of citizenship between Counterclaimants and the Counterclaim Defendants, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is an actual controversy between the parties. This Court also has jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1334(b), because they are related to the Chapter 7 bankruptcy case of IndyMac Bancorp, Inc., No. 08-bk-21752-BB (Bankr. C.D. Cal.). This Court also has jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1367(a), because they fall within the supplemental jurisdiction of this Court.

2.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(a).

### INTRODUCTION

3.      Counterclaimants are former officers and/or directors of IndyMac Bank, F.S.B., a bank formerly based in Pasadena, California and presently under receivership of the Federal Deposit Insurance Corporation, and IndyMac Bancorp, Inc. ("Bancorp"), its parent company, which has been placed in bankruptcy.

- 3 -

1  Counterclaimants are defendants in numerous lawsuits that assert claims against

2  them in their capacities as former officers and/or directors of the foregoing entities.

3       4.    Counterclaimants are insureds under two "towers" of directors and

4  officers liability insurance policies purchased by Bancorp, one providing coverage

5  during the policy period March 1, 2007 to March 1, 2008 (as hereinafter defined,

6  "07-08 Policies"), and the other providing coverage during the policy period March

7  1, 2008 to April 1, 2009 (as hereinafter defined, "08-09 Policies").  There are eight

8  policies in each "tower."

9       5.    None of the insurers that issued the 08-09 Policies has acknowledged

10  coverage under the 08-09 Policies for any of the underlying claims pending against

11  the Counterclaimants.  All of these insurers have relied on similar policy language

12  and legal theories to justify their refusals to acknowledge coverage.  However, only

13  the Plaintiffs/Counterclaim Defendants, which issued four of the eight 08-09

14  Policies, joined in the present action to seek a declaration regarding their coverage

15  obligations.  The other four insurers of the 08-09 Policies did not join this action as

16  plaintiffs.

17       6.    Accordingly, Counterclaimants are asserting these Counterclaims

18  against *all* of the insurers that issued the 08-09 Policies in order to obtain a

19  declaration of their coverage rights under *all* of the 08-09 Policies.

## THE PARTIES

### Counterclaimants

22       7.    Defendant/Counterclaimant Michael W. Perry ("Perry") is a resident

23  and citizen of the State of California.   Perry was the Chairman of the Board and

24  Chief Executive Officer of IndyMac Bancorp, Inc. from February 2002 to July

25  2008 and was a director of IndyMac Bancorp, Inc. from October 1997 to July 2008.

26       8.    Defendant/Counterclaimant A. Scott Keys ("Keys") is a resident and

27  citizen of the State of California.  Keys was the Chief Financial Officer of IndyMac

28  Bancorp, Inc. from March 2002 until April 24, 2008.

- 4 -

9. Defendant/Counterclaimant S. Blair Abernathy ("Abernathy") is a resident and citizen of the State of California. At all times relevant to this litigation, Abernathy was an officer or director of IndyMac Bancorp, Inc. and/or certain of its subsidiaries. The titles and positions Abernathy held at various times included Chief Financial Officer of IndyMac Bancorp, Inc., Executive Vice-President and Chief Investment Officer of IndyMac Bank, F.S.B., Chief Executive Officer and Chairman of the Board of IndyMac ABS, Inc., and Executive Vice President and Director of IndyMac MBS, Inc.

10. Scott W. Van Dellen ("Van Dellen") is a resident and citizen of the State of California. Van Dellen was, *inter alia,* an Executive Vice President of Indymac Bank, F.S.B., and CEO of the Homebuilders Division of Indymac Bank, F.S.B.

11. William Rothman ("Rothman") is a resident and citizen of the State of California. Rothman was, *inter alia,* a Senior Vice President of Indymac Bank, F.S.B., and President of the Major Builders Group within the Homebuilders Division of Indymac Bank, F.S.B.

12. John Olinski ("Olinski") is a resident and citizen of the State of California. Olinski was the Chairman of the Board, Chief Executive Officer and a Director of Indymac MBS. He was also an Executive Vice President in the Secondary Marketing & Retained Assets Group at Indymac Bank, F.S.B.

13. Samir Grover ("Grover") is a resident and citizen of the State of California. Grover was a Senior Vice President and (at one time) the Chief Financial Officer and Principal Accounting Officer of Indymac MBS. He was also a Senior Vice President in the Corporate Financial Planning Group at Indymac Bank, F.S.B.

14. Simon Heyrick ("Heyrick") is a resident and citizen of the State of California. Heyrick was a Senior Vice President and (at one time) the Chief Financial Officer and Principal Accounting Officer of Indymac MBS. He was also

- 5 -

1  a Senior Vice President and Chief Credit Officer in the Balance Sheet Group at
2  Indymac Bank, F.S.B.

3      15.   Victor Woodworth ("Woodworth") is a resident and citizen of the
4  State of California.  Woodworth was a Vice President and Assistant Secretary of
5  Indymac MBS.  He was also a Vice President and Senior Counsel in the Legal
6  Department of Indymac Bank, F.S.B.

7      16.   Jill Jacobson ("Jacobson") is a resident and citizen of the State of
8  California.  Jacobson was a Vice President of Secondary Markets of Indymac Bank,
9  F.S.B., and Vice President and Corporate Secretary of  Indymac ABS, Inc.

10     17.   Kevin Callan ("Callan") is a resident and citizen of the State of
11 California.  Callan was a First Vice President – Securities Corporation, which may
12 have been a title of Indymac Bank, F.S.B.  Mr. Callan served as CEO and Chairman
13 of the Board of Indymac Securities Corporation.

14     18.   Perry, Keys, Abernathy, Olinski, Grover, Heyrick, Woodworth, Van
15 Dellen, Rothman, Jacobson, and Callan are hereinafter referred to as the
16 "Counterclaimants."

17 **Plaintiffs/Counterclaim Defendants**

18     19.   Counterclaimants are informed and believe, and thereupon allege, that
19 Plaintiff/Counterclaim Defendant XL Specialty Insurance Company ("XL") is a
20 Delaware corporation with its principal place of business in the State of
21 Connecticut.

22     20.   Counterclaimants are informed and believe, and thereupon allege, that
23 Plaintiff/Counterclaim Defendant Arch Insurance Company ("Arch") is a Missouri
24 corporation with its principal place of business in the State of New York.

25     21.   Counterclaimants are informed and believe, and thereupon allege, that
26 Plaintiff/Counterclaim Defendant ACE American Insurance Company ("ACE") is a
27 Pennsylvania corporation with its principal place of business in Pennsylvania.

28

22.   Counterclaimants are informed and believe, and thereupon allege, that Plaintiff/Counterclaim Defendant AXIS Insurance Company ("AXIS") is an Illinois corporation with its principal place of business in the State of Georgia.

23.   On information and belief, at all relevant times each of the Plaintiffs/Counterclaim Defendants was authorized to do business as an insurer in the State of California and is doing business in the State of California.

**Additional Counterclaim Defendants**

24.   Counterclaimants are informed and believe, and thereupon allege, that Counterclaim Defendant Catlin Insurance Company, Ltd ("Catlin") is a British corporation with its principal place of business in London, United Kingdom.

25.   Counterclaimants are informed and believe, and thereupon allege, that Counterclaim Defendant Zurich American Insurance Company ("Zurich") is a New York corporation with its principal place of business in Schaumburg, Illinois.

26.   Counterclaimants are informed and believe, and thereupon allege, that Counterclaim Defendant Twin City Fire Insurance Company ("Twin City") is an Indiana corporation with its principal place of business in Hartford, Connecticut.

27.   Counterclaimants are informed and believe, and thereupon allege, that Counterclaim Defendant Continental Casualty Company ("CNA") is an Illinois corporation with its principal place of business in Chicago, Illinois.

28.   On information and belief, at all relevant times each of the additional Counterclaim Defendants was authorized to do business as an insurer in the State of California and is doing business in the State of California.

29.   Each of the additional Counterclaim Defendants is properly joined as a party herein pursuant to Federal Rule of Civil Procedure 19(a)(1)(B)(i), because each of these insurers claims an interest relating to the subject of the Counterclaims alleged herein against the Plaintiffs/Counterclaim Defendants and is so situated that disposing of the Counterclaims alleged herein against the Plaintiffs/Counterclaim

1   Defendants in their absence may, as a practical matter, impair or impede their

2   ability to protect their interest.

3       30.   With respect to the 08-09 London Policy described in paragraph 33

4   below, in which both non-party Lloyd's and Counterclaim Defendant Catlin

5   participate, joinder of Lloyd's is not required, because Clause XII of the 08-09

6   London Policy provides, in relevant part, that in a suit "instituted against any one of

7   the Underwriters upon this Policy, Underwriters will abide by the final decision of

8   such court or of any appellate court in the event of an appeal."

9       31.   XL, ACE, Arch, Axis, Catlin, Zurich, Twin City, and CNA, are

10   hereinafter referred to collectively as the "Counterclaim Defendants."

**THE POLICIES**

**The 08-09 Policies**

13       32.   Each of the Counterclaim Defendants either issued or (in the case of

14   Catlin) participates in one or more insurance policies issued to IndyMac Bancorp,

15   Inc. that provide coverage during the policy period March 1, 2008 to April 1, 2009.

16       33.   Exhibit 1 to the Counterclaims is a true and correct copy of a

17   "Directors, Officers and Company Liability Policy," Policy No. 509/QA11608, in

18   which Lloyd's and Catlin participate (hereinafter, the "08-09 London Policy").

19       34.   Exhibit 2 to the Counterclaims is a true and correct copy of a

20   "Financial Institutions Excess Insurance Policy," Policy No. DOC-9035134-01,

21   issued by Zurich (hereinafter, the "08-09 Zurich Policy").

22       35.   Exhibit 3 to the Counterclaims is a true and correct copy of  "The

23   Hartford Universal Excess$^{TM}$ Policy," Policy No. 00 DA 0248886-08, issued by

24   Twin City (hereinafter, the "08-09 Twin City Policy").

25       36.   Exhibit 4 to the Counterclaims is a true and correct copy of a "Excess

26   Insurance Policy," Policy No. DOX 287221440, issued by CNA (hereinafter, the

27   "08-09 CNA Policy").

28

CERTAIN DEFENDANTS' JOINT COUNTERCLAIMS

37.   XL issued a "Classic A-Side Management Liability Insurance Policy," Policy No. ELU103295-08 (hereinafter, the "08-09 XL Policy"). Exhibit A to the Plaintiffs' Complaint in the present action is a true and correct copy of the 08-09 XL Policy and is incorporated herein by reference.

38.   Exhibit 5 to the Counterclaims is a true and correct copy of an "Excess Insurance Policy," Policy No. ABX0020231-01, issued by Arch (hereinafter, the "08-09 Arch Policy").

39.   ACE issued an "Excess Liability Insurance Policy," Policy No. DOX G21681647 003 (hereinafter, the "08-09 ACE Policy"). Exhibit C to the Plaintiffs' Complaint in the present action is a true and correct copy of the 08-09 ACE Policy and is incorporated herein by reference.

40.   Axis issued a "SecurExcess Policy," Policy No. MNN 712064/01/2008 (hereinafter, the "08-09 Axis Policy"). Exhibit D to the Plaintiffs' Complaint in the present action is a true and correct copy of the 08-09 ACE Policy and is incorporated herein by reference.

41.   The insurance policies identified in paragraphs 33-40 of these Counterclaims are collectively referred to hereinafter as the "08-09 Policies."

**The 07-08 Policies**

42.   Counterclaim Defendants XL, ACE, Axis, Zurich, and non-parties Certain Underwriters at Lloyd's, London ("Lloyd's"), Lexington Insurance Company ("Lexington"), Federal Insurance Company ("Federal"), National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), and Axis Reinsurance Company ("Axis Re") issued insurance policies to IndyMac Bancorp, Inc. that provide coverage during the policy period March 1, 2007 to March 1, 2008.

43.   Exhibit 6 to the Counterclaims is a true and correct copy of a "Directors, Officers and Company Liability Policy," Policy No. 509/QA006807, in which Lloyd's and Lexington participate (hereinafter, the "07-08 London Policy").

1    44.    Exhibit 7 to the Counterclaims is a true and correct copy of a

2    "Financial Institutions Excess Insurance Policy," Policy No. DOC 9035134 00,

3    issued by Zurich (hereinafter, the "07-08 Zurich Policy").

4    45.    Exhibit 8 to the Counterclaims is a true and correct copy of an "Excess

5    Policy," Policy No. 8208-0386, issued by Federal (hereinafter, the "07-08 Federal

6    Policy").

7    46.    Exhibit 9 to the Counterclaims is a true and correct copy of an "Excess

8    Insurance Policy," Policy No. 966-82-76, issued by National Union (hereinafter, the

9    "07-08 National Union Policy").

10    47.    Exhibit 10 to the Counterclaims is a true and correct copy of a "Classic

11    A-Side Management Liability Insurance Policy," Policy No. ELU096700-07,

12    issued by XL (hereinafter, the "07-08 XL Policy").

13    48.    Exhibit 11 to the Counterclaims is a true and correct copy of an

14    "Excess Insurance Policy," Policy No. ABX0020231-00, issued by Arch

15    (hereinafter, the "07-08 Arch Policy").

16    49.    Exhibit 12 to the Counterclaims is a true and correct copy of an

17    "Excess Liability Insurance Policy," Policy No. DOX G21681647 002, issued by

18    ACE (hereinafter, the "07-08 ACE Policy").

19    50.    Exhibit 13 to the Counterclaims is a true and correct copy of an

20    "SecurExcess Policy," Policy No. MNN 712064/01/2008, issued by Axis Re

21    (hereinafter, the "07-08 Axis Re Policy").

22    51.    The insurance policies identified in paragraphs 43-50 of these

23    Counterclaims are collectively referred to hereinafter as the "07-08 Policies."

24    ## THE TRIPP LITIGATION

25    52.    Exhibit E to the Complaint in this action is a true and correct copy of

26    the currently operative complaint in *Wayman Tripp and Sven Mossberg v. IndyMac*

27    *Bancorp, Inc. and Michael W. Perry et al*, Case No. 07-cv-1635-GW (VBK), which

28    action is pending in the United States District Court for the Central District of

1    California and which is referred to herein as the "Tripp Litigation."  Exhibit E to

2    the Complaint in this action is incorporated herein by reference.

3         53.    Exhibit 14 to these Counterclaims is a true and correct copy of the

4    Second Amended Complaint in the Tripp Litigation.  Exhibit 14 is the last

5    amendment of the complaint in the Tripp Litigation prior to March 1, 2008.

6                        **THE UNDERLYING MATTERS**

7         54.    Exhibit 15 to these Counterclaims is a true and correct copy of the

8    currently operative complaint (excluding any attached exhibits) in *Daniels v.*

9    *Michael W. Perry et al*, Case No. 08-cv-5073, which action is pending in the United

10   States District Court for the Central District of California and which is referred to

11   herein as the "Daniels Litigation"  The currently operative complaint in *Daniels*

12   resulted from a consolidation of five lawsuits previously filed in the same court

13   between June 11, 2008 and August 1, 2008.

14        55.    Exhibit 16 to these Counterclaims is a true and correct copy of a letter

15   dated March 27, 2009 from Thomas D. Long to Michael W. Perry and others,

16   which is referred to herein as the "FDIC Demand."

17        56.    Exhibit G to the Complaint in this action is a true and correct copy of a

18   letter dated March 27, 2009 from Thomas D. Long to Kenneth Shellem, Scott Van

19   Dellen, and Richard S. Koon, II.  Exhibit G to the Complaint in this action is

20   incorporated herein by reference.  Exhibit H to the Complaint in this action is a true

21   and correct copy of the currently operative complaint in *FDIC v. Van Dellen, et al.*,

22   Case No. 2:10-cv-04915-DSF-SH, which action was commenced on July 2, 2010 in

23   the United States District Court for the Central District of California.  Exhibit H to

24   the Complaint in this action is incorporated herein by reference.  The claims alleged

25   in Exhibits G and H are referred to herein as the "FDIC-HBD Matter."

26        57.    Exhibit I to the Complaint in this action is a true and correct copy of a

27   letter dated May 28, 2009 from Alfred H. Siegel, which is referred to herein as the

28

1  "Trustee Demand."  Exhibit I to the Complaint in this action is incorporated herein
2  by reference.
3       58.    Exhibit J to the Complaint in this action is a true and correct copy of
4  the currently operative complaint in *Siegel v. Caldera, et al.*, Case No. 2:09-ap-
5  2645-BB, which action was commenced on November 13, 2009 in the United
6  States District Court for the Central District of California and which is referred to
7  herein as the "Trustee Litigation."  Exhibit J to the Complaint in this action is
8  incorporated herein by reference.
9       59.    Exhibit K to the Complaint in this action is a true and correct copy of
10  the original complaint in *IBEW Local 103 v. IndyMac Bank MBS, Inc.*, Case No.
11  BC405843, which action was commenced on January 20, 2009 in the California
12  Superior Court for Los Angeles County.  Exhibit K to the Complaint in this action
13  is incorporated herein by reference.
14       60.    Exhibit L to the Complaint in this action is a true and correct copy of
15  the currently operative complaint in *In re IndyMac Mortgage-Backed Securities*
16  *Litigation*, Case No. 09-civ-4583, which action is pending in the United States
17  District Court for the Southern District of New York and which is a consolidation
18  of two prior actions commenced on May 14, 2009 and June 14, 2009 in the same
19  court.  Exhibit L to the Complaint in this action is incorporated herein by reference.
20       61.    The lawsuits described in paragraphs 59-60 above are referred to
21  herein collectively as the "MBS Litigation."
22       62.    Exhibit M to the Complaint in this action is a true and correct copy of
23  the currently operative complaint in *MBIA Insurance Corporation v. IndyMac ABS,*
24  *Inc., et al.*, Case No. BC422358, which action was commenced on September 22,
25  2009 in the California Superior Court for Los Angeles County and which is referred
26  to herein as the "MBIA Litigation."  Exhibit M to the Complaint in this action is
27  incorporated herein by reference.
28

- 12 -

63.     Exhibit 17 to these Counterclaims is a true and correct copy of the currently operative complaint in *Assured Guaranty Municipal Corp. v. UBS Securities LLC, et al.*, Case No. BCC445785, which action was commenced on September 17, 2010 in the California Superior Court for Los Angeles County and which is referred to herein as the "Assured Guaranty Litigation."

64.     Exhibit 18 to these Counterclaims is a true and correct copy of the currently operative complaint in *Securities and Exchange Commission v. Michael W. Perry et al.*, Case No. CV11-01309-GHK (JCx), which action was commenced on February 11, 2011 in the United States District Court for the Central District of California and which is referred to herein as the "SEC Litigation."

65.     Exhibit 19 to these Counterclaims is a true and correct copy of the currently operative complaint in *Federal Deposit Insurance Corporation, as Receiver for IndyMac Bank, F.S.B. v. Michael Perry*, Case No. CV11-5561 ODW(MRWx), which action  was commenced on July 6, 2011 in the United States District Court for the Central District of California and which is referred to herein as the "FDIC Litigation."

66.     The letters and lawsuits described in paragraphs 54-65 above are collectively referred to hereinafter as the "Underlying Matters."

## NOTIFICATIONS

### Notices of Circumstances

67.     Exhibits 20 and 21 to these Counterclaims are true and correct copies of letters dated February 26, 2009 from Jarrett A. Williams.

68.     Each of the Counterclaim Defendants received either Exhibit 20 or Exhibit 21 during the policy period of its 08-09 Policy.

69.     Exhibits 22 and 23 to these Counterclaims are true and correct copies of letters dated March 30, 2009 from Jarrett A. Williams.

70.     Each of the Counterclaim Defendants received either Exhibit 22 or Exhibit 23 no later than April 1, 2009 by Federal Express overnight delivery.

- 13 -

71.  Exhibits 24 and 25 to these Counterclaims are true and correct copies of letters dated February 25, 2009 and February 27, 2009 from Jeffrey B. Clancy.

72.  Each of the Counterclaim Defendants received either Exhibit 24 or Exhibit 25 during the policy period of its 08-09 Policy.

73.  Exhibit 26 to these Counterclaims is a true and correct copy of a letter dated March 31, 2009 from Jeffrey B. Clancy.

74.  Each of the Counterclaim Defendants received Exhibit 26 no later than April 1, 2009 by Federal Express overnight delivery.

75.  Exhibits 27 and 28 to these counterclaims are true and correct copies of letters dated February 26, 2009 from Robert H. Fairbank.

76.  Each of the Counterclaim Defendants received either Exhibit 27 or Exhibit 28 during the policy period of its 08-09 Policy.

77.  Exhibits 29, 30, 31, and 32 are true and correct copies of letters from Robert H. Fairbank dated June 3, 2009 and August 21, 2009 providing the Counterclaim Defendants with notices of claims and notices of supplemental circumstances.

78.  Exhibits 33 and 34 are true and correct copies of letters dated February 26, 2009 from Michael W. Fitzgerald to each of the Counterdefendants.

79.  Each of the Counterclaim Defendants received either Exhibit 33 or Exhibit 34 during the policy period of its 08-09 Policy.

**Notices of Underlying Matters**

80.  During the policy period of its 08-09 Policy, each of the Counterclaim Defendants received written notice of the Daniels Litigation under its 08-09 Policy.

81.  Within 60 days of the end of the policy period of its 08-09 Policy, each of the Counterclaim Defendants received written notice of the FDIC Demand under its 08-09 Policy.

82.  With respect to each of the remaining Underlying Matters (*i.e.*, the Underlying Matters other than the Daniels Litigation and the FDIC Demand), each

- 14 -

1   of the Counterclaim Defendants received written notice of each such Underlying

2   Matter under its 08-09 Policy.

3   ## DENIALS OF COVERAGE

4       83.   None of the Counterclaim Defendants has acknowledged coverage for

5   any of the Underlying Matters under its 08-09 Policy.

6       84.   Each of the Counterclaim Defendants contends that there is no

7   coverage for any of the Underlying Matters under its 08-09 Policy.

8   ## FIRST COUNTERCLAIM

9   **(Declaration of Defense Obligation for the Daniels Litigation)**

10      85.   This Counterclaim is asserted by Counterclaimants Perry and Keys

11  (collectively, the "Daniels Insureds").

12      86.   Paragraphs 1-84 above are incorporated as though fully set forth

13  herein.

14      87.   The terms and conditions of the 08-09 Policies obligate each of the

15  Counterclaim Defendants to reimburse fees and expenses reasonably incurred by

16  Daniels Insureds to defend against the claims asserted against them in the Daniels

17  Litigation.  The Counterclaim Defendants are so obligated even though the 07-08

18  Policies also provide coverage for such fees and expenses, *i.e.*, the 07-08 Policies

19  and the 08-09 Policies provide concurrent coverage for defense costs in the Daniels

20  Litigation.

21      88.   All conditions precedent to coverage for the Daniels Litigation under

22  each of the 08-09 Policies have been performed or, in the alternative, have been

23  waived or excused.

24      89.   Accordingly, a present, actual controversy exists between the Daniels

25  Insureds, on the one hand, and the Counterclaim Defendants, on the other hand,

26  with respect to the Counterclaim Defendants' obligation to reimburse the Daniels

27  Insureds for fees and expenses that they have incurred and expect to incur in

28  connection with the defense of the Daniels Litigation.

- 15 -

1    WHEREFORE, the Daniels Insureds respectfully seek a declaration that the

2    08-09 Policies obligate each of the Counterclaim Defendants to reimburse each of

3    the Daniels Insureds for fees and expenses reasonably incurred in defending them

4    against the claims asserted against them in the Daniels Litigation.

5                              **SECOND COUNTERCLAIM**

6                **(Declaration of Defense Obligation for the FDIC Demand)**

7        90.    This Counterclaim is asserted by Counterclaimants Perry and Keys

8    (collectively, the "FDIC Demand Insureds").

9        91.    Paragraphs 1-84 above are incorporated as though fully set forth

10   herein.

11       92.    The terms and conditions of the 08-09 Policies obligate each of the

12   Counterclaim Defendants to reimburse fees and expenses reasonably incurred by

13   the FDIC Demand Insureds to defend against the claims asserted against them in

14   the FDIC Demand.  The Counterclaim Defendants are so obligated even though the

15   07-08 Policies also provide coverage for such fees and expenses, *i.e.*, the 07-08

16   Policies and the 08-09 Policies provide concurrent coverage for defense costs in the

17   FDIC Demand.

18       93.    All conditions precedent to coverage for the FDIC Demand under each

19   of the 08-09 Policies have been performed or, in the alternative, have been waived

20   or excused.

21       94.    Accordingly, a present, actual controversy exists between the FDIC

22   Demand Insureds, on the one hand, and the Counterclaim Defendants, on the other

23   hand, with respect to the Counterclaim Defendants' obligation to reimburse the

24   FDIC Demand Insureds for fees and expenses that they have incurred and expect to

25   incur in connection with the defense of the FDIC Demand.

26       WHEREFORE, the FDIC Demand Insureds respectfully seek a declaration

27   that the 08-09 Policies obligate each of the Counterclaim Defendants to reimburse

28

CERTAIN DEFENDANTS' JOINT COUNTERCLAIMS

1  each of the FDIC Demand Insureds for fees and expenses reasonably incurred in

2  defending them against the claims asserted against them in the FDIC Demand.

3  ### THIRD COUNTERCLAIM

4  **(Declaration of Defense Obligation for the FDIC-HBD Matter)**

5  95.    This Counterclaim is asserted by Counterclaimants Van Dellen and

6  Rothman (collectively, the "FDIC-HBD Matter Insureds").

7  96.    Paragraphs 1-84 above are incorporated as though fully set forth

8  herein.

9  97.    The terms and conditions of the 08-09 Policies obligate each of the

10  Counterclaim Defendants to reimburse fees and expenses reasonably incurred by

11  FDIC-HBD Matter Insureds to defend against the claims asserted against them in

12  the FDIC-HBD Matter.  The Counterclaim Defendants are so obligated even though

13  the 07-08 Policies also provide coverage for such fees and expenses, *i.e.*, the 07-08

14  Policies and the 08-09 Policies provide concurrent coverage for defense costs in the

15  FDIC-HBD Matter.

16  98.    All conditions precedent to coverage for the FDIC-HBD Matter under

17  each of the 08-09 Policies have been performed or, in the alternative, have been

18  waived or excused.

19  99.    Accordingly, a present, actual controversy exists between the FDIC-

20  HBD Matter Insureds, on the one hand, and the Counterclaim Defendants, on the

21  other hand, with respect to the Counterclaim Defendants' obligation to reimburse

22  the FDIC-HBD Matter Insureds for fees and expenses that they have incurred and

23  expect to incur in connection with the defense of the FDIC-HBD Matter.

24  WHEREFORE, the FDIC-HBD Matter Insureds respectfully seek a

25  declaration that the 08-09 Policies obligate each of the Counterclaim Defendants to

26  reimburse each of the FDIC-HBD Matter Insureds for fees and expenses reasonably

27  incurred in defending them against the claims asserted against them in the FDIC-

28  HBD Matter.

## FOURTH COUNTERCLAIM

### (Declaration of Defense Obligation for the Trustee Demand)

100. This Counterclaim is asserted by Counterclaimants Perry and Keys (collectively, the "Trustee Demand Insureds").

101. Paragraphs 1-84 above are incorporated as though fully set forth herein.

102. The terms and conditions of the 08-09 Policies obligate each of the Counterclaim Defendants to reimburse fees and expenses reasonably incurred by Trustee Demand Insureds to defend against the claims asserted against them in the Trustee Demand. The Counterclaim Defendants are so obligated even though the 07-08 Policies also provide coverage for such fees and expenses, *i.e.*, the 07-08 Policies and the 08-09 Policies provide concurrent coverage for defense costs in the Trustee Demand.

103. All conditions precedent to coverage for the Trustee Demand under each of the 08-09 Policies have been performed or, in the alternative, have been waived or excused.

104. Accordingly, a present, actual controversy exists between the Trustee Demand Insureds, on the one hand, and the Counterclaim Defendants, on the other hand, with respect to the Counterclaim Defendants' obligation to reimburse the Trustee Demand Insureds for fees and expenses that they have incurred and expect to incur in connection with the defense of the Trustee Demand.

WHEREFORE, the Trustee Demand Insureds respectfully seek a declaration that the 08-09 Policies obligate each of the Counterclaim Defendants to reimburse each of the Trustee Demand Insureds for fees and expenses reasonably incurred in defending them against the claims asserted against them in the Trustee Demand.

- 18 -

## FIFTH COUNTERCLAIM

### (Declaration of Defense Obligation for the Trustee Litigation)

105.   This Counterclaim is asserted by Counterclaimant Perry .

106.   Paragraphs 1-84 above are incorporated as though fully set forth herein.

107.   The terms and conditions of the 08-09 Policies obligate each of the Counterclaim Defendants to reimburse fees and expenses reasonably incurred by Perry to defend against the claims asserted against him in the Trustee Litigation. The Counterclaim Defendants are so obligated even though the 07-08 Policies also provide coverage for such fees and expenses, *i.e.*, the 07-08 Policies and the 08-09 Policies provide concurrent coverage for defense costs in the Trustee Litigation.

108.   All conditions precedent to coverage for the Trustee Litigation under each of the 08-09 Policies have been performed or, in the alternative, have been waived or excused.

109.   Accordingly, a present, actual controversy exists between Perry, on the one hand, and the Counterclaim Defendants, on the other hand, with respect to the Counterclaim Defendants' obligation to reimburse Perry for fees and expenses thathe has incurred and expects to incur in connection with the defense of the Trustee Litigation.

WHEREFORE,Perry respectfully seeks a declaration that the 08-09 Policies obligate each of the Counterclaim Defendants to reimburse Perry for fees and expenses reasonably incurred in defending him against the claims asserted against him in the Trustee Litigation.

## SIXTH COUNTERCLAIM

### (Declaration of Defense Obligation for the MBS Litigation)

110.   This Counterclaim is asserted by Counterclaimants Perry, Abernathy, Olinski, Grover, Heyrick, and Woodworth (collectively, the "MBS Insureds").

- 19 -

1      111.   Paragraphs 1-84 above are incorporated as though fully set forth

2  herein.

3      112.   The terms and conditions of the 08-09 Policies obligate each of the

4  Counterclaim Defendants to reimburse fees and expenses reasonably incurred by

5  MBS Insureds to defend against the claims asserted against them in the MBS

6  Litigation.  The Counterclaim Defendants are so obligated even though the 07-08

7  Policies also provide coverage for such fees and expenses, *i.e.*, the 07-08 Policies

8  and the 08-09 Policies provide concurrent coverage for defense costs in the MBS

9  Litigation.

10      113.   All conditions precedent to coverage for the MBS Litigation under

11  each of the 08-09 Policies have been performed or, in the alternative, have been

12  waived or excused.

13      114.   Accordingly, a present, actual controversy exists between the MBS

14  Insureds, on the one hand, and the Counterclaim Defendants, on the other hand,

15  with respect to the Counterclaim Defendants' obligation to reimburse the MBS

16  Insureds for fees and expenses that they have incurred and expect to incur in

17  connection with the defense of the MBS Litigation.

18      WHEREFORE, the MBS Insureds respectfully seek a declaration that the 08-

19  09 Policies obligate each of the Counterclaim Defendants to reimburse each of the

20  MBS Insureds for fees and expenses reasonably incurred in defending them against

21  the claims asserted against them in the MBS Litigation.

22  **SEVENTH COUNTERCLAIM**

23  **(Declaration of Defense Obligation for the MBIA Litigation)**

24      115.   This Counterclaim is asserted by Counterclaimants Perry, Keys,

25  Jacobson, and Callan (collectively, the "MBIA Insureds").

26      116.   Paragraphs 1-84 above are incorporated as though fully set forth

27  herein.

28

117. The terms and conditions of the 08-09 Policies obligate each of the Counterclaim Defendants to reimburse fees and expenses reasonably incurred by MBIA Insureds to defend against the claims asserted against them in the MBIA Litigation. The Counterclaim Defendants are so obligated even though the 07-08 Policies also provide coverage for such fees and expenses, *i.e.*, the 07-08 Policies and the 08-09 Policies provide concurrent coverage for defense costs in the MBIA Litigation.

118. All conditions precedent to coverage for the MBIA Litigation under each of the 08-09 Policies have been performed or, in the alternative, have been waived or excused.

119. Accordingly, a present, actual controversy exists between the MBIA Insureds, on the one hand, and the Counterclaim Defendants, on the other hand, with respect to the Counterclaim Defendants' obligation to reimburse the MBIA Insureds for fees and expenses that they have incurred and expect to incur in connection with the defense of the MBIA Litigation.

WHEREFORE, the MBIA Insureds respectfully seek a declaration that the 08-09 Policies obligate each of the Counterclaim Defendants to reimburse each of the MBIA Insureds for fees and expenses reasonably incurred in defending them against the claims asserted against them in the MBIA Litigation.

## EIGHTH COUNTERCLAIM

### (Declaration of Defense Obligation for the Assured Guaranty Litigation)

120. This Counterclaim is asserted by Counterclaimants Perry, Keys, Jacobson, and Callan (collectively, the "Assured Guaranty Insureds").

121. Paragraphs 1-84 above are incorporated as though fully set forth herein.

122. The terms and conditions of the 08-09 Policies obligate each of the Counterclaim Defendants to reimburse fees and expenses reasonably incurred by Assured Guaranty Insureds to defend against the claims asserted against them in the

- 21 -

1   Assured Guaranty Litigation.  The Counterclaim Defendants are so obligated even

2   though the 07-08 Policies also provide coverage for such fees and expenses, *i.e.*, the

3   07-08 Policies and the 08-09 Policies provide concurrent coverage for defense costs

4   in the Assured Guaranty Litigation.

5         123.   All conditions precedent to coverage for the Assured Guaranty

6   Litigation under each of the 08-09 Policies have been performed or, in the

7   alternative, have been waived or excused.

8         124.   Accordingly, a present, actual controversy exists between the Assured

9   Guaranty Insureds, on the one hand, and the Counterclaim Defendants, on the other

10   hand, with respect to the Counterclaim Defendants' obligation to reimburse the

11   Assured Guaranty Insureds for fees and expenses that they have incurred and

12   expect to incur in connection with the defense of the Assured Guaranty Litigation.

13        WHEREFORE, the Assured Guaranty Insureds respectfully seek a

14   declaration that the 08-09 Policies obligate each of the Counterclaim Defendants to

15   reimburse each of the Assured Guaranty Insureds for fees and expenses reasonably

16   incurred in defending them against the claims asserted against them in the Assured

17   Guaranty Litigation.

18                 **NINTH COUNTERCLAIM**

19       **(Declaration of Defense Obligation for the SEC Litigation)**

20         125.   This Counterclaim is asserted by Counterclaimants Perry and Keys

21   (collectively, the "SEC Litigation Insureds").

22         126.   Paragraphs 1-84 above are incorporated as though fully set forth

23   herein.

24         127.   The terms and conditions of the 08-09 Policies obligate each of the

25   Counterclaim Defendants to reimburse fees and expenses reasonably incurred by

26   the SEC Litigation Insureds to defend against the claims asserted against them in

27   the SEC Litigation.  The Counterclaim Defendants are so obligated even though the

28   07-08 Policies also provide coverage for such fees and expenses, *i.e.*, the 07-08

1    Policies and the 08-09 Policies provide concurrent coverage for defense costs in the

2    SEC Litigation.

3          128.   All conditions precedent to coverage for the SEC Litigation under each

4    of the 08-09 Policies have been performed or, in the alternative, have been waived

5    or excused.

6          129.   Accordingly, a present, actual controversy exists between the SEC

7    Litigation Insureds, on the one hand, and the Counterclaim Defendants, on the other

8    hand, with respect to the Counterclaim Defendants' obligation to reimburse the

9    SEC Litigation Insureds for fees and expenses that they have incurred and expect to

10   incur in connection with the defense of the SEC Litigation.

11         WHEREFORE, the SEC Litigation Insureds respectfully seek a declaration

12   that the 08-09 Policies obligate each of the Counterclaim Defendants to reimburse

13   them for fees and expenses reasonably incurred in defending them against the

14   claims asserted against them in the SEC Litigation.

15                        **TENTH COUNTERCLAIM**

16          **(Declaration of Defense Obligation for the FDIC Litigation)**

17         130.   This Counterclaim is asserted by Counterclaimant Perry.

18         131.   Paragraphs 1-84 above are incorporated as though fully set forth

19   herein.

20         132.   The terms and conditions of the 08-09 Policies obligate each of the

21   Counterclaim Defendants to reimburse fees and expenses reasonably incurred by

22   Perry to defend against the claims asserted against him in the FDIC Litigation.  The

23   Counterclaim Defendants are so obligated even though the 07-08 Policies also

24   provide coverage for such fees and expenses, *i.e.*, the 07-08 Policies and the 08-09

25   Policies provide concurrent coverage for defense costs in the FDIC Litigation.

26         133.   All conditions precedent to coverage for the FDIC Litigation under

27   each of the 08-09 Policies have been performed or, in the alternative, have been

28   waived or excused.

- 23 -

134.   Accordingly, a present, actual controversy exists between Perry, on the one hand, and the Counterclaim Defendants, on the other hand, with respect to the Counterclaim Defendants' obligation to reimburse Perry for fees and expenses that he has incurred and expects to incur in connection with the defense of the FDIC Litigation.

WHEREFORE, Perry respectfully seek a declaration that the 08-09 Policies obligate each of the Counterclaim Defendants to reimburse him for fees and expenses reasonably incurred in defending him against the claims asserted against him in the FDIC Litigation.

## ELEVENTH COUNTERCLAIM

### (Declaration of Indemnity Obligations for Underlying Matters)

135.   This Counterclaim is asserted by each of the Counterclaimants with respect to each of the Underlying Matters in which he is named as a defendant or demandee.

136.   Paragraphs 1-134 above are incorporated as though fully set forth herein.

137.   Counterclaimants contend that at least a potential for coverage exists under each of the 08-09 Policies for indemnity costs that may be incurred by them in the Underlying Matters, *i.e.*, for a settlement of, or adverse judgment in, each of the Underlying Matters.

138.   Each of the Counterclaim Defendants denies that there is any potential for coverage of indemnity costs that may be incurred by the Counterclaimants in the Underlying Matters under the 08-09 Policies.

139.   The Counterclaim Defendants' position that there is no potential for coverage of such indemnity costs is incorrect and prejudices the Counterclaimants by, among other things, impeding their ability to settle the Underlying Matters. However, whether the 08-09 Policies would provide coverage for a settlement of, or adverse judgment in, one of the Underlying Matters may depend on the terms of the

1   settlement or the ground(s) upon which an adverse judgment is rendered.  At

2   present, no such settlement of an Underlying Matter has been made, nor has any

3   adverse judgment been entered against any of the Counterclaimants in an

4   Underlying Matter.

5       WHEREFORE, to the extent that the issue may be ripe for adjudication,

6   Counterclaimants respectfully seeks a declaration concerning the obligations of

7   each of the Counterclaim Defendants under the 08-09 Policies with respect to

8   indemnity coverage for each of the Underlying Matters.

9                        **TWELFTH COUNTERCLAIM**

10            **(Declaration Regarding Compulsory Nature of Other Claims)**

11      140.   This Counterclaim is asserted by all of the Counterclaimants.

12      141.   Paragraphs 1-139 above are incorporated as though fully set forth

13  herein.

14      142.   The Complaint in this action does not seek any declarations or other

15  adjudication regarding coverage for any matter under the 07-08 Policies or any

16  matter under the 08-09 Policies not included in the Underlying Matters.

17      143.   However, Federal Rule of Civil Procedure 13(a)(1) requires a

18  defendant to state as a counterclaim "any claim that -- at the time of its service --

19  the pleader has against an opposing party if the claim: (A) arises out of the

20  transaction or occurrence that is the subject matter of the opposing party's claim

21  ...."

22      144.   Counterclaimants are uncertain whether Federal Rule of Civil

23  Procedure 13(a)(1), or any other Rule or legal doctrine (including doctrines of res

24  judicata and claim preclusion), requires that they assert as a compulsory

25  counterclaim in the present action any claims they may have against the

26  Counterclaim Defendants regarding their entitlement to coverage under the 07-08

27  Policies for any matters noticed thereunder, or regarding their entitlement to

28  coverage under the 08-09 Policies for any matters other than the Underlying

1   Matters, in order to avoid being precluded from asserting such claims in a

2   subsequent action.

3       WHEREFORE, Counterclaimants respectfully seek a declaration that they

4   need not assert in this action any claims they may have against the Counterclaim

5   Defendants regarding their entitlement to coverage under the 07-08 Policies, or

6   regarding their entitlement to coverage under the 08-09 Policies for any matters

7   other than the Underlying Matters, in order to avoid being precluded from asserting

8   such claims in a subsequent action.  In the event Counterclaimants are not entitled

9   to such a declaration, Counterclaimants respectfully seek a declaration regarding

10  their entitlement to coverage under the 07-08 Policies for all claims against any of

11  them that have been noticed under the 07-08 Policies and under the 08-09 Policies

12  for any claims against any of them that have been noticed under the 08-09 Policies

13  but not included in the Underlying Matters.

14                    **PRAYER FOR RELIEF**

15      WHEREFORE, the Counterclaimants pray for judgment against the

16  Counterclaim Defendants on each of the Counterclaims asserted herein for all such

17  relief as may be just and proper under the circumstances.

18                  **DEMAND FOR JURY TRIAL**

19          Counterclaimants hereby demand a trial by jury on their Counterclaims

20  to the extent authorized by law.

21

22  DATED:  July 20, 2011              Respectfully submitted,

23                                     PEITZMAN WEG & KEMPINSKY LLP

24                                     By:

25                                         John C. Keith

26                                     Attorneys for Defendant/Counterclaimant
                                        MICHAEL W. PERRY
27

28

1

2

MEDRANO & CARLTON

3

By:_____
        John Carlton

4

5

Attorneys for Defendant/Counterclaimant
A. SCOTT KEYS

6

7

FAIRBANK & VINCENT

8

9

By: _Robert H. Fairbank_ /jk
        Robert H. Fairbank

10

11

Attorneys for Defendant/Counterclaimant
S. BLAIR ABERNATHY

12

13

CORBIN, FITZGERALD & ATHEY LLP

14

15

16

By: _Michael W. Fitzgerald_ /jk
        Michael W. Fitzgerald

17

18

19

20

Attorneys for Defendants/Counterclaimants
JOHN OLINSKI, SAMIR GROVER,
SIMON HEYRICK, VICTOR H.
WOODWORTH, SCOTT VAN DELLEN,
WILLIAM ROTHMAN, JILL JACOBSON,
AND KEVIN CALLAN

21

22

23

24

25

26

27

28

- 27 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEDRANO & CARLTON

By: _____
John Carlton

Attorneys for Defendant/Counterclaimant
A. SCOTT KEYS


FAIRBANK & VINCENT

By: _____
Robert H. Fairbank

Attorneys for Defendant/Counterclaimant
S. BLAIR ABERNATHY


CORBIN, FITZGERALD & ATHEY LLP


By: _____
Michael W. Fitzgerald

Attorneys for Defendants/Counterclaimants
JOHN OLINSKI, SAMIR GROVER,
SIMON HEYRICK, VICTOR H.
WOODWORTH, SCOTT VAN DELLEN,
WILLIAM ROTHMAN, JILL JACOBSON,
AND KEVIN CALLAN

- 27 -