

1   JOHN S. DURRANT (SB# 217345)
    johndurrant@paulhastings.com
2   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    515 S. Flower Street, 25th Floor
3   Los Angeles, CA 90071
    Telephone: (213) 683-6144
4   Facsimile: (213) 996-3144

5   KIRBY D. BEHRE (*Pro hac vice application pending)
    E-mail: kirbybehre@paulhastings.com
6   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    875 15th Street, N.W.
7   Washington, DC 20005
    Telephone: (202) 551-1700
8   Facsimile: (202) 551-1705

9   Attorneys for Defendants RICHARD KOON AND
    KENNETH SHELLEM

10

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13                     WESTERN DIVISION

14

15   XL SPECIALTY INSURANCE              2:11-CV-2078-RGK (JCG)
     COMPANY, ARCH INSURANCE
16   COMPANY, ACE AMERICAN              The Honorable R. Gary Klausner
     INSURANCE COMPANY, and AXIS
17   INSURANCE COMPANY,                 ANSWER AND
                        Plaintiff,      COUNTERCLAIMS OF
18                                      DEFENDANTS/COUNTER-
     v.                                 CLAIMANTS RICHARD KOON
19                                      AND KENNETH SHELLEM
     MICHAEL W. PERRY, A. SCOTT
20   KEYS, LOUIS E. CALDERA, LYLE E
     GRAMLEY, HUGH M. GRANT,
21   PATRICK C. HADEN, TERRANCE G.
     HODEL, ROBERT L. HUNT II, LYDIA
22   H. KENNARD, BRUCE G. WILLISON,
     JOHN OLINSKI, S. BLAIR
23   ABERNATHY, SAMIR GROVER,
     SIMON HEYRICK, VICTOR H.
24   WOODWORTH, SCOTT VAN
     DELLEN, RICHARD KOON,
25   KENNETH SHELLEM, WILLIAM
     ROTHMAN, JILL JACOBSON, and
26   KEVIN CALLAN,

27                      Defendants.

28

    KENNETH SHELLEM AND RICHARD KOON'S ANSWER TO COMPLAINT; COUNTERCLAIMS

1   RICHARD KOON and KENNETH SHELLEM,

2

3                    Counterclaimants,

4   v.

5   XL SPECIALTY INSURANCE COMPANY, ARCH INSURANCE

6   COMPANY, ACE AMERICAN INSURANCE COMPANY, and AXIS

7   INSURANCE COMPANY,

8                    Counterclaim Defendants.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KENNETH SHELLEM AND RICHARD KOON'S ANSWER TO COMPLAINT; COUNTERCLAIMS

# ANSWER

Defendants Kenneth Shellem ("Shellem") and Richard Koon ("Koon") respectfully submit this Answer to Plaintiff's Complaint. Shellem and Koon deny the allegations of the Complaint except as expressly admitted below.

1.    Shellem and Koon admit that the Complaint purports to be a declaratory relief action filed by Plaintiffs seeking to resolve an actual controversy over the existence of insurance coverage.

2.    Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and on that basis, deny each and every allegation.

3.    Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and on that basis, deny each and every allegation.

4.    Shellem and Koon deny that the 08-09 Side A Policies are the only relevant insurance policies issued by Plaintiffs. To the extent this paragraph purports to quote a document, the document speaks for itself.

5.    Shellem and Koon admit that after the inception dates of the 08-09 Side A Policies a number of actions were initiated. However, Shellem and Koon were named as defendants only in the action defined in the Complaint as the FDIC Litigation. Accordingly, Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 5 other than those related to those specified actions and on that basis deny each and every such allegation. With respect to those specified actions, the complaint therein is the best evidence of their terms, and on that basis, Shellem and Koon deny each and every allegation in Paragraph 5 related to said complaints.

6.    Shellem and Koon deny each and every allegation of Paragraph 6 of the Complaint.

7.     Shellem and Koon deny each and every allegation of Paragraph 7 of the Complaint.  In particular, Shellem and Koon deny that there is no coverage for the FDIC Litigation under the 08-09 Side A Policies.

## PARTIES

8.     Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and upon that basis deny each and every such allegation.

9.     Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and upon that basis deny each and every such allegation.

10.     Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and upon that basis deny each and every such allegation.

11.     Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and upon that basis deny each and every such allegation.

12.     Shellem and Koon admit that Plaintiffs provided Side A insurance coverage to Shellem and Koon for the policy period from March 1, 2007 to April 1, 2009.  Shellem and Koon admit that they were officers of Indymac Bank, F.S.B., and/or an insured subsidiary.  Shellem and Koon do not have knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 12 and, on that basis, deny each and every such allegation.

13.     Shellem and Koon admit that Defendant Perry was the Chairman of the Board and Chief Executive Officer of Bancorp.  Shellem and Koon do not have knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 13 and, on that basis, deny such allegations.

14.     Shellem and Koon admit that Defendant Keys was the Chief Financial Officer of the Bank.  Shellem and Koon do not have knowledge or information

- 4 -

1    sufficient to form a belief as to the truth of the other allegations in Paragraph 14

2    and, on that basis, deny such allegations.

3         15.    Shellem and Koon admit that Defendant Caldera served as a director

4    of the Bank and Bancorp.  Shellem and Koon do not have knowledge or

5    information sufficient to form a belief as to the truth of the other allegations in

6    Paragraph 15 and, on that basis, deny each and every such allegation.

7         16.    Shellem and Koon admit that Defendant Gramley served as a director

8    of the Bank and Bancorp.  Shellem and Koon do not have knowledge or

9    information sufficient to form a belief as to the truth of the other allegations in

10   Paragraph 16 and, on that basis, deny each and every such allegation.

11        17.    Shellem and Koon admit that Defendant Grant served as a director of

12   the Bank and Bancorp.  Shellem and Koon do not have knowledge or information

13   sufficient to form a belief as to the truth of the other allegations in Paragraph 17

14   and, on that basis, deny each and every such allegation.

15        18.    Shellem and Koon admit that Defendant Haden served as a director of

16   the Bank and Bancorp.  Shellem and Koon do not have knowledge or information

17   sufficient to form a belief as to the truth of the other allegations in Paragraph 18

18   and, on that basis, deny each and every such allegation.

19        19.    Shellem and Koon admit that Defendant Hodel served as a director of

20   the Bank and Bancorp.  Shellem and Koon do not have knowledge or information

21   sufficient to form a belief as to the truth of the other allegations in Paragraph 19

22   and, on that basis, deny each and every such allegation.

23        20.    Shellem and Koon admit that Defendant Hunt served as a director of

24   the Bank and Bancorp.  Shellem and Koon do not have knowledge or information

25   sufficient to form a belief as to the truth of the other allegations in Paragraph 20

26   and, on that basis, deny each and every such allegation.

27

28

21.     Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and upon that basis deny each and every such allegation.

22.     Shellem and Koon admit that Defendant Willison served as a director of Bancorp.  Shellem and Koon do not have knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 22 and, on that basis, deny each and every such allegation.

23.     Shellem and Koon admit that Defendant Olinski served as Executive Vice President of the Bank.  Shellem and Koon do not have knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 15 and, on that basis, deny each and every such allegation.

24.     Shellem and Koon admit that defendant S. Blair Abernathy was an officer of Bank or Bancorp.  Apart from this admission, Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and upon that basis deny each and every such allegation.

25.     Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and upon that basis deny each and every such allegation.

26.     Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and upon that basis deny each and every such allegation.

27.     Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and upon that basis deny each and every such allegation.

28.     Shellem and Koon admit that Defendant Scott Van Dellen was the President of IndyMac Bank's Home Builders Division.  Apart from this admission, Shellem and Koon lack knowledge and information sufficient to form a belief as to

- 6 -

1    the truth of the allegations in Paragraph 28, and upon that basis deny each and

2    every such allegation.

3           29.     Shellem and Koon admit the allegations of paragraph 29.

4           30.     Shellem and Koon aver that Shellem was the Chief Credit Officer of

5    IndyMac Bank's Home Builders Division.  Shellem and Koon admit that Mr.

6    Shellem is a resident of the state of California.

7           31.     Shellem and Koon aver that defendant William Rothman was the

8    Chief Lending Officer of of IndyMac Bank's Home Builders Division.  Apart from

9    this admission, Shellem and Koon lack knowledge and information sufficient to

10   form a belief as to the truth of the allegations in Paragraph 31, and upon that basis

11   deny each and every such allegation

12          32.     Shellem and Koon lack knowledge and information sufficient to form

13   a belief as to the truth of the allegations in Paragraph 32, and upon that basis deny

14   each and every such allegation.

15          33.     Shellem and Koon lack knowledge and information sufficient to form

16   a belief as to the truth of the allegations in Paragraph 33, and upon that basis deny

17   each and every such allegation.

18          34.     Shellem and Koon lack knowledge and information sufficient to form

19   a belief as to the truth of the allegations in Paragraph 34, and upon that basis deny

20   each and every such allegation.

21                        **JURISDICTION AND VENUE**

22          35.     Shellem and Koon admit that this action is brought pursuant to 28

23   U.S.C. §§ 1332, 2201 and 2202.

24          36.     Shellem and Koon admit that there is an actual controversy among the

25   parties.  However, Shellem and Koon lack knowledge and information sufficient to

26   form a belief as to the truth of the remainder of the allegations in Paragraph 36 and

27   upon that basis deny each and every such allegation.

28

37.     Shellem and Koon admit the allegations of Paragraph 37 of the Complaint.

## THE POLICIES

### The 08-09 XL Side A Policy

38.     Shellem and Koon allege that XL Specialty Insurance Company Policy No. ELU103295-08 is a written document that speaks for itself and further admit that Exhibit A is a copy of the 08-09 XL Side A Policy.

39.     To the extent this paragraph purports to quote a document, the document speaks for itself.

40.     To the extent this paragraph purports to quote a document, the document speaks for itself.

41.     To the extent this paragraph purports to quote a document, the document speaks for itself.

42.     To the extent this paragraph purports to quote a document, the document speaks for itself.

43.     To the extent this paragraph purports to quote a document, the document speaks for itself.

### The 08-09 Arch Side A Policy

44.     Shellem and Koon allege that the 08-09 Arch Side A Policy is a written document and is the best evidence of its terms and admit that Exhibit B is a copy of the 08-09 Arch Side A Policy except insofar as it is missing Endorsement 1.

45.     To the extent this paragraph purports to quote a document, the document speaks for itself.

46.     To the extent this paragraph purports to quote a document, the document speaks for itself.

47.     To the extent this paragraph purports to quote a document, the document speaks for itself.

48.    To the extent this paragraph purports to quote a document, the document speaks for itself.

**The 08-09 ACE Side A Policy**

49.    Shellem and Koon allege that the 08-09 ACE Side A Policy is a written document and is the best evidence of its terms and admit that Exhibit C is a copy of the 08-09 ACE Side A Policy.

50.    To the extent this paragraph purports to quote a document, the document speaks for itself.

51.    To the extent this paragraph purports to quote a document, the document speaks for itself.

52.    Shellem and Koon admit the allegations of Paragraph 52 of the Complaint.

53.    To the extent this paragraph purports to quote a document, the document speaks for itself.  Shellem and Koon deny that said language is the only relevant part of Section II of the 08-09 ACE Side A Policy.  Apart from this admission, Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 53, and upon that basis deny each and every such allegation

**The 08-09 AXIS Side A Policy**

54.    Shellem and Koon allege that the 08-09 AXIS Side A Policy is a written document and is the best evidence of its terms and admit that Exhibit D is a copy of the 08-09 Axis Side A Policy.

55.    To the extent this paragraph purports to quote a document, the document speaks for itself.  Shellem and Koon further allege that the "Underlying Insurance" is specifically alleged to be "DIC Underlying Insurance."

56.    Shellem and Koon admit the allegations of Paragraph 56 of the Complaint.

57.     Shellem and Koon admit the allegations of Paragraph 57 of the Complaint, except Shellem and Koon allege that the 08-09 AXIS Side A Policy states that the policies referenced are "Underlying Side A DIC Policies."

**The 07-08 XL Side A Policy**

58.     Shellem and Koon admit that XL Specialty issued a Side A Policy for the 07-08 Policy Period, that this policy affords coverage to Shellem and Koon, and allege that the written policy is the best evidence of its terms and conditions.

**The 07-08 Arch Side A Policy**

59.     Shellem and Koon admit that Arch Insurance Company issued a Side A Policy for the 07-08 Policy Period, that this policy affords coverage to Shellem and Koon, and allege that the written policy is the best evidence of its terms and conditions.

**The 07-08 ACE Side A Policy**

60.     Shellem and Koon admit that ACE American Insurance Company issued a Side A Policy for the 07-08 Policy Period, that this policy affords coverage to Shellem and Koon, and allege that the written policy is the best evidence of its terms and conditions.

**The 07-08 AXIS Side A Policy**

61.     Shellem and Koon admit that AXIS Reinsurance Company issued a Side A Policy for the 07-08 Policy Period, that this policy affords coverage to Shellem and Koon, and allege that the written policy is the best evidence of its terms and conditions.

62.     Shellem and Koon admit that Plaintiffs are not seeking declarations regarding coverage under the 07-08 Side A Policies, but deny each and every other allegation of Paragraph 62 of the Complaint.

# THE UNDERLYING MATTERS

63.     Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 63, and upon that basis deny each and every such allegation.

64.     Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 64, and upon that basis deny each and every such allegation.

65.     Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 65, and upon that basis deny each and every such allegation.

66.     Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 66, and upon that basis deny each and every such allegation.

67.     Shellem and Koon admit that on July 11, 2008, the Office of Thrift Supervision seized IndyMac Bank, F.S.B.  Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 67 of the Complaint, and upon that basis deny each and every such allegation.

68.     Shellem and Koon admit that on July 31, 2008, IndyMac Bancorp, Inc. filed a petition for bankruptcy in the United States Bankruptcy Court for the Central District of California, but Shellem and Koon allege that said petition is the best evidence of its terms, and upon that basis deny each and every other allegation of Paragraph 68 of the Complaint.

69.     Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 69, and upon that basis deny each and every such allegation.

1

### The Tripp Litigation

2     70.    Shellem and Koon lack knowledge and information sufficient to form

3 a belief as to the truth of the allegations in Paragraph 70, and upon that basis deny

4 each and every such allegation.

5     71.    Shellem and Koon lack knowledge and information sufficient to form

6 a belief as to the truth of the allegations in Paragraph 71, and upon that basis deny

7 each and every such allegation.

8     72.    Shellem and Koon deny the allegations of Paragraph 72 of the

9 Complaint.

10 ### Subsequent Notices

11     73.    Shellem and Koon lack knowledge and information sufficient to form

12 a belief as to the truth of the allegations in Paragraph 73, and upon that basis deny

13 each and every such allegation.

14 ### The Daniels Litigation

15     74.    Shellem and Koon lack knowledge and information sufficient to form

16 a belief as to the truth of the allegations in Paragraph 74, and upon that basis deny

17 each and every such allegation.

18     75.    Shellem and Koon lack knowledge and information sufficient to form

19 a belief as to the truth of the allegations in Paragraph 75, and upon that basis deny

20 each and every such allegation.

21 ### The FDIC Litigation

22     76.    Shellem and Koon admit that Nossaman LLO, counsel for the FDIC,

23 sent a letter to Shellem and Koon on March 27, 2009.  To the extent this paragraph

24 purports to quote a document, the document speaks for itself.

25     77.    Shellem and Koon admit that allegations in paragraph 77.

26

27

28

### The Siegel Litigation

78.     Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 78, and on that basis deny each and every such allegation.

79.     Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 79, and on that basis deny each and every such allegation.

### The MBS Litigation

80.     Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 80, and on that basis deny each and every such allegation.

81.     Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 81, and on that basis deny each and every such allegation.

82.     Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 82, and on that basis deny each and every such allegation.

83.     Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 83, and on that basis deny each and every such allegation.

### The MBIA Litigation

84.     Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 84, and on that basis deny each and every such allegation.

### The Assured Guaranty Litigation

85.     Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 85, and on that basis deny each and every such allegation.

- 13 -

**Controversy and Ripeness**

86.     Shellem and Koon admit that they have sought coverage for their respective actions.  Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 86 of the Complaint, and upon that basis deny each and every such allegation.

87.     Shellem and Koon admit that Plaintiffs have denied coverage under the 08-09 Side A Policies for the FDIC Litigation.  Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 87 of the Complaint, and upon that basis deny each and every such allegation.

88.     Shellem and Koon admit that they have "taken issue" with the Plaintiffs' position on coverage under the 08-09 Side A Policies for the FDIC Litigation.  Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 88 of the Complaint, and upon that basis deny each and every such allegation.

89.     Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 89, and on that basis deny each and every such allegation.

**ANSWER TO FIRST CAUSE OF ACTION**

**(DECLARATION OF NO COVERAGE UNDER THE 08-09 SIDE A POLICIES FOR THE DANIELS LITIGATION)**

90.     Shellem and Koon incorporate by reference each and every statement in Paragraphs 1-89 above.

91.     Shellem and Koon admit that an actual controversy exists between Shellem and Koon and Plaintiffs regarding certain positions on coverage under the 08-09 Side A Policies for the Trustee Litigation.  Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of the

1   remaining allegations in Paragraph 91, and upon that basis deny each and every

2   such allegation.

3       92.    Shellem and Koon lack knowledge and information sufficient to form

4   a belief as to the truth of the allegations in Paragraph 92, and upon that basis deny

5   each and every such allegation.

6       93.    Shellem and Koon lack knowledge and information sufficient to form

7   a belief as to the truth of the allegations in Paragraph 93, and upon that basis deny

8   each and every such allegation.

9       94.    Shellem and Koon lack knowledge and information sufficient to form

10   a belief as to the truth of the allegations in Paragraph 94, and upon that basis deny

11   each and every such allegation.

12       95.    Shellem and Koon lack knowledge and information sufficient to form

13   a belief as to the truth of the allegations in Paragraph 95, and upon that basis deny

14   each and every such allegation.

15       96.    Shellem and Koon lack knowledge and information sufficient to form

16   a belief as to the truth of the allegations in Paragraph 96, and upon that basis deny

17   each and every such allegation.

18       97.    Shellem and Koon lack knowledge and information sufficient to form

19   a belief as to the truth of the allegations in Paragraph 97, and upon that basis deny

20   each and every such allegation.

21   **ANSWER TO SECOND CAUSE OF ACTION**

22   **(DECLARATION OF NO COVERAGE UNDER THE 08-09 SIDE A**

23   **POLICIES FOR THE FDIC LITIGATION)**

24       98.    Shellem and Koon incorporate by reference each and every statement

25   in Paragraphs 1-89 above.

26       99.    Shellem and Koon admit that an actual controversy exists between

27   them and Plaintiffs regarding certain positions on coverage under the 08-09 Side A

28   Policies for the FDIC Litigation.

- 15 -

100.   Shellem and Koon deny each and every allegation in Paragraph 100.

101.   Shellem and Koon deny that the FDIC Litigation is based only upon, arises only out of, only directly or indirectly resulted from, is only in consequence of, or only involves the Tripp Litigation or facts, circumstances or situations, transactions, events or wrongful acts or series of facts, circumstances, situations, events or transactions underlying or alleged in the Tripp Litigation. Accordingly, Shellem and Koon deny each and every allegation contained in the second sentence of Paragraph 101 of the Complaint.

102.   Shellem and Koon deny that the FDIC Litigation is based only upon, arises only out of, only directly or indirectly resulted from, is only in consequence of, or only involves facts, circumstances or situations, transactions, events or wrongful acts which, before the Inception Date of the 08-09 Side A Policies, was the subject of any notice given under any other management liability insurance, directors' and officers' insurance, or any similar insurance.  Accordingly, Shellem and Koon deny each and every allegation contained in the second sentence of Paragraph 102 of the Complaint.

103.   Shellem and Koon deny that the FDIC Litigation arises only from the same Interrelated Wrongful Acts as the Tripp Litigation.  Accordingly, Shellem and Koon deny each and every allegation contained in the second sentence of Paragraph 103 of the Complaint.

104.   Shellem and Koon admit the allegations of Paragraph 104.

105.   Shellem and Koon admit the allegations of Paragraph 105.

## ANSWER TO THIRD CAUSE OF ACTION

## (DECLARATION OF NO COVERAGE UNDER THE 08-09 SIDE A POLICIES FOR THE SIEGAL LITIGATION)

106.   Shellem and Koon incorporate by reference each and every statement in Paragraphs 1-89 above.

- 16 -

107.   Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of allegations in Paragraph 107 of the Complaint, and upon that basis deny each and every such allegation.

108.   Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of allegations in Paragraph 108 of the Complaint, and upon that basis deny each and every such allegation.

109.   Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of allegations in Paragraph 109 of the Complaint, and upon that basis deny each and every such allegation.

110.   Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of allegations in Paragraph 110 of the Complaint, and upon that basis deny each and every such allegation.

111.   Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of allegations in Paragraph 111 of the Complaint, and upon that basis deny each and every such allegation.

112.   Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of allegations in Paragraph 112 of the Complaint, and upon that basis deny each and every such allegation.

113.   Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of allegations in Paragraph 113 of the Complaint, and upon that basis deny each and every such allegation.

114.   Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of allegations in Paragraph 114 of the Complaint, and upon that basis deny each and every such allegation.

## ANSWER TO FOURTH CAUSE OF ACTION

## (DECLARATION OF NO COVERAGE UNDER THE 08-09 SIDE A POLICIES FOR THE MBS LITIGATION)

- 17 -

115.   Shellem and Koon incorporate by reference each and every statement in Paragraphs 1-89 above.

116.   Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of allegations in Paragraph 116 of the Complaint, and upon that basis deny each and every such allegation.

117.   Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of allegations in Paragraph 117 of the Complaint, and upon that basis deny each and every such allegation.

118.   Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of allegations in Paragraph 118 of the Complaint, and upon that basis deny each and every such allegation.

119.   Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of allegations in Paragraph 119 of the Complaint, and upon that basis deny each and every such allegation.

120.   Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of allegations in Paragraph 120 of the Complaint, and upon that basis deny each and every such allegation.

121.   Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of allegations in Paragraph 121 of the Complaint, and upon that basis deny each and every such allegation.

122.   Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of allegations in Paragraph 121 of the Complaint, and upon that basis deny each and every such allegation.

## ANSWER TO FIFTH CAUSE OF ACTION

## (DECLARATION OF NO COVERAGE UNDER THE 08-09 SIDE A POLICIES FOR THE MBIA LITIGATION)

123.   Shellem and Koon incorporate by reference each and every statement in Paragraphs 1-89 above.

- 18 -

124.   Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of allegations in Paragraph 124 of the Complaint, and upon that basis deny each and every such allegation.

125.   Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of allegations in Paragraph 125 of the Complaint, and upon that basis deny each and every such allegation.

126.   Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of allegations in Paragraph 126 of the Complaint, and upon that basis deny each and every such allegation.

127.   Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of allegations in Paragraph 127 of the Complaint, and upon that basis deny each and every such allegation.

128.   Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of allegations in Paragraph 128 of the Complaint, and upon that basis deny each and every such allegation.

129.   Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of allegations in Paragraph 129 of the Complaint, and upon that basis deny each and every such allegation.

130.   Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of allegations in Paragraph 130 of the Complaint, and upon that basis deny each and every such allegation.

131.   **ANSWER TO SIXTH CAUSE OF ACTION**

**(DECLARATION OF NO COVERAGE UNDER THE 08-09 SIDE A POLICIES FOR THE ASSURED GUARANTY LITIGATION)**

132.   Shellem and Koon incorporate by reference each and every statement in Paragraphs 1-89 above.

- 19 -

133.   Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of allegations in Paragraph 133 of the Complaint, and upon that basis deny each and every such allegation.

134.   Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of allegations in Paragraph 134 of the Complaint, and upon that basis deny each and every such allegation.

135.   Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of allegations in Paragraph 135 of the Complaint, and upon that basis deny each and every such allegation.

136.   Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of allegations in Paragraph 136 of the Complaint, and upon that basis deny each and every such allegation.

137.   Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of allegations in Paragraph 137 of the Complaint, and upon that basis deny each and every such allegation.

138.   Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of allegations in Paragraph 138 of the Complaint, and upon that basis deny each and every such allegation.

139.   Shellem and Koon lack knowledge and information sufficient to form a belief as to the truth of allegations in Paragraph 139 of the Complaint, and upon that basis deny each and every such allegation.

## RESERVATION OF RIGHTS

The reservation of rights paragraph does not appear to make any allegations relevant to this action.  Therefore, Shellem and Koon neither admit nor deny said statements.

# AFFIRMATIVE DEFENSES

## First Affirmative Defense

### Ripeness

140.   Plaintiffs' right to obtain the relief sought in the Complaint is barred, in whole or in part, because not all aspects of the claims are ripe.

## Second Affirmative Defense

### Waiver

140.   Plaintiffs, by acts, omissions and/or conduct, have waived, in whole or in part, their right to obtain the relief sought in the Complaint.

## Third Affirmative Defense

### Unclean Hands

141.   Plaintiffs' right to obtain the relief sought in the Complaint is barred, in whole or in part, by the doctrine of unclean hands.

## Fourth Affirmative Defense

### Estoppel

142.   Plaintiffs, by acts, omissions, and/or conduct, are estopped, in whole or in part, from obtaining the relief sought in the Complaint

## Fifth Affirmative Defense

### Standing

143.   Plaintiffs' claims fail, in whole or in part, to the extent that Plaintiffs lack standing to seek the relief sought in the Complaint.

## Sixth Affirmative Defense

144.   Shellem and Koon hereby adopt and incorporate by reference any and all other defenses asserted, or that may hereafter be asserted, by any other defendant to the extent such defense may be applicable to Shellem and Koon.

## PRAYER FOR RELIEF

**WHEREFORE**, Shellem and Koon seek judgment:

1.     Denying all relief sought in the Complaint against Shellem and Koon;

2.     Awarding the costs of defending this action, including reasonable attorneys' fees, costs and disbursements; and

3.     Granting such other and further relief as this Court may deem just and proper.

KENNETH SHELLEM AND RICHARD KOON'S ANSWER TO COMPLAINT; COUNTERCLAIMS

## JOINT COUNTERCLAIMS

Defendants/Counterclaimants Shellem and Koon ("Counterclaimants", as and for their Joint Counterclaims ("Counterclaims") against Plaintiffs/Counterclaim Defendants XL Specialty Insurance Company, ACE American Insurance Company, Arch Insurance Company, and Axis Insurance Company and against Counterclaim Defendants Catlin Insurance Company, Ltd., Zurich American Insurance Company, Twin City Fire Insurance Company, and Continental Casualty Company, hereby allege as follows:

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1332, 2201, and 2202, because there is complete diversity of citizenship between Counterclaimants and the Counterclaim Defendants, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is an actual controversy between the parties.  This Court also has jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1334(b), because they are related to the Chapter 7 bankruptcy case of IndyMac Bancorp, Inc., No. 08-bk-21752-BB (Bankr. C.D. Cal.).  This Court also has jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1367(a), because they fall within the supplemental jurisdiction of this Court.

5.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(a).

## INTRODUCTION

6.     Counterclaimants are former officers of IndyMac Bank, F.S.B., a bank formerly based in Pasadena, California and presently under receivership of the Federal Deposit Insurance Corporation, and IndyMac Bancorp, Inc. ("Bancorp"), its parent company, which has been placed in bankruptcy. Counterclaimants are defendants in a lawsuit that asserts claims against them in their capacities as former officers of the foregoing entities.

- 23 -

7.     Counterclaimants are insureds under two "towers" of directors and officers liability insurance policies purchased by Bancorp, one providing coverage during the policy period March 1, 2007 to March 1, 2008 (as hereinafter defined, "07-08 Policies"), and the other providing coverage during the policy period March 1, 2008 to April 1, 2009 (as hereinafter defined, "08-09 Policies"). There are eight policies in each "tower."

8.     None of the insurers that issued the 08-09 Policies has acknowledged coverage under the 08-09 Policies for any of the underlying claims pending against the Counterclaimants. All of these insurers have relied on similar policy language and legal theories to justify their refusals to acknowledge coverage. However, only the Plaintiffs/Counterclaim Defendants, which issued four of the eight 08-09 Policies, joined in the present action to seek a declaration regarding their coverage obligations. The other four insurers of the 08-09 Policies did not join this action as plaintiffs.

9.     Accordingly, Counterclaimants are asserting these Counterclaims against *all* of the insurers that issued the 08-09 Policies in order to obtain a declaration of their coverage rights under *all* of the 08-09 Policies.

## THE PARTIES

### Counterclaimants

10.     Defendant/Counterclaimant Kenneth Shellem ("Shellem") is a resident and citizen of the State of California. Shellem was the Chief Credit Officer of the Home Builders Division of IndyMac Bancorp, Inc. from early 2002 to November 2006.

11.     Defendant/Counterclaimant Richard Koon ("Koon") is a resident and citizen of the State of California. Koon was the Chief Lending Officer of the Home Builders Division IndyMac Bancorp, Inc. from 2001 until July 2006.

### Plaintiffs/Counterclaim Defendants

- 24 -

12.     Counterclaimants are informed and believe, and thereupon allege, that Plaintiff/Counterclaim Defendant XL Specialty Insurance Company ("XL") is a Delaware corporation with its principal place of business in the State of Connecticut.

13.     Counterclaimants are informed and believe, and thereupon allege, that Plaintiff/Counterclaim Defendant Arch Insurance Company ("Arch") is a Missouri corporation with its principal place of business in the State of New York.

14.     Counterclaimants are informed and believe, and thereupon allege, that Plaintiff/Counterclaim Defendant ACE American Insurance Company ("ACE") is a Pennsylvania corporation with its principal place of business in Pennsylvania.

15.     Counterclaimants are informed and believe, and thereupon allege, that Plaintiff/Counterclaim Defendant AXIS Insurance Company ("AXIS") is an Illinois corporation with its principal place of business in the State of Georgia.

16.     On information and belief, at all relevant times each of the Plaintiffs/Counterclaim Defendants was authorized to do business as an insurer in the State of California and is doing business in the State of California.

**Additional Counterclaim Defendants**

17.     Counterclaimants are informed and believe, and thereupon allege, that Counterclaim Defendant Catlin Insurance Company, Ltd ("Catlin") is a British corporation with its principal place of business in London, United Kingdom.

18.     Counterclaimants are informed and believe, and thereupon allege, that Counterclaim Defendant Zurich American Insurance Company ("Zurich") is a Delaware corporation with its principal place of business in Schaumburg, Illinois.

19.     Counterclaimants are informed and believe, and thereupon allege, that Counterclaim Defendant Twin City Fire Insurance Company ("Twin City") is a Delaware corporation with its principal place of business in Hartford, Connecticut.

20.     Counterclaimants are informed and believe, and thereupon allege, that Counterclaim Defendant Continental Casualty Company ("CNA") is a Delaware corporation with its principal place of business in Chicago, Illinois.

21.     On information and belief, at all relevant times each of the additional Counterclaim Defendants was authorized to do business as an insurer in the State of California and is doing business in the State of California.

22.     Each of the additional Counterclaim Defendants is properly joined as a party herein pursuant to Federal Rule of Civil Procedure 19(a)(1)(B)(i), because each of these insurers claims an interest relating to the subject of the Counterclaims alleged herein against the Plaintiffs/Counterclaim Defendants and is so situated that disposing of the Counterclaims alleged herein against the Plaintiffs/Counterclaim Defendants in their absence may, as a practical matter, impair or impede their ability to protect their interest.

23.     With respect to the 08-09 London Policy described in paragraph 33 below, in which both non-party Lloyd's and Counterclaim Defendant Catlin participate, joinder of Lloyd's is not required, because Clause XII of the 08-09 London Policy provides, in relevant part, that in a suit "instituted against any one of the Underwriters upon this Policy, Underwriters will abide by the final decision of such court or of any appellate court in the event of an appeal."

24.     XL, ACE, Arch, Axis, Catlin, Zurich, Twin City, and CNA, are hereinafter referred to collectively as the "Counterclaim Defendants."

## THE POLICIES

### The 08-09 Policies

- 26 -

25.     Each of the Counterclaim Defendants either issued or (in the case of Catlin) participates in one or more insurance policies issued to IndyMac Bancorp, Inc. that provide coverage during the policy period March 1, 2008 to April 1, 2009.

26.     Counterclaim Defendants aver that Lloyd's and Catlin participate in "Directors, Officers and Company Liability Policy," Policy No. 509/QA11608 (hereinafter, the "08-09 London Policy").

27.     Counterclaim Defendants aver that Zurich issued "Financial Institutions Excess Insurance Policy," Policy No. DOC-9035134-01 (hereinafter, the "08-09 Zurich Policy").

28.     Counterclaim Defendants aver that Twin City issued "The Hartford Universal Excess™ Policy," Policy No. 00 DA 0248886-08 (hereinafter, the "08-09 Twin City Policy").

29.     Counterclaim Defendants aver that CAN issued "Excess Insurance Policy," Policy No. DOX 287221440 (hereinafter, the "08-09 CNA Policy").

30.     XL issued a "Classic A-Side Management Liability Insurance Policy," Policy No. ELU103295-08 (hereinafter, the "08-09 XL Policy"). Exhibit A to the Plaintiffs' Complaint in the present action is a true and correct copy of the 08-09 XL Policy and is incorporated herein by reference.

31.     Counterclaim Defendants aver that Arch issued "Excess Insurance Policy," Policy No. ABX0020231-01, issued by Arch (hereinafter, the "08-09 Arch Policy").

32.     ACE issued an "Excess Liability Insurance Policy," Policy No. DOX G21681647 003 (hereinafter, the "08-09 ACE Policy"). Exhibit C to the Plaintiffs' Complaint in the present action is a true and correct copy of the 08-09 ACE Policy and is incorporated herein by reference.

33.     Axis issued a "SecurExcess Policy," Policy No. MNN 712064/01/2008 (hereinafter, the "08-09 Axis Policy"). Exhibit D to the

1   Plaintiffs' Complaint in the present action is a true and correct copy of the 08-09

2   ACE Policy and is incorporated herein by reference.

3       34.   The insurance policies identified in paragraphs 33-40 of these

4   Counterclaims are collectively referred to hereinafter as the "08-09 Policies."

5   **The 07-08 Policies**

6       35.   Counterclaim Defendants XL, ACE, Axis, Zurich, and non-parties

7   Certain Underwriters at Lloyd's, London ("Lloyd's"), Lexington Insurance

8   Company ("Lexington"), Federal Insurance Company ("Federal"), National

9   Union Fire Insurance Company of Pittsburgh, PA ("National Union"), and Axis

10  Reinsurance Company ("Axis Re") issued insurance policies to IndyMac

11  Bancorp, Inc. that provide coverage during the policy period March 1, 2007 to

12  March 1, 2008.

13      36.   Counterclaim Defendants aver that Lloyd's and Lexington participate

14  in "Directors, Officers and Company Liability Policy," Policy No.

15  509/QA006807 (hereinafter, the "07-08 London Policy").

16      37.   Counterclaim Defendants aver that Zurich issued "Financial

17  Institutions Excess Insurance Policy," Policy No. DOC 9035134 00 (hereinafter,

18  the "07-08 Zurich Policy").

19      38.   Counterclaim Defendants aver that Federal issued "Excess Policy,"

20  Policy No. 8208-0386 (hereinafter, the "07-08 Federal Policy").

21      39.   Counterclaim Defendants aver that National Union issued "Excess

22  Insurance Policy," Policy No. 966-82-76 (hereinafter, the "07-08 National Union

23  Policy").

24      40.   Counterclaim Defendants aver that XL issued "Classic A-Side

25  Management Liability Insurance Policy," Policy No. ELU096700-07 (hereinafter,

26  the "07-08 XL Policy").

27      41.   Counterclaim Defendants aver that Arch issued "Excess Insurance

28  Policy," Policy No. ABX0020231-00 (hereinafter, the "07-08 Arch Policy").

- 28 -

42.     Counterclaim Defendants aver that ACE issued "Excess Liability Insurance Policy," Policy No. DOX G21681647 002 (hereinafter, the "07-08 ACE Policy").

43.     Counterclaim Defendants aver that Axis Re issued "SecurExcess Policy," Policy No. MNN 712064/01/2008 (hereinafter, the "07-08 Axis Re Policy").

44.     The insurance policies identified in paragraphs 36-43 of these Counterclaims are collectively referred to hereinafter as the "07-08 Policies."

## THE UNDERLYING MATTER

45.     Exhibit G to the Complaint in this action is a true and correct copy of a letter dated March 27, 2009 from Thomas D. Long to Kenneth Shellem, Scott Van Dellen, and Richard S. Koon, II.  Exhibit G to the Complaint in this action is incorporated herein by reference.  Exhibit H to the Complaint in this action is a true and correct copy of the currently operative complaint in *FDIC v. Van Dellen, et al.*, Case No. 2:10-cv-04915-DSF-SH, which action was commenced on July 2, 2010 in the United States District Court for the Central District of California.  Exhibit H to the Complaint in this action is incorporated herein by reference.  The claims alleged in Exhibits G and H are referred to herein as the "FDIC-HBD Matter."

46.     The letters and lawsuits described in paragraph 48 above is referred to hereinafter as the "Underlying Matter."

**Notices of Underlying Matters**

47.     Each of the Counterclaim Defendants received written notice of the Underlying Matter under its 08-09 Policy.

## DENIALS OF COVERAGE

48.     None of the Counterclaim Defendants has acknowledged coverage for the Underlying Matter under its 08-09 Policy.

- 29 -

49.     Each of the Counterclaim Defendants contends that there is no coverage for the Underlying Matter under its 08-09 Policy.

### FIRST COUNTERCLAIM

**(Declaration of Defense Obligation for the FDIC-HBD Matter)**

50.     Paragraphs 1-49 above are incorporated as though fully set forth herein.

51.     The terms and conditions of the 08-09 Policies obligate each of the Counterclaim Defendants to reimburse fees and expenses reasonably incurred by FDIC-HBD Matter Insureds to defend against the claims asserted against them in the FDIC-HBD Matter. The Counterclaim Defendants are so obligated even though the 07-08 Policies also provide coverage for such fees and expenses, *i.e.*, the 07-08 Policies and the 08-09 Policies provide concurrent coverage for defense costs in the FDIC-HBD Matter.

52.     All conditions precedent to coverage for the FDIC-HBD Matter under each of the 08-09 Policies have been performed or, in the alternative, have been waived or excused.

53.     Accordingly, a present, actual controversy exists between the FDIC-HBD Matter Insureds, on the one hand, and the Counterclaim Defendants, on the other hand, with respect to the Counterclaim Defendants' obligation to reimburse the FDIC-HBD Matter Insureds for fees and expenses that they have incurred and expect to incur in connection with the defense of the FDIC-HBD Matter.

WHEREFORE, the FDIC-HBD Matter Insureds respectfully seek a declaration that the 08-09 Policies obligate each of the Counterclaim Defendants to reimburse each of the FDIC-HBD Matter Insureds for fees and expenses reasonably incurred in defending them against the claims asserted against them in the FDIC-HBD Matter.

### SECOND COUNTERCLAIM

**(Declaration of Indemnity Obligations for Underlying Matters)**

- 30 -

54. Paragraphs 1-53 above are incorporated as though fully set forth herein.

55. Counterclaimants contend that at least a potential for coverage exists under each of the 08-09 Policies for indemnity costs that may be incurred by them in the Underlying Matters, *i.e.*, for a settlement of, or adverse judgment in, each of the Underlying Matters.

56. Each of the Counterclaim Defendants denies that there is any potential for coverage of indemnity costs that may be incurred by the Counterclaimants in the Underlying Matters under the 08-09 Policies.

57. The Counterclaim Defendants' position that there is no potential for coverage of such indemnity costs is incorrect and prejudices the Counterclaimants by, among other things, impeding their ability to settle the Underlying Matters. However, whether the 08-09 Policies would provide coverage for a settlement of, or adverse judgment in, one of the Underlying Matters may depend on the terms of the settlement or the ground(s) upon which an adverse judgment is rendered. At present, no such settlement of an Underlying Matter has been made, nor has any adverse judgment been entered against any of the Counterclaimants in an Underlying Matter.

WHEREFORE, to the extent that the issue may be ripe for adjudication, Counterclaimants respectfully seeks a declaration concerning the obligations of each of the Counterclaim Defendants under the 08-09 Policies with respect to indemnity coverage for each of the Underlying Matters.

### THIRD COUNTERCLAIM

### (Declaration Regarding Compulsory Nature of Other Claims)

58. This Counterclaim is asserted by all of the Counterclaimants.

59. Paragraphs 1-57 above are incorporated as though fully set forth herein.

- 31 -

60.   The Complaint in this action does not seek any declarations or other adjudication regarding coverage for any matter under the 07-08 Policies or any matter under the 08-09 Policies not included in the Underlying Matters.

61.   However, Federal Rule of Civil Procedure 13(a)(1) requires a defendant to state as a counterclaim "any claim that -- at the time of its service -- the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim ...."

62.   Counterclaimants are uncertain whether Federal Rule of Civil Procedure 13(a)(1), or any other Rule or legal doctrine (including doctrines of res judicata and claim preclusion), requires that they assert as a compulsory counterclaim in the present action any claims they may have against the Counterclaim Defendants regarding their entitlement to coverage under the 07-08 Policies for any matters noticed thereunder, or regarding their entitlement to coverage under the 08-09 Policies for any matters other than the Underlying Matters, in order to avoid being precluded from asserting such claims in a subsequent action.

WHEREFORE, Counterclaimants respectfully seek a declaration that they need not assert in this action any claims they may have against the Counterclaim Defendants regarding their entitlement to coverage under the 07-08 Policies, or regarding their entitlement to coverage under the 08-09 Policies for any matters other than the Underlying Matters, in order to avoid being precluded from asserting such claims in a subsequent action.  In the event Counterclaimants are not entitled to such a declaration, Counterclaimants respectfully seek a declaration regarding their entitlement to coverage under the 07-08 Policies for all claims against any of them that have been noticed under the 07-08 Policies and under the 08-09 Policies for any claims against any of them that have been noticed under the 08-09 Policies but not included in the Underlying Matters.

- 32 -

## PRAYER FOR RELIEF

WHEREFORE, the Counterclaimants pray for judgment against the Counterclaim Defendants on each of the Counterclaims asserted herein for all such relief as may be just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Counterclaimants hereby demand a trial by jury on their Counterclaims to the extent authorized by law.

Dated:  July 25, 2011                    Respectfully submitted,

KIRBY D. BEHRE
JOHN S. DURRANT
PAUL, HASTINGS, JANOFSKY & WALKER
LLP
By: *Kirby Behre /oo*
KIRBY D. BEHRE
Attorney for Defendants
Kenneth Shellem and Richard Koon

- 33 -

**PROOF OF SERVICE**

STATE OF CALIFORNIA      )
               ) ss:
CITY OF LOS ANGELES AND COUNTY OF )
LOS ANGELES        )

   I am employed in the City of Los Angeles and County of Los Angeles, State of California.  I am over the age of 18, and not a party to the within action.  My business address is 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, California  90071-2228.

   On July 25, 2011, I served the foregoing document(s) described as:

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS/COUNTER-CLAIMANTS RICHARD KOON AND KENNETH SHELLEM**

on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

   See attached Service List

☐ **VIA OVERNIGHT MAIL:**

  VIA _____:By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

☒ **VIA U.S. MAIL:**

  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice such sealed envelope(s) would be deposited with the U.S. postal service on July 25, 2011 with postage thereon fully prepaid, at Los Angeles, California.

☐ **VIA PERSONAL DELIVERY:**

  I personally delivered such sealed envelope(s) by hand to the offices of the addressee(s) pursuant to CCP § 1011.

☐ **VIA FACSIMILE:**

  The facsimile transmission report indicated that the transmission was complete and without error.  The facsimile was transmitted to Facsimile # _____ on July 25, 2011 at _____.  A copy of that report, which was properly issued by the transmitting machine, is attached hereto.  **[Permitted by written agreement of the parties.]**

   I declare under penalty of perjury under the laws of the United States that the above is true and correct.

   Executed on July 25, 2011, at Los Angeles, California.

_Teresa Rodriguez_
     Teresa Rodriguez

PROOF OF SERVICE

1

## SERVICE LIST

2

3   Douglas Ross Irvine
    Gordon J. Calhoun
4   Lewis Brisbois Bisgaard & Smith
    221 N. Figueroa Street, Suite 1200
5   Los Angeles, CA 90012-2601
    Tel: 213-250-1800
6   Fax: 213-250-7900

7   Jason P. Cronic
    Wiley Rein LLP
8   1776 K Street NW
    Washington, DC 20006
9   Tel: 202-429-7000
    Fax: 202-719-7049

10

    Edward P. Gibbons
11  Tiffany Saltzman-Jones
    Walker Wilcox Matousek LLP
12  225 West Washington Street, Suite 2400
    Chicago, IL 60606
13  Tel: 312-244-6745
    Fax: 312-244-6800

14

    Ira Revich
15  James B. Green
    Charleston Revich and Wollitz LLP
16  1925 Century Park East, Suite 1250
    Los Angeles, CA 90067
17  Tel: 310-551-7000
    Fax: 310-203-9321

18

    Andrew W. Smith
19  Michael T. Skoglund
    Ommid C. Farashahi
20  Bates Carey Nicolaides LLP
    191 N. Wacker Street, Suite 2400
21  Chicago, IL 60606
    Tel: 312-762-3173
22  Fax: 312-762-3200

23  Andrew L. Sandler
    Benjamin B. Klubes
24  Benjamin Saul
    BuckleySandler LLP
25  1250 24th Street NW Suite 700
    Washington, DC 20037
26  Tel: 202-349-8000
    Fax: 202-349-8080

27

28

PROOF OF SERVICE

1    David M. Stern
Lee R. Bogdanoff
2    Matthew C. Heyn
Klee Tuchin Bogdanoff & Stern LLP
3    1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067-6049
4    Tel: 310-407-4000
Fax: 310-407-9090
5

6    John C. Keith
Louis E. Kempinsky
7    Peitzman Weg & Kempinsky LLP
2029 Century Park East, Suite 3100
8    Los Angeles, CA 90067
Tel: 310-552-3100
9    Fax: 310-552-3101

10    Gregory S. Bruch
Jessica L. Matelis
11    Julie A. Smith
Willkie Farr & Gallagher LLP
12    1875 K Street NW
Washington, DC 20005
13    Tel: 202-303-1000
Fax: 202-303-2000

14    Kathleen M. McDowell
Munger Tolles & Olson LLP
15    355 S. Grand Avenue, 35th Floor
Los Angeles, CA 90071-1560
16    Tel: 213-683-9100
Fax: 213-687-3702
17

18    Michael W. Fitzgerald
Corbin Fitzgerald and Athey LLP
19    601 West 5th Street, Suite 1150
Los Angeles, CA 90071-2024
20    Tel: 213-533-7032
Fax: 213-612-0061

21

22

23

24

25

26

27

28

-3-

PROOF OF SERVICE