DAVID SIMANTOB (S.B. #155790)
dsimantob@tresslerllp.com
ELIZABETH L. MUSSER (S.B. #203512)
emusser@tresslerllp.com
TRESSLER LLP
1901 Avenue of the Stars
Suite 450
Los Angeles, California 90067
Telephone:  (310) 203-4800
Facsimile:   (310) 203-4850

THEODORE A. BOUNDAS (pro hac vice application pending)
JEFFREY T. SHAW (pro hac vice application pending)
W. JOEL VANDER VLIET (pro hac vice application pending)
Boundas, Skarzynski, Walsh & Black, LLC
200 East Randolph Drive, Suite 7200
Chicago, Illinois 60601
Telephone:  (312) 946-4200
Facsimile:   (312) 946-4272

Attorneys for Catlin Insurance Company (UK) Ltd.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XL SPECIALTY INSURANCE COMPANY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL W. PERRY, *et al.*,<br><br>Defendants. | Case No. 2:11-CV-2078-RGK (JCG)<br><br>**ANSWER OF COUNTERDEFENDANT CATLIN INSURANCE COMPANY (UK) LTD. TO JOINT COUNTERCLAIMS OF DEFENDANTS/COUNTER-CLAIMANTS MICHAEL W. PERRY ET AL.** |
| MICHAEL W. PERRY, *et al.*,<br><br>Counterclaimants,<br><br>v.<br><br>XL SPECIALTY INSURANCE COMPANY, *et al.*,<br><br>Counterdefendants. | **Judge: Hon. R. Gary Klausner** |

Counterdefendant Catlin Insurance Company (UK) Ltd. ("Catlin") respectfully submits this Answer to the Counterclaims of Counterclaimants Michael W. Perry, A. Scott Keys, S. Blair Abernathy, John Olinski, Samir Grover, Simon Heyrick, Victor H. Woodworth, Scott Van Dellen, William Rothman, Jill Jacobson, and Kevin Callan ("Counterclaimants")[1] as follows:

## JURISDICTION AND VENUE

1.      Catlin admits that this Court has jurisdiction over the Counterclaimants' Joint Counterclaims pursuant to 28 U.S.C. §§ 1332, 2201, and 2202, because there is complete diversity, the amount in controversy exceeds $75,000, and there is an actual controversy. The remaining allegations in Paragraph 1 consist of legal argument to which no responsive pleading is required. To the extent that a response is deemed required, Catlin denies the remaining allegations in Paragraph 1.

2.      Admitted.

## INTRODUCTION

3.      Catlin admits that Counterclaimants are defendants in lawsuits that assert claims against them in their alleged capacities as former officers and/or directors of IndyMac Bank, F.S.B. and/or Bancorp.

Catlin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 and denies them on that basis.

4.      Catlin admits that it subscribed to the 08-09 London Policy, and refers to the 08-09 London Policy for a full and accurate recitation of its terms, including the coverage provided. Catlin denies all allegations that are inconsistent with the

---

[1] All capitalized terms used and not otherwise defined in this Answer have the meanings assigned to them in the Counterclaimants' Joint Counterclaims. This Answer uses the same section headings as the Counterclaimants' Joint Counterclaims. The section headings are not allegations, and no responsive pleading is required. To the extent that responsive pleadings to the section headings are deemed required, Catlin denies the allegations in the section headings.

1   08-09 London Policy.

2   To the extent that the allegations in Paragraph 4 are directed to

3   insurance policies allegedly issued by other parties, Catlin is without knowledge or

4   information sufficient to form a belief as to the truth of those allegations and denies

5   them on that basis.

6   Catlin denies the remaining allegations in Paragraph 4.

7   5.   Catlin admits that it denied coverage for certain underlying claims

8   against the Counterclaimants. Catlin admits that it did not join this action as

9   plaintiff and that only the Plaintiffs did so.

10   Catlin is without knowledge or information sufficient to form a belief

11   as to the truth of the remaining allegations in Paragraph 5 and denies them on that

12   basis.

13   6.   Paragraph 6 does not contain allegations to which a responsive

14   pleading is required. To the extent a response pleading is deemed required, Catlin

15   denies the allegations in Paragraph 6.

16   **THE PARTIES**

17   7.   Catlin is without knowledge or information sufficient to form a belief

18   as to the truth of the allegations in Paragraph 7 and denies them on that basis.

19   8.   Catlin is without knowledge or information sufficient to form a belief

20   as to the truth of the allegations in Paragraph 8 and denies them on that basis.

21   9.   Catlin is without knowledge or information sufficient to form a belief

22   as to the truth of the allegations in Paragraph 9 and denies them on that basis.

23   10.   Catlin is without knowledge or information sufficient to form a belief

24   as to the truth of the allegations in Paragraph 10 and denies them on that basis.

25   11.   Catlin is without knowledge or information sufficient to form a belief

26   as to the truth of the allegations in Paragraph 11 and denies them on that basis.

27   12.   Catlin is without knowledge or information sufficient to form a belief

28   as to the truth of the allegations in Paragraph 12 and denies them on that basis.

13.     Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and denies them on that basis.

14.     Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and denies them on that basis.

15.     Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and denies them on that basis.

16.     Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and denies them on that basis.

17.     Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and denies them on that basis.

18.     Paragraph 18 is definitional and therefore does not require a responsive pleading. To the extent that a response is deemed required, Catlin denies the allegations in Paragraph 18.

**Plaintiffs/Counterclaim Defendants**

19.     Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and denies them on that basis.

20.     Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and denies them on that basis.

21.     Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and denies them on that basis.

22.     Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and denies them on that basis.

23.     Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and denies them on that basis.

**Additional Counterclaim Defendants**

24.     Admitted.

25.     Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and denies them on that basis.

26.     Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and denies them on that basis.

27.     Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and denies them on that basis.

28.     Catlin admits that it was authorized to do business as an insurer in the State of California at times relevant to the Counterclaims.

To the extent that the allegations in Paragraph 28 are directed to other parties, Catlin is without knowledge or information sufficient to form a belief as to the truth of those allegations and denies them on that basis.

Catlin denies the remaining allegations in Paragraph 28.

29.     Catlin admits that it is a proper party under Fed. R. Civ. P. 19. The remaining allegations in Paragraph 29 consist of legal argument to which no responsive pleading is required. To the extent that a response is deemed required, Catlin denies the remaining allegations in Paragraph 29.

30.     Catlin admits that Paragraph 30 purports to summarize and describe the 08-09 London Policy. Catlin refers to the 08-09 London Policy for a full and accurate recitation of its terms and denies all allegations that are inconsistent with the 08-09 London Policy.

Catlin denies the remaining allegations in Paragraph 30.

31.     Paragraph 31 is definitional and therefore does not require a responsive pleading. To the extent that a response is deemed required, Catlin denies the allegations in Paragraph 31.

## THE POLICIES

### The 08-09 Policies

32.     Catlin admits that it subscribed to the 08-09 London Policy and refers to the 08-09 London Policy for a full and accurate recitation of its terms, including the coverage provided. Catlin denies all allegations that are inconsistent with the 08-09 London Policy.

ANSWER TO JOINT COUNTERCLAIMS

To the extent that the allegations in Paragraph 32 are directed to insurance policies allegedly issued by other parties, Catlin is without knowledge or information sufficient to form a belief as to the truth of those allegations and denies them on that basis.

Catlin denies the remaining allegations in Paragraph 32.

33.     Catlin admits that it subscribed to the 08-09 London Policy and that Exhibit 1 is a true and correct copy of the 08-09 London Policy. Catlin denies the remaining allegations in Paragraph 33.

34.     Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and denies them on that basis.

35.     Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and denies them on that basis.

36.     Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and denies them on that basis.

37.     Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and denies them on that basis.

38.     Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and denies them on that basis.

39.     Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and denies them on that basis.

40.     Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and denies them on that basis.

41.     Paragraph 41 is definitional and therefore does not require a responsive pleading. To the extent that a response is deemed required, Catlin denies the allegations in Paragraph 41.

**The 07-08 Policies**

42.     Catlin admits that Certain Underwriters at Lloyd's London and Lexington Insurance Company issued an insurance policy to IndyMac Bancorp,

Inc. that provided certain coverage with a policy period of March 1, 2007 to March 1, 2008.

To the extent that the allegations in Paragraph 42 are directed to insurance policies allegedly issued by other parties, Catlin is without knowledge or information sufficient to form a belief as to the truth of those allegations and denies them on that basis.

43.   Admitted.

44.   Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and denies them on that basis.

45.   Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and denies them on that basis.

46.   Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and denies them on that basis.

47.   Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and denies them on that basis.

48.   Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and denies them on that basis.

49.   Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and denies them on that basis.

50.   Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and denies them on that basis.

51.   Paragraph 51 is definitional and therefore does not require a responsive pleading. To the extent that a response is deemed required, Catlin denies the allegations in Paragraph 51.

## **THE TRIPP LITIGATION**

52.   Admitted.

53.   Admitted. Answering further, to the extent that Paragraph 53 implies that Exhibit 14 is the only complaint relevant to the *Tripp* Exclusion, Catlin denies

ANSWER TO JOINT COUNTERCLAIMS

1    that implication.

2                    **THE UNDERLYING MATTERS**

3          54.    Admitted.

4          55.    Admitted.

5          56.    Admitted.

6          57.    Catlin admits that Exhibit I is a true and correct copy of a letter dated

7    May 28, 2009 from Alfred H. Siegel, but deny the characterization of Exhibit I as

8    the "Trustee Demand."

9          58.    Catlin admits that Exhibit J to the Complaint is part of the complaint

10   filed in *Siegel v. Caldera*, Case No. 2:09-ap-2645-BB, filed on November 13, 2009

11   in the United States Bankruptcy Court for the Central District of California.

12          Catlin denies the remaining allegations in Paragraph 58.

13         59.    Admitted.

14         60.    Admitted.

15         61.    Paragraph 61 is definitional and therefore does not require a

16   responsive pleading. To the extent that a response is deemed required, Catlin denies

17   the allegations in Paragraph 61.

18         62.    Admitted.

19         63.    Admitted.

20         64.    Admitted.

21         65.    Admitted.

22         66.    Paragraph 66 is definitional and therefore does not require a

23   responsive pleading. To the extent that a response is deemed required, Catlin denies

24   the allegations in Paragraph 66.

25                        **NOTIFICATIONS**

26   **Notices of Circumstances**

27         67.    Catlin admits that Exhibit 20 is a true and correct copy of a letter dated

28   February 26, 2009 from Jarrett A. Williams. Catlin is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 67 and denies them on that basis.

68.     Catlin admits that it received Exhibit 20 in February 2009. Catlin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68 and denies them on that basis.

69.     Catlin admits that Exhibit 22 is a true and correct copy of a letter dated March 30, 2009 from Jarrett A. Williams. Catlin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 69 and denies them on that basis.

70.     Catlin admits that it received Exhibit 22 on or about March 31, 2009. Catlin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 70 and denies them on that basis.

71.     Catlin admits that Exhibit 24 is a true and correct copy of a letter dated February 25, 2009 from Jeffrey B. Clancy. Catlin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 71 and denies them on that basis.

72.     Catlin admits that it received Exhibit 24 in February 2009. Catlin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 72 and denies them on that basis.

73.     Catlin admits that Exhibit 26 is a true and correct copy of a letter dated March 31, 2009 from Jeffrey B. Clancy. Catlin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73 and denies them on that basis.

74.     Catlin admits that it received Exhibit 26 on or about April 1, 2009. Catlin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 74 and denies them on that basis.

75.     Catlin admits that Exhibit 27 is a true and correct copy of a letter dated February 26, 2009 from Robert H. Fairbank. Catlin is without knowledge or

ANSWER TO JOINT COUNTERCLAIMS

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 75 and denies them on that basis.

76.    Catlin admits that it received Exhibit 27 in February 2009. Catlin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76 and denies them on that basis.

77.    Catlin admits that Exhibits 29 and 31 are true and correct copies of letters dated June 3, 2009 and August 21, 2009 from Robert H. Fairbank. Catlin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 77 and denies them on that basis.

78.    Catlin admits that Exhibit 33 is a true and correct copy of a letter dated February 26, 2009 from Michael W. Fitzgerald. Catlin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 78 and denies them on that basis.

79.    Catlin admits that it received Exhibit 33 in February 2009. Catlin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 79 and denies them on that basis.

**Notices of Underlying Matters**

80.    Catlin admits that it received written notice of the Daniels Litigation during the policy period of the 08-09 London Policy. Catlin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 80 and denies them on that basis.

81.    Catlin admits that it received written notice of the FDIC Demand within 60 days of the end of the policy period of the 08-09 London Policy. Catlin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 81 and denies them on that basis.

82.    Catlin admits that it received written notice of the remaining Underlying Matters, except for the Assured Guaranty Litigation, and specifically denies that it received formal written notice of the Assured Guaranty Litigation.

ANSWER TO JOINT COUNTERCLAIMS

To the extent that the allegations in Paragraph 82 are directed to other Counterclaim Defendants, Catlin is without knowledge or information sufficient to form a belief as to the truth of such allegations and denies them on that basis.

Catlin denies the remaining allegations in Paragraph 82.

## DENIALS OF COVERAGE

83.     Catlin admits that it denied coverage for the Underlying Matters under the 08-09 London Policy. Catlin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 83 and denies them on that basis.

84.     Catlin admits that it contends that there is no coverage for the Underlying Matters under the 08-09 London Policy. Catlin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 84 and denies them on that basis.

## FIRST COUNTERCLAIM

85.     Paragraph 85 does not contain allegations to which a responsive pleading is required. To the extent a response pleading is deemed required, Catlin denies the allegations in Paragraph 85.

86.     Catlin incorporates Paragraphs 1-85 of its Answer as though fully set forth herein.

87.     Denied.

88.     Denied.

89.     Catlin admits that a present, actual controversy exists between the Daniels Insureds and Catlin regarding coverage for the Daniels Litigation under the 08-09 London Policy.

Catlin denies the remaining allegations in Paragraph 89.

## SECOND COUNTERCLAIM

90.     Paragraph 90 does not contain allegations to which a responsive pleading is required. To the extent a response pleading is deemed required, Catlin

ANSWER TO JOINT COUNTERCLAIMS

1    denies the allegations in Paragraph 90.

2         91.    Catlin incorporates Paragraphs 1-90 of its Answer as though fully set

3    forth herein.

4         92.    Denied.

5         93.    Denied.

6         94.    Catlin admits that a present, actual controversy exists between the

7    FDIC Demand Insureds and Catlin regarding coverage for the FDIC Demand under

8    the 08-09 London Policy.

9              Catlin denies the remaining allegations in Paragraph 94.

10                          **THIRD COUNTERCLAIM**

11        95.    Paragraph 95 does not contain allegations to which a responsive

12   pleading is required. To the extent a response pleading is deemed required, Catlin

13   denies the allegations in Paragraph 95.

14        96.    Catlin incorporates Paragraphs 1-95 of its Answer as though fully set

15   forth herein.

16        97.    Denied.

17        98.    Denied.

18        99.    Catlin admits that a present, actual controversy exists between the

19   FDIC-HBD Matter Insureds and Catlin regarding coverage for the FDIC-HBD

20   Matter under the 08-09 London Policy.

21             Catlin denies the remaining allegations in Paragraph 99.

22                          **FOURTH COUNTERCLAIM**

23        100.   Paragraph 100 does not contain allegations to which a responsive

24   pleading is required. To the extent a response pleading is deemed required, Catlin

25   denies the allegations in Paragraph 100.

26        101.   Catlin incorporates Paragraphs 1-100 of its Answer as though fully set

27   forth herein.

28        102.   Denied.

ANSWER TO JOINT COUNTERCLAIMS

1        103.   Denied.

2        104.   Catlin admits that a present, actual controversy exists between

3  Counterclaimants Perry and Keys and Catlin regarding coverage for the letter

4  attached to the Complaint as Exhibit I under the 08-09 London Policy.

5        Catlin denies the remaining allegations in Paragraph 104.

6                         **FIFTH COUNTERCLAIM**

7        105.   Paragraph 105 does not contain allegations to which a responsive

8  pleading is required. To the extent a response pleading is deemed required, Catlin

9  denies the allegations in Paragraph 105.

10       106.   Catlin incorporates Paragraphs 1-105 of its Answer as though fully set

11  forth herein.

12       107.   Denied.

13       108.   Denied.

14       109.   Catlin admits that a present, actual controversy exists between Perry

15  and Catlin regarding coverage for the Trustee Litigation under the 08-09 London

16  Policy.

17        Catlin denies the remaining allegations in Paragraph 109.

18                         **SIXTH COUNTERCLAIM**

19       110.   Paragraph 110 does not contain allegations to which a responsive

20  pleading is required. To the extent a response pleading is deemed required, Catlin

21  denies the allegations in Paragraph 110.

22       111.   Catlin incorporates Paragraphs 1-110 of its Answer as though fully set

23  forth herein.

24       112.   Denied.

25       113.   Denied.

26       114.   Catlin admits that a present, actual controversy exists between the

27  MBS Litigation Insureds and Catlin regarding coverage for the MBS Litigation

28  under the 08-09 London Policy.

      ANSWER TO JOINT COUNTERCLAIMS

1    Catlin denies the remaining allegations in Paragraph 114.

2    **SEVENTH COUNTERCLAIM**

3    115.   Paragraph 115 does not contain allegations to which a responsive

4    pleading is required. To the extent a response pleading is deemed required, Catlin

5    denies the allegations in Paragraph 115.

6    116.   Catlin incorporates Paragraphs 1-115 of its Answer as though fully set

7    forth herein.

8    117.   Denied.

9    118.   Denied.

10   119.   Catlin admits that a present, actual controversy exists between the

11   MBIA Litigation Insureds and Catlin regarding coverage for the MBIA Litigation

12   under the 08-09 London Policy.

13   Catlin denies the remaining allegations in Paragraph 119.

14   **EIGHTH COUNTERCLAIM**

15   120.   Paragraph 120 does not contain allegations to which a responsive

16   pleading is required. To the extent a response pleading is deemed required, Catlin

17   denies the allegations in Paragraph 120.

18   121.   Catlin incorporates Paragraphs 1-120 of its Answer as though fully set

19   forth herein.

20   122.   Denied.

21   123.   Denied.

22   124.   Catlin admits that a present, actual controversy exists between the

23   Assured Guaranty Insureds and Catlin regarding coverage for the Assured Guaranty

24   Litigation under the 08-09 London Policy.

25   Catlin denies the remaining allegations in Paragraph 124.

26   **NINTH COUNTERCLAIM**

27   125.   Paragraph 125 does not contain allegations to which a responsive

28   pleading is required. To the extent a response pleading is deemed required, Catlin

ANSWER TO JOINT COUNTERCLAIMS

denies the allegations in Paragraph 125.

126.   Catlin incorporates Paragraphs 1-125 of its Answer as though fully set forth herein.

127.   Denied.

128.   Denied.

129.   Catlin admits that a present, actual controversy exists between the SEC Litigation Insureds and Catlin regarding coverage for the SEC Litigation under the 08-09 London Policy.

Catlin denies the remaining allegations in Paragraph 129.

## TENTH COUNTERCLAIM

130.   Paragraph 130 does not contain allegations to which a responsive pleading is required. To the extent a response pleading is deemed required, Catlin denies the allegations in Paragraph 130.

131.   Catlin incorporates Paragraphs 1-130 of its Answer as though fully set forth herein.

132.   Denied.

133.   Denied.

134.   Catlin admits that a present, actual controversy exists between the Perry and Catlin regarding coverage for the FDIC Litigation under the 08-09 London Policy.

Catlin denies the remaining allegations in Paragraph 89.

## ELEVENTH COUNTERCLAIM

135.   Paragraph 135 does not contain allegations to which a responsive pleading is required. To the extent a response pleading is deemed required, Catlin denies the allegations in Paragraph 135.

136.   Catlin incorporates Paragraphs 1-135 of its Answer as though fully set forth herein.

137.   Catlin admits that Paragraph 137 purports to summarize certain

ANSWER TO JOINT COUNTERCLAIMS

1  contentions of Counterclaimants. Catlin is without knowledge or information

2  sufficient to form a belief as to the present contentions of any other party. Catlin is

3  therefore without knowledge or information sufficient to form a belief as to the

4  truth of the allegations in Paragraph 137 and denies them on that basis.

5      138.   Catlin admits that it denied coverage for the Underlying Matters under

6  the 08-09 London Policy. Catlin is without knowledge or information sufficient to

7  form a belief as to the truth of the remaining allegations in Paragraph 138 and

8  denies them on that basis.

9      139.   Catlin denies the allegations in the first sentence of Paragraph 139.

10         Catlin admits that no settlement of any Underlying Matter has been

11  made and no judgment has been entered against any of the Counterclaimants in any

12  of the Underlying Matters.

13         To the extent that the remainder of Paragraph 139 purports to

14  summarize and describe the 08-09 London Policy, Catlin refers to the 08-09

15  London Policy for a full and accurate recitation of its terms and denies all

16  allegations that are inconsistent with the 08-09 London Policy.

17         Catlin denies the remaining allegations in Paragraph 139.

18                    **TWELFTH COUNTERCLAIM**

19      140.   Paragraph 140 does not contain allegations to which a responsive

20  pleading is required. To the extent a response pleading is deemed required, Catlin

21  denies the allegations in Paragraph 140.

22      141.   Catlin incorporates Paragraphs 1-140 of its Answer as though fully set

23  forth herein.

24      142.   Catlin admits that Paragraph 142 purports to summarize the

25  Complaint. Catlin refers to the Complaint for a full and accurate recitation of its

26  contents and denies all allegations that are inconsistent with the Complaint.

27      143.   Catlin admits that Paragraph 143 purports to quote a portion of Federal

28  Rule of Civil Procedure 13. Catlin refers to Rule 13 for a full and accurate

recitation of its contents and denies all allegations that are inconsistent with Rule 13.

144.   Paragraph 144 consists of explanatory information not directed to any defendant, as well as legal conclusions, and does not contain allegations to which a responsive pleading is required. To the extent that a response is deemed required, Catlin denies the allegations in Paragraph 144.

Catlin denies that the Counterclaimants are entitled to the judgment they seek or to any relief sought in their Counterclaims.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Counterclaimants' claims are barred, in whole or in part, by the terms, conditions, exclusions, and limitations of the 08-09 London Policy, all of which are reserved and none of which are waived, including, but not limited to: (1) the *Tripp* Exclusion; (2) Section I. Insuring Clauses A.; (3) Section III. Exclusions B.; (4) Section IV. Limit of Liability, Retentions and Order of Payments C.; and (5) Section VI. Notification.

### Second Affirmative Defense

The Counterclaimants' claims are barred to the extent that an Assured, or someone acting on an Assured's behalf, concealed, misrepresented or failed to disclose material facts in its application for the 08-09 London Policy, or for the purpose of inducing Catlin to issue the 08-09 London Policy.

### Third Affirmative Defense

The Counterclaimants' claims are barred to the extent that the Counterclaimants failed to exercise reasonable due diligence to mitigate their damages.

### Fourth Affirmative Defense

The Counterclaimants' claims are barred to the extent that the Counterclaimants have suffered no damages.

ANSWER TO JOINT COUNTERCLAIMS

**Fifth Affirmative Defense**

The Counterclaimants' claims are barred to the extent that the Counterclaimants had notice of the claims or suits for which relief is sought in their Counterclaims and failed to give timely, adequate, or proper notice to Catlin.

**Sixth Affirmative Defense**

The Counterclaimants' claims are barred to the extent that any or all of the Counterclaimants do not qualify as named insureds under the 08-09 London Policy.

**Seventh Affirmative Defense**

The Counterclaimants' claims are barred to the extent that the Counterclaimants voluntarily made any payment, assumed any obligation, or incurred any expense that is not covered under the terms and conditions of the 08-09 London Policy.

**Eighth Affirmative Defense**

The Counterclaimants' claims are barred pursuant to Section III. Exclusions C. of the 08-09 London Policy to the extent that other existing, valid, and collectible insurance is available to the Counterclaimants in connection with the Underlying Matters.

**Ninth Affirmative Defense**

The Counterclaimants' claims are barred to the extent that they seek coverage under the 07-08 London Policy because the limit of liability of the 07-08 London Policy has been fully exhausted.

**Tenth Affirmative Defense: Incorporation of Defenses**

Catlin hereby adopts and incorporates by reference any and all other defenses asserted, or that may hereafter be asserted, by any other Counterdefendant to the extent such defense may be applicable to Catlin. Catlin further intends to rely upon any additional defenses that become available or apparent during pretrial proceedings in this action and hereby reserves the right to amend this Answer in order to assert all such further defenses.

ANSWER TO JOINT COUNTERCLAIMS

WHEREFORE, having fully answered the Counterclaimants' Counterclaims, and having asserted affirmative defenses thereto, Catlin prays for judgment against the Counterclaimants as follows:

1.      That the Counterclaimants take nothing against Catlin by reason of the Counterclaims on file herein;

2.      That this Court adjudge, determine, and decree that Catlin is not obligated to indemnify the Counterclaimants for any defense costs or any damages that may be awarded against the Counterclaimants in connection with any of the Underlying Matters;

3.      That this Court adjudge, determine, and decree that Catlin is not obligated to contribute to payment or reimbursement of any defense costs or any damages that may be awarded against the Counterclaimants in connection with any of the Underlying Matters;

4.      That this Court adjudge, determine, and decree that Catlin is entitled to its costs and disbursements in this action, including, but not limited to, reasonable attorneys' fees; and

5.      For such other and further relief as the Court deems just and proper.


Dated: August 26, 2011            TRESSLER LLP


By:   /s/ Elizabeth L. Musser
          David Simantob
          Elizabeth L. Musser
          Attorneys for Counterdefendant Catlin
          Insurance Company (UK) Ltd.

ANSWER TO JOINT COUNTERCLAIMS