DAVID SIMANTOB (S.B. #155790)
dsimantob@tresslerllp.com
ELIZABETH L. MUSSER (S.B. #203512)
emusser@tresslerllp.com
TRESSLER LLP
1901 Avenue of the Stars
Suite 450
Los Angeles, California 90067
Telephone:  (310) 203-4800
Facsimile:   (310) 203-4850

THEODORE A. BOUNDAS (pro hac vice application pending)
JEFFREY T. SHAW (pro hac vice application pending)
W. JOEL VANDER VLIET (pro hac vice application pending)
Boundas, Skarzynski, Walsh & Black, LLC
200 East Randolph Drive, Suite 7200
Chicago, Illinois 60601
Telephone:  (312) 946-4200
Facsimile:   (312) 946-4272

Attorneys for Catlin Insurance Company (UK) Ltd.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| XL SPECIALTY INSURANCE COMPANY, *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>MICHAEL W. PERRY, *et al.*,<br><br>        Defendants.<br><br>LOUIS E. CALDERA, *et al.*,<br><br>        Counterclaimants,<br><br>v.<br><br>XL SPECIALTY INSURANCE COMPANY, *et al.*,<br><br>        Counterdefendants. | Case No. 2:11-CV-2078-RGK (JCG)<br><br>**ANSWER OF COUNTERDEFENDANT CATLIN INSURANCE COMPANY (UK) LTD. TO COUNTERCLAIMS OF OUTSIDE DIRECTOR DEFENDANTS**<br><br>**Judge: Hon. R. Gary Klausner** |

Counterdefendant Catlin Insurance Company (UK) Ltd. ("Catlin") respectfully submits this Answer to the Counterclaims of the Outside Director Counterclaimants[1] as follows:

1. Catlin admits that it subscribed to the Lloyds 2008-09 Policy, and refers to the Lloyds 2008-09 Policy for a full and accurate recitation of its terms, including the coverage provided. Catlin denies all allegations that are inconsistent with the Lloyds 2008-09 Policy.

Catlin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 and denies them on that basis.

Catlin denies the remaining allegations in Paragraph 1.

2. Catlin admits that Counterclaimants are defendants in *Siegel v. Caldera, et al.*, Case No. 2:09-ap-2645-BB, which was filed by the Trustee on November 13, 2009. Catlin refers to the Lloyds 2008-09 Policy for a full and accurate recitation of its terms, including the coverage provided, and denies all allegations that are inconsistent with the Lloyds 2008-09 Policy.

Catlin denies the remaining allegations in Paragraph 2.

3. Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and deny them on that basis.

4. Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and deny them on that basis.

5. Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and deny them on that basis.

6. Catlin is without knowledge or information sufficient to form a belief

---

[1] All capitalized terms used and not otherwise defined in this Answer have the meanings assigned to them in the Counterclaims of the Outside Directors. This Answer uses the same section headings as the Counterclaims of the Outside Directors. The section headings are not allegations, and no responsive pleading is required. To the extent that responsive pleadings to the section headings are deemed required, Catlin denies the allegations in the section headings.

as to the truth of the allegations in Paragraph 6 and deny them on that basis.

7. Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and deny them on that basis.

8. Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and deny them on that basis.

9. Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and deny them on that basis.

10. Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and deny them on that basis.

11. Catlin refers to the Lloyds 2008-09 Policy for a full and accurate recitation of its terms, including the coverage provided. Catlin denies all allegations that are inconsistent with the Lloyds 2008-09 Policy.

To the extent that the allegations in Paragraph 11 are directed to insurance policies allegedly issued by other parties, Catlin is without knowledge or information sufficient to form a belief as to the truth of those allegations and denies them on that basis.

12. Admitted.

13. Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and deny them on that basis.

14. Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and deny them on that basis.

15. Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and deny them on that basis.

16. Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and deny them on that basis.

17. Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and deny them on that basis.

18. Catlin is without knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 18 and deny them on that basis.

19. Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and deny them on that basis.

20. The first three sentences of Paragraph 20 are definitional and therefore do not require a responsive pleading. To the extent that a response is deemed required, Catlin denies the allegations in the first three sentences of Paragraph 20.

Catlin admits that it was authorized to do business as an insurer in the State of California at times relevant to the Counterclaims.

To the extent that the allegations in Paragraph 20 are directed to other parties, Catlin is without knowledge or information sufficient to form a belief as to the truth of those allegations and denies them on that basis.

Catlin denies the remaining allegations in Paragraph 20.

21. Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and deny them on that basis.

## JURISDICTION AND VENUE

22. Admitted.

23. Paragraph 23 consists of legal argument to which no responsive pleading is required. To the extent that a response is deemed required, Catlin denies the allegations in Paragraph 23.

24. Admitted.

## THE POLICIES

25. Catlin admits that it subscribed to the Lloyds 2008-09 Policy and refers to the Lloyds 2008-09 Policy for a full and accurate recitation of its terms, including the coverage provided. Catlin denies all allegations that are inconsistent with the Lloyds 2008-09 Policy.

To the extent that the allegations in Paragraph 25 are directed to insurance policies allegedly issued by other parties, Catlin is without knowledge or information sufficient to form a belief as to the truth of those allegations and denies

them on that basis.

Catlin denies the remaining allegations in Paragraph 25.

26. Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and denies them on that basis.

27. Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and denies them on that basis.

28. Catlin admits that it subscribed to the Lloyds 2008-09 Policy and refers to the Lloyds 2008-09 Policy for a full and accurate recitation of its terms, including the coverage provided. Catlin denies all allegations that are inconsistent with the Lloyds 2008-09 Policy.

To the extent that the allegations in Paragraph 28 are directed to insurance policies allegedly issued by other parties, Catlin is without knowledge or information sufficient to form a belief as to the truth of those allegations and denies them on that basis.

Catlin denies the remaining allegations in Paragraph 28.

29. Admitted.

30. Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and denies them on that basis.

31. Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and denies them on that basis.

32. Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and denies them on that basis.

33. Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and denies them on that basis.

34. Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and denies them on that basis.

35. Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and denies them on that basis.

36. Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and denies them on that basis.

37. Catlin admits that Paragraph 37 purports to summarize and describe the Lloyds 2008-09 Policy. Catlin refers to the Lloyds 2008-09 Policy for a full and accurate recitation of its terms and denies all allegations that are inconsistent with the Lloyds 2008-09 Policy.

To the extent that the allegations in Paragraph 37 are directed to insurance policies allegedly issued by other parties, Catlin is without knowledge or information sufficient to form a belief as to the truth of those allegations and denies them on that basis.

Catlin denies the remaining allegations in Paragraph 37.

## THE TRUSTEE LITIGATION

38. Admitted.

39. Admitted.

40. Catlin admits that Paragraph 40 purports to summarize and describe the Trustee Litigation. Catlin refers to the complaint filed in the Trustee Litigation for a full and accurate description of the Trustee Litigation and denies all allegations that are inconsistent with the complaint filed in the Trustee Litigation.

41. Catlin admits that it has not reimbursed Counterclaimants for any amounts they have incurred.

To the extent that the allegations in Paragraph 41 are directed to other parties, Catlin is without knowledge or information sufficient to form a belief as to the truth of those allegations and denies them on that basis.

Catlin denies the remaining allegations in Paragraph 41.

## THE TOWER 2 INSURERS DENY COVERAGE FOR THE TRUSTEE LITIGATION

42. Catlin admits that Counterclaimants sent a letter to its counsel, dated February 26, 2009. Catlin refers to that letter for a full and accurate recitation of its

contents and denies all allegations that are inconsistent with that letter. Catlin refers to the Lloyds 2008-09 Policy for a full and accurate recitation of its terms and denies all allegations that are inconsistent with the Lloyds 2008-09 Policy.

Catlin denies the remaining allegations in Paragraph 42.

43. Admitted.

44. Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and denies them on that basis.

45. Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and denies them on that basis.

46. Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and denies them on that basis.

47. Catlin admits that Paragraph 47 purports to summarize and describe the Lloyds 2008-09 Policy. Catlin refers to the Lloyds 2008-09 Policy for a full and accurate recitation of its terms and denies all allegations that are inconsistent with the Lloyds 2008-09 Policy.

To the extent that the allegations in Paragraph 47 are directed to insurance policies allegedly issued by other parties, Catlin is without knowledge or information sufficient to form a belief as to the truth of those allegations and denies them on that basis.

Catlin denies the remaining allegations in Paragraph 47.

48. Catlin admits that it was provided a copy of the OIG Audit Report in February 2009. Catlin refers to the Lloyds 2008-09 Policy for a full and accurate recitation of its terms and denies all allegations that are inconsistent with the Lloyds 2008-09 Policy. Catlin refers to the OIG Audit Report for a full and accurate description of its contents.

Catlin denies the remaining allegations in Paragraph 48.

49. Admitted.

50. Catlin admits that it denied coverage for the Trustee Litigation. Catlin

denies the remaining allegations in Paragraph 50.

51. Catlin admits that it has taken the position that there is no coverage under the Lloyds 2008-09 Policy for many reasons, including, but not limited to, the *Tripp* Exclusion. Catlin admits that Paragraph 51 purports to quote a portion of the *Tripp* Exclusion, albeit out of context. Catlin refers to the Lloyds 2008-09 Policy for a full and accurate recitation of its terms and denies all allegations that are inconsistent with the Lloyds 2008-09 Policy.

Catlin denies the remaining allegations in Paragraph 51.

52. Admitted.

53. Admitted. Answering further, to the extent that Paragraph 53 suggests or implies that Exhibit 14 is the only complaint relevant to the *Tripp* Exclusion, Catlin denies the allegations in Paragraph 53.

54. Catlin admits that Paragraph 54 purports to summarize and describe the *Tripp* Action. Catlin refers to the complaints filed in the *Tripp* Action for a full and accurate description of the *Tripp* Action and denies all allegations that are inconsistent with the complaints filed in the *Tripp* Action. Catlin refers to the Lloyds 2008-09 Policy for a full and accurate recitation of its terms and denies all allegations that are inconsistent with the Lloyds 2008-09 Policy.

Catlin denies the remaining allegations in Paragraph 54.

55. Catlin admits that Paragraph 55 purports to summarize and describe the Trustee Litigation. Catlin refers to the complaint filed in the Trustee Litigation for a full and accurate description of the Trustee Litigation and denies all allegations that are inconsistent with the complaint filed in the Trustee Litigation. Catlin refers to the Lloyds 2008-09 Policy for a full and accurate recitation of its terms and denies all allegations that are inconsistent with the Lloyds 2008-09 Policy.

Catlin denies the remaining allegations in Paragraph 55.

56. Catlin admits that Tower 2 insurers have contended that the Trustee

1  Litigation is not covered because of the Tower 2 Policies' "interrelated wrongful
2  acts" provisions, among other grounds. Catlin admits that Paragraph 56 purports to
3  quote a portion of the Lloyds 2008-09 Policy, albeit out of context; refers to the
4  Lloyds 2008-09 Policy for a full and accurate recitation of its terms; and denies all
5  allegations that are inconsistent with the Lloyds 2008-09 Policy.

6  Catlin denies the remaining allegations in Paragraph 56.

7  57. Denied.

### FIRST CAUSE OF ACTION

9  58. Catlin incorporates paragraphs 1-57, inclusive, of this Answer, as
10 though fully set forth hereat.

11 59. Admitted.

12 60. Admitted.

### SECOND CAUSE OF ACTION

14 61. Catlin incorporates paragraphs 1-60, inclusive, of this Answer, as
15 though fully set forth hereat.

16 62. Catlin admits that Paragraph 62 purports to summarize and describe
17 the Tower 2 Side A Insurers' Complaint. Catlin refers to that Complaint for a full
18 and accurate description of its contentions, and denies all allegations that are
19 inconsistent with that Complaint.

20 63. Paragraph 63 does not contain allegations to which a responsive
21 pleading is required. To the extent a response pleading is deemed required, Catlin
22 denies the allegations in Paragraph 63.

23 Catlin denies that the Counterclaimants are entitled to the judgment
24 they seek or to any relief sought in their Counterclaims, specifically:

25 1. Catlin denies that the Counterclaimants are entitled to the relief sought
26 in Paragraph 1 of their prayer for relief;

27 2. Catlin denies that the Counterclaimants are entitled to the relief sought
28 in Paragraph 2 of their prayer for relief; and

ANSWER TO COUNTERCLAIMS OF
OUTSIDE DIRECTORS

3. Catlin denies that the Counterclaimants are entitled to the relief sought in Paragraph 3 of their prayer for relief;

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Counterclaimants' claims are barred, in whole or in part, by the terms, conditions, exclusions, and limitations of the Lloyds 2008-09 Policy, all of which are reserved and none of which are waived, including, but not limited to: (1) the *Tripp* Exclusion; (2) Section I. Insuring Clauses A.; (3) Section III. Exclusions B.; (4) Section IV. Limit of Liability, Retentions and Order of Payments C.; and (5) Section VI. Notification.

### Second Affirmative Defense

The Counterclaimants' claims are barred to the extent that an Assured, or someone acting on an Assured's behalf, concealed, misrepresented or failed to disclose material facts in its application for the Lloyds 2008-09 Policy, or for the purpose of inducing Catlin to issue the Lloyds 2008-09 Policy.

### Third Affirmative Defense

The Counterclaimants' claims are barred to the extent that the Counterclaimants failed to exercise reasonable due diligence to mitigate their damages.

### Fourth Affirmative Defense

The Counterclaimants' claims are barred to the extent that the Counterclaimants have suffered no damages.

### Fifth Affirmative Defense

The Counterclaimants' claims are barred to the extent that the Counterclaimants had notice of the claims or suits for which relief is sought in their Counterclaims and failed to give timely, adequate, or proper notice to Catlin.

### Sixth Affirmative Defense

The Counterclaimants' claims are barred to the extent that any or all of the

Counterclaimants do not qualify as named insureds under the Lloyds 2008-09 Policy.

### Seventh Affirmative Defense

The Counterclaimants' claims are barred to the extent that the Counterclaimants voluntarily made any payment, assumed any obligation, or incurred any expense that is not covered under the terms and conditions of the Lloyds 2008-09 Policy.

### Eighth Affirmative Defense

The Counterclaimants' claims are barred pursuant to Section III. Exclusions C. of the Lloyds 2008-09 Policy to the extent that other existing, valid, and collectible insurance is available to the Counterclaimants in connection with the Underlying Matters,.

### Ninth Affirmative Defense

The Counterclaimants' claims are barred to the extent that they seek coverage under the Lloyds 2007-08 Policy because the limit of liability of the Lloyds 2007-08 Policy has been fully exhausted.

### Tenth Affirmative Defense: Incorporation of Defenses

Catlin hereby adopts and incorporates by reference any and all other defenses asserted, or that may hereafter be asserted, by any other Counterdefendant to the extent such defense may be applicable to Catlin. Catlin further intends to rely upon any additional defenses that become available or apparent during pretrial proceedings in this action and hereby reserves the right to amend this Answer in order to assert all such further defenses.

WHEREFORE, having fully answered the Outside Directors' Counterclaims, and having asserted affirmative defenses thereto, Catlin prays for judgment against the Outside Directors as follows:

1. That the Outside Directors take nothing against Catlin by reason of the Counterclaims on file herein;

ANSWER TO COUNTERCLAIMS OF OUTSIDE DIRECTORS

2. That this Court adjudge, determine, and decree that Catlin is not obligated to indemnify the Outside Directors for any defense costs or any damages that may be awarded against the Outside Directors in connection with the Trustee Litigation;

3. That this Court adjudge, determine, and decree that Catlin is not obligated to contribute to payment or reimbursement of any defense costs or any damages that may be awarded against the Outside Directors in connection with the Trustee Litigation;

4. That this Court adjudge, determine, and decree that Catlin is entitled to its costs and disbursements in this action, including, but not limited to, reasonable attorneys' fees; and

5. For such other and further relief as the Court deems just and proper.

Dated: August 26, 2011        TRESSLER LLP

                              By:  /s/ Elizabeth L. Musser
                                   David Simantob
                                   Elizabeth L. Musser
                                   Attorneys for Counterdefendant Catlin
                                   Insurance Company (UK) Ltd.