DAVID SIMANTOB (S.B. #155790)
dsimantob@tresslerllp.com
ELIZABETH L. MUSSER (S.B. #203512)
emusser@tresslerllp.com
TRESSLER LLP
1901 Avenue of the Stars
Suite 450
Los Angeles, California 90067
Telephone:   (310) 203-4800
Facsimile:    (310) 203-4850

THEODORE A. BOUNDAS (pro hac vice application pending)
JEFFREY T. SHAW (pro hac vice application pending)
W. JOEL VANDER VLIET (pro hac vice application pending)
Boundas, Skarzynski, Walsh & Black, LLC
200 East Randolph Drive, Suite 7200
Chicago, Illinois 60601
Telephone:   (312) 946-4200
Facsimile:    (312) 946-4272

Attorneys for Catlin Insurance Company (UK) Ltd.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XL SPECIALTY INSURANCE COMPANY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL W. PERRY, *et al.*,<br><br>Defendants. | Case No. 2:11-CV-2078-RGK (JCG)<br><br>**ANSWER OF COUNTERCLAIM DEFENDANT CATLIN INSURANCE COMPANY (UK) LTD. TO COUNTERCLAIMS OF DEFENDANTS/COUNTER-CLAIMANTS RICHARD KOON AND KENNETH SHELLEM** |
| RICHARD KOON, *et al.*,<br><br>Counterclaimants,<br><br>v.<br><br>XL SPECIALTY INSURANCE COMPANY, *et al.*,<br><br>Counterdefendants. | **Judge: Hon. R. Gary Klausner** |

Counterclaim Defendant Catlin Insurance Company (UK) Ltd. ("Catlin")
respectfully submits this Answer to the Joint Counterclaims of Counterclaimants
Richard Koon and Kenneth Shellem ("Counterclaimants")[1] as follows:

**JURISDICTION AND VENUE**

4.      Catlin admits that this Court has jurisdiction over the
Counterclaimants' Joint Counterclaims pursuant to 28 U.S.C. §§ 1332, 2201, and
2202, because there is complete diversity, the amount in controversy exceeds
$75,000, and there is an actual controversy. The remaining allegations in Paragraph
4 consist of legal argument to which no responsive pleading is required. To the
extent that a response is deemed required, Catlin denies the remaining allegations in
Paragraph 4.[2]

5.      Admitted.

6.      Catlin admits that Counterclaimants are defendants in lawsuits that
assert claims against them in their alleged capacities as former officers of IndyMac
Bank, F.S.B. and/or Bancorp.

Catlin is without knowledge or information sufficient to form a belief
as to the truth of the remaining allegations in Paragraph 3 and denies them on that
basis.

7.      Catlin admits that it subscribed to the 08-09 London Policy, and refers
to the 08-09 London Policy for a full and accurate recitation of its terms, including
the coverage provided. Catlin denies all allegations that are inconsistent with the
08-09 London Policy.

To the extent that the allegations in Paragraph 7 are directed to

---

[1] All capitalized terms used and not otherwise defined in this Answer have the
meanings assigned to them in the Counterclaimants' Joint Counterclaims. This
Answer uses the same section headings as the Counterclaimants' Joint
Counterclaims. The section headings are not allegations, and no responsive
pleading is required. To the extent that responsive pleadings to the section headings
are deemed required, Catlin denies the allegations in the section headings.
[2] Counterclaimants' Joint Counterclaims did not contain any Paragraphs 1-3,
instead beginning with Paragraph 4.

insurance policies allegedly issued by other parties, Catlin is without knowledge or information sufficient to form a belief as to the truth of those allegations and denies them on that basis.

Catlin denies the remaining allegations in Paragraph 7.

8.    Catlin admits that it denied coverage for certain underlying claims against the Counterclaimants. Catlin admits that it did not join this action as plaintiff and that only the Plaintiffs did so.

Catlin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and denies them on that basis.

9.    Paragraph 9 does not contain allegations to which a responsive pleading is required. To the extent a response pleading is deemed required, Catlin denies the allegations in Paragraph 9.

## THE PARTIES

### Counterclaimants

10.    Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and denies them on that basis.

11.    Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and denies them on that basis.

### Plaintiffs/Counterclaim Defendants

12.    Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and denies them on that basis.

13.    Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and denies them on that basis.

14.    Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and denies them on that basis.

15.    Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and denies them on that basis.

16.     Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and denies them on that basis.

**Additional Counterclaim Defendants**

17.     Admitted.

18.     Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and denies them on that basis.

19.     Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and denies them on that basis.

20.     Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and denies them on that basis.

21.     Catlin admits that it was authorized to do business as an insurer in the State of California at times relevant to the Counterclaims.

To the extent that the allegations in Paragraph 21 are directed to other parties, Catlin is without knowledge or information sufficient to form a belief as to the truth of those allegations and denies them on that basis.

Catlin denies the remaining allegations in Paragraph 21.

22.     Catlin admits that it is a proper party under Fed. R. Civ. P. 19. The remaining allegations in Paragraph 22 consist of legal argument to which no responsive pleading is required. To the extent that a response is deemed required, Catlin denies the remaining allegations in Paragraph 22.

23.     Catlin admits that Paragraph 23 purports to summarize and describe the 08-09 London Policy. Catlin refers to the 08-09 London Policy for a full and accurate recitation of its terms and denies all allegations that are inconsistent with the 08-09 London Policy.

Catlin denies the remaining allegations in Paragraph 23.

24.     Paragraph 24 is definitional and therefore does not require a responsive pleading. To the extent that a response is deemed required, Catlin denies the allegations in Paragraph 24.

# THE POLICIES

## The 08-09 Policies

25.     Catlin admits that it subscribed to the 08-09 London Policy and refers to the 08-09 London Policy for a full and accurate recitation of its terms, including the coverage provided. Catlin denies all allegations that are inconsistent with the 08-09 London Policy.

        To the extent that the allegations in Paragraph 25 are directed to insurance policies allegedly issued by other parties, Catlin is without knowledge or information sufficient to form a belief as to the truth of those allegations and denies them on that basis.

        Catlin denies the remaining allegations in Paragraph 25.

26.     Catlin admits that it subscribed to the 08-09 London Policy and that Exhibit 1 is a true and correct copy of the 08-09 London Policy. Catlin denies the remaining allegations in Paragraph 26.

27.     Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and denies them on that basis.

28.     Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and denies them on that basis.

29.     Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and denies them on that basis.

30.     Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and denies them on that basis.

31.     Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and denies them on that basis.

32.     Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and denies them on that basis.

33.     Catlin is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and denies them on that basis.

ANSWER TO COUNTERCLAIMS

1        34.     Paragraph 34 is definitional and therefore does not require a

2   responsive pleading. To the extent that a response is deemed required, Catlin denies

3   the allegations in Paragraph 34.

4        **The 07-08 Policies**

5        35.     Catlin admits that Certain Underwriters at Lloyd's London and

6   Lexington Insurance Company issued an insurance policy to IndyMac Bancorp,

7   Inc. that provided certain coverage with a policy period of March 1, 2007 to March

8   1, 2008.

9        To the extent that the allegations in Paragraph 35 are directed to

10  insurance policies allegedly issued by other parties, Catlin is without knowledge or

11  information sufficient to form a belief as to the truth of those allegations and denies

12  them on that basis.

13       36.     Admitted.

14       37.     Catlin is without knowledge or information sufficient to form a belief

15  as to the truth of the allegations in Paragraph 37 and denies them on that basis.

16       38.     Catlin is without knowledge or information sufficient to form a belief

17  as to the truth of the allegations in Paragraph 38 and denies them on that basis.

18       39.     Catlin is without knowledge or information sufficient to form a belief

19  as to the truth of the allegations in Paragraph 39 and denies them on that basis.

20       40.     Catlin is without knowledge or information sufficient to form a belief

21  as to the truth of the allegations in Paragraph 40 and denies them on that basis.

22       41.     Catlin is without knowledge or information sufficient to form a belief

23  as to the truth of the allegations in Paragraph 41 and denies them on that basis.

24       42.     Catlin is without knowledge or information sufficient to form a belief

25  as to the truth of the allegations in Paragraph 42 and denies them on that basis.

26       43.     Catlin is without knowledge or information sufficient to form a belief

27  as to the truth of the allegations in Paragraph 43 and denies them on that basis.

28       44.     Paragraph 44 is definitional and therefore does not require a

responsive pleading. To the extent that a response is deemed required, Catlin denies the allegations in Paragraph 44.

## THE UNDERLYING MATTER

45.     Admitted.

46.     Paragraph 46 is definitional and therefore does not require a responsive pleading. To the extent that a response is deemed required, Catlin denies the allegations in Paragraph 46.

**Notices of the Underlying Matters**

47.     Catlin admits that it received written notice of the Underlying Matter. Catlin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 and denies them on that basis.

## DENIALS OF COVERAGE

48.     Catlin admits that it denied coverage for the Underlying Matter under the 08-09 London Policy. Catlin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48 and denies them on that basis.

49.     Catlin admits that it contends that there is no coverage for the Underlying Matter under the 08-09 London Policy.

To the extent that the allegations in Paragraph 49 are directed to other Counterclaim Defendants, Catlin is without knowledge or information sufficient to form a belief as to the truth of such allegations and denies them on that basis.

Catlin denies the remaining allegations in Paragraph 49.

## FIRST COUNTERCLAIM

50.     Catlin incorporates Paragraphs 4-49 of its Answer as though fully set forth herein and notes that the Joint Counterclaim contains no Paragraphs 1-3 to incorporate.

51.     Denied.

52.     Denied.

ANSWER TO COUNTERCLAIMS

53.     Catlin admits that a present, actual controversy exists between the FDIC-HBD Matter Insureds and Catlin regarding coverage for the FDIC-HBD Matter under the 08-09 London Policy.

Catlin denies the remaining allegations in Paragraph 53.

**SECOND COUNTERCLAIM**

54.     Catlin incorporates Paragraphs 4-53 of its Answer as though fully set forth herein and notes that the Joint Counterclaim contains no Paragraphs 1-3 to incorporate.

55.     Catlin admits that Paragraph 55 purports to summarize certain contentions of Counterclaimants. Catlin is without knowledge or information sufficient to form a belief as to the present contentions of any other party. Catlin is therefore without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and denies them on that basis.

56.     Catlin admits that it denied coverage for the Underlying Matters under the 08-09 London Policy. Catlin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56 and denies them on that basis.

57.     Catlin denies the allegations in the first sentence of Paragraph 57.

Catlin admits that no settlement of the Underlying Matter has been made and no judgment has been entered against any of the Counterclaimants in the Underlying Matter.

To the extent that the remainder of Paragraph 57 purports to summarize and describe the 08-09 London Policy, Catlin refers to the 08-09 London Policy for a full and accurate recitation of its terms and denies all allegations that are inconsistent with the 08-09 London Policy.

Catlin denies the remaining allegations in Paragraph 57.

**THIRD COUNTERCLAIM**

58.     Paragraph 58 does not contain allegations to which a responsive

ANSWER TO COUNTERCLAIMS

pleading is required. To the extent a response pleading is deemed required, Catlin denies the allegations in Paragraph 58.

59.    Catlin incorporates Paragraphs 4-58 of its Answer as though fully set forth herein and notes that the Joint Counterclaim contains no Paragraphs 1-3 to incorporate.

60.    Catlin admits that Paragraph 60 purports to summarize the Complaint. Catlin refers to the Complaint for a full and accurate recitation of its contents and denies all allegations that are inconsistent with the Complaint.

61.    Catlin admits that Paragraph 61 purports to quote a portion of  Federal Rule of Civil Procedure 13. Catlin refers to Rule 13 for a full and accurate recitation of its contents and denies all allegations that are inconsistent with Rule 13.

62.    Paragraph 62 consists of explanatory information not directed to any defendant, as well as legal conclusions, and does not contain allegations to which a responsive pleading is required. To the extent that a response is deemed required, Catlin denies the allegations in Paragraph 62.

Catlin denies that the Counterclaimants are entitled to the judgment they seek or to any relief sought in their Counterclaims.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Counterclaimants' claims are barred, in whole or in part, by the terms, conditions, exclusions, and limitations of the 08-09 London Policy, all of which are reserved and none of which are waived, including, but not limited to: (1) the *Tripp* Exclusion; (2) Section I. Insuring Clauses A.; (3) Section III. Exclusions B.; (4) Section IV. Limit of Liability, Retentions and Order of Payments C.; and (5) Section VI. Notification.

### Second Affirmative Defense

The Counterclaimants' claims are barred to the extent that an Assured, or

ANSWER TO COUNTERCLAIMS

someone acting on an Assured's behalf, concealed, misrepresented or failed to disclose material facts in its application for the 08-09 London Policy, or for the purpose of inducing Catlin to issue the 08-09 London Policy.

### Third Affirmative Defense

The Counterclaimants' claims are barred to the extent that the Counterclaimants failed to exercise reasonable due diligence to mitigate their damages.

### Fourth Affirmative Defense

The Counterclaimants' claims are barred to the extent that the Counterclaimants have suffered no damages.

### Fifth Affirmative Defense

The Counterclaimants' claims are barred to the extent that the Counterclaimants had notice of the claims or suits for which relief is sought in their Counterclaims and failed to give timely, adequate, or proper notice to Catlin.

### Sixth Affirmative Defense

The Counterclaimants' claims are barred to the extent that any or all of the Counterclaimants do not qualify as named insureds under the 08-09 London Policy.

### Seventh Affirmative Defense

The Counterclaimants' claims are barred to the extent that the Counterclaimants voluntarily made any payment, assumed any obligation, or incurred any expense that is not covered under the terms and conditions of the 08-09 London Policy.

### Eighth Affirmative Defense

The Counterclaimants' claims are barred pursuant to Section III. Exclusions C. of the 08-09 London Policy to the extent that other existing, valid, and collectible insurance is available to the Counterclaimants in connection with the Underlying Matters.

ANSWER TO COUNTERCLAIMS

1

**<u>Ninth Affirmative Defense</u>**

2

The Counterclaimants' claims are barred to the extent that they seek

3

coverage under the 07-08 London Policy because the limit of liability of the 07-08

4

London Policy has been fully exhausted.

5

**<u>Tenth Affirmative Defense: Incorporation of Defenses</u>**

6

Catlin hereby adopts and incorporates by reference any and all other defenses

7

asserted, or that may hereafter be asserted, by any other Counterdefendant to the

8

extent such defense may be applicable to Catlin. Catlin further intends to rely upon

9

any additional defenses that become available or apparent during pretrial

10

proceedings in this action and hereby reserves the right to amend this Answer in

11

order to assert all such further defenses.

12

WHEREFORE, having fully answered the Counterclaimants' Counterclaims,

13

and having asserted affirmative defenses thereto, Catlin prays for judgment against

14

the Counterclaimants as follows:

15

1.      That the Counterclaimants take nothing against Catlin by reason of the

16

Counterclaims on file herein;

17

2.      That this Court adjudge, determine, and decree that Catlin is not

18

obligated to indemnify the Counterclaimants for any defense costs or any damages

19

that may be awarded against the Counterclaimants in connection with any of the

20

Underlying Matters;

21

3.      That this Court adjudge, determine, and decree that Catlin is not

22

obligated to contribute to payment or reimbursement of any defense costs or any

23

damages that may be awarded against the Counterclaimants in connection with any

24

of the Underlying Matters;

25

4.      That this Court adjudge, determine, and decree that Catlin is entitled to

26

its costs and disbursements in this action, including, but not limited to, reasonable

27

attorneys' fees; and

28

5.      For such other and further relief as the Court deems just and proper.

ANSWER TO COUNTERCLAIMS

1

Dated: August 26, 2011          TRESSLER LLP

2

3                                       By:  /s/ Elizabeth L. Musser
                                                 David Simantob
4                                                Elizabeth L. Musser
                                                 Attorneys for Counterdefendant Catlin
5                                                Insurance Company (UK) Ltd.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28