1   LOUIS KEMPINSKY (State Bar No. 90068)
    Email: lkempinsky@pwkllp.com
2   JOHN C. KEITH (State Bar No. 229755)
    Email: jkeith@pwkllp.com
3   PEITZMAN WEG & KEMPINSKY LLP
    10100 Santa Monica Boulevard
4   Los Angeles, CA 90067
    Phone: 310-552-3100
5   Fax: 310-552-3101

6   D. JEAN VETA (*pro hac vice*)
    E-mail: jveta@cov.com
7   DENNIS B. AUERBACH (*pro hac vice*)
    E-mail: dauerbach@cov.com
8   COVINGTON & BURLING LLP
    1201 Pennsylvania Avenue, NW
9   Washington, D.C. 20004
    Phone: 202-662-6000
10  Fax: 202-662-6291

11  Attorneys for Defendant/Counterclaimant
    Michael W. Perry
12

13              UNITED STATES DISTRICT COURT

14      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

15

16

17  XL SPECIALTY INSURANCE              Case No. 2:11-CV-2078-GHK-JCG
    COMPANY, *et al.*,
18                                      OPPOSITION OF MICHAEL W.
                  Plaintiffs,           PERRY TO OUTSIDE
19                                      DIRECTORS' EX PARTE
    v.                                  APPLICATION TO CONTINUE
20                                      (1) HEARING DATE ON
    MICHAEL W. PERRY, *et al.*,         MOTIONS FOR JUDGMENT ON
21                                      THE PLEADINGS AND (2)
                  Defendants.           DEADLINE TO ADD PARTIES
22                                      OR AMEND PLEADINGS

23                                      Date: N/A

24                                      Time: N/A

25                                      Courtroom: N/A

26                                      Judge: Hon. R. Gary Klausner

27

28
    OPPOSITION OF MICHAEL W. PERRY TO
    OUTSIDE DIRECTORS' EX PARTE
    APPLICATION FOR CONTINUANCE

1  **MICHAEL W. PERRY,** *et al.,*

2              **Counterclaimants,**

3  **v.**

4  **XL SPECIALTY INSURANCE COMPANY,** *et al.,*

5

6              **Counterdefendants**

7

8      Defendant/Counterclaimant Michael W. Perry opposes the Outside

9  Directors' Ex Parte Application to continue (a) the January 17, 2011 hearing date

10 on motions for judgment on the pleadings filed by Mr. Perry and the insurers on

11 November 23; and (b) the December 1 deadline imposed by the Court for adding

12 new parties or amending the pleadings (the "Ex Parte Application"). The Ex Parte

13 Application should be denied on both procedural and substantive grounds.

      First, this Court's Procedures provide that "Ex parte applications are ONLY

14 for extraordinary relief." *See* FAQs About Judges' Procedures and Schedules

15 (Hon. R. Gary Klausner), FAQ 6 (emphasis in original); *see also* Standing Order

16 Regarding Newly Assigned Cases (Dkt. 67), ¶ 9 ("Ex parte applications are solely

17 for extraordinary relief . . ."). The relief that the Outside Directors seek here is by

18 no means "extraordinary." The Outside Directors argue that the schedule should

19 be revised because they have entered into a settlement agreement (the "Settlement

20 Agreement"[1]) with the Chapter 7 Trustee of IndyMac Bancorp, Inc. (the

21 "Trustee"), which provides for the Outside Directors to partially assign their

22 insurance rights to the Trustee. That Settlement Agreement, however, is dated as

23 of October 25, 2011. Moreover, the Outside Directors knew on October 26, when

24 they joined the other parties in the meet and confer conference regarding motions

25

26 [1]    The Settlement Agreement is annexed as Exhibit B to the Declaration of
     Kathleen McDowell filed in support of the Ex Parte Application.

27

28

OPPOSITION OF MICHAEL W. PERRY TO                    2
OUTSIDE DIRECTORS' EX PARTE
APPLICATION FOR CONTINUANCE

1  for judgments on the pleadings, that Mr. Perry and the insurers intended to move

2  promptly for judgment on the pleadings.  There is thus no valid basis for the

3  Outside Directors to seek "extraordinary relief" now, more than a month later.

4  Second, the Outside Directors' request to extend the December 1 deadline

5  for adding parties or amending the pleadings was filed on November 30 -- just one

6  day before the deadline.  The Ex Parte Application thus contravenes the Court's

7  requirement that "Requests for continuance should be submitted well in advance

8  of the requested relief."  *See* FAQs About Judges' Procedures and Schedules

9  (Hon. R. Gary Klausner), FAQ 7.  The Outside Directors had ample opportunity to

10  satisfy this requirement during the more than one month that has elapsed since the

11  Settlement Agreement was reached, but failed to do so.

12  Third, in addition to being procedurally improper, the Ex Parte Application

13  lacks substantive merit.  The Outside Directors are currently represented by highly

14  skilled counsel, who will vigorously advocate the position on coverage that the

15  Outside Directors share with the Trustee.  Pursuant to the cooperation and

16  assistance provision of the Settlement Agreement (§ 6), the Outside Directors are

17  also bound to protect the Trustee's interests as potential assignee.  If the

18  Bankruptcy Court approves the Settlement Agreement and the Outside Directors'

19  insurance rights are thereby assigned in part to the Trustee, the Trustee will

20  presumably attempt to stand in the Outside Directors' shoes in this litigation for

21  purposes of seeking coverage  under the insurance policies for the settlement

22  amount (while the Outside Directors would remain parties in interest for purposes

23  of recovering any of their defense costs that have not been reimbursed by

24  insurers).  Settlement Agreement § 5.  As assignee, the Trustee will have no

25  greater coverage rights than the Outside Directors already have.  While the

26  Trustee's law firm may have its own ideas about how to litigate this matter, that

27  hardly constitutes the "strong showing of good cause" necessary to support a

28

OPPOSITION OF MICHAEL W. PERRY TO
OUTSIDE DIRECTORS' EX PARTE
APPLICATION FOR CONTINUANCE

3

1  continuance.  *See* FAQs About Judges' Procedures and Schedules (Hon. R. Gary

2  Klausner), FAQ 7.

3  <u>Finally</u>, Mr. Perry will be prejudiced if the relief requested by the Outside

4  Directors is granted.  The Outside Directors ask the Court to continue the hearing

5  on the pending motions for judgment on the pleadings to an indefinite future date

6  -- at least five weeks after the Bankruptcy Court rules on the Trustee's motion to

7  approve the Settlement Agreement.  Mr. Perry can ill afford this indefinite delay.

8  Mr. Perry's pending motion for judgment on the pleadings seeks a determination

9  that the insurers are liable to pay his defense costs in expensive ongoing litigation

10  brought against him by the Trustee and the Securities and Exchange Commission.

11  Mr. Perry continues to incur substantial legal fees in these pending actions (both

12  of which are scheduled for trial in summer 2012), and thus urgently needs a ruling

13  confirming his coverage rights.  The uncertainty regarding the insurers' coverage

14  obligations also continues to impede Mr. Perry's ability to settle these and other

15  underlying actions.  The prejudice Mr. Perry will suffer from a delay in getting his

16  motion for judgment on the pleadings resolved further mandates that the Ex Parte

17  Application be denied.

18

19  DATED:   December 1, 2011                   Respectfully submitted,

20

21                                        By:   /s/ D. Jean Veta
                                              D. Jean Veta
22                                            Attorney for Defendant/
                                              Counterclaimant Michael W. Perry

23

24

25

26

27

28
OPPOSITION OF MICHAEL W. PERRY TO              4
OUTSIDE DIRECTORS' EX PARTE
APPLICATION FOR CONTINUANCE