KIRBY D. BEHRE (*Admitted *pro hac vice*)
E-mail: kirbybehre@paulhastings.com
PAUL HASTINGS LLP
875 15th Street, N.W.
Washington, DC 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705

EVE M. CODDON (SB# 125389)
E-mail: evecoddon@paulhastings.com
PAUL HASTINGS LLP
515 S. Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6150
Facsimile: (213) 996-3150

Attorneys for Defendants/Counterclaimants
RICHARD KOON AND KENNETH SHELLEM

[additional counsel and defendants on following page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| XL SPECIALTY INSURANCE COMPANY, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL W. PERRY, *et al.*,<br><br>Defendants. | CASE NO.: 2:11-CV-2078-JCG<br><br>**JOINDER OF DEFENDANTS RICHARD KOON, KENNETH SHELLEM, SCOTT VAN DELLEN AND WILLIAM ROTHMAN IN DEFENDANT MICHAEL PERRY'S OPPOSITION TO THE SIDE A INSURERS' AND ABC CARRIERS' MOTIONS FOR JUDGMENT ON THE PLEADINGS** |

-1-

| | |
|---|---|
| MICHAEL W. PERRY, *et al.*, | DATE: January 17, 2012 |
| Counterclaimants, | TIME: 9:00 a.m. |
| vs. | COURTROOM: 850 |
| XL SPECIALTY INSURANCE COMPANY, *et al.*, | **Judge: Hon. R. Gary Klausner** |
| Counterdefendants. | |

ROBERT L. CORBIN (SB 127164)
rlcorb@corbfitzlaw.com
MICHAEL W. FITZGERALD (SB 755445)
mwfitz@corbfitzlaw.com
CORBIN, FITZGERALD & ATHEY LLP
601 West Fifth Street, Suite 1150
Los Angeles, California 90071-2024
Telephone: (213) 612-0001
Facsimile: (213) 612-0061

Attorneys for Defendants/Counterclaimants

SCOTT W. VAN DELLEN and WILLIAM ROTHMAN

HBD DEFENDANTS' JOINDER IN OPP. TO MOTIONS FOR JUDGMENT ON PLEADINGS

## I. INTRODUCTION AND JOINDER.

Defendants and counterclaimants Kenneth Shellem and Richard Koon, represented by Paul Hastings LLP, and defendants and counterclaimants Scott W. Van Dellen and William Rothman, represented by Corbin, Fitzgerald & Athey LLP, are defendants in one of the underlying Indymac matters: *FDIC v. Scott Van Dellen, et al.*, No. CV 10-4915-DSF (SHx) (the "HBD Action"), which was filed on July 10, 2010. Dkt. 1, Ex. H. The HBD Action relates to the Homebuilder Division ("HBD") of Indymac Bank; collectively, the four defendants will sometimes be referred to as the "HBD Defendants". The HBD Action followed a claim by the FDIC made in early 2009.

The HBD Defendants join in defendant and counterclaimant Michael Perry's oppositions to the motions for judgment on the pleadings filed by the A-Side Insurers and ABC Carriers. In particular, the HBD Defendants emphasize that the carriers simply cannot prevail as a matter of law. The existence of extrinsic evidence, both currently available and to be obtained, prevents a legal adjudication. This Court may rule as a matter of law that a duty to pay defense costs exists in favor of the insureds, as raised by Perry's own motion for judgment on the pleadings. That does not mean that the duty to indemnify is likewise ripe for determination as a matter of law. As this Court knows and as Perry specifies, the duty to defend is based on a different and considerably more relaxed standard than the duty to indemnify.

## II. THE HBD ACTION IS COVERED BY THE YEAR 2 POLICIES.

Perry's oppositions set forth the numerous authorities and arguments that demonstrate that the Underlying Matters are not subject to the exclusions in the Year 2 Policies. (Defined terms not separately defined in this Joinder have the same meanings as in the Perry oppositions.) The HBD Defendants here note that those authorities and arguments apply even more strongly to the HBD Action. The

1  HBD Action is probably the least likely Underlying Matter to run afoul of the *Tripp*
2  and Prior Notice Exclusions.
3       The HBD Action arose out of a claim asserted on March 27, 2009, against
4  Shellem, Koon and Van Dellen. Dkt. 1, Ex. H. This claim gave rise to the
5  complaint in the HBD Action filed on July 10, 2010. The FDIC's claim letter
6  against Shellem, Koon and Van Dellen and the subsequent HBD Action against
7  those three individuals and William Rothman do not allege any facts involving the
8  origination or securitization of single family residential mortgages. *See generally*
9  *id.* Instead, the allegations in the HBD Action involve unique facts arising out of
10 the independent HBD. *Id.*
11      The insurers do not accurately describe the nature of HBD and the allegations
12 in the HBD Action. While the HBD Defendants vigorously dispute the allegations
13 made in the HBD Action, the voluminous complaint – the allegations of which are
14 largely ignored by the insurers – describes HBD's business model and makes clear
15 that it had nothing to do with IndyMac's mortgage business. *See generally* Dkt. 1,
16 Ex. H.
17      To summarize, HBD made large loans to home developers, who then repaid
18 the principal and interest by selling the newly-built single family residences or
19 condominiums. These were loans that were typically $5 million or more. They
20 consisted of acquisition ("land") loans, acquisition and development ("A&D")
21 loans, acquisition, development and construction ("AD&C") loans, or construction
22 loans. The builders would draw down the loan proceeds in stages as work
23 progressed on the houses or condominiums. When the houses or condominiums
24 were sold, the loans would be repaid. The loans typically were for relatively short
25 periods of time, such as eighteen months or two years. The loans were backed by
26 equity in the project and, typically, the personal guarantees of the builders.
27      Each loan was individually underwritten by account officers and credit
28 officers in HBD. The production channels in the mortgage bank, such as mortgage

1  brokers or retail bank officers, had no involvement. The HBD loans were never
2  securitized or sold on Wall Street. The HBD loans were underwritten pursuant to
3  distinct policies and procedures that did not apply to the origination, underwriting
4  or securitization of the residential mortgage loans. HBD constituted only about 5%
5  of IndyMac Bank's total business. It was a separately functioning division with its
6  own executives who were not involved in the activities of the mortgage bank. On
7  its face, this business model could not have been more different from the main
8  activities of IndyMac Bank – the origination and securitization of residential
9  mortgages, typically Alt-A loans.

10  The complaint in the HBD Action contains 68 different counts involving 67
11  different homebuilder loans and over 34 different borrower relationships. The
12  complaint alleges negligence in the underwriting of these specific large commercial
13  loans. Accordingly, the allegations underlying the HBD Action are not
14  "interrelated wrongful acts" with the facts in the other underlying lawsuits that are
15  the subject of the motions by the carriers. Neither the *Tripp* nor Prior Notice
16  Exclusions could possibly apply at all, let alone as a matter of law.

17  The distinctions between the HBD Action and *Tripp* are not an accident. In
18  the view of the HBD Defendants, the meritless HBD Action was cynically
19  concocted for precisely that reason. The FDIC contrived the HBD Action as a
20  means to lay claim to the Year 2 Policies, and therefore deliberately chose that
21  division of Indymac that was the most distant from the allegations in *Tripp*. Having
22  been sued as pawns in the FDIC's attempts to gain insurance money, it is sadly
23  ironic that the HBD Defendants now face the threat of being denied coverage.

## III. CONCLUSION.

For all of the foregoing reasons, the HBD Defendants respectfully request that the motions for judgment on the pleadings be denied.

Dated: December 16, 2011

Respectfully submitted,

KIRBY D. BEHRE
EVE M. CODDON
PAUL HASTINGS LLP
By: /s/ Eve M. Coddon
EVE M. CODDON
Attorney for Defendants/Counterclaimants
Kenneth Shellem and Richard Koon

CORBIN, FITZGERALD & ATHEY LLP
ROBERT L. CORBIN
MICHAEL W. FITZGERALD
By: /s/ Robert L. Corbin
ROBERT L. CORBIN
Attorneys for Defendants/Counterclaimants
Scott Van Dellen and William Rothman

-6-

HBD DEFENDANTS' JOINDER IN OPP. TO MOTIONS FOR JUDGMENT ON PLEADINGS

# PROOF OF SERVICE

STATE OF CALIFORNIA           )
                              ) ss:
CITY OF LOS ANGELES AND COUNTY OF  )
LOS ANGELES                   )

I am employed in the City of Los Angeles and County of Los Angeles, State of California. I am over the age of 18, and not a party to the within action. My business address is 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, California 90071-2228.

On December 16, 2011, I served the foregoing document(s) described as:

JOINDER OF DEFENDANTS RICHARD KOON, KENNETH SHELLEM, SCOTT VAN DELLEN AND WILLIAM ROTHMAN IN DEFENDANT MICHAEL PERRY'S OPPOSITION TO THE SIDE A INSURERS' AND ABC CARRIERS' MOTIONS FOR JUDGMENT ON THE PLEADINGS

on the interested parties by placing thereof in a sealed envelope(s) addressed as follows:

Lee R. Bogdanoff
Klee Tuchin Bogdanoff & Stern LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067-6049

Telephone:  310 407-4000
Facsimile:  310 407-9090

[X]  **VIA U.S. MAIL:**
I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice such sealed envelope(s) would be deposited with the U.S. postal service on December 16, 2011 with postage thereon fully prepaid, at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on December 16, 2011, at Los Angeles, California.

_____
/S/   Cheryl Scott