JOHN W. SPIEGEL (SBN 78935)
john.spiegel@mto.com
KATHLEEN M. McDOWELL (SBN 115976)
kathleen.mcdowell@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th floor
Los Angeles, CA  90071-1560
Telephone:   (213) 683-9100
Facsimile:    (213) 687-3702

Attorneys for Defendants
LOUIS E. CALDERA, LYLE E. GRAMLEY,
HUGH M. GRANT, PATRICK C. HADEN,
TERRANCE G. HODEL, ROBERT L. HUNT II,
LYDIA H. KENNARD, and BRUCE G.
WILLISON

[Additional Parties & Counsel On Signature Page]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XL SPECIALTY INSURANCE COMPANY, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>MICHAEL W. PERRY, *et al.*,<br><br>　　　　　Defendants.<br><br>LOUIS CALDERA, LYLE GRAMLEY, HUGH GRANT, PATRICK HADEN, TERRENCE HODEL, ROBERT HUNT, LYDIA KENNARD, and BRUCE WILLISON,<br><br>　　　　　Counterclaimants,<br><br>v.<br><br>XL SPECIALTY INSURANCE COMPANY, *et al.*,<br><br>　　　　　Counter-Defendants. | CASE NO. 2:11-cv-2078-RGK-JCG<br><br>**REPLY IN SUPPORT OF MOTION TO DEFER PLAINTIFFS' AND COUNTERDEFENDANTS' MOTIONS FOR JUDGMENT ON THE PLEADINGS PENDING DISCOVERY**<br><br>**Judge:** Hon. R. Gary Klausner<br><br>**Date: January 17, 2012**<br><br>**Time: 9:00 a.m.**<br><br>**Courtroom: 850** |

**LOUIS CALDERA, LYLE GRAMLEY, HUGH GRANT, PATRICK HADEN, TERRENCE HODEL, ROBERT HUNT, LYDIA KENNARD, and BRUCE WILLISON,**

        Cross-Complainants,

v.

**CERTAIN UNDERWRITERS AT LLOYDS OF LONDON,** an unincorporated association; **CATLIN INSURANCE CO., LTD.,** a United Kingdom corporation; **ZURICH AMERICAN INSURANCE CO.,** a Delaware corporation; **TWIN CITY FIRE INSURANCE CO.,** a Delaware corporation; **CONTINENTAL CASUALTY CO.,** a Delaware corporation,

        Cross-Defendants.

---

**REPLY ISO MOTION TO DEFER PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS**
16077270.1

# TABLE OF CONTENTS

Page

I. AS A MATTER OF LAW, THE MOVING INSUREDS ARE ENTITLED TO DISCOVER EXTRINSIC EVIDENCE TO REVEAL AMBIGUITY IN THE EXCLUSIONARY LANGUAGE ................................................................................... 2

II. THE INSURERS ATTEMPT TO FORECLOSE ON THE MOVING INSUREDS' RIGHT TO EXTRINSIC EVIDENCE BY MAKING MERITLESS ARGUMENTS ................................................................................................................ 4

    A. The Insurers' Pleading Argument Fails Because The Parties Have Pled Varying Interpretations Of The Exclusions ........................ 5

    B. The Moving Insureds Have Diligently Conducted Discovery ............. 7

    C. The Insurers' Inconsistent And Disingenuous Arguments Regarding The Real Parties In Interest Smacks Of Opportunism ....... 8

    D. This Motion Is Procedurally Proper ................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) .................................................................................................9

*Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation*,
  323 F.3d 767 (9th Cir. 2003) ...................................................................................9

*Metabolife Int'l, Inc. v. Wornick*,
  264 F.3d 832 (9th Cir. 2001) ...................................................................................9

**STATE CASES**

*AIU Ins. Co. v. Superior Court*,
  51 Cal. 3d 807 (1990) ..............................................................................................2

*Bank of the W. v. Superior Court*,
  2 Cal. 4th 1254 (1992) .............................................................................................2

*Bay Cities Paving & Grading, Inc. v. Lawyers' Mut. Ins. Co.*,
  5 Cal. 4th 854 (1993) ...............................................................................................2

*Dore v. Arnold Worldwide, Inc.*,
  39 Cal. 4th 384 (2006) .....................................................................................passim

*Hervey v. Mercury Cas. Co.*,
  185 Cal. App. 4th 954 (2010) ............................................................................2, 3, 4

*Herzog v. Nat'l Am. Ins. Co.*,
  2 Cal. 3d 192 (1970) ................................................................................................4

*MacKinnon v. Truck Ins. Exch.*,
  31 Cal. 4th 635 (2003) ..........................................................................................5, 6

*Morey v. Vannucci*,
  64 Cal. App. 4th 904 (1998) ....................................................................................2

*Pac. Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co. (PG&E)*,
  69 Cal. 2d 33 (1968) ............................................................................................2, 3

# TABLE OF AUTHORITIES

**Page(s)**

*Qualcomm, Inc. v. Certain Underwriters at Lloyd's, London*,
   161 Cal. App. 4th 184 (2008) ............................................................................ 3

*Waller v. Truck Ins. Exch. Inc.*,
   11 Cal. 4th 1 (1995) ........................................................................................... 2

**FEDERAL RULES**

Fed R. Civ. P. 12(d) ................................................................................................ 9

Fed. R. Civ. P. 56 .................................................................................................... 9

**STATE RULES**

Rule 26(f) ................................................................................................................ 1

Rule 30(b)(6) ..................................................................................................... 7, 8

# INTRODUCTION

In *Dore v. Arnold Worldwide, Inc.*, 39 Cal. 4th 384 (2006), the California Supreme Court clearly held that parties to an insurance policy are entitled to obtain and present extrinsic evidence to reveal possible ambiguity in the policy language. The California Supreme Court held this to be true *even if* the policy language appears to be facially unambiguous. The Insurers do not mention – let alone rebut – *Dore* in their Opposition. Nor do the Insurers address – let alone deny – that there were extensive negotiations as to the meaning and scope of the *Tripp* Exclusion, or that extrinsic evidence regarding these negotiations would likely show that the *Tripp* Exclusion was to be narrowly construed. In fact, the Insurers completely ignored the evidence attached to the Moving Insureds' Motion, perhaps hoping that the Court would simply disregard it.

Neither can the Insurers show that the Outside Directors have failed to pursue discovery diligently. The Outside Directors served discovery and scheduled depositions shortly after the Rule 26(f) conference. The Insurers then requested a continuance to mid-January and now are declining to produce *any* witnesses for *any* category set forth in the 30(b)(6) deposition notices. The Insurers cannot engage in such gamesmanship and then claim that the Outside Directors have failed to act diligently.

In short, the Insurers seek to rush this Court to rule against coverage before the Moving Insureds can develop, through discovery they are legally entitled to obtain, the complete record that will undermine the Insurers' effort. The Insurers' effort to stymie the Moving Insureds' pursuit of discovery as to the meaning of the policy exclusions at issue should be rejected. Accordingly, this Court should either (i) deny the Insurers' Motions for Judgment on the Pleadings ("MJOPs") outright, or, in the alternative, (ii) defer consideration of the Insurers' MJOPs until the

Moving Insureds have had the opportunity to conduct discovery regarding the drafting history and meaning of the exclusionary language.

## ARGUMENT

### I.   As A Matter Of Law, The Moving Insureds Are Entitled To Discover Extrinsic Evidence To Reveal Ambiguity In The Exclusionary Language

The Insurers' principal argument–that the Moving Insureds must first demonstrate that the policy exclusions are facially ambiguous before they are entitled to discover extrinsic evidence regarding the interpretation of the exclusions—is directly contrary to controlling case law. As the California Supreme Court held in *Dore*:

> Even if [an insurance policy] appears unambiguous on its face, a latent ambiguity may be exposed by extrinsic evidence which reveals more than one possible meaning to which the language of the contract is [] reasonably susceptible.

39 Cal. 4th at 391 (citing *Morey v. Vannucci*, 64 Cal. App. 4th 904, 912 (1998). The California Supreme Court has held in another case that "rational interpretation requires at least a preliminary consideration of all credible evidence offered to prove the intention of the parties." *Pac. Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co. (PG&E)*, 69 Cal. 2d 33, 39-40 (1968). The Insurers do not directly address or even attempt to distinguish *Dore* or *PG&E*. In fact, with the exception of *Hervey v. Mercury Cas. Co.*, 185 Cal. App. 4th 954 (2010) – which actually supports the Moving Insureds' position, not the Insurers' – the remaining cases cited by the Insurers have <u>nothing</u> to do with the admissibility of extrinsic evidence to interpret a policy.[1]

---

[1] *See Bay Cities Paving & Grading, Inc. v. Lawyers' Mut. Ins. Co.*, 5 Cal. 4th 854 (1993) (no mention of parol or extrinsic evidence); *Bank of the W. v. Superior Court*, 2 Cal. 4th 1254 (1992) (same); *AIU Ins. Co. v. Superior Court.*, 51 Cal. 3d 807 (1990) (same); *Waller v. Truck Ins. Exch. Inc.*, 11 Cal. 4th 1, 40 (1995) ("No

As to *Hervey*, the case actually undercuts the Insurers' argument:

> **First, the court provisionally receives (without actually admitting) all credible evidence concerning the parties' intentions to determine 'ambiguity,' i.e., whether the language is 'reasonably susceptible' to the interpretation urged by a party**. . . . The test of whether parol evidence is admissible to construe an ambiguity is not whether the language appears to the court unambiguous, but whether the evidence presented is relevant to prove a meaning to which the language is "reasonably susceptible."

*Hervey*, 185 Cal. App. 4th at 961-62 (emphasis added) (internal quotations omitted).  Therefore, under California law in *Dore*, *PG&E*, and *Hervey*, even if the Court agreed with the Insurers that the insurance policy appears to be unambiguous on its face, extrinsic evidence must be at least provisionally considered to determine whether an alternative reasonable interpretation of the policy provision exists such that at the very least the policy involves a latent ambiguity.  The Court must do so before it can interpret the policy as a matter of law.

Discovery is particularly warranted where, as here, information available to the Moving Insureds directly refutes the Insurers' position that the *Tripp*, Interrelated Wrongful Acts and Prior Notice Exclusions unambiguously bar coverage in this case.  The Insurers fail to address or deny in their Opposition that the *Tripp* exclusion was subject to a month of intensive negotiations with Bancorp wherein the parties narrowed the exclusion's scope, and that discovery regarding these negotiations may shed light on the parties' various interpretations of the *Tripp* and other policy exclusions upon which the Insurers rely.[2]

---

party has put forward extrinsic evidence bearing on the interpretation of the policy."); *Qualcomm, Inc. v. Certain Underwriters at Lloyd's, London*, 161 Cal. App. 4th 184, 192 (2008) ("Neither party in this case challenges the trial court's resolution of the issues raised by Underwriters' demurrer as a matter of law").

[2] Instead, the Insurers argue that "[i]n *Hervey*, the court refused to allow the insured to plead ambiguity of the policy and to obtain and introduce extrinsic

Moreover, the Insurers' argument about the increase in premiums is refuted by the very case upon which they rely.  The Insurers argue that the average 250% increase in premiums charged is "irrelevant" to show the policies were intended to cover litigation related to the subprime crisis, but the case law they cited in support actually relied on the amount of the premium to determine whether the parties intended for there to be coverage.  *See Herzog v. Nat'l Am. Ins. Co.*, 2 Cal. 3d 192, 197 (1970) ("[T]he relatively small premiums charged [by the homeowners' insurance policy] clearly do not contemplate coverage for automobile-related accidents . . . .").

The law in California is clear: the Moving Insureds must first be afforded the right to obtain extrinsic evidence bearing on the interpretation of the exclusions before these exclusions may be interpreted as a matter of law.  Accordingly, this Court must either (i) deny the Insurers' MJOPs, or (ii) defer consideration of the Insurers' MJOPs until discovery is complete.  It would be legal error to dispose of this insurance coverage case before discovery takes place.

## II. The Insurers Attempt To Foreclose On The Moving Insureds' Right To Extrinsic Evidence By Making Meritless Arguments.

---

evidence of her interpretation" and imply the same result is required here. Opp. at 11-12 (internal quotation omitted).  Not so.  In *Hervey*, the insured sought to discover and attach to her complaint extrinsic evidence of "advertising copy" and "marketing brochures" in order to support her interpretation of the policy, even though she conceded she had not "actually relied upon such material in purchasing her automobile coverage." 185 Cal. App. 4th at 963.  By contrast, the Moving Insureds seek discovery regarding, among other pertinent issues, the month-long negotiation process between Bancorp and the Insurers about the wording of the *Tripp* Exclusion, information on which Bancorp *necessarily relied* in purchasing the policies.  Moreover, unlike the insured in *Hervey*, the Moving Insureds must be granted complete information regarding these negotiations because they were not parties to them.

The Insurers would have this Court deny the Moving Insureds' right to discover extrinsic evidence purportedly on the grounds that: (A) the Moving Insureds failed to plead ambiguity; (B) the Moving Insureds delayed discovery; (C) the Moving Insureds are not the real parties in interest; and (D) the Motion is procedurally improper. All of these arguments fall flat.

### A. The Insurers' Pleading Argument Fails Because The Parties Have Pled Varying Interpretations Of The Exclusions.

The Insurers argue that the Moving Insureds are not entitled to obtain and present extrinsic evidence regarding the meaning of the exclusions because "no ambiguity has been pleaded and no alternative interpretation has been advanced." Opp. at 12. This is incorrect for two independently sufficient reasons.

*First*, the Insurers cite no case law standing for this proposition that a party must plead the existence of "ambiguity." In fact, the California Supreme Court has suggested just the opposite—that "even if [the policy] appears unambiguous on its face, a latent ambiguity may be exposed by extrinsic evidence which reveals more than one possible meaning to which the language of the contract is yet reasonably susceptible." *Dore*, 39 Cal. 4th at 391. Moreover, it is the Insurers' burden to establish that the exclusions upon which they rely can be read only one way and that is to unambiguously deny coverage. *See, e.g.*, *MacKinnon v. Truck Ins. Exch.*, 31 Cal. 4th 635, 648 (2003). The Moving Insureds are entitled to discovery that is designed to show that the Insurers cannot meet their burden. Thus, the Moving Insureds are entitled to obtain and present extrinsic evidence regarding the meaning of the exclusions.

*Second*, it is clear that an "alternative interpretation has been advanced" (*contra* Opp. at 12) by the Moving Insureds in their Counterclaims. With respect to the *Tripp* Exclusion, the Counterclaims allege:

Case 2:11-cv-02078-RGK-JCG   Document 221   Filed 01/03/12   Page 11 of 16   Page ID #:10931

> The *Tripp* Exclusion does not bar coverage for the Trustee Litigation. . . . Because the Trustee Litigations involves, at least in part, facts and circumstances that are not based upon, arising out of, directly or indirectly resulting from or in consequence of or in any way involving the *Tripp* Action, including but not limited to the alleged down-streaming of funds and the backdating of such transfers in 2008 (events that are alleged to have occurred well after the *Tripp* Action was filed and are thus not at issue in that case), the Trustee Litigation does not fall within the *Tripp* Exclusion.

Counterclaims at ¶¶ 51-55. Similarly, the Moving Insureds clearly allege that the *Tripp* and Trustee Litigations are unrelated, such that coverage for the Trustee Litigation is not barred by any exclusion on the basis of purported similarities with the *Tripp* Litigation:

> The Trustee Litigation involves facts and circumstances that post-date the filing of the *Tripp* Action and that are not at issue in the *Tripp* Action. Given that those claims indisputably are not "interrelated" to the claims in the *Tripp* Action, the Tower 2 Insurers have a duty to reimburse Counterclaimants for the reasonable defense costs incurred in the Trustee Litigation.

*Id.* at ¶ 57.

Interestingly, the Insurers admit that these allegations show "the parties clearly have a dispute as to the *application* of the *Tripp* and Prior Notice Exclusions," Opp. at 13, and, of course, under California law as long as the Moving Insureds' alternative interpretation is at least reasonable, which it is here, even if the Insurers' interpretation also is reasonable (which it is not) then the exclusion must be interpreted in the insureds' favor. *See MacKinnon*, 31 Cal. 4th at 648, 652. Nonetheless, the Insurers somehow want this Court to believe that pleading a genuine dispute as to the *application* of the exclusions "does not mean the exclusions themselves are ambiguous." *Id.* They are simply wrong. The California Supreme Court has stated "**[T]he meaning of language is to be found**

**REPLY ISO MOTION TO DEFER PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS**
16077270.1                                     - 6 -

**in its applications**. **An indeterminacy in the application of language signals its vagueness or ambiguity.** An ambiguity arises when language is reasonably susceptible of more than one application to material facts." *Dore*, 39 Cal. 4th at 391 (emphasis added) (internal quotation omitted). Therefore, by pleading a genuine dispute as to the applicability of the exclusions, the Moving Insureds have pled that ambiguity is possible.

### B. The Moving Insureds Have Diligently Conducted Discovery.

Citing no case law, the Insurers contend that the Moving Insureds have somehow forfeited their right to discovery because "the Moving Insureds have not exercised diligence in propounding discovery requests." Opp. at 13-14. Not so. Rather, it is the Insurers who have unreasonably thwarted discovery at every turn.

The Outside Directors served discovery requests regarding the drafting history, formation and interpretation of the policies at issue on November 17, 2011—within three weeks after the October 24, 2011 initial status conference and *__more than five months__* before the April 25, 2012 discovery deadline. McDowell Decl. ¶ 9, Exs. F-I. The Insurers fault the Moving Insureds for not propounding discovery even earlier, yet have failed to mention that, since the outset of this case, the parties have been engaged in good faith mediation, discussing ways in which to resolve the coverage issues as well as the underlying disputes. Reply Declaration of Kathleen M. McDowell ("McDowell Reply Decl.") ¶ 2.

Indeed, it is the Insurers who are stonewalling the discovery process by denying the Moving Insureds the right to information necessary to litigate this dispute. Lloyd's and Zurich's written discovery responses were originally due on December 20, 2011, with Rule 30(b)(6) depositions noticed for December 22 and 23. The Insurers requested and were granted an extension. McDowell Reply Decl. ¶ 3. To date, the Insurers have not answered *any* written discovery requests. *Id.*

The Insurers also have indicated that they do not intend to provide <u>any</u> witnesses pursuant to Rule 30(b)(6) for <u>any</u> category set forth in the noticed depositions, and instead plan to bring a motion for protective order seeking to prevent the depositions from going forward in their entirety.  *Id.* at ¶ 4.

Moreover, during their meet and confer prior to filing the MJOPs, counsel for the Outside Directors informed the Insurers that defendants needed discovery from the Insurers before the Insurers could seek a decision on policy interpretation. McDowell Reply Decl. ¶ 5.  Nonetheless, the Insurers forged ahead and filed their MJOPs, ignoring the need for discovery in every regard.  Somehow, now, the Insurers insist that the Moving Insureds should have sought "a scheduling change that would allow them to receive discovery responses prior to opposing the Insurers' MJOPs." Opp. at 14.  The entire basis for this present motion to defer is precisely that — a scheduling change that would allow the Moving Insureds to receive discovery responses in order to meaningfully oppose the Insurers' motions.

### C. **The Insurers' Inconsistent And Disingenuous Arguments Regarding The Real Parties In Interest Smacks Of Opportunism.**

Curiously, the Insurers now argue that the Court should go forward on their MJOPs notwithstanding the Moving Insureds' right to discovery because some of the Moving Insureds, specifically the Outside Directors, may not be the real parties-in-interest here in light of their recent settlement with the Trustee and the assignment of policy benefits sufficient to pay the settlement amount. Opp. at 14.[3] First and foremost, if that were the case, then the Insurers' motions would be moot,

---

[3] On October 25, 2011, the Outside Directors settled the Trustee Litigation against them. McDowell Reply Decl. ¶ 6. The hearing to approve that settlement took place on December 21, 2011. *Id*. at ¶ 7. The Bankruptcy Court approved the Settlement between the Trustee and the Outside Directors on December 29, 2011. *Id*. Accordingly, the Outside Directors' assignment of their interests in the policy proceeds is now sufficient to permit the Trustee to collect the settlement amount.

as there would no longer be any dispute for the Court to adjudicate between the Outside Directors and the Insurers.  Second, and importantly, only a few weeks ago, the Insurers vigorously opposed continuing the hearing date on their MJOPs (*see* Dkt. No. 201), making precisely the opposite argument—that the Outside Directors were the appropriate parties-in-interest notwithstanding their assignment to the Trustee, which was then pending approval from the Court.  The Insurers took this position out of convenience, in order to avoid having their MJOPs delayed pending the possible substitution of the Trustee as a real party in interest.  The Insurers cannot have it both ways.

### D. This Motion Is Procedurally Proper.

The Moving Insureds' Motion is procedurally proper.  Under *Dore*, *supra*, the Moving Insureds are entitled to discover and present extrinsic evidence of ambiguity in the policy language to the Court *before* the Court can interpret the policy as a matter of law.  This is *not* limited to motions for summary judgment.  Indeed, the Court has broad powers to stay determinations of law pending this discovery.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986); *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003); *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001); Fed R. Civ. P. 12(d).  Thus, the Moving Insureds have not engaged in any improper procedural conduct here.

The Insurers improperly fault the Moving Insureds for "rely[ing] on cases interpreting Federal Rule of Civil Procedure 56, which applies to summary judgment motions" rather than cases involving motions for judgment on the pleadings."  Opp. at 2.  As the Insurers are well aware, there are few if any cases which have decided contested policy interpretation on a motion for judgment on the pleadings.  In fact, in their Motions the Insurers cite **no cases** granting a motion

for judgment on the pleadings on policy interpretation.  Rather, they relied almost exclusively on cases applying the summary-judgment standard.

Moreover, the Moving Insureds are not seeking to continue the Court date on the MJOPs "to some unspecified future date," as the Insurers suggest.  Opp. at 8-10.  As a matter of law, the Moving Insureds are entitled to discover extrinsic evidence – such as the drafting history of the *Tripp* Exclusion – which may reveal ambiguity in the exclusionary language.  The Court cannot decide policy interpretation before this occurs.  The pace at which the discovery can be completed is all within the Insurers' control.  If the Insurers would simply provide the discovery already served and to which the Moving Insureds are entitled as a matter of law – discovery which was originally due weeks ago – there would be no delay.  In any case, even if the Court were to treat this Motion as a request for a continuance, the case law requiring discovery provides the requisite "strong showing of good cause" referenced by the Insurers.   Standing Order ¶ 10.

In sum, as a matter of substantive law, the Moving Insureds are entitled to discover and present extrinsic evidence to reveal possible ambiguity in the policy's exclusions, even if the policy appears unambiguous on its face.  The Court simply cannot decide the interpretation of the *Tripp* and Prior Notice Exclusions until the Insurers respond to discovery regarding the drafting history and meaning of these exclusions.  It would be legal error to do otherwise.

## CONCLUSION

The Moving Insureds are entitled to discover and present extrinsic evidence of ambiguity prior to the Court's ruling on policy interpretation.  The Court may either (i) deny the Insurers' MJOPs outright, or (ii) defer considering the MJOPs until the Insurers answer discovery.

DATED: January 3, 2012      MUNGER, TOLLES & OLSON LLP
    John W. Spiegel
    Kathleen M. McDowell

By:     */s/ Kathleen M. McDowell*
    Kathleen M. McDowell

Attorneys for Defendants Louis E. Caldera, Lyle E. Gramley, Hugh M. Grant, Patrick C. Haden, Terrance G. Hodel, Robert L. Hunt II, Lydia H. Kennard, and Bruce G. Willison

Dated: January 3, 2012      CORBIN, FITZGERALD & ATHEY LLP


By:     */s/ Michael W. Fitzgerald*
    Michael W. Fitzgerald

Attorneys for Defendants and Counterclaimants
Kevin Callan, Samir Grover, Simon Heyrick, Jill Jacobson, John D. Olinski, William Rothman, Scott W. Van Dellen, and Victor Woodworth

Dated: January 3, 2012      FAIRBANK & VINCENT


By:     */s/ Robert H. Fairbank*
    Robert H. Fairbank

Attorneys for Defendant
S. Blair Abernathy