David Simantob, SBN 155790
dsimantob@tresslerllp.com
Elizabeth L. Musser, SBN 203512
emusser@tresslerllp.com
TRESSLER LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, CA 90067
Telephone: (310) 203-4800
Facsimile: (310) 203-4850

Attorneys for Counterdefendants
Catlin Insurance Company (UK) Ltd.,
Continental Casualty Company, and
Twin City Fire Insurance Company, and
Intervenor Counterdefendants Those Certain Underwriters at
Lloyd's, London Subscribing to Policy No. QA011608

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **XL SPECIALTY INSURANCE COMPANY,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **MICHAEL W. PERRY,** *et al.*, <br><br> Defendants. | Case No. 2:11-CV-2078-RGK-JCG <br><br> **STIPULATED PROTECTIVE ORDER** |

## STIPULATED PROTECTIVE ORDER

Defendants and Counterclaimants Michael W. Perry, A. Scott Keys, Louis E. Caldera, Lyle E. Gramley, Hugh M. Grant, Patrick C. Haden, Terrance G. Hodel, Robert L. Hunt, II, Lydia H. Kennard, Bruce G. Willison, John Olinski, S. Blair Abernathy, Samir Grover, Simon Heyrick, Victor H. Woodworth, Scott Van Dellen, Richard Koon,  Kenneth Shellem, William Rothman, Jill Jacobson, and Kevin

Callan and Plaintiffs and Counterdefendants XL Specialty Insurance Company, Arch Insurance Company, ACE American Insurance Company, and AXIS Insurance Company; Counterdefendants Catlin Insurance Company (UK) Ltd., Twin City Fire Insurance Company, Zurich American Insurance Company, and Continental Casualty Company; and Intervenor Defendants Those Certain Underwriters at Lloyd's, London Subscribing to Policy No. 509/QA011608 (each a "Party" and, collectively, the "Parties") through counsel, respectfully request the entry of a Stipulated Protective Order to govern the treatment of documents and information in this action that contain proprietary and sensitive commercial information. The parties request entry of this Stipulated Protective Order to allow for the production of the requested documents and disclosure of other information while maintaining the confidentiality of such documents and information.

IT APPEARING TO THE COURT that the entry of this Consent Protective Order is consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court; and

IT FURTHER APPEARING TO THE COURT that all parties have consented to the entry of this Consent Protective Order;

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

1. Any information, document, or thing produced or created in connection with this litigation that is reasonably believed by a Producing Party to contain sensitive proprietary, financial, research, development, commercial or personal information and/or trade secrets or other confidential information, and that has not previously been produced or made publicly available, may be designated as "Confidential" or "Highly Confidential" Protected Information by such Producing Party. As used herein, Confidential or Highly Confidential Protected Information may include (a) all papers, tapes, documents (including answers to interrogatories or

requests for admission), CD-ROMs, diskettes, and other tangible things produced by or obtained from a Producing Party; (b) transcripts of depositions herein and exhibits thereto; and (c) all copies, extracts, and complete or partial summaries prepared from such papers, documents, or things.  The designation of Confidential or Highly Confidential Protected Information shall be made in good faith, and no Producing Party shall designate Protected Information as Confidential or Highly Confidential without a reasonable and good faith belief that such designation is appropriate.  As used herein, "Producing Party" shall refer to any person or entity producing information, documents, discovery responses or testimony in connection with this litigation, irrespective of whether the Producing Party is a party to this action.

2.   A Producing Party may designate Protected Information as Confidential  by stamping or otherwise marking the Protected Information with the following legend:

**CONFIDENTIAL**

**Subject to Consent Protective Order**

A Producing Party may designate Protected Information as Highly Confidential by stamping or otherwise marking the Protected Information with the following legend:

**HIGHLY CONFIDENTIAL**

**Subject to Consent Protective Order**

3.   A non-producing Party may designate Protected Information as Confidential or Highly Confidential (a "Designating Party") by giving written notice to all Parties within 30 days of production by another Party or non-party of the Protected Information that is to be so designated, and by providing replacement copies of the Protected Information with the appropriate designation.  In addition, if

a Producing Party inadvertently fails to stamp certain documents upon their production, it may designate such documents as Confidential or Highly Confidential by giving notice as described in the preceding sentence, and by providing replacement copies of the Protected Information with the appropriate designation.

4. All Protected Information shall be used solely in connection with this litigation, and the preparation and trial of this litigation, or any appellate proceeding or settlement arising from this proceeding, and not for any other purpose. Protected Information and information derived therefrom shall not be disclosed except as set forth in Paragraphs 5, 6, 7 and/or 8.

5. Protected Information designated as Confidential may be disclosed only to the following persons:

(a) Counsel of record for any Party, including partners, associates, deputies, and assistants of such counsel;

(b) Paralegal, stenographic, clerical and secretarial personnel employed by counsel described in (a);

(c) Any Party and any of a Party's officers, directors, employees, trustees, partners, agents, or in-house legal personnel (or to any officer, director, employee, or in-house legal personnel of a parent, subsidiary or affiliate of any Party);

(d)(1) Any witness at a deposition, trial, evidentiary hearing, or other court proceeding, subject to Paragraph 8 below;

(d)(2) Percipient witnesses who are Parties or who are current or former employees, officers, agents, partners or directors of a Party, of IndyMac Bancorp, Inc., or of a parent, subsidiary or affiliate of Indymac Bancorp, Inc., subject to Paragraph 8 below;

(e) Any person who authored or has previously received the Protected Information in the ordinary course of his, her, or its business;

  (f) Any court reporter or other person involved in recording deposition testimony in this litigation by any means and acting in that capacity;

  (g) The Court (and any appellate court) and any person employed by the Court whose duties require access to the Protected Information, including court personnel, stenographic reporters, jurors and alternate jurors;

  (h) The Parties' insurers, reinsurers, reinsurance intermediaries, retrocessionaires of the Parties' reinsurers, regulators, auditors and accountants, but only to the extent that any such persons or entities have a legitimate need for access to the Protected Information.

  (i) The Producing Party, including any officer, agent or employee of the Producing Party;

  (j) Any actual or potential third-party consultant (including without limitation any imaging or other litigation support vendor) and independent expert retained in connection with this action, subject to paragraph 8 below; and

  (k) Any special masters, mediators, or other third parties appointed by the Court or retained by the parties for settlement purposes or resolution of discovery or other disputes and their necessary staff.

 6. Protected Information designated as "Highly Confidential" may be disclosed only to the persons identified in paragraph 5(a), 5(b), and 5(d)-(k).

 7. The list of persons to whom Protected Information may be disclosed (as set forth in Paragraphs 5 and 6) may be expanded by mutual agreement of counsel of record. Any Party may propose such an expansion by serving a letter on all counsel of record, and on counsel for the Producing Parties of such Protected Information specifically identifying, and describing the role and function of, the person(s) intended to be added to the list. Person(s) so designated shall be automatically added to the persons listed in Paragraphs 5 and 6 upon the expiration of ten (10) business days after receipt of the letter to counsel of record, unless

counsel for the Producing Parties objects and, within ten (10) business days thereafter, provides a written statement of the basis for such objections. If counsel for the Producing Party objects to any proposed expansion, no Protected Information produced by the objecting Producing Party may be disclosed to such person unless the Court so orders. Any person added to the disclosure list in this manner shall be subject to Paragraph 8.

8. Each individual identified in Paragraphs 5(d)(1), 5(d)(2), 5(j), and 7 to whom Protected Information is furnished, shown, or disclosed (except if such individual is a Party; the Producing Party; the Designating Party; a current or former officer, agent, employee, partner, director, trustee or corporate designee of a Party, the Producing Party or the Designating Party; or a former officer, agent, employee or director of IndyMac Bancorp, Inc. or any of its direct or indirect subsidiaries), shall, prior to the time s/he receives access to such materials, be provided by counsel furnishing such material a copy of this Order and agree to be bound by its terms, and shall certify that s/he has carefully read the Order and fully understands its terms, by signing the certificate attached as Exhibit A. If a person referred to in Paragraphs 5(d)(1), 5(d)(2) or 7 refuses to sign the certificate described in Exhibit A, counsel for any Party may nonetheless show Protected Information to such witness at a deposition, court hearing or at trial, but shall first disclose that fact to opposing counsel, and shall maintain a record of the Protected Information shown to all such witnesses. Counsel for the party who provides Protected Information to the persons listed in Paragraphs 5(d) or 6 shall retain all original signed certificates obtained from any person pursuant to this Paragraph. Executed Exhibits A shall not be discoverable except as required to enforce this Order or as otherwise allowed under applicable law.

9. The placing of any Confidential or Highly Confidential designation or a production identification number on the face of a document produced shall have no

effect on the authenticity or admissibility of that document at trial.  The Parties shall cooperate in obtaining, to the extent reasonably requested by any Party, unmarked copies of stamped documents to be used at trial, *provided, however*, that there shall be no obligation to obtain non-Bates-numbered copies of any document.

10. Nothing in this Order shall be construed to limit in any way the ability of the Producing Party or the Designating Party to use, disclose, or be shown his, her or its own Protected Information in any manner whatsoever.  Nor shall this Order be construed to prevent any Party, its counsel, or its legal team from making use as they see fit of Protected Information that was available to the public or lawfully in the possession of the Party, its counsel, or its legal team, or that properly came into the possession of the Party, its counsel, or its legal team independent of discovery in this litigation.

11. If any Party claims that any matter designated hereunder is not entitled to the protections of this Order, that Party may serve on the Producing Party or the Designating Party an objection to the designation within thirty (30) days of receipt of notice of the designation.  After service of the objection, the Parties shall meet and confer regarding the objection.  If the Parties are unable to reach agreement concerning the designation of the matter, then within 30 days of service of the objection, the Producing Party or the Designating Party may file and serve a motion or request informal resolution by the Court regarding whether the Confidential or Highly Confidential designation may be maintained.  The Parties may stipulate in writing to extend the time periods to object and/or file a motion requesting that a designation be maintained.  The Producing Party or the Designating Party shall have the burden of establishing that the designated Protected Information is Confidential or Highly Confidential

12. The foregoing is without prejudice to the right of any Party or non-party:  (a) to apply to the Court for a further protective order relating to any

Protected Information or relating to any discovery in this litigation; (b) to object to the production of documents it considers not subject to discovery; or (c) to apply to the Court for an order compelling production of documents or modification of this Order or for any order permitting disclosure of Protected Information beyond the terms of this Order.

13. Any Protected Information that is to be submitted to the Court for any purpose, and any filing that quotes such Protected Information, shall be submitted in accordance with Local Rule 79-5 and shall include the following statement on the sealed envelope required by Local Rule:

> CONFIDENTIAL UNDER PROTECTIVE ORDER
> Case No. 2:11-CV-2078-RGK-JCG
>
> THIS DOCUMENT IS SUBJECT TO A PROTECTIVE ORDER ISSUED BY THE COURT. THIS ENVELOPE IS NOT TO BE OPENED NOR ARE THE CONTENTS TO BE EXAMINED, DISPLAYED, REVEALED, OR COPIED EXCEPT IN COMPLIANCE WITH THE PROTECTIVE ORDER OR ORDER OF THIS COURT.

The filing party shall have no obligation under this Protective Order if the Court denies a motion for impoundment. In lieu of or in addition to filing (under seal) papers that reveal Protected Information, a Party may file a version of a document that has been redacted to remove Protected Information. A Party choosing to do so shall first confirm with counsel for the Producing Party or the Designating Party that the redactions are sufficient.

14. (a) If Protected Information is disclosed at a deposition, only the court reporter and those persons who are authorized by the terms of this Order to receive such Protected Information may be present. All transcripts of depositions, and exhibits thereto, shall, in their entirety, be treated as Protected Information for a

period of 30 days after such transcripts are actually received by counsel for each of the Parties.

(b) Prior to the expiration of that 30-day period, deposition transcripts, and exhibits thereto, may be designated as Protected Information pursuant to the terms of this Order by notifying all counsel of record in writing. After the 30-day period, portions not designated as Protected Information shall no longer be treated as Protected Information. Any Party or deponent may also designate specific testimony or transcript pages as Protected Information by notice on the record at the deposition. If any document or information designated as Protected Information pursuant to this Order is used during the course of a deposition herein, that portion of the deposition record reflecting such Protected Information shall be stamped with the appropriate designation and access thereto shall be limited pursuant to the terms of this Order.

15. If any Party that possesses another entity's Protected Information under the terms of this Order receives a subpoena or other legal process commanding the production of any such documents (the "subpoena"), such party shall within five business days notify counsel for the Producing Party of the service of the subpoena. The Producing Party then shall have the earlier of the five business days before the return date of the subpoena and ten business days, in which to petition an appropriate court for a protective order relieving the subpoenaed party from having to produce such Protected Information. The Party receiving the subpoena shall not produce such Protected Information in response to the subpoena unless (1) the Producing Party has failed to petition for a protective order on or before the return date on the subpoena, or (2) a court has issued an order denying the Producing Party's request for protective order.

16. The provisions of this Order shall not terminate at the conclusion of this action. To the extent permitted by law, within 60 days of the conclusion of the

trial and of any appeals, or upon other termination of this litigation, all Protected Information received under the provisions of this Order, and all documents containing or describing Protected Information other than trial transcripts, trial exhibits admitted into evidence, certificates executed pursuant to Paragraph 8 hereto, any pleadings or papers filed of record with the Court, and documents reflecting attorney work product and also containing or describing Protected Information, shall either be returned to the Producing Party or destroyed. All Parties and other persons that received and retained Protected Information shall certify compliance with this section. Notwithstanding the foregoing, the Parties and/or their counsel each may retain copies of any Protected Information to the extent necessary to comply with document retention requirements imposed by law, fiduciary or ethics requirements, or company policy.

17. All persons subject to the terms of this Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Order. The Court may enter this Order and such other and further relief as it deems appropriate, and this Protective Order is without prejudice to the right of any party to apply for relief from the Court, formally or informally, including as to matter discussed herein.

Date: February 14, 2012  _____
Hon. Jay C. Gandhi
United States Magistrate Judge

# Exhibit A

## CONFIDENTIALITY AGREEMENT

I, the undersigned, hereby acknowledge that I have received and read a copy of the Protective Order ("Order") entered in *XL Specialty Ins. Co. v. Perry*, No. 11-cv-2078-RGK (C.D. Cal.) (hereinafter the "Action"), and understand the terms thereof and agree to be bound thereby.

I further acknowledge and understand that any documents and other information produced in the Action (*i.e.,* documents, testimony, written discovery responses and other information provided in the course of pretrial discovery and any information contained therein or derived therefrom) and designated or marked "Confidential" or "Highly Confidential" pursuant to the Order may not be disclosed to anyone, except as authorized by the Order, and may not be used for any purpose other than the purposes of the Action. I agree to return to counsel any Protected Information at the conclusion of the Action.

Dated: _____          _____
                                  Type or Print Name


                                  _____
                                  Signature