1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **XL SPECIALTY INSURANCE COMPANY,** *et al.,*<br><br>          **Plaintiffs,**<br><br>v.<br><br>**MICHAEL W. PERRY,** *et al.,*<br><br>          **Defendants.** | **Case No. 2:11-CV-2078-GHK-JCG**<br><br>**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS** |
| **MICHAEL W. PERRY,** *et al.,*<br><br>          **Counterclaimants,**<br><br>v.<br><br>**XL SPECIALTY INSURANCE COMPANY,** *et al.,*<br><br>          **Counter-Defendants.** | **Judge: Hon. R. Gary Klausner** |

**TO:**

Senior Master of the Queen's Bench Division of the High Court

Royal Courts of Justice

Stand London WC2A 2LL

England, U.K.

1

1    **REQUESTING JUDICIAL AUTHORITY:**

2    The Honorable R. Gary Klausner

3    U.S. District Court

4    Central District of California

5    255 East Temple Street

6    Los Angeles, CA 20012

7

8    **PERSONS TO WHOM THE EXECUTED REQUEST IS TO BE RETURNED:**

9    The Honorable R. Gary Klausner

10    U.S. District Court

11    Central District of California

12    255 East Temple Street

13    Los Angeles, CA 20012

14

15    COVINGTON & BURLING LLP

16    D. Jean Veta

17    Mitchell F. Dolin

18    Dennis B. Auerbach

19    Sarah M. Hall

20    1201 Pennsylvania Ave., NW

21    Washington, DC 20004

22    Tel: (202) 662-6000

23    Fax: (202) 662-6291

24    Email: jveta@cov.com, mdolin@cov.com, dauerbach@cov.com, shall@cov.com

25

26      The undersigned, the United States District Court for the Central

27    District of California ("the Court"), respectfully requests that you cause the

28

LETTER OF REQUEST FOR INTERNATIONAL
JUDICIAL ASSISTANCE.

1   testimony of Neil Beaton and James Roberts, who reside in the United Kingdom,

2   for use as evidence at trial – as more fully described below – pursuant to the

3   provisions of the Hague Convention on the Taking of Evidence Abroad in Civil and

4   Commercial matters ("Hague Convention").

5           Pursuant to Article 3 of the Hague Convention, the Court presents its

6   compliments and submits the following:

7   **I.     NAMES OF PARTIES AND THEIR COUNSEL**

8   D. Jean Veta                            Attorneys for Michael W. Perry
9   Mitchell F. Dolin
10  Dennis B. Auerbach
    Sarah M. Hall
11  **Covington & Burling LLP**
12  1201 Pennsylvania Ave. NW
    Washington, DC 20004
13

14  Jason P. Cronic                         Attorneys for XL Specialty
    **Wiley Rein LLP**                      Insurance Company
15  1776 K Street, N.W.
16  Washington, D.C.  20006

17  Brian D. Harrison                       Attorneys for Zurich Company
18  Veena A. Mitchell                       Insurance Co.
    **Sedgwick LLP**
19  333 Bush Street, 30th Floor
20  San Francisco, CA  94105

21  Michael Delhagen                        Attorneys for Twin City Fire
22  Elizabeth L. Musser                     Insurance Company
    **Tressler LLP**
23  1901 Avenue of the Stars, Suite 450
24  Los Angeles, CA  90067

25                                          Attorney for Continental Casualty
    William E. Smith                        Company
26  John E. Howell, II
    **Wiley Rein LLP**
27  1776 K Street NW
28  Washington, D.C. 20006

3

1

2     Theodore A. Boundas                    Attorney for Certain Underwriters
     William Joel Vander Vliet             at Lloyd's, London; Catlin

3     **Boundas, Skarzynski, Walsh & Black, LLC**  Insurance Company (UK) Ltd.

4     200 East Randolph Drive, Suite 7200
     Chicago, IL 60601

5

6     Ira Revich
     James B. Green                     Attorneys for ACE American

7     **Charleston Revich and Wollitz LLP**      Insurance Company

8     1925 Century Park East, Suite 1250
     Los Angeles, CA 90067

9

10    Edward P. Gibbons               Attorneys for ACE
    Tiffany Saltzman-Jones           American Insurance Company

11    **Walker Wilcox Matousek LLP**

12    One North Franklin Street, Suite 3200
    Chicago, IL  60606

13

14    Kim W. West                      Attorneys for Arch
    Alec C. Boyd                    Insurance Company

15    **Clyde & Co.**

16    101 Second Street, 24th Floor
    San Francisco, CA 94105

17

18    Andrew Smith                    Attorneys for AXIS
    Ommid Farashahi               Insurance Company

19    Michael T. Skoglund

20    Ross B. Edwards
    **Bates Carey Nicolaides LLP**

21    191 North Wacker, Suite 2400

22    Chicago, IL  60606
                             Attorneys for Alfred H. Siegel,

23                            Solely as Chapter 7 Trustee
    Jerold Oshinsky

24    Linda D. Kornfeld

25    **Jenner and Block LLP**
    633 West 5th Street, Suite 3500

26    Los Angeles, CA 90071

27

28

4

| | | |
|---|---|---|
| 1 | Andrew L. Sandler | Attorneys for Alfred H. Siegel, |
| 2 | Benjamin B. Klubes | Solely as Chapter 7 Trustee |
| | Benjamin Saul | |
| 3 | **BuckleySandler LLP** | |
| 4 | 1250 24th Street NW, Suite 700 | |
| | Washington, DC 20037 | |
| 5 | | |
| 6 | David M. Stern | Attorneys for Alfred H. Siegel, |
| | Lee R. Bogdanoff | Solely as Chapter 7 Trustee |
| 7 | Matthew C. Heyn | |
| 8 | **Klee Tuchin Bogdanoff & Stern** | |
| | 1999 Avenue of the Stars, 39th Floor | |
| 9 | Los Angeles, CA 90067 | |
| 10 | | |
| 11 | Alexander G. Calfo | Attorneys for AXIS |
| | **Yukevich Calfo & Cavanaugh** | Insurance Company |
| 12 | 355 S. Grand Avenue, 15th Floor | |
| | Los Angeles, CA  90071 | |
| 13 | | |
| 14 | Robert L. Corbin | Attorneys for Defendants John |
| | Joel M. Athey | Olinsky, Samir Grover, Simon |
| 15 | **Corbin, Fitzgerald & Athey LLP** | Heyrick, Victor Woodworth, Scott |
| 16 | 601 West Fifth St., Suite 1150 | Van Dellen, William Rothman, Jill |
| | Los Angeles, CA  90071-2024 | Jacobsen, and Kevin Callan |
| 17 | | |
| 18 | | |
| 19 | Robert H. Fairbank | Attorneys for Defendant S. Blair |
| | Richard D. Gluck | Abernathy |
| 20 | **Fairbank & Vincent** | |
| 21 | 444 S. Flower Street, Suite 3860 | |
| | Los Angeles, CA  90071 | |
| 22 | | |
| 23 | Kathleen M. McDowell | Attorneys for the Outside |
| | John W. Spiegel | Directors |
| 24 | **Munger, Tolles & Olson LLP** | |
| 25 | 355 South Grand Avenue | |
| | Los Angeles, CA  90071-1560 | |
| 26 | | |
| 27 | | |
| 28 | | |

5

| | | |
|---|---|---|
| 1 | Kirby Behre | Attorneys for Defendants Richard |
| 2 | John S. Durrant | Koon and Kenneth Shellem |
| | **Paul Hastings LLP** | |
| 3 | 875 15th Street NW | |
| 4 | Washington, DC  20005 | |
| 5 | Gregory S. Bruch | Attorneys for Defendant A. Scott |
| 6 | Jessica L. Matelis | Keys |
| | Julie A. Smith | |
| 7 | **Willkie, Farr & Gallagher LLP** | |
| 8 | 1875 K Street NW | |
| | Washington, DC  20006 | |
| 9 | | |
| 10 | John L. Carlton | Attorneys for Defendant A. Scott |
| | **Medrano & Carlton** | Keys |
| 11 | 555 West Fifth Street, 31st Floor | |
| 12 | Los Angeles, CA  90013 | |

## II.    NATURE OF THE PROCEEDINGS AND SUMMARY OF FACTS

The pending litigation seeks a determination of whether insurance coverage is available under certain insurance policies for losses in connection with numerous letters and lawsuits (the "Underlying Matters") following the bankruptcy of IndyMac Bancorp, Inc. ("Bancorp") and the failure of its banking subsidiary IndyMac Bank, F.S.B. ("IndyMac").  Included among the Underlying Matters is *Alfred H. Siegel v. Louis E. Caldera, et al. (In re Indymac Bancorp, Inc.)*, Adv. No. 1:09-ap-02645 (C.D. Cal. Bankr.), in which Alfred H. Siegel, Solely as Chapter 7 Trustee for Indymac Bancorp, Inc. (the "Trustee") sued the Outside Directors[1] and Michael W. Perry, the former CEO and chairman of Bancorp (the "Trustee Action").  Also included among the Underlying Matters is *Securities and Exchange*

---

[1] The "Outside Directors" are Louis E. Caldera, Lyle E. Gramley, Hugh M. Grant, Patrick C. Haden, Terrance G. Hodel, Robert L. Hunt II, Lydia H. Kennard and Bruce G. Willison.

LETTER OF REQUEST FOR INTERNATIONAL
JUDICIAL ASSISTANCE.

1  *Commission v. Michael W. Perry, et al.*, No. CV11-01309-GHK (JCx) (the "SEC

2  Litigation").

3        The pending coverage litigation will resolve whether, among other

4  insurers, Those Certain Underwriters at Lloyd's, London Subscribing to Policy No.

5  QA011608 ("Underwriters") are required under Policy No. QA011608, the primary

6  policy issued during the policy period at issue (the "Policy"), to pay for the

7  amounts incurred by Mr. Perry and other directors and officers with respect to the

8  Underlying Matters.  In particular, the pending litigation addresses, in substantial

9  part, whether a Specific Litigation Exclusion (sometimes referred to as the *Tripp*

10  Exclusion), and "Interrelated Wrongful Acts," and "Prior Notice" exclusions

11  (collectively, the "Tripp Litigation-related exclusions") contained in the Policy

12  exclude coverage for amounts incurred in connection with the Underlying Matters.

13  The litigation also addresses other issues, including whether the Trustee Action and

14  SEC Litigation each constitute a "claim" as that term is defined because each was

15  filed after the relevant insurance policies expired.  Whether the Trustee Action and

16  the SEC Litigation each constitute a "claim" under those policies will depend upon

17  whether "notice of circumstances" letters sent to the insurers, including

18  Underwriters, during the pendency of the Policy meet the policy requirements for

19  such letters.

20  **III.   EVIDENCE TO BE OBTAINED**

21        This letter requests the taking of oral testimony of Neil Beaton, whose

22  last known address is 3 Minister Court, Suite 5/4, Mincing Lane, London, England

23  EC3R 7DD, United Kingdom, and James Roberts, whose last known address is 33

24  Gracechurch Street, London, England EC3V 0BT, United Kingdom.  Messrs.

25  Beaton and Roberts are former employees of Brit Insurance, an underwriter at

26  Underwriters.

27        Mr. Beaton had substantial responsibility for negotiating on behalf of

28  Underwriters the Tripp Exclusion at issue in this case.  Mr. Beaton is believed to

LETTER OF REQUEST FOR INTERNATIONAL
JUDICIAL ASSISTANCE.

1    have relevant knowledge regarding the underwriting, procurement, placement,

2    and/or issuance of the Policy; communications between Underwriters and other

3    parties regarding the Policy and in particular the discussions between and

4    considerations by the parties regarding the meaning and purpose behind the Tripp

5    Exclusion as well as each of the Tripp Litigation-related exclusions; and various

6    other issues that are relevant to this case, including Underwriters' intended

7    application of the Policy's "notice of circumstances" language.  Mr. Beaton should

8    be examined about the matters listed in Section V(A) below.

9            Mr. Roberts is believed by the Trustee to be the primary claims

10   handler on behalf of Underwriters who made coverage decisions regarding among

11   others, the Trustee Action and SEC Litigation.  Mr. Roberts is believed to have

12   relevant knowledge regarding the claims handling in connection with the Policy;

13   communications between Underwriters and other parties regarding the coverage of

14   certain Underlying Matters, including the Trustee Action and SEC Litigation; and

15   various other issues that are relevant to this case, including Underwriters receipt

16   and evaluation of the "notices of circumstances" letters that it received from its

17   insureds regarding the Trustee Action and SEC Litigation.  Mr. Roberts should be

18   examined about the matters listed in Section V(B) below.

19   **IV.    PURPOSE OF EVIDENCE SOUGHT BY JUDICIAL ACT**

20           The purpose of this request is to obtain evidence that will be used at

21   trial in proving that coverage is available for the Underlying Matters at issue under

22   the relevant policy period and that the insurers' defenses based on the Tripp

23   Exclusion and other defenses are without merit.  Information leading to a train of

24   inquiry or other information is not sought by this Letter of Request.

25   **V.    SUBJECT OF EXAMINATION**

26           A.    The Court respectfully requests that Mr. Beaton be caused to be

27   examined on the following topics:

28

8

1.      All written and oral communications between Mr. Beaton and any other employee of Underwriters, or internal communications of which he is aware, regarding (1) the negotiations for the Tripp Exclusion, or any of the Tripp Litigation-related exclusions, and (3) the intended meaning or application of the "notice of circumstances" language in the Policy.

2.      All written and oral communications between Mr. Beaton and any other insurers (including reinsurers), or communications between Underwriters and any other insurers (including reinsurers) of which he is aware, regarding (1) the negotiations for the Tripp Exclusion, or any of the Tripp Litigation-related exclusions, and (3) the intended meaning or application of the "notice of circumstances" language in the Policy.

3.      All written and oral communications between Mr. Beaton and any insurance broker, or communications between Underwriters and any insurance broker of which he is aware, regarding (1) the negotiations for the Tripp Exclusion, or any of the Tripp Litigation-related exclusions, and (3) the intended meaning or application of the "notice of circumstances" language in the Policy.

4.      All written and oral communications between Mr. Beaton and any representative of Bancorp or IndyMac, or communications between Underwriters and any representative of Bancorp or IndyMac of which he is aware, regarding (1) the negotiations for the Tripp Exclusion, or any of the Tripp Litigation-related exclusions, and (3) the intended meaning or application of the "notice of circumstances" language in the Policy.

5.      All written and oral communications between Mr. Beaton and anyone else, or communications between Underwriters and anyone else of which he is aware regarding (1) the negotiations for the Tripp Exclusion, or any of the Tripp Litigation-related exclusions, and (3) the intended meaning or application of the "notice of circumstances" language in the Policy.

LETTER OF REQUEST FOR INTERNATIONAL
JUDICIAL ASSISTANCE.

6.     The setting and calculation of the premium set by Underwriters for the Policy and the reasons for its increase from the prior policy year.

7.     The practices and procedures followed by Underwriters in connection with the underwriting, drafting and negotiation of the language contained in the Policy, and in particular, the Tripp Exclusion, any of the Tripp Litigation-related exclusions, or the "notice of circumstances" language.

8.     The information reviewed by Underwriters in connection with the underwriting, drafting and negotiation of the Policy, and in particular, the Tripp Exclusion, any of the Tripp Litigation-related exclusions, or the "notice of circumstances" language.

9.     Mr. Beaton's understanding at the time that he was involved in underwriting the Policy of Underwriters' intended meaning or application of the Tripp Exclusion, any of the Tripp Litigation-related exclusions, or the "notice of circumstances" language.

B.     The Court respectfully requests that Mr. Roberts be caused to be examined on the following topics:

1.     All written and oral communications between Mr. Roberts and any other employee of Underwriters, or internal communications of which he is aware regarding (1) the application of any of the Tripp Litigation-related exclusions to amounts spent by the insureds with respect to any of the Underlying Matters, or (2) the sufficiency of any notice of circumstances letters sent to Underwriters regarding the Trustee Action or SEC Litigation and Underwriters' responses thereto.

2.     All written and oral communications between Mr. Roberts and any other insurers (including reinsurers), or communications between Underwriters and any other insurers (including reinsurers) of which he is aware, regarding (1) the application of any of the Tripp Litigation-related exclusions to amounts spent by the insureds with respect to any of the Underlying Matters, or (2) the sufficiency of

LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE.

1  any notice of circumstances letters sent to Underwriters regarding the Trustee
2  Action or SEC Litigation and Underwriters' responses thereto.

3         3.    All written and oral communications between Mr. Roberts and
4  any insurance broker, or communications between Underwriters and any broker of
5  which he is aware regarding (1) the application of any of the Tripp Litigation-
6  related exclusions to amounts spent by the insureds with respect to any of the
7  Underlying Matters, or (2) the sufficiency of any notice of circumstances letters
8  sent to Underwriters regarding the Trustee Action or SEC Litigation and
9  Underwriters' responses thereto.

10         4.    The bases for any decision in which Mr. Roberts was involved
11  to deny coverage for amounts incurred by the insureds with respect to any of the
12  Underlying Matters.

13         5.    The bases of which Mr. Roberts is aware for any decision by
14  Underwriters to deny coverage for amounts incurred by the insureds with respect to
15  any of the Underlying Matters.

16         6.    Any investigation conducted by Mr. Roberts in connection with
17  any insureds' claim for coverage for any of the Underlying Matters.

18         7.    Any investigation of which Mr. Roberts is aware that was
19  conducted by others at Underwriters in connection with any insureds' claim for
20  coverage for any of the Underlying Matters.

21         8.    Any reserve established by Underwriters related to any insureds'
22  claim for coverage for any of the Underlying Matters, and any changes thereto at
23  any time, of which Mr. Roberts is aware.

24  **VI.    REQUESTED TIME AND PLACE OF EXAMINATION**

25         The requested time of examination for Mr. Beaton is 9:30 a.m. on
26  April 24, 2012, and for Mr. Roberts is 9:30 a.m. on April 25, 2012, or such other
27  time and date as the Examiner may fix, including May 3 and May 4, if necessary

28

LETTER OF REQUEST FOR INTERNATIONAL
JUDICIAL ASSISTANCE

for the convenience of the witnesses.  The examinations shall occur at the following location: Covington & Burling LLP, 265 Strand, London, WC2R, 1BH.

**VII.   DOCUMENTS OR OTHER PROPERTY TO BE INSPECTED**

Not applicable.

**VIII.  REQUIREMENT THAT THE EVIDENCE BE GIVEN ON OATH OR AFFIRMATION AND ANY SPECIAL FORM TO BE USED.**

The Court requests testimony be given on oath or affirmation before a person competent to preside over the examination of the witnesses.  A verbatim transcript is to be prepared by a stenographic reporter, which counsel for the Trustee or other parties to this action will commit to arrange.  The transcript of the testimony shall be authenticated by the signature of the witness acknowledging it as a true record.  The examination shall be conducted by United States counsel for Mr. Perry and counsel for other parties in attendance (in person or by telephone) in the presence of an Examiner appointed by the Senior Master of the High Court.

**IX.    REQUEST FOR ATTENDANCE OR PARTICIPATION OF JUDICIAL PERSONNEL OF THE REQUESTING AUTHORITY AT THE EXECUTION OF THE LETTER OF REQUEST.**

None.

**X.     SPECIFICATION OF PRIVILEGE OR DUTY TO REFUSE TO GIVE EVIDENCE UNDER THE LAW OF THE STATE OF ORIGIN.**

Under the laws of the United States, the witness may refuse to give any evidence that calls for the disclosure of any communication made in confidence by the witness to counsel or by its counsel to the witness in the course of a request for legal advice by the witness.  This privilege is known as the attorney-client privilege.  If any testimony is withheld on this ground, a statement to that effect must be made at the time of the taking of the testimony.  In addition, the witness may, unless the party seeking the evidence can show a substantial need for the evidence and an inability to obtain the substantial equivalent of the evidence by other means without undue hardship, refuse to give evidence that calls for the disclosure of information concerning activities engaged in for the specific purpose

12

1  of assisting his counsel regarding the conduct of litigation. This is known as the

2  attorney work product doctrine.

3  **XI.   RECIPROCITY**

4          This Court is ready and willing to render similar assistance to your

5  Courts when required and take this opportunity to extend to you its highest

6  consideration.

7

8  Date: _____, 2012

                                          _____

9                                             The Hon. R. Gary Klausner

                                           United States District Court Judge

10

11                                          **Authenticated by:**

                                           **TERRY NAFISI, Clerk of Court**

12

13

14                                           **by** _____

15                                           **Deputy Clerk** _____

16                                           **SEAL:**

17

18

19

20

21

22

23

24

25

26

27

28

LETTER OF REQUEST FOR INTERNATIONAL
JUDICIAL ASSISTANCE.