David Simantob, SBN 155790
dsimantob@tresslerllp.com
Elizabeth L. Musser, SBN 203512
emusser@tresslerllp.com
TRESSLER LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, CA 90067
Telephone: (310) 203-4800
Facsimile: (310) 203-4850

Attorneys for Counterdefendant
Catlin Insurance Company (UK) Ltd. and
Intervenor Counterdefendants Those Certain Underwriters at
Lloyd's, London Subscribing to Policy No. QA011608; Twin City
Fire Insurance Company and Continental Casualty Company

(Additional parties and counsel listed on next page)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| XL SPECIALTY INSURANCE COMPANY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL W. PERRY, *et al.*<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:11-CV-2078-RGK-JCG<br><br>Hon. R. Gary Klausner<br><br>**INSURERS' OPPOSITION TO VAN DELLEN INSUREDS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date: June 18, 2012<br>Time: 9:00 a.m.<br>Ctrm: 850<br><br>Trial Date: July 24, 2012 |

Theodore A. Boundas (admitted *pro hac vice*)
tboundas@bswb.com
W. Joel Vander Vliet (admitted *pro hac vice*)
wvandervliet@bswb.com
Peter F. Lovato III (admitted *pro hac vice*)
plovato@bswb.com
BOUNDAS, SKARZYNSKI, WALSH & BLACK, LLC
200 East Randolph Drive, Suite 7200
Chicago, Illinois 60601
Telephone: (312) 946-4200
Facsimile: (312) 946-4272

Attorneys for Counterdefendant
Catlin Insurance Company (UK) Ltd. and
Intervenor Counterdefendants Those Certain Underwriters at
Lloyd's, London Subscribing to Policy No. QA011608


Brian D. Harrison, SBN 157123
brian.harrison@sedgwicklaw.com
Robert S. Gebhard, SBN 158125
robert.gebhard@sedgwicklaw.com
Veena A. Mitchell, SBN 161153
veena.mitchell@sedgwicklaw.com
SEDGWICK LLP
333 Bush Street, 30th Floor
San Francisco, California 94104
Telephone: (415) 781-7900
Facsimile: (415) 781-2635
Attorneys for Zurich American Insurance Company


Jason P. Cronic (admitted *pro hac vice*)
jcronic@wileyrein.com
WILEY REIN LLP
1776 K Street NW
Washington, DC 20006
Telephone: (202) 429-7000
Facsimile: (202) 719-7049
Attorneys for Plaintiff and Counterdefendant
XL Specialty Insurance Company

Gordon J. Calhoun, SBN 84509
calhoun@llbslaw.com
Douglas R. Irvine, SBN 119863
irvine@llbslaw.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
221 N. Figueroa Street, Suite 1200
Los Angeles, CA 90012
Telephone: (213) 250-1800
Facsimile: (213) 250-7900

Attorneys for Plaintiff and Counterdefendant
XL Specialty Insurance Company


Kim W. West, SBN 78553
kim.west@clydeco.us
Alec H. Boyd, SBN 161325
alec.boyd@clydeco.us
CLYDE & CO LLP
101 Second Street, 24th Floor
San Francisco CA 94105
Telephone: (415) 365-9800
Facsimile: (415) 365-9801

Attorneys for Plaintiff and Counterdefendant
Arch Insurance Company


Edward P. Gibbons (admitted *pro hac vice*)
egibbons@wwmlawyers.com
Tiffany Saltzman-Jones (admitted *pro hac vice*)
tsj@wwmlawyers.com
WALKER WILCOX MATOUSEK LLP
One North Franklin Street, Suite 3200
Chicago, IL 60606
Telephone: (312) 244-6700
Facsimile: (312) 244-6800

Attorneys for Plaintiff and Counterdefendant
ACE American Insurance Company

- 3 -

INSURERS' OPPOSITION TO VAN DELLEN INSUREDS' MOTION FOR SUMMARY JUDGMENT

4844-4228-8655.1

Ommid Farashahi (admitted *pro hac vice*)
ofarashahi@bcnlaw.com
Andrew W. Smith (admitted *pro hac vice*)
asmith@bcnlaw.com
Michael T. Skoglund (admitted *pro hac vice*)
mskoglund@bcnlaw.com
Ross B. Edwards (admitted *pro hac vice*)
redwards@bcnlaw.com
BATES CAREY NICOLAIDES LLP
191 N. Wacker, Suite 2400
Chicago, IL 60606
Telephone: (312) 762-3100
Fax: (312) 762-3200

Attorneys for Plaintiff and Counterdefendant
AXIS Insurance Company


William E. Smith (admitted *pro hac vice*)
wsmith@wileyrein.com
John Howell (admitted *pro hac vice*)
jhowell@wileyrein.com
WILEY REIN LLP
1776 K Street NW
Washington DC 20006
Telephone: (202) 429-7000
Facsimile: (202) 719-7049

Attorneys for Counterdefendant
Continental Casualty Company

Michael R. Delhagen (admitted pro hac vice)
mdelhagen@tresslerllp.com
Kyle P. Barrett (admitted pro hac vice)
kbarrett@tresslerllp.com
TRESSLER LLP
One Penn Plaza, Suite 4701
New York, NY 10119
Telephone: (646) 833-0900
Facsimile: (646) 833-0877

Attorneys for Counterdefendant
Twin City Fire Insurance Company

**TABLE OF CONTENTS**

INTRODUCTION ………………………………..……………………………….......1

LEGAL ARGUMENT……………………….…..……………………………………..2

    I.    THE FDIC-VAN DELLEN LITIGATION INVOLVES AND ARISES FROM THE SAME SERIES OF FACTS AND CIRCUMSTANCES UNDERLYING AND ALLEGED IN THE *TRIPP* LITIGATION……………………………………………2

    II.    THE *TRIPP* LITIGATION WAS A BROAD-BASED ATTACK ON THE COMPANY-WIDE CULTURE AND PRACTICES AT INDYMAC AND IS NOT LIMITED TO SINGLE-FAMILY RESIDENTIAL MORTGAGE LOANS……..3

    III.    THE FDIC-VAN DELLEN LITIGATION AND THE DANIELS LITIGATION, WHICH IS DEEMED FIRST MADE DURING THE 07-08 POLICY PERIOD ALSO ARISE OUT OF AND INVOLVE COMMON FACTS AND CIRCUMSTANCES…………………………………………7

CONCLUSION…………………………………………………………………………..8

INSURERS' OPPOSITION TO VAN DELLEN
INSUREDS' MOTION FOR SUMMARY JUDGMENT

4844-4228-8655.1

# TABLE OF AUTHORITIES

(None cited.)

# INTRODUCTION

As detailed in the Insurers' Memorandum in support of their Motion for Summary Judgment, the "FDIC-Van Dellen Litigation"[1] does not fall within the scope of the 08-09 Policies because the FDIC-Van Dellen Litigation and the *Tripp* Litigation are deemed to be a single Claim made prior to the inception of the 08-09 Policies. Moreover, the Prior Notice Exclusion and *Tripp* Exclusion bar coverage for the FDIC-Van Dellen Litigation. For these reasons, summary judgment in favor of the Insurers, not the Van Dellen Insureds, is appropriate.

Simply put, the FDIC-Van Dellen Litigation is connected to the *Tripp* Litigation because it is based upon, arises out of, directly or indirectly results from or is in consequence of, or in any way involves facts, circumstances, situations, events, transactions or series of facts, circumstances, situations, events or transactions underlying or alleged in the *Tripp* Litigation. Contrary to the Van Dellen Insureds' assertions, the *Tripp* Litigation does not solely involve residential mortgage loans. Instead, it specifically challenges company-wide policies and management directed disregard for underwriting standards "*across the board, for all classes of loans*." Ex. 19 *Tripp* Second Amended Complaint ¶ 64; Ex. 23 *Tripp* Sixth Amended Complaint ¶ 45.[2] Indeed, the *Tripp* plaintiffs plead that "[t]he IndyMac mortgage banking segment originates loans through multiple channels, including mortgage brokers . . . [and] also provides commercial loans to homebuilders for the construction of new single-family residence . . . ." Ex. 19 Tripp Second Amended Complaint ¶ 26. Thus, the central tenet of this motion, that the Tripp Litigation does not touch upon construction loans, is patently false.

---

[1] *FDIC v. Van Dellen, et al.*, 10-cv-4915-DSF (C.D. Cal.).
[2] Unless otherwise noted, all exhibits cited herein are attached to the Joint Stipulation Regarding Certain Exhibits and Allegations (D.E. 193).

- 1 -

INSURERS' OPPOSITION TO VAN DELLEN INSUREDS' MOTION FOR SUMMARY JUDGMENT

4844-4228-8655.1

The Van Dellen Insureds'[3] Memorandum in support of their Motion for Summary Judgment (Doc. No. 249) does not independently advance any legal argument, but instead joins in and expressly relies upon erroneous legal arguments advanced in other parties' memoranda in support of summary judgment (Doc. No. 245 [Perry motion, resubmitted in un-redacted form as Doc No. 274] and Doc No. 251 [Siegel motion, resubmitted in un-redacted form as Doc No. 275].) Accordingly, the Insurers incorporate the legal arguments in their oppositions to those other motions herein by this reference.

## **LEGAL ARGUMENT**

### I. THE FDIC-VAN DELLEN LITIGATION INVOLVES AND ARISES FROM THE SAME SERIES OF FACTS AND CIRCUMSTANCES UNDERLYING AND ALLEGED IN THE *TRIPP* LITIGATION.

As detailed in the Insurers' Memorandum in support of their Motion for Summary Judgment, *Tripp* and the FDIC-Van Dellen Litigation are connected by multiple facts, circumstances, transactions, and events.

The *Tripp* Litigation alleges "wide-ranging and management-directed violations of the Company's underwriting guidelines and controls evidenc[ing] a culture of fraud at the Company." Ex. 23 *Tripp* Sixth Amended Complaint ¶ 130. Likewise, in the FDIC-Van Dellen Litigation, the FDIC alleges that IndyMac violated appraisal and underwriting standards in connection with certain loans through its Home Builders Division ("HBD"). Insurers' Statement of Uncontroverted Material Facts and Conclusions of Law in Support of Their Motion for Summary Judgment ("UMF") 37 [Doc. No. 258]. Both allege that IndyMac underwrote risky loans by disregarding or overriding its underwriting guidelines and

---

[3] Scott Van Dellen, William Rothman, John Olinski, Victor Woodworth, Samir Grover, Simon Heyrick, Kevin Callan, Jill Jacobson, Richard Koon, and Kenneth Shellem.

utilizing suspect appraisals.  UMF 11, 12, 38, 40, 41.  Indeed, the majority of the loans at issue in the FDIC-Van Dellen Litigation were initially underwritten or extended during the *Tripp* class period.  UMF 42.

Both *Tripp* and the FDIC-Van Dellen Litigation allege that IndyMac pursued a high-risk business strategy, characterized in part by management's priority of loan volume over quality.  UMF 9, 39; *see also* Ex. 19 *Tripp* Second Amended Complaint ¶ 5 ("Perry put immense pressure on subordinates to 'push loans through,' even if it meant consistently making 'exceptions' to the Company's guidelines and policies"); Ex. 23 *Tripp* Sixth Amended Complaint ¶ 9 (same); Ex. 26 FDIC-Van Dellen Complaint ¶ 6 (personnel in IndyMac Bank's Home Builder Division "push[ed] for growth in loan production volume with little regard for credit quality"); Ex. 23 *Tripp* Sixth Amended Complaint ¶ 29 (IndyMac "engaged in a pattern and practice of overriding and abandoning its own loan underwriting guidelines, approving substantial numbers of high-risk loans for the purpose of increasing reported loan volume."); Ex. 26 FDIC-Van Dellen Complaint ¶ 20 (IndyMac's growth from 2005 to 2008 "was due largely to an aggressive growth strategy that was pursued in many of its business units, including HBD").

Additionally, the *Tripp* Litigation and the FDIC-Van Dellen Litigation also both allege that compensation structures created improper incentives for personnel. *See* Ex. 19 *Tripp* Second Amended Complaint ¶ 77 (". . . the increases in bad loans and push throughs is not surprising, as the Company directly rewarded underwriters and managers with bonuses for reaching loan origination targets . . . . This Company policy incentivized the issuance of loans without regard to quality or the creditworthiness and encouraged 'making deals work' that should not have worked . . . ."); Ex. 23 *Tripp* Sixth Amended Complaint ¶ 58 (same); Ex. 26 FDIC-Van Dellen Complaint ¶ 6 ("HBD's compensation plan for its management and account officers encouraged them to push for growth in loan production volume with little regard for credit quality."); Ex. 26 FDIC-Van Dellen Complaint ¶ 61 ("HBD's

compensation of its account officers rewarded risk taking and encouraged production without regard for loan quality."); Ex. 26 FDIC-Van Dellen Complaint ¶ 62 ("HBD's compensation plan for its account officers was designed to advance its strategy of increasing production of higher risk, higher return loans.").

## II. THE *TRIPP* LITIGATION WAS A BROAD-BASED ATTACK ON THE COMPANY-WIDE CULTURE AND PRACTICES AT INDYMAC AND IS NOT LIMITED TO SINGLE-FAMILY RESIDENTIAL MORTGAGE LOANS.

The Van Dellen Insureds self-servingly mischaracterize the *Tripp* Litigation as involving only "the underwriting and securitization of thousands of single-family residential ["SFR"] mortgages." (Van Dellen Memorandum of Points and Authorities, Doc. No. 349 at 3.) The FDIC-Van Dellen Litigation, they argue, involves a different type of loans, home builder construction loans, and "has nothing to do with single-family residential mortgages." *Id*. To the contrary, many of the allegations in *Tripp* cut across all of IndyMac's business segments and divisions and are not limited as suggested by the Van Dellen Insureds. Tellingly, the Van Dellen Insureds do not cite *any* actual allegations of the *Tripp* Litigation, instead relying solely on their own repeated mischaracterizations.

Many of the allegations in *Tripp* pertain to company-wide practices originating from top management and applying across all of IndyMac's business segments. Indeed, the *Tripp* plaintiffs allege that "wide-ranging and management-directed violations of the Company's underwriting guidelines and controls evidences [sic] a culture of fraud *at the Company*."). Ex. 23 *Tripp* Sixth Amended Complaint ¶ 130 (emphasis added). Nowhere in the seven complaints filed in *Tripp* do the plaintiffs allege that this "culture of fraud at the Company" was limited to certain divisions of the company. *See also* Ex. 23 *Tripp* Sixth Amended Complaint at 11, Subheading B ("IndyMac regularly overrode its stated underwriting practices

- 4 -
INSURERS' OPPOSITION TO VAN DELLEN
INSUREDS' MOTION FOR SUMMARY JUDGMENT

4844-4228-8655.1

on a *companywide* basis . . . .") (Emphasis added).  Additionally, the *Tripp* plaintiffs allege that "'exceptions to the rules' that allowed the Company to approve loans that should have been denied under the actual guidelines . . . were made *across the board, for all classes of loans* (prime, Alt-A, and sub-prime . . . .)" Ex. 19 *Tripp* Second Amended Complaint ¶ 64; Ex. 23 *Tripp* Sixth Amended Complaint ¶ 45 (emphasis added).

      Moreover, many of the allegedly false statements at issue in *Tripp* referred to company-wide practices.  The *Tripp* plaintiffs specifically allege that IndyMac falsely represented that its allowance for loan losses accounted for "effects of any changes in risk selection and underwriting standards, other changes in lending policies, procedures, and practices, and national and local economic trends and conditions."  Ex. 23 *Tripp* Sixth Amended Complaint ¶ 127 (quoting Report on Form 10-Q for the Quarter Ended March 31, 2006, filed by IndyMac with the SEC, at 48).  There is nothing in this allegedly false statement to suggest that it is limited to specific types of mortgage loans.  Rather, the pertinent public filing indicates that "[t]he allowance for loan losses is allocated to various loan products for segment reporting purposes, and . . . . [t]he entire allowance for loan losses is available to cover losses in any of the loan portfolios."  (See Exh. 8 to Decl. of Douglas R. Irvine, attached to Insurer's Request for Judicial Notice, Report on Form 10-Q for the Quarter Ended March 31, 2006, filed by IndyMac with the SEC, at 46.)  A table follows this text, identifying the amount of the allowance for loan losses allocated to each loan product, including both "SFR mortgage loans and HELOCS" and "Builder construction and income property loans."  *Id*.

      In addition to alleging that IndyMac made false statements regarding "tight internal controls" and "strong management oversight," the *Tripp* plaintiffs also assert that "IndyMac falsely assured investors that there were redundant oversight protections in place – specifically an 'Enterprise Risk Management Committee.'" Ex. 19 *Tripp* Second Amended Complaint ¶ 103.  The allegedly false statement

- 5 -

INSURERS' OPPOSITION TO VAN DELLEN
INSUREDS' MOTION FOR SUMMARY JUDGMENT

explains, in part, that "[t]he primary purpose of this Committee is to ensure the establishment of *company-wide risk management policies and strategies . . . .*" *Id.* (quoting March 14, 2006 Form DEF 14A at 39) (emphasis added).

The *Tripp* plaintiffs further allege that they were damaged by a drop in IndyMac's stock price following IndyMac's announcement that it would not meet its earnings forecasts. Ex. 19 *Tripp* Second Amended Complaint ¶¶ 12-14, 19, 181; Ex. 23 ¶ 14. According to *Tripp*, Perry discussed the missed forecasts with investors, stating, "[w]e should be doing a much more detailed bottom's up forecasting *in all our business units* . . . ." Ex. 19 *Tripp* Second Amended Complaint ¶¶ 14, 175 (emphasis added). *Tripp* also alleges that one of IndyMac's "class period ending disclosures" announced a decline in the net earnings and net interest margin for IndyMac's thrift portfolio, which included builder construction loans. Ex. 19 *Tripp* Second Amended Complaint ¶ 174 (press release stating that "[n]et earnings for the thrift portfolio, which consists of single-family residential mortgage loans (whole loans), consumer and subdivision construction loans, and mortgage backed securities (MBS), were $25 million, down 30 percent from the third quarter and 23 percent from one year ago. 'Even though we increased our average earning assets in the thrift investment portfolio, our net interest margin declined substantially . . . .'"). The market's reaction to this announcement included one analyst noting that "credit deterioration was prevalent in *each business segment*" of IndyMac. Ex. 19 *Tripp* Second Amended Complaint ¶ 178 (emphasis added).

As these multiple examples show, the Van Dellen Insureds' line-drawing between IndyMac's SFR mortgage origination and underwriting practices on one hand, and its builder construction loan origination and underwriting practices on the other, is a distinction without a difference. Indeed, the Van Dellen Insureds' characterizations are not only unsupported by the record, they are even at direct odds with the actual allegations in *Tripp*. *Compare* Van Dellen Memorandum of

- 6 -
INSURERS' OPPOSITION TO VAN DELLEN
INSUREDS' MOTION FOR SUMMARY JUDGMENT

Points and Authorities, Doc. No. 249 at 5 ("IndyMac's mortgage bank -- which made comparatively-straightforward mortgage loans to individuals wishing to buy a single-family home -- had no involvement in HBD's lending practices") *with* Ex. 19 *Tripp* Second Amended Complaint ¶ 26 ("The IndyMac mortgage banking segment originates loans through multiple channels, including mortgage brokers . . . [and] also provides commercial loans to homebuilders for the construction of new single-family residences . . . .").

      The Van Dellen Insureds would have the Court believe that *Tripp*'s allegations are limited to a particular division at IndyMac, rather than the entire company. Indeed, they all but argue that IndyMac's Home Builders Division was a separate company. As shown by the examples above, however, and as the actual allegations in *Tripp* make clear, the *Tripp* Litigation was a lawsuit against IndyMac Bancorp, as a whole, alleging that Bancorp's financial statements about the company, as a whole, and its companywide practices were false. The Court should ignore the Van Dellen Insureds' unsupported mischaracterizations of the *Tripp* Litigation.

      Accordingly, the FDIC-Van Dellen Litigation and the *Tripp* Litigation both involve allegedly deficient loan underwriting and appraisal practices. *See* Ex. 1 at Section II.L, and *see also*, Ex. 5 at Section II.J. Because they share these common facts and circumstances or a series of common facts, circumstances, the FDIC-Van Dellen Action and *Tripp* must be deemed a single Claim first made prior to the inception of the 08-09 Policies. Ex. 1, Section IV.C; Ex. 5, Section IV.G. In addition, because the 08-09 Policies exclude coverage for Claims based on, arising out of, resulting from, in consequence of or in any way involving any fact, circumstance, situation, transaction or event or series of facts, circumstances, situations, transactions or events alleged in or underlying the *Tripp* Litigation, the 08-09 Policies clearly bar coverage for the FDIC-Van Dellen Litigation. *See*, *e.g.*, Ex. 1, Endorsement 19.

- 7 -

INSURERS' OPPOSITION TO VAN DELLEN INSUREDS' MOTION FOR SUMMARY JUDGMENT

## III. THE FDIC-VAN DELLEN LITIGATION AND THE DANIELS LITIGATION, WHICH IS DEEMED FIRST MADE DURING THE 07-08 POLICY PERIOD, ALSO ARISE OUT OF AND INVOLVE COMMON FACTS AND CIRCUMSTANCES.

The FDIC-Van Dellen Litigation and the consolidated litigation formerly styled *Daniels v. Perry, et al.*, No. 08-cv-5073 (C.D. Cal.) (the "Daniels Litigation"), also arise out of and involve Interrelated Wrongful Acts. Like *Tripp*, the *Daniels* Litigation is brought on behalf of IndyMac shareholders and involves allegations concerning IndyMac's risky business practices characterized by loosened and abandoned underwriting standards, the use of faulty appraisals, and inadequate loss reserves. *E.g.*, Ex. 25 at ¶¶ 2, 26. *Daniels*, accordingly, is deemed a single Claim with *Tripp* first made at the time of *Tripp* and prior to the 08-09 Policy Period.

The *Daniels* shareholder plaintiffs include in the section of their complaint called "Overview of the Case," a section on the FDIC-Van Dellen Litigation. *Id.* at ¶¶ 8-11. The allegations made by the FDIC in the FDIC-Van Dellen Litigation are also referenced expressly in the section of the *Daniels* complaint entitled "IndyMac's Underwriting, Risk Management, and Appraisal Practices Were Grossly Deficient Prior to and During the Class Period." *Id.* at ¶¶ 95-96. Moreover, the *Daniels* plaintiffs cite in their complaint to Andrew Eliopulos as an alleged "[i]ndependent witness" who could corroborate the "existence of fraudulent appraisal practices." *Id.,* at ¶ 104. Mr. Eliopulos was involved in one of the loans expressly at issue in the FDIC Van-Dellen Litigation. *Id.* 104 and 107; Ex. 26 at ¶406. As such, the connections and overlap between Daniels and the FDIC Van-Dellen Litigation are express and indisputable.

Accordingly *Tripp*, *Daniels*, and the FDIC-Van Dellen Litigation are based on, arise out of, directly or indirectly resulting from, in consequence of, or in any

- 8 -

INSURERS' OPPOSITION TO VAN DELLEN INSUREDS' MOTION FOR SUMMARY JUDGMENT

4844-4228-8655.1

way involve any of the same or related, or series of related facts, circumstances, situations, transactions, or events.  *See* Ex. 5 at Section II.J; Ex. 1 at Section II.L.  Under the terms of the 08-09 Policies, *Tripp*, *Daniels* and the FDIC-Van Dellen Action all are therefore deemed to constitute a single Claim, which is deemed to have been made before the inception of the 08-09 Policies and outside their grant of coverage.

## CONCLUSION

For the foregoing reasons, the Insurers respectfully request that the Court deny the Van Dellen Insureds' motion for summary judgment and grant the Insurers' motion for summary judgment and declare that the 08-09 Policies afford no coverage for the FDIC-Van Dellen Litigation.

Dated: May 29, 2012             TRESSLER LLP


                                By:   /s/ *Elizabeth L. Musser*
                                    David Simantob
                                    Elizabeth L. Musser
                                    Attorneys for Counterdefendants
                                    Catlin Insurance Company (UK) Ltd. and
                                    Intervenor Counterdefendants Those Certain
                                    Underwriters at Lloyd's, London Subscribing
                                    to Policy No. QA011608; Twin City Fire
                                    Insurance Company and Continental Casualty
                                    Company

/ / /

- 9 -

INSURERS' OPPOSITION TO VAN DELLEN
INSUREDS' MOTION FOR SUMMARY JUDGMENT

4844-4228-8655.1

| | | |
|---|---|---|
| 1 | Dated: May 29, 2012 | BOUNDAS, SKARZYNSKI, WALSH & BLACK, LLC |
| 2 | | |
| 3 | | By:  /s/ *W. Joel Vander Vliet* |
| 4 | | Theodore A. Boundas (*pro hac vice*) |
| | | W. Joel Vander Vliet (*pro hac vice*) |
| 5 | | Peter F. Lovato III (*pro hac vice*) |
| 6 | | Attorneys for Counterdefendant |
| 7 | | Catlin Insurance Company (UK) Ltd. And Intervenor Counterdefendants Those Certain |
| 8 | | Underwriters at Lloyd's, London Subscribing to Policy No. QA011608 |
| 9 | | |
| 10 | Dated: May 29, 2012 | SEDGWICK LLP |
| 11 | | |
| 12 | | By:  /s/ *Brian D. Harrison* |
| | | Brian D. Harrison |
| 13 | | Robert S. Gebhard |
| 14 | | Veena A. Mitchell |
| | | Attorneys for Counterdefendant |
| 15 | | Zurich American Insurance Company |
| 16 | | |
| 17 | Dated: May 29, 2012 | WILEY REIN LLP |
| 18 | | |
| 19 | | By:  /s/ *Jason P. Cronic* |
| | | Jason P. Cronic (*pro hac vice*) |
| 20 | | Attorneys for Plaintiff and Counterdefendant |
| 21 | | XL Specialty Insurance Company |
| 22 | Dated: May 29, 2012 | LEWIS BRISBOIS BISGAARD & SMITH LLP |
| 23 | | |
| 24 | | By:  /s/ *Douglas R. Irvine* |
| | | Gordon J. Calhoun |
| 25 | | Douglas R. Irvine |
| 26 | | Attorneys for Plaintiff and Counterdefendant |
| 27 | | XL Specialty Insurance Company |
| 28 | | |

- 10 -

INSURERS' OPPOSITION TO VAN DELLEN INSUREDS' MOTION FOR SUMMARY JUDGMENT

4844-4228-8655.1

| | | |
|---|---|---|
| 1 | Dated: May 29, 2012 | CLYDE & CO LLP |
| 2 | | |
| 3 | | By:  /s/ *Alec H. Boyd* |
| | | Kim W. West |
| 4 | | Alec H. Boyd |
| 5 | | Attorneys for Plaintiff and Counterdefendant |
| 6 | | Arch Insurance Company |
| 7 | | |
| 8 | Dated: May 29, 2012 | WALKER WILCOX MATOUSEK LLP |
| 9 | | |
| 10 | | By:  /s/ *Tiffany Saltzman-Jones* |
| | | Edward P. Gibbons (*pro hac vice*) |
| 11 | | Tiffany Saltzman-Jones (*pro hac vice*) |
| 12 | | Attorneys for Plaintiff and Counterdefendant |
| 13 | | ACE American Insurance Company |
| 14 | | |
| 15 | Dated: May 29, 2012 | BATES CAREY NICOLAIDES LLP |
| 16 | | By:  /s/ *Andrew W. Smith* |
| 17 | | Ommid Farashahi (*pro hac vice*) |
| | | Andrew W. Smith (*pro hac vice*) |
| 18 | | Michael T. Skoglund (*pro hac vice*) |
| 19 | | Ross B. Edwards (*pro hac vice*) |
| | | Attorneys for Plaintiff and |
| 20 | | Counterdefendant |
| 21 | | AXIS Insurance Company |
| 22 | Dated: May 29, 2012 | WILEY REIN LLP |
| 23 | | |
| 24 | | By:  /s/ *William E. Smith* |
| | | William E. Smith (*pro hac vice*) |
| 25 | | John Howell (*pro hac vice*) |
| 26 | | Attorneys for Counterdefendant Continental Casualty Company |
| 27 | | |
| 28 | | |

- 11 -

INSURERS' OPPOSITION TO VAN DELLEN INSUREDS' MOTION FOR SUMMARY JUDGMENT

4844-4228-8655.1

1  Dated: May 29, 2012                    TRESSLER LLP

2

3                                         By:   /s/ *Michael Delhagen*
                                                Michael Delhagen (*pro hac vice*)
4                                               Kyle Barrett (*pro hac vice*)
                                                Attorneys for Counterdefendant
5                                               Twin City Fire Insurance Company

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4844-4228-8655.1