Jerold Oshinsky (Cal. Bar No. 250771)
Linda D. Kornfeld (Cal. Bar No. 155765)
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199
E-mail:     joshinsky@jenner.com, lkornfeld@jenner.com

Lee R. Bogdanoff (Cal. Bar No. 119542)
David M. Stern (Cal. Bar No. 67697)
Robert J. Pfister (Cal. Bar No. 241370)
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067

Andrew L. Sandler (*Pro Hac Vice*)
Benjamin B. Klubes (*Pro Hac Vice*)
Benjamin P. Saul (*Pro Hac Vice*)
BUCKLEYSANDLER LLP
1250 24th Street N.W., Suite 700
Washington, District of Columbia 20037

*Attorneys for Alfred H. Siegel, Solely as Chapter 7 Trustee*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **XL SPECIALTY INSURANCE COMPANY, *et al.*,**<br><br>       **Plaintiffs,**<br><br>**v.**<br><br>**MICHAEL W. PERRY, *et al.*,**<br><br>       **Defendants.** | Case No. 2:11-cv-2078-RGK-JCG<br><br>**JOINT WITNESS LIST FOR TRIAL** |
| **MICHAEL W. PERRY, *et al.*,**<br><br>       **Counterclaimants,**<br><br>**v.**<br><br>**XL SPECIALTY INSURANCE COMPANY, *et al.*,**<br><br>       **Counter-Defendants.** | Pretrial:  July 9, 2012<br>Trial:       July 24, 2012<br>Time:     9:00 a.m.<br>Location:  Courtroom 850<br>          255 East Temple St.<br>          Los Angeles, CA 90012<br>Judge:    Hon. R. Gary Klausner |

The parties to this action hereby submit their Joint Witness List for trial pursuant to Local Rule 16-5 and Federal Rules of Civil Procedure 26(a)(3)(A) and (B).  The parties reserve the right to supplement this list as circumstances require.

## WITNESSES TO BE CALLED AT TRIAL

| Witness Name, Address, and Telephone Number | Statement of Testimony | Time Estimate for Testimony |
|---|---|---|
| **Keith Adamson**<br><br>Represented by:<br>Peter Lovato III<br>**Boundas Skarzynski Walsh & Black LLC**<br>200 East Randolph St. Suite 7200<br>Chicago, IL  60601<br>(312) 946-4200 | Insureds' Position:<br>Catlin's 30(b)(6) designee for underwriting, regarding the underwriting of the Lloyd's 2008-09 policy, including Catlin's understanding of the *Tripp* Exclusions, particularly contemporaneously with the underwriting and issuance of Lloyd's 2008-09 policy.[1]<br><br>Insurers' Position:<br>The Insurers maintain that the Underwriters policy at issue is plain and unambiguous and thus the Insureds' proposed testimony is irrelevant, would include an improper lay opinion on matters of law, and constitutes | Insureds:<br>3 hours<br><br>Insurers:<br>1 hour |

---

[1] The Insureds object to the Insurers' inclusion of claimed objections to testimony in this Joint Witness List.

| | | |
|---|---|---|
| | inadmissible parol evidence.  Further, Mr. Adamson was not a 30(b)(6) designee with respect to "understanding of the Tripp Exclusions." | |
| | Mr. Adamson may not be available to testify at trial, but if he is available and is called, he can, to the extent necessary, provide testimony regarding Catlin's underwriting of Underwriters' Policy. | |
| | To the extent the Insureds or Trustee offer into evidence only part of the witness's deposition testimony, the Insurers reserve the right under Federal Rule of Civil Procedure 32(a)(6) to require the offeror to introduce other parts that in fairness should be considered with the part introduced and themselves to introduce any other parts. | |
| **Neil Beaton** <br><br> **By deposition transcript** <br><br> Represented by: <br> Peter Lovato III <br> **Boundas Skarzynski** <br> **Walsh & Black LLC** <br> 200 East Randolph St. | Insureds' Position: <br> A former underwriter at Brit with day-to-day responsibility for underwriting the 2008-09 Lloyd's policy, regarding his understanding of the *Tripp* Exclusions, particularly contemporaneously with the underwriting and issuance of Lloyd's 2008-09 policy.  Mr. Beaton's testimony will address his unique percipient knowledge based upon his specific | Insureds: <br> 1 hour <br><br> Insurers: <br> 1 hour |

| | | |
|---|---|---|
| Suite 7200 | interactions and communications as the underwriter with day-to-day responsibility. | |
| Chicago, IL  60601 | | |
| (312) 946-4200 | <u>Insurers' Position:</u> | |
| | The Insurers maintain that the Underwriters policy at issue is plain and unambiguous and thus the Insureds' proposed testimony is irrelevant, would include an improper lay opinion on matters of law, and constitutes inadmissible parol evidence.  Further, Mr. Beaton's testimony is unnecessary and duplicative of testimony that may be given by Stephen Moss, and the Insureds and Trustee have not stated or explained what makes Mr. Beaton's testimony unique. | |
| | To the extent that the Court nonetheless wishes to entertain testimony regarding the circumstances underlying the negotiation of the 2008-09 Policies, the witness can testify regarding his role with respect the underwriting and negotiation of Underwriters' Policy. | |
| | To the extent the Insureds or Trustee offer into evidence only part of the witness's deposition testimony, the Insurers reserve the right under Federal Rule of Civil Procedure | |

**JOINT WITNESS LIST FOR TRIAL**

| | | |
|---|---|---|
| | 32(a)(6) to require the offeror to introduce other parts that in fairness should be considered with the part introduced and themselves to introduce any other parts. | |
| **Henry Chun**<br><br>Represented by:<br>Brian D. Harrison<br>**Sedgwick LLP**<br>333 Bush Street<br>30th Floor<br>San Francisco, CA<br>94101<br>(415) 781-7900 | Insureds' Position:<br>Zurich's 30(b)(6) designee for claims, regarding Zurich's understanding of and reasons for applying the *Tripp* Exclusions to the Trustee Action under the Zurich policy.<br><br>Insurers' Position:<br>Mr. Chun may not be available to testify at trial, but if he is available and is called, he will provide testimony regarding Zurich's receipt of the tenders of the Underlying Matters for coverage and Zurich's denial of coverage under the 2008-2009 Policies.<br><br>To the extent that the Insureds seek testimony from Mr. Chun regarding the meaning of the contract provisions beyond the plain terms of the policies, the Insurers object as it would constitute improper lay opinion on matters of law and inadmissible parol evidence.<br><br>To the extent the Insureds or Trustee offer into evidence only part of the witness's | Insureds:<br>3 hours<br><br>Insurers:<br>1 hour |

| | | |
|---|---|---|
| | deposition testimony, the Insurers reserve the right under Federal Rule of Civil Procedure 32(a)(6) to require the offeror to introduce other parts that in fairness should be considered with the part introduced and themselves to introduce any other parts. | |
| **Victor Corbo**<br><br>Represented by:<br>Ira Revich<br>**Charleston Revich & Wollitz**<br>1925 Century Park East<br>Suite 1250<br>Los Angeles, CA  90067<br>(310) 551-7040 | Insureds' Position:<br>Ace's 30(b)(6) designee for claims, regarding Ace's understanding of and reasons for applying the *Tripp* Exclusions to the Trustee Action under the Ace policy.<br><br>Insurers' Position:<br>To the extent necessary, Mr. Corbo can testify as to ACE's receipt of the tenders of the Underlying Matters for coverage and ACE's basis for acceptance of coverage for those matters under the 2007-2008 Policy and denial of coverage under the 2008-2009 Policy.  To the extent that the Insureds seek testimony from Mr. Corbo regarding the meaning of the contract provisions beyond the plain terms of the policies, the Insurers object as it would constitute improper lay opinion on matters of law and inadmissible parol evidence.<br><br>To the extent the Insureds or Trustee offer | Insureds:<br>1 hour<br><br>Insurers:<br>1 hour |

**JOINT WITNESS LIST FOR TRIAL**

| | | |
|---|---|---|
| | into evidence only part of the witness's deposition testimony, the Insurers reserve the right under Federal Rule of Civil Procedure 32(a)(6) to require the offeror to introduce other parts that in fairness should be considered with the part introduced and themselves to introduce any other parts. | |
| **Justin Gilmore**<br><br>Represented by:<br>Jason P. Cronic<br>**Wiley Rein LLP**<br>1776 K Street, Northwest.<br>Washington, D.C.  20006<br>(202) 719-7175 | Insureds' Position:<br>XL's 30(b)(6) designee for underwriting, regarding the underwriting of XL's 2008-09 policy, including XL's understanding of the *Tripp* Exclusions, particularly contemporaneously with the underwriting and issuance of XL's 2008-09 policy.<br><br>Insurers' Position:<br>XL Specialty maintains that the 2008-09 XL Specialty policy at issue is plain and unambiguous and thus the Insureds' proposed testimony is irrelevant, would include an improper lay opinion on matters of law, and constitutes inadmissible parol evidence.  Further, Mr. Gilmore was not a 30(b)(6) designee with respect to "understanding of the Tripp Exclusions." Nor is Mr. Gilmore available to testify at trial. | Insureds:<br><br>3 hours |

**JOINT WITNESS LIST FOR TRIAL**

| | | |
|---|---|---|
| | To the extent the Insureds or Trustee offer into evidence only part of the witness's deposition testimony, the Insurers reserve the right under Federal Rule of Civil Procedure 32(a)(6) to require the offeror to introduce other parts that in fairness should be considered with the part introduced and themselves to introduce any other parts. | |
| **Susan Glenn**<br><br>Represented by:<br>Elizabeth L. Musser<br>**Tressler LLP**<br>1901 Avenue of the Stars<br>Suite 450<br>Los Angeles, CA  90067<br>(310) 203-4800 | Insureds' Position:<br>Twin City's 30(b)(6) designee for underwriting, regarding the underwriting of Twin City's 2008-09 policy, including Twin City's understanding of the *Tripp* Exclusions, particularly contemporaneously with the underwriting and issuance of Twin City's 2008-09 policy.<br><br>Insurers' Position:<br>Twin City maintains that the 2008-09 Twin City policy at issue is plain and unambiguous and thus the Insureds' proposed testimony is irrelevant, would include an improper lay opinion on matters of law, and constitutes inadmissible parol evidence.  Further, Ms. Glenn was not a 30(b)(6) designee with respect to "understanding of the Tripp Exclusions."  Nor is Ms. Glenn available to testify at trial. | Insureds:<br>1 hour |

7

| | | |
|---|---|---|
| | To the extent the Insureds or Trustee offer into evidence only part of the witness's deposition testimony, the Insurers reserve the right under Federal Rule of Civil Procedure 32(a)(6) to require the offeror to introduce other parts that in fairness should be considered with the part introduced and themselves to introduce any other parts. | |
| **Elizabeth Maio**<br><br>Represented by:<br>William E. Smith<br>**Wiley Rein LLP**<br>1776 K Street, Northwest<br>Washington, D.C.  20006<br>(202) 719-7175 | Insureds' Position:<br>Continental's 30(b)(6) designee for underwriting, regarding the underwriting of Continental's 2008-09 policy, including Continental's understanding of the *Tripp* Exclusions, particularly contemporaneously with the underwriting and issuance of Continental's 2008-09 policy.<br><br>Insurers' Position:<br>Continental Casualty maintains that the Continental Casualty policy at issue is plain and unambiguous and thus the Insureds' proposed testimony is irrelevant, would include an improper lay opinion on matters of law, and constitutes inadmissible parol evidence.  Further, Ms. Maio was not a 30(b)(6) designee with respect to "understanding of the Tripp Exclusions." | Insureds:<br>1 hour |

**JOINT WITNESS LIST FOR TRIAL**

| | | | |
|---|---|---|---|
| 1 | | Nor is Ms. Maio available to testify at trial. | |
| 2 | | | |
| 3 | | To the extent the Insureds or Trustee offer | |
| 4 | | into evidence only part of the witness's | |
| 5 | | deposition testimony, the Insurers reserve the | |
| 6 | | right under Federal Rule of Civil Procedure | |
| 7 | | 32(a)(6) to require the offeror to introduce | |
| 8 | | other parts that in fairness should be | |
| 9 | | considered with the part introduced and | |
| 10 | | themselves to introduce any other parts. | |
| 11 | **Stephen Moss** | Insureds' Position: | Insureds: |
| 12 | | Brit's and Pembroke's 30(b)(6) designee for | 5 hours; |
| 13 | Represented by: | underwriting, regarding the underwriting of | |
| 14 | Peter Lovato III | Lloyd's 2008-09 policy, including Brit's and | Insurers: |
| 15 | **Boundas Skarzynski** | Pembroke's understanding of the *Tripp* | 3 hours |
| 16 | **Walsh & Black LLC** | Exclusions, particularly contemporaneously | |
| 17 | 200 East Randolph Drive | with the underwriting and issuance of | |
| 18 | Suite 700 | Lloyd's 2008-09 policy. | |
| 19 | Chicago, Il  60601 | | |
| 20 | (312) 946-4200 | Insurers' Position: | |
| 21 | | The Insurers maintain that the Underwriters | |
| 22 | | policy at issue is plain and unambiguous and | |
| 23 | | thus the Insureds' proposed testimony is | |
| 24 | | irrelevant, would include an improper lay | |
| 25 | | opinion on matters of law, and constitutes | |
| 26 | | inadmissible parol evidence.  Further, Mr. | |
| 27 | | Moss was not a 30(b)(6) designee with | |
| 28 | | respect to "understanding of the Tripp | |

**JOINT WITNESS LIST FOR TRIAL**

| | | |
|---|---|---|
| 1 | Exclusions." | |
| 2 | | |
| 3 | Mr. Moss may not be available to testify at | |
| 4 | trial, but if he is available and is called, he | |
| 5 | can, to the extent necessary, provide | |
| 6 | testimony regarding the underwriting and | |
| 7 | negotiation of Underwriters' Policy. | |
| 8 | | |
| 9 | To the extent the Insureds or Trustee offer | |
| 10 | into evidence only part of the witness's | |
| 11 | deposition testimony, the Insurers reserve the | |
| 12 | right under Federal Rule of Civil Procedure | |
| 13 | 32(a)(6) to require the offeror to introduce | |
| 14 | other parts that in fairness should be | |
| 15 | considered with the part introduced and | |
| 16 | themselves to introduce any other parts. | |
| 17 | **James Roberts** | Insureds' Position: | Insureds: |
| 18 | | A former claims handler at Brit with day-to- | .5 hours |
| 19 | **By deposition transcript** | day responsibility for handling the coverage | |
| 20 | | claims for the Trustee Action, regarding his | Insurers: |
| 21 | | understanding of and reasons for applying the | .5 hours |
| 22 | | *Tripp* Exclusions to the Trustee Action under | |
| 23 | | the Lloyd's policy.  Mr. Roberts' testimony | |
| 24 | | will address his unique percipient knowledge | |
| 25 | | based upon his specific interactions and | |
| 26 | | communications as the claims handler with | |
| 27 | | day-to-day responsibility for handling the | |
| 28 | | Trustee Action coverage claims. | |

Insurers' Position:

The Insurers maintain that the Underwriters policy at issue is plain and unambiguous and thus the Insureds' proposed testimony is irrelevant, would include an improper lay opinion on matters of law, and constitutes inadmissible parol evidence. Further, Mr. Roberts's testimony is unnecessary and duplicative of testimony that may be given by Stephen Moss, and the Insureds and Trustee have not stated or explained what makes Mr. Roberts's testimony unique.

To the extent necessary, Mr. Roberts can testify as to Underwriters' receipt of the tenders of the Underlying Matters for coverage and Underwriters' denial of coverage under the 2008-2009 Policies.

To the extent that the Insureds offer testimony from Mr. Roberts regarding the meaning of the contract provisions beyond the plain terms of the policies, the Insurers object as it would constitute improper lay opinion on matters of law and inadmissible parol evidence.

JOINT WITNESS LIST FOR TRIAL

| | | | |
|---|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8 | | To the extent the Insureds or Trustee offer into evidence only part of the witness's deposition testimony, the Insurers reserve the right under Federal Rule of Civil Procedure 32(a)(6) to require the offeror to introduce other parts that in fairness should be considered with the part introduced and themselves to introduce any other parts. | |
| 9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27<br>28 | **Paul Sewell**<br><br>Represented by:<br>Peter Lovato III<br>**Boundas Skarzynski**<br>**Walsh & Black LLC**<br>200 East Randolph Drive<br>Suite 700<br>Chicago, Il  60601<br>(312) 946-4200 | Insureds' Position:<br>Brit's and Pembroke's 30(b)(6) designee for claims, regarding Brit's and Pembroke's understanding of and reasons for applying the *Tripp* Exclusions to the Trustee Action under the Lloyd's policy.<br><br>Insurers' Position:<br>Mr. Sewell may not be available to testify at trial, but if he is available and is called, he can, to the extent necessary, provide testimony regarding Underwriters' receipt of the tenders of the Underlying Matters for coverage and Underwriters' denial of coverage under the 2008-2009 Policies. Further, Mr. Sewell's testimony is unnecessary and duplicative of testimony that may be given by Stephen Moss, and the Insureds and Trustee have not stated or explained what makes Mr. Sewell's | Insureds:<br>6 hours<br><br>Insurers:<br>1 hour |

| | | |
|---|---|---|
| | testimony unique. | |
| | To the extent that the Insureds seek testimony from Mr. Sewell regarding the meaning of the contract provisions beyond the plain terms of the policies, the Insurers object as it would constitute improper lay opinion on matters of law and inadmissible parol evidence. | |
| | To the extent the Insureds or Trustee offer into evidence only part of the witness's deposition testimony, the Insurers reserve the right under Federal Rule of Civil Procedure 32(a)(6) to require the offeror to introduce other parts that in fairness should be considered with the part introduced and themselves to introduce any other parts. | |
| **Timothy Vazquez**<br><br>Represented by:<br>Andrew W. Smith<br>**Bates Carey Nicolaides LLP**<br>191 N. Wacker Dr.<br>Suite 2400<br>Chicago, IL 60606 | Insureds' Position:<br>Axis's 30(b)(6) designee for claims, regarding Axis's understanding of and reasons for applying the *Tripp* Exclusions to the Trustee Action under the Axis policy.<br><br>Insurers' Position:<br>Mr. Vazquez may not be available to testify at trial, but if he is available and is called, he will provide testimony regarding AXIS' | Insureds:<br>1 hour<br><br>Insurers:<br>1 hour |

**JOINT WITNESS LIST FOR TRIAL**

receipt of the tenders of the Underlying Matters for coverage and AXIS' determination as to coverage under the 2008-2009 Policies.

To the extent that the Insureds seek testimony from Mr. Vazquez regarding the meaning of the contract provisions beyond the plain terms of the policies, the Insurers object as it would constitute improper lay opinion on matters of law and inadmissible parol evidence.

To the extent the Insureds or Trustee offer into evidence only part of the witness's deposition testimony, the Insurers reserve the right under Federal Rule of Civil Procedure 32(a)(6) to require the offeror to introduce other parts that in fairness should be considered with the part introduced and themselves to introduce any other parts.

## WITNESSES THAT WILL TESTIFY AT TRIAL ON AN AS-NEEDED BASIS

| Witness Name, Address, and Telephone Number | Statement of Testimony | Time Estimate for Testimony |
|---|---|---|
| **Claudia L. Cinardo**<br><br>**By deposition transcript**<br><br>Represented by:<br>Kim W. West<br>Alec H. Boyd<br>**Clyde & Co US LLP**<br>101 Second St.<br>San Francisco, CA 94105<br>415-365-9800 | Insureds' Position:<br>Arch's 30(b)(6) designee for claims, regarding Arch's understanding of and reasons for applying the *Tripp* Exclusions to the Trustee Action under the Arch policy.<br><br>Insurers' Position:<br>To the extent necessary, Arch may call Ms. Cinardo to testify as to Arch's receipt of the tenders of the Underlying Matters for coverage and Arch's denial of coverage under the 2008-2009 Policies.<br><br>To the extent that the Insureds seek testimony from Ms. Cinardo regarding the meaning of the contract provisions beyond the plain terms of the policies, the Insurers object as it would constitute improper lay opinion on matters of law and inadmissible parol evidence. | Insureds:<br>.5 hours<br><br>Insurers:<br>1 hour |

| | | |
|---|---|---|
| | To the extent the Insureds or Trustee offer into evidence only part of the witness's deposition testimony, the Insurers reserve the right under Federal Rule of Civil Procedure 32(a)(6) to require the offeror to introduce other parts that in fairness should be considered with the part introduced and themselves to introduce any other parts. | |
| **Kate Freemantle**<br><br>Represented by:<br>Mitch Auslander<br>**Willkie Far &**<br>**Gallagher LLP**<br>787 Seventh Avenue<br>New York, NY  10019<br>(212) 728-8000 | Insureds' Position:<br>A Marsh broker, regarding the underwriting and issuance of the 2008-09 policies.<br><br>Insurers' Position:<br>The Insurers maintain that the 2008-09 policies are plain and unambiguous and thus the Insureds' proposed testimony is irrelevant, would include an improper lay opinion on matters of law, and constitutes inadmissible parol evidence.<br><br>To the extent that the Court nonetheless wishes to entertain testimony regarding the circumstances underlying the negotiation of the 2008-09 Policies, the witness can testify regarding her role with respect to the procurement of the 2008-2009 policies. | Insureds:<br>4 hours<br><br>Insurers:<br>4 hours |

**JOINT WITNESS LIST FOR TRIAL**

| | | |
|---|---|---|
| **Roobik Galoosian**<br><br>Represented by:<br>Joel M. Athey<br>**Corbin, Athey & Martinez**<br>601 West Fifth Street<br>Suite 1150<br>Los Angeles, CA 90071<br>(212) 612-0001 | Insureds' Position:<br>Bancorp's Vice President of Corporate Insurance, regarding the underwriting and issuance of the 2008-09 policies.<br><br>Insurers' Position:<br>The Insurers maintain that the 2008-09 policies are plain and unambiguous and thus the Insureds' proposed testimony is irrelevant, would include an improper lay opinion on matters of law, and constitutes inadmissible parol evidence.<br><br>To the extent that the Court nonetheless wishes to entertain testimony regarding the circumstances underlying the negotiation of the 2008-09 Policies, the witness can testify regarding his role with respect to the procurement of the 2008-2009 policies. | Insureds:<br>5 hours<br><br>Insurers:<br>5 hours |
| **Todd Greeley**<br><br>Represented by:<br>William E. Smith<br>**Wiley Rein LLP**<br>1776 K Street, Northwest<br>Washington, D.C. 20006<br>(202) 719-7175 | Insureds' Position:<br>Continental's 30(b)(6) designee for claims, regarding Continental's understanding of and reasons for applying the *Tripp* Exclusions to the Trustee Action under the Continental policy.<br><br>Insurers' Position:<br>To the extent necessary, Mr. Greeley can | Insureds:<br>.5 hours<br><br>Insurers:<br>1.5 hours |

**JOINT WITNESS LIST FOR TRIAL**

| | | |
|---|---|---|
| | testify as to Continental Casualty's receipt of the tenders of the Underlying Matters for coverage and Continental Casualty's denial of coverage under the 2008-2009 Policies.<br><br>To the extent that the Insureds seek testimony from Mr. Greeley regarding the meaning of the contract provisions beyond the plain terms of the policies, the Insurers object as it would constitute improper lay opinion on matters of law and inadmissible parol evidence.<br><br>To the extent the Insureds or Trustee offer into evidence only part of the witness's deposition testimony, the Insurers reserve the right under Federal Rule of Civil Procedure 32(a)(6) to require the offeror to introduce other parts that in fairness should be considered with the part introduced and themselves to introduce any other parts. | |
| **Justin S. Kudler**<br><br>Represented by:<br>Jason P. Cronic<br>**Wiley Rein LLP**<br>1776 K Street, Northwest.<br>Washington, D.C.  20006 | Insureds' Position:<br>XL's 30(b)(6) designee for claims, regarding XL's understanding of and reasons for applying the *Tripp* Exclusions to the Trustee Action under the XL policy.<br><br>Insurers' Position: | Insureds:<br>.5 hours<br><br>Insurers:<br>1.5 hours |

**JOINT WITNESS LIST FOR TRIAL**

| | | |
|---|---|---|
| (202) 719-7175 | To the extent necessary, Mr. Kudler can testify as to XL Specialty's receipt of the tenders of the Underlying Matters for coverage and XL Specialty's basis for acceptance of coverage for those matters under the 2007-2008 Policies and denial of coverage under the 2008-2009 Policies.   To the extent that the Insureds seek testimony from Mr. Kudler regarding the meaning of the contract provisions beyond the plain terms of the policies, the Insurers object as it would constitute improper lay opinion on matters of law and inadmissible parol evidence.<br><br>To the extent the Insureds or Trustee offer into evidence only part of the witness's deposition testimony, the Insurers reserve the right under Federal Rule of Civil Procedure 32(a)(6) to require the offeror to introduce other parts that in fairness should be considered with the part introduced and themselves to introduce any other parts. | |
| **Anne Lumelleau**<br><br>**By deposition transcript**<br><br>Represented by: | Insureds' Position:<br>Ace's 30(b)(6) designee for underwriting, regarding the underwriting of Ace's 2008-09 policy, including Ace's understanding of the *Tripp* Exclusions, particularly | Insureds:<br>.5 hours<br><br>Insurers:<br>.5 hours |

**JOINT WITNESS LIST FOR TRIAL**

| | | |
|---|---|---|
| Ira Revich<br><br>**Charleston Revich &**<br>**Wollitz**<br><br>1925 Century Park East<br>Suite 1250<br>Los Angeles, CA  90067<br>(310) 551-7040 | contemporaneously with the underwriting and issuance of Ace's 2008-09 policy.<br><br>Insurers' Position:<br>ACE maintains that the 2008-09 ACE Policy is plain and unambiguous and thus the Insureds' proposed testimony is irrelevant, would constitute an improper lay opinion on matters of law, and constitutes inadmissible parol evidence.  Further, Ms. Lumelleau was not a 30(b)(6) designee with respect to "understanding of the Tripp Exclusions."<br><br>To the extent the Insureds or Trustee offer into evidence only part of the witness's deposition testimony, the Insurers reserve the right under Federal Rule of Civil Procedure 32(a)(6) to require the offeror to introduce other parts that in fairness should be considered with the part introduced and themselves to introduce any other parts. | |
| **Sarah Mubashir**<br><br>**By deposition transcript**<br><br>Represented by:<br>Elizabeth L. Musser | Insureds' Position:<br>Twin City's 30(b)(6) designee for claims, regarding Twin City's understanding of and reasons for applying the *Tripp* Exclusions to the Trustee Action under the Twin City policy. | Insureds:<br>.5 hours<br><br>Insurers:<br>.5 hours |

| | | |
|---|---|---|
| **Tressler LLP**<br><br>1901 Avenue of the Stars<br><br>Suite 450<br><br>Los Angeles, CA  90067<br><br>(310) 203-4800 | <u>Insurers' Position:</u><br><br>Twin City maintains that the 2008-09 Twin City Policy is plain and unambiguous and thus the Insureds' proposed testimony is irrelevant, would constitute an improper lay opinion on matters of law, and constitutes inadmissible parol evidence.  Further, Ms. Mubashir was not a 30(b)(6) designee with respect to "understanding of and reasons for applying the Tripp Exclusions."<br><br>To the extent the Insureds or Trustee offer into evidence only part of the witness's deposition testimony, the Insurers reserve the right under Federal Rule of Civil Procedure 32(a)(6) to require the offeror to introduce other parts that in fairness should be considered with the part introduced and themselves to introduce any other parts. | |
| **Shawna Nolan**<br><br>**By deposition transcript**<br><br><u>Represented by:</u><br>Brian D. Harrison<br>**Sedgwick LLP**<br>333 Bush Street | <u>Insureds' Position:</u><br>Zurich's 30(b)(6) designee for underwriting, regarding the underwriting of Zurich's 2008-09 policy, including Zurich's understanding of the *Tripp* Exclusions, particularly contemporaneously with the underwriting and issuance of Zurich's 2008-09 policy. | Insureds:<br>.5 hours<br><br>Insurers:<br>.5 hours |

**JOINT WITNESS LIST FOR TRIAL**

| | | |
|---|---|---|
| 30th Floor | | |

| | | |
|---|---|---|
| 30th Floor | | |
| San Francisco, CA | Insurers' Position: | |
| 94101 | The Insurers maintain that the Zurich policy | |
| (415) 781-7900 | at issue is plain and unambiguous and thus | |
| | the Insureds' proposed testimony is | |
| | irrelevant, would include an improper lay | |
| | opinion on matters of law, and constitutes | |
| | inadmissible parol evidence.  Further, Ms. | |
| | Nolan was not a 30(b)(6) designee with | |
| | respect to "understanding of the Tripp | |
| | Exclusions." | |
| | | |
| | To the extent the Insureds or Trustee offer | |
| | into evidence only part of the witness's | |
| | deposition testimony, the Insurers reserve | |
| | the right under Federal Rule of Civil | |
| | Procedure 32(a)(6) to require the offeror to | |
| | introduce other parts that in fairness should | |
| | be considered with the part introduced and | |
| | themselves to introduce any other parts. | |
| **Siobahn O'Brien** | Insureds' Position: | Insureds: |
| | A Marsh broker, regarding the underwriting | 4 hours |
| Represented by: | and issuance of the 2008-09 policies. | |
| Mitch Auslander | | Insurers: |
| **Willkie Farr &** | Insurers' Position: | 4 hours |
| **Gallagher LLP** | The Insurers maintain that the 2008-09 | |
| 787 Seventh Avenue | policies are plain and unambiguous and thus | |
| New York, NY  10019 | the Insureds' proposed testimony is | |

**JOINT WITNESS LIST FOR TRIAL**

| | | |
|---|---|---|
| (212) 728-8000 | irrelevant, would include an improper lay opinion on matters of law, and constitutes inadmissible parol evidence.<br><br>To the extent that the Court nonetheless wishes to entertain testimony regarding the circumstances underlying the negotiation of the 2008-09 Policies, the witness can testify regarding her role with respect to the procurement of the 2008-2009 policies. | |
| **Bhumangini Patel**<br><br>**By deposition transcript**<br><br>Represented by:<br>Andrew W. Smith<br>**Bates Carey Nicolaides LLP**<br>191 N. Wacker Dr.<br>Suite 2400<br>Chicago, IL 60606 | Insureds' Position:<br>Axis's 30(b)(6) designee for underwriting, regarding the underwriting of Axis's 2008-09 policy, including Axis's understanding of the *Tripp* Exclusions, particularly contemporaneously with the underwriting and issuance of Axis's 2008-09 policy.<br><br>Insurers' Position:<br>AXIS maintains that the 2008-09 AXIS policy at issue is plain and unambiguous and thus the Insureds' proposed testimony is irrelevant, would include an improper lay opinion on matters of law, and constitutes inadmissible parol evidence.  Further, Ms. Patel was not a 30(b)(6) designee with respect to "understanding of the Tripp Exclusions." | Insureds:<br>.5 hours |

| | | |
|---|---|---|
| | To the extent the Insureds or Trustee offer into evidence only part of the witness's deposition testimony, the Insurers reserve the right under Federal Rule of Civil Procedure 32(a)(6) to require the offeror to introduce other parts that in fairness should be considered with the part introduced and themselves to introduce any other parts. | |
| **Stephanie Rubino**<br><br>**By deposition transcript** | Insureds' Position:<br>Catlin's 30(b)(6) designee for claims, regarding Catlin's understanding of and reasons for applying the *Tripp* Exclusions to the Trustee Action under the Lloyd's policy.<br><br>Insurers' Position:<br>Ms. Rubino may not be available to testify at trial, but if she is available and is called, she can, to the extent necessary, provide testimony regarding Underwriters' receipt of the tenders of the Underlying Matters for coverage and Underwriters' denial of coverage under the 2008-2009 Policies. Further, Ms. Rubino's testimony is unnecessary and duplicative of testimony that may be given by Stephen Moss, and the Insureds and Trustee have not stated or explained what makes Ms. Rubino's | Insureds:<br>.5 hours<br><br>Insurers:<br>.5 hours |

24

| | | |
|---|---|---|
| | testimony unique. | |
| | To the extent that the Insureds seek testimony from Ms. Rubino regarding the meaning of the contract provisions beyond the plain terms of the policies, the Insurers object as it would constitute improper lay opinion on matters of law and inadmissible parol evidence. | |
| | To the extent the Insureds or Trustee offer into evidence only part of the witness's deposition testimony, the Insurers reserve the right under Federal Rule of Civil Procedure 32(a)(6) to require the offeror to introduce other parts that in fairness should be considered with the part introduced and themselves to introduce any other parts. | |
| **Richard Wohl**<br><br>Represented by:<br>Williams & Connolly<br>725 12th St., NW<br>Washington, DC 20005<br>(202) 434-5000 | Insureds' Position:<br>Bancorp's President, regarding the underwriting and issuance of the 2008-09 policies.<br><br>Insurers' Position:<br>The Insurers maintain that the 2008-09 policies are plain and unambiguous and thus the Insureds' proposed testimony is irrelevant, would include an improper lay | Insureds:<br>4 hours<br><br>Insurers:<br>4 hours |

**JOINT WITNESS LIST FOR TRIAL**

| | | |
|---|---|---|
| | opinion on matters of law, and constitutes inadmissible parol evidence.<br><br>To the extent that the Court nonetheless wishes to entertain testimony regarding the circumstances underlying the negotiation of the 2008-09 Policies, the witness can testify regarding his role as IndyMac Bank's president with respect to the procurement of the 2008-2009 policies. | |
| **Jules Vogel**<br>OneWest Bank, FSB<br>888 E Walnut St<br>Pasadena, CA 91101<br>626-535-5525 | Insurers' Position:<br>The Insurers maintain that the 2008-09 policies are plain and unambiguous and thus extrinsic testimony is irrelevant and would constitute inadmissible parol evidence.<br><br>To the extent that the Court nonetheless wishes to entertain testimony regarding the circumstances underlying the negotiation of the 2008-09 Policies, the witness can testify regarding  his role as IndyMac's general counsel in the negotiation and drafting of the 08-09 Policies.<br><br>Insureds' Position:<br>If the Insurers call Mr. Vogel as a witness at trial, the Insureds will respond appropriately at that time. | Insurers:<br>2 hours |

| | | |
|---|---|---|
| **Michael W. Perry**<br><br>Represented by:<br>Jean Veta<br>**Covington & Burling LLP**<br>1201 Pennsylvania Avenue, NW<br>Washington, DC 20004<br>202-662-6000 | Insurers' Position:<br>The Insurers maintain that the 2008-09 policies are plain and unambiguous and thus extrinsic testimony is irrelevant and would constitute inadmissible parol evidence.<br><br>To the extent that the Court nonetheless wishes to entertain testimony regarding the circumstances underlying the negotiation of the 2008-09 Policies, the witness can testify regarding IndyMac's participation in the negotiation and drafting of the 08-09 Policies, communication with IndyMac's Board of directors regarding the policies, and Mr. Perry's awareness of facts, circumstances, and Wrongful Acts and his notice of potential claims to the Insurers.<br><br>Insureds' Position:<br>If the Insurers call Mr. Perry as a witness at trial, the Insureds will respond appropriately at that time. | Insurers:<br>2 hours |
| **Alfred H. Siegel**<br><br>Represented by:<br>Linda Kornfeld | Insurers' Position:<br>The witness can testify regarding regarding Mr. Siegel's lawsuit against IndyMac's former directors and officer. | Insurers:<br>2 hours |

**JOINT WITNESS LIST FOR TRIAL**

| | | |
|---|---|---|
| **Jenner & Block LLP** 633 West 5th Street Suite 3600 Los Angeles, California 90071 213-239-5100 | Insureds' Position: Mr. Siegel, as Chapter 7 Trustee of IndyMac Bancorp, regarding the nature of the Trustee Action. | |
| **Bruce G. Willson** Represented by: Kathleen McDowell **Munger Tolles & Olson LLP** 355 South Grand Avenue 35th Floor Los Angeles, CA 90071 | Insurers' Position: The Insurers maintain that the 2008-09 policies are plain and unambiguous and thus extrinsic testimony is irrelevant and would constitute inadmissible parol evidence. To the extent that the Court nonetheless wishes to entertain testimony regarding the circumstances underlying the negotiation of the 2008-09 Policies, the witness can testify regarding Testimony regarding IndyMac's board's participation in the negotiation and drafting of the 08-09 Policies. Insureds' Position: If the Insurers call Mr. Willson as a witness at trial, the Insureds will respond appropriately at that time. | Insurers: 2 hours |
| **Hugh M. Grant** Represented by: Kathleen McDowell | Insurers' Position The Insurers maintain that the 2008-09 policies are plain and unambiguous and thus extrinsic testimony is irrelevant and would | Insurers: 2 hours |

**JOINT WITNESS LIST FOR TRIAL**

| | | |
|---|---|---|
| **Munger Tolles & Olson LLP**<br><br>355 South Grand Avenue<br>35th Floor<br>Los Angeles, CA 90071 | constitute inadmissible parol evidence.<br><br>To the extent that the Court nonetheless wishes to entertain testimony regarding the circumstances underlying the negotiation of the 2008-09 Policies, the witness can testify regarding IndyMac's board's participation in the negotiation and drafting of the 08-09 Policies and February 26, 2008 meeting of the board's Corporate Governance Committee.<br><br>Insureds' Position:<br>If the Insurers call Mr. Grant as a witness at trial, the Insureds will respond appropriately at that time. | |

DATED: June 18, 2012       JENNER & BLOCK LLP

By:   /s/ Linda Kornfeld
Jerold Oshinsky (Cal. Bar No. 250771)
Linda D. Kornfeld (Cal. Bar No. 155765)
633 West 5th Street, Suite 3600
Los Angeles, California 90071
Telephone:     (213) 239-5100
Facsimile:      (213) 239-5199
E-mail:  joshinsky@jenner.com
              lkornfeld@jenner.com


 /s/ Lee R. Bogdanoff
Lee R. Bogdanoff (Cal. Bar No. 119542)
David M. Stern (Cal. Bar No. 67697)
Robert J. Pfister (Cal. Bar No. 241370)
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor

Los Angeles, California 90067
Telephone:   (310) 407-4000
Facsimile:   (310) 407-9090
E-mail:      lbogdanoff@ktbslaw.com
             dstern@ktbslaw.com
             rpfister@ktbslaw.com


 /s/ Andrew L. Sandler
Andrew L. Sandler (*Pro Hac Vice*)
Benjamin B. Klubes (*Pro Hac Vice*)
Benjamin P. Saul (*Pro Hac Vice*)
BUCKLEYSANDLER LLP
1250 24th Street N.W., Suite 700
Washington, District of Columbia 20037
Telephone:   (202) 349-8000
Facsimile:   (202) 349-8080
E-mail:      asandler@buckleysandler.com
             bklubes@buckleysandler.com
             bsaul@buckleysandler.com

*Attorneys for Alfred H. Siegel, Solely as Trustee*

JOINT WITNESS LIST FOR TRIAL

1

2  /s/ Jason P. Cronic                    /s/ Gordon J. Calhoun
   Jason P. Cronic                        Gordon J. Calhoun
3  **Wiley Rein LLP**                     Douglas R. Irvine
   1776 K Street, N.W.                    **Lewis Brisbois Bisgaard & Smith LLP**
4  Washington, D.C. 20006                 221 North Figueroa Street, Suite 1200
                                          Los Angeles, CA  90012
5  *Attorneys for Plaintiff XL Specialty*
   *Insurance Co.*                        *Attorneys for Plaintiff XL Specialty*
6                                         *Insurance Co.*

7
    /s/ Ira Revich                         /s/ Edward P. Gibbons
8  Ira Revich                             Edward P. Gibbons
9  James B. Green                         Tiffany Saltzman-Jones
   **Charleston Revich & Wollitz**        **Walker Wilcox Matousek LLP**
10 1925 Century Park East, Suite 1250     One North Franklin Street
11 Los Angeles, CA 90067                  Suite 3200
                                          Chicago, IL 60606
12
   *Attorneys for Plaintiff, Ace American*
13 *Insurance Company*                    *Attorneys for Plaintiff ACE American*
                                          *Insurance Company*
14
15  /s/ Kim W. West                        /s/ Andrew Smith
16 Kim W. West                            Andrew Smith
   Alex H. Boyd                           Michael Skoglund
17 **Clyde & Co US LLP**                  Ommid Farashahi
18 101 Second St.                         **Bates Carey Nicolaides LLP**
   San Francisco, CA 94105                191 North Wacker, Suite 2400
19                                        Chicago, IL 60606
20 *Attorneys for Plaintiffs Arch Insurance*
   *Company*                              *Attorneys for Plaintiffs Axis Insurance*
21                                        *Company*

22
23  /s/ Alexander G. Calfo                 /s/ Theodore A. Boundas
24 Alexander G. Calfo                     Theodore A. Boundas
   **Yukevich Calfo & Cavanaugh**         W. Joel Vander Vliet
25 355 S. Grand Avenue, 15th Floor        **Boundas Skarzynski Walsh & Black LLC**
26 Los Angeles, CA 90071                  200 East Randolph Street, Suite 7200
27 *Attorneys for Plaintiffs Axis Insurance*  Chicago, IL 60601
28
                                          *Attorneys for Certain Underwriters at*

31

**JOINT WITNESS LIST FOR TRIAL**

1

2

3

Lloyd's, London Subscribing to Policy No. QA01168 and Catlin Insurance Company, Ltd.

4

5   /s/ Michael R. Delhagen                    /s/ William E. Smith
Michael R. Delhagen                          William E. Smith
6   Kyle P. Barrett                              John E. Howell
**Tressler LLP**                             **Wiley Rein LLP**
7   One Penn Plaza, Suite 4701                   1776 K Street NW
New York, NY 10119                           Washington, DC 20006
8

9   *Attorneys for Twin City Fire Insurance*      *Attorneys for Continental Casualty*
*Company*                                    *Company*
10

11

12   /s/ Brian D. Harrison                       /s/ Robert L. Corbin
Brian D. Harrison                            Robert L. Corbin
13   Veena A. Mitchell                            Michael W. Fitzgerald
**Sedgwick LLP**                             **Corbin Fitzgerald & Athey LLP**
14   333 Bush Street, 30th Floor                  601 West Fifth Street, Suite 1150
San Francisco, CA 94104                      Los Angeles, CA 90071
15

16   *Attorneys for Zurich American Insurance*     *Attorneys for Defendants John Olinsky,*
*Company*                                    *Samir Grover, Simon Heyrick, Victor*
17                                               *Woodworth, Scott Van Dellen, William*
*Rothman, Jill Jacobsen, and Kevin Callan*
18

19

20   /s/ Robert H. Fairbank                      /s/ D. Jean Veta
Robert H. Fairbank                           D. Jean Veta
21   Richard D. Gluck                             Dennis B. Auerbach
Michael Benzo Norman                         Mitchell Dolin
22   **Fairbank & Vincent**                       Sarah M. Hall
444 S. Flower Street, Suite 3860             **Covington & Burling LLP**
23   Los Angeles, CA 90071                        1201 Pennsylvania Avenue NW
Washington, DC 20004
24
*Attorneys for Defendant S. Blair*
25   *Abernathy*                                   *Attorneys for Defendant Michael W. Perry*

26

27

28

**JOINT WITNESS LIST FOR TRIAL**

1  /s/ Louis E. Kempinsky                    /s/ John L. Carlton

2  Louis E. Kempinsky                        John L. Carlton
   John C. Keith                             **Medrano & Carlton**
3  **Peitzman Weg and Kempinsky LLP**        555 West Fifth Street, 31st Floor
   2029 Century Park East, Suite 3100        Los Angeles, CA 90013
4  Los Angeles, CA 90067

5                                            *Attorneys for Defendant Richard Koon*
6  *Attorneys for Defendant Michael W. Perry* *and Kenneth Shellem*

7  /s/ John L. Carlton                        /s/ Gregory S. Bruch

8  John L. Carlton                           Gregory S. Bruch
   **Medrano & Carlton**                     Jessica L. Matelis
9  555 West Fifth Street, 31st Floor         Julie A. Smith
   Los Angeles, CA 90013                     **Willkie, Farr & Gallagher LLP**
10                                           1875 K. Street NW
11 *Attorneys for Defendant Scott A. Keys*   Washington, DC 20006

12                                           *Attorneys for Defendant A. Scott Keys*
13

14 -

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT WITNESS LIST FOR TRIAL**