UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XL SPECIALTY INSURANCE COMPANY, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>MICHAEL W. PERRY, *et al.*,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. CV 11-02078 RGK (JCGx)<br><br>Hon. R. Gary Klausner, Judge Presiding<br><br>**[Proposed] JUDGMENT** |

    Plaintiffs and Counterdefendants XL Specialty Insurance Company ("XL Specialty"), Arch Insurance Company ("Arch"), ACE American Insurance Company ("ACE"), and AXIS Insurance Company ("AXIS") (collectively "Side-A Insurers"), together with Counterdefendants Catlin Insurance Company (UK) Ltd. ("Catlin"), Zurich American Insurance Company ("Zurich") and intervener counterdefendant Certain Underwriters at Lloyd's, London Subscribing to Policy No. QA011608 ("Lloyds") (collectively counterdefendants and Lloyds are "Side ABC Insurers") moved for

summary judgment on the Complaint and all Counterclaims in their entirety in favor of the Insurers against the former Officers and Directors of Indymac Bank, F.S.B. and/or its holding company Indymac Bancorp, Inc. (the "Insurer Motion") at Docket Entry ("DE") 250.

Counterdefendants Twin City Fire Insurance Company ("Twin City") and Continental Casualty Company ("Continental") joined the Insurer Motion and also moved on an independent ground (the "Twin City Motion") at DE 252.

Defendant and Counterclaimant Michael W. Perry ("Perry") moved for summary judgment on the ninth claim in the Perry Counterclaim and Defendant and Counterclaimant A. Scott Keys ("Keys") joined in this motion (the "Perry Motion") at DE 274.

Alfred H. Siegel, as Chapter 7 Trustee for Indymac Bancorp, Inc. ("Trustee"), and as the assignee of the interests of Perry and Director defendants Louis E. Caldera ("Caldera"), Lyle E. Gramley ("Gramley"), Hugh M. Grant ("Grant"), Patrick C. Haden ("Haden"), Terrance G. Hodel ("Hodel"), Robert L. Hunt, II ("Hunt"), Lydia H. Kennard ("Kennard") and Bruce G. Willison ("Willison") in the Siegel v. Caldera Action, moved for summary judgment on all claims involving Siegel v. Caldera (the fourth claim in the Complaint, the fifth claim in the Perry Counterclaim, and the Caldera Counterclaim in its entirety) (the "Trustee Motion") at DE 275.

Defendants and Counterclaimants Scott Van Dellen ("Van Dellen"), William Rothman ("Rothman"), John Olinski ("Olinski"), Victor Woodworth ("Woodworth"), Samir Grover ("Grover"), Simon Heyrick ("Heyrick"), Kevin Callan ("Callan"), Jill Jacobson ("Jacobson"), Richard Koon ("Koon") and Kenneth Shellem ("Shellem") joined the Trustee and Perry Motions and independently moved for summary judgment as to the third and eleventh claim in the Perry Counterclaim and the first and second claims in the Koon/Shellem Counterclaim (the "Van Dellen Motion") at DE 249.

Defendant and Counterclaimant S. Blair Abernathy ("Abernathy") did not file or join the Perry, Trustee or Van Dellen Motions, and did not oppose the Insurer or Twin

1  City Motions.

2  After considering all the moving, opposing and reply papers submitted by the parties in connection with the above five motions, including the pleadings, evidence, objections, and argument offered, and a written Order having been duly rendered and entered by the Court at DE 321 granting the Insurer and the Twin City Motions, and denying the Perry, Trustee and Van Dellen Motions (the "Order"),

7  JUDGMENT IS HEREBY ENTERED in favor of XL Specialty, Arch, ACE, AXIS, Catlin, Zurich, Lloyds, Twin City and Continental and against each of Perry, Trustee, Van Dellen, Rothman, Olinski, Woodworth, Grover, Heyrick, Callan, Jacobson, Koon, Shellem, Caldera, Gramley, Grant, Haden, Hodel, Hunt, Kennard, Willison, and Abernathy on all of the claims and causes of action alleged in this lawsuit and in any and all of the Complaints and Counterclaims in this action.

13  IT IS FURTHER HEREBY ADJUDGED AND DECREED that the 2008-2009 policies (the Tower 2 policies) issued by XL Specialty, Arch, ACE, AXIS, Catlin, Zurich, Lloyds, Twin City and Continental afford no coverage for any amounts that have or may be incurred, including defense costs, judgments or settlements, in connection with: (1) the Daniels Litigation; (2) the FDIC Demand and FDIC Litigation; (3) the FDIC-HBD Matter; (4) the Trustee Demand and Trustee Litigation; (5) the MBS Litigation; (6) the MBIA Litigation; (7) the Assured Guaranty Litigation; and (8) the SEC Litigation, all as more fully set forth in the Order and motion papers identified above.

1   XL Specialty, Arch, ACE, AXIS, Catlin, Zurich, Lloyds, Twin City and
2  Continental shall each recover their respective costs from Perry, Trustee, Van Dellen,
3  Rothman, Olinski, Woodworth, Grover, Heyrick, Callan, Jacobson, Koon, Shellem,
4  Caldera, Gramley, Grant, Haden, Hodel, Hunt, Kennard, Willison, and Abernathy,
5  jointly and severally, in an amount to be determined pursuant to Fed. R. Civ. P. 54(d).



DATED: July 2, 2012

_____
The Honorable R. Gary Klausner
United States District Court Judge